Paul M. Basta, Esq.
Alice Belisle Eaton, Esq.
Kyle J. Kimpler, Esq.
Robert A. Britton, Esq.
Brian Bolin, Esq.
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVLON, INC., *et al.*,[1] | ) | Case No. 22-10760 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) AUTHORIZING THE DEBTORS TO (A) PREPARE A**
**LIST OF CREDITORS IN LIEU OF SUBMITTING A FORMATTED**
**MAILING MATRIX AND (B) FILE A CONSOLIDATED LIST OF THE**
**DEBTORS' 50 LARGEST UNSECURED CREDITORS, (II) AUTHORIZING**
**THE DEBTORS TO REDACT CERTAIN PERSONAL IDENTIFICATION**
**INFORMATION FOR INDIVIDUAL CREDITORS, (III) APPROVING THE**
**FORM AND MANNER OF NOTIFYING CREDITORS OF COMMENCEMENT**
**OF THESE CHAPTER 11 CASES, (IV) WAIVING REQUIREMENT TO FILE A**
**LIST OF EQUITY HOLDERS, AND (V) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion:

---

[1]   The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

## Relief Requested[2]

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A**, (a) authorizing the Debtors to (i) prepare a consolidated list of creditors in lieu of

submitting separate mailing matrices for each Debtor (the "Creditor Matrix"), (ii) file a

consolidated list of the Debtors' 50 largest unsecured creditors, and (iii) mail initial notices

through Kroll Restructuring Administration LLC ("Kroll"), the Debtors' proposed claims and

noticing agent for these chapter 11 cases (the "Claims and Noticing Agent"), (b) authorizing the

Debtors to redact certain personal identification information for individual creditors, (c) approving

the form and manner of notifying creditors of the commencement of these chapter 11 cases,

(d) waiving the requirement to file a list of equity holders, pursuant to 11 U.S.C. § 105(a) and Fed.

R. Bankr. P. 1007(a), and (e) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York

(the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference from the United States District Court for the Southern*

*District of New York*, dated January 31, 2012.  The Debtors confirm their consent, pursuant to

Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of

a final order by the Court in connection with this motion to the extent that it is later determined

that the Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.

---

[2]   A description of the Debtors' businesses, the reasons for commencing these chapter 11 cases, the relief sought from the Court to allow for a smooth transition into chapter 11, and the facts and circumstances supporting this motion are set forth in the *Declaration of Robert M. Caruso, Chief Restructuring Officer, (I) in Support of First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2* (the "First Day Declaration"), filed contemporaneously herewith.

3.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The bases for the relief requested herein are sections 105(a), 107(c), 342(a), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 1007(a)(1) and (d) and 2002(a) and (f), and Rules 1007-1 and 5075-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**Basis for Relief**

**I.      Cause Exists To Authorize the Debtors To Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix and to File a Single Consolidated List of the Debtors' 50 Largest Unsecured Creditors**

5.       Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Rule 1007-1(a) require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor.  In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the names, addresses, and claims of the creditors holding the 20 largest unsecured claims against the debtor, excluding insiders.  The Debtors submit that permitting them to maintain a single consolidated list of creditors in lieu of filing a separate creditor matrix for each Debtor is warranted under the circumstances of these chapter 11 cases.  Further, because certain of the Debtors share many creditors and the Debtors operate as a single business enterprise, the Debtors request authority to file a single, consolidated list of their 50 largest general unsecured creditors.

6.       Fifty-one entities are Debtors in these chapter 11 cases.  As of the Petition Date, the Debtors have borrowed or issued approximately $3.8 billion in aggregate principal amount of funded indebtedness in addition to other obligations arising in the ordinary course of the operation of the Debtors' businesses.  The Debtors estimate that there are thousands of potential creditors and parties in interest (on a consolidated basis) in these chapter 11 cases.  Requiring the Debtors

3

to comply with the matrix requirements in these circumstances and convert their computerized information to a format compatible with the matrix requirements would be a burdensome task and would increase the risk and recurrence of error of information already on computer systems maintained by the Debtors or their agents.

7.       The Debtors therefore submit that permitting them to maintain a single consolidated list of creditors in lieu of filing a separate creditor matrix for each Debtor is warranted. Maintaining a single consolidated list of creditors will benefit the Debtors and their estates by allowing the Debtors to more efficiently provide the required notices to parties in interest and reduce the potential for duplicate mailings.  Indeed, many of the Debtors' creditors overlap and thus, to the extent that the Debtors are required to maintain separate mailing matrices, a substantial number of parties likely would receive multiple copies of the same notice.  Accordingly, the Debtors submit that the proposed maintenance of the electronic list of creditors by the Claims and Noticing Agent, rather than preparing and filing separate creditor matrices for each Debtor, will not only maximize efficiency and accuracy, but also reduce costs, and is consistent with applicable Local Rules.

8.       Concurrently with the filing of this motion, and in accordance with Local Rule 5075-1, the Debtors are seeking to retain Kroll Restructuring Administration LLC ("Kroll") as their Claims and Noticing Agent in these chapter 11 cases.[3]  If this application is granted, Kroll

---

[3]   The request to retain the Claims and Noticing Agent is made pursuant to section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provisions of notice of the administrative information to parties in interest so long as the costs of the services are paid for out of assets of the estate.  *See* 28 U.S.C. § 156(c); *see also Debtors' Application for Entry of an Order (I) Authorizing and Approving the Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent and (II) Granting Related Relief*, filed contemporaneously herewith.  Pursuant to Local Rule 5075-1, a debtor filing a petition with more than 250 creditors and equity interest holders, in the aggregate, as is the case here, is required to retain an approved claims and noticing agent pursuant to an order of the Court.

will, among other things, assist with the consolidation of the Debtors' computer records into a creditor database and complete the mailing of notices to the parties in such database. The Debtors, working the Claims and Noticing Agent, have already prepared a single, consolidated list of the Debtors' creditors in electronic format. To ensure that no party in interest is prejudiced, the Debtors will make their consolidated list of creditors available in readable electronic format to any party in interest who so requests (or in non-electronic format at such requesting party's sole cost and expense). The Debtors therefore submit that the preparation and maintenance of a single consolidated creditor list is warranted under the facts and circumstances present in these chapter 11 cases.

9.      Moreover, compiling separate top 20 creditor lists for each individual Debtor would consume a substantial amount of the Debtors' time and resources. As noted above, the Debtors operate as a single business enterprise and have thousands of overlapping creditors, including creditors on each of their top 20 lists. Further, the Debtors believe a single, consolidated list of the Debtors' 50 largest unsecured, non-insider creditors will aid the United States Trustee for the Southern District of New York (the "U.S. Trustee") in its efforts to communicate with these creditors. As such, the Debtors believe that filing a single consolidated list of the 50 largest unsecured creditors in these chapter 11 cases is appropriate.

10.      Courts in this jurisdiction have approved relief similar to the relief requested in this motion with respect to preparation of a consolidated, electronic list of a debtor's creditors and to file a consolidated list of largest unsecured creditors. *See, e.g.*, *In re GTT Communications, Inc.*, Case No. 21-11880 (MEW) (Bankr. S.D.N.Y. Nov. 30, 2021); *In re LATAM Airlines Group S.A.*, Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. June 23, 2020; ); *In re Centric Brands Inc.*, Case No. 20-22637 (SHL) (Bankr. S.D.N.Y. June 10, 2020).

## II.      Cause Exists to Redact Certain Confidential Information

11.      Section 107(c)(1) of the Bankruptcy Code provides that the court "for cause, may

protect an individual, with respect to the following types of information to the extent the court

finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means

of identification . . . contained in a paper filed, or to be filed in a case under [the Bankruptcy

Code]." *See* 11 U.S.C. § 107(c)(1).

12.      The Debtors understand the concerns that arise from imposing potential

impediments on certain creditors' ability to communicate and organize, particularly employees,

but maintain that measures can be implemented to facilitate any necessary communications while

maintaining a baseline of employee confidentiality and protection.  The Debtors are not familiar

with the personal circumstances of each of the Debtors' approximately 3,000 employees to know

with sufficient certainty whether a release of their personal information could potentially

jeopardize their safety, and the Debtors are sensitive to employees' privacy and safety concerns.

Finally, the release of such information would create undue risk of identity theft.  As the court

recognized in *In re Windstream*, the consequences of releasing private information could be "very

serious," and "[o]nce [private information is] out there, it's out there."[4]  The Debtors maintain that

the best course of action is to redact the addresses of the individuals and facilitate any necessary

communications as the need for such communications arises.

13.      Courts in this jurisdiction and others have granted the relief requested herein in

comparable chapter 11 cases.  *See, e.g.*, *In re Intelsat S.A.,* Case No. 20-32299 (KLP) (Bankr. E.D.

Va. May 15, 2020) (allowing the debtors to redact from the creditor matrix address information of

---

[4]      *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD), Feb. 26, 2019 Hr'g Tr. at 88:6-12, 89:5-8.

individual creditors); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Mar. 5, 2019) (same); *In re FULLBEAUTY Brands Holdings Corp.*, Case No. 19-22185 (RDD) (Bankr. S.D.N.Y. Feb. 7, 2019) (same); *In re Nine West Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. Apr. 9, 2018) (same); *In re Cenveo Inc.*, Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 6, 2018) (same).

14. For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to section 107(c)(1) of the Bankruptcy Code, the addresses of individuals listed on the Creditor Matrix or any other document filed with the Court. The Debtors propose to provide, under seal, an un-redacted version of the Creditor Matrix to the Court, the U.S. Trustee, and any official committee of unsecured creditors appointed in these chapter 11 cases. Kroll will serve as the conduit by which communications to individual creditors are transmitted.

## III.   The Court Should Authorize Kroll to Mail Required Notices to Creditors

15. Bankruptcy Rule 2002(a)(1) provides that the clerk (or other person directed by the court) must give the debtor, the U.S. Trustee, all creditors, and any indenture trustee at least 21-days' notice by mail of the meeting of creditors under section 341 of the Bankruptcy Code. Bankruptcy Rule 2002(f)(1) further provides that notice of "the order for relief" shall be sent by mail to all creditors.

16. The Debtors propose that Kroll undertake all mailings directed by the Court, the U.S. Trustee, or as required by section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), including the notice of commencement of these chapter 11 cases, substantially in the form attached as **Exhibit 1** to **Exhibit A** attached hereto. The Debtors believe that using Kroll to promptly provide notices to all applicable parties will maximize efficiency in administering these chapter 11 cases and will ease administrative burdens that would otherwise

fall upon the Court and the U.S. Trustee. Additionally, authorizing Kroll to mail the notice of commencement of these chapter 11 cases will create further efficiencies, as Kroll will assist the Debtors in preparing creditor lists and mailing initial notices. Accordingly, the Debtors respectfully submit that Kroll should undertake such mailings.

## IV.    Under the Circumstances of These Chapter 11 Cases it is Appropriate to Waive the Requirement to File a List of Equity Security Holders

17.    Fed. R. Bankr. P. 1007(a)(3) requires a debtor to file, within fourteen (14) days after the petition date, a list of the debtor's equity security holders. Fed. R. Bankr. P. 1007(a)(3). Additionally, Fed. R. Bankr. P. 2002(d) requires a debtor to provide notice to equity security holders of, among other things, the commencement of the bankruptcy case and entry of the order for relief, any meeting of equity security holders, and the time for filing objections to and hearings on approval of a disclosure statement and confirmation of a chapter 11 plan. Fed. R. Bankr. P. 2002(d). Under both rules, bankruptcy courts have authority to modify or waive these requirements. *See* Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court others otherwise, the debtor shall file within 14 days after the entry of the order for relief a list of the debtor's equity security holders . . ."); *see also* Fed. R. Bankr. P. 2002(d) ("[U]nless otherwise ordered by the court, the clerk . . . shall in the manner and form directed by the court give notice to all equity security holders . . .") (emphasis added); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); *see also* Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not

otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

18.     By this Motion, pursuant to section 105(a) and Bankruptcy Rule 1007(a), the Debtors request entry of an order waiving the requirement to file a list of equity security holders (the "Equity Holders") for Debtor Revlon, Inc.

19.     Revlon, Inc. is a public company and, as of the Petition Date, it had 58,005,142 shares of Common Stock outstanding.  Accordingly, the Debtors submit that preparing a list of Equity Holders with last-known mailing addresses would be an extremely time consuming and expensive undertaking.

20.     Courts in and outside this district routinely grant substantially similar relief in cases involving publicly-traded debtors. *See, e.g.*, *In re GTT Comm.*, Case No. 21-11880 (MEW) [Docket No. 67] (Bankr. S.D.N.Y. Nov. 4, 2021) (waiving the requirement to file list of equity security holders); *In re Frontier Comm'ns Corp.*, Case No. 20-22476 (RDD) [Docket No. 94] (Bankr. S.D.N.Y. Apr. 15, 2020) (same); *In re Cenveo Inc.*, Case No. 18-22178 (RDD) [Docket No. 42] (Bankr. S.D.N.Y. Feb. 6, 2018) (same); *In re Fairway Group Holdings Corp.*, No 16-11241 (Bankr. S.D.N.Y. May 5, 2016) (waiving the requirement to file a list of equity security holders); *In re SunEdison, Inc.*, Case No. 16-10992 (SMB) [Docket No. 64] (Bankr. S.D.N.Y. Apr. 25, 2016) (waiving requirement to file list of equity security holders and modifying requirement to mail the notice of commencement to all equity security holders); *In re Republic Airways Holdings Inc.*, Case No. 16 -10429 (SHL) [Docket No. 49] (Bankr. S.D.N.Y. Feb. 29, 2016)

(same); *In re NII Holdings, Inc.*, Case No. 14-12611 (SCC) [Docket No. 28] (Bankr. S.D.N.Y. Sept. 16, 2014) (same).

21.     In light of the foregoing, the Debtors respectfully submit that cause exists for the Court to waive the requirement under Bankruptcy Rule 1007(a)(3) to file a list of Equity Holders. The Court's equitable powers under section 105(a) also empower the Court to grant waivers of this requirement. See 11 U.S.C. § 105(a).

**Motion Practice**

22.     This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

**Notice**

23.     The Debtors will provide notice of this motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) Proskauer Rose LLP, as counsel to MidCap Funding IV Trust, in its capacity as (i) administrative agent and collateral agent under the Debtors' prepetition asset-based lending facility, (ii) administrative agent and collateral agent under the ABL DIP Facility, and (iii) ABL DIP Lender; (d) Morgan Lewis & Bockius LLP, as counsel to Crystal Financial LLC, in its capacity as administrative agent for the SISO Term Loan; (e) Alter Domus, in its capacity as administrative agent for the Tranche B; (f) Latham & Watkins, LLP, as counsel to Citibank N.A., in its capacity as 2016 Term Loan Agent; (g) Quinn Emanuel Urquhart & Sullivan, LLP, in its capacity as counsel to the putative 2016 Term Loan group; (h) Akin Gump Strauss Hauer & Feld, LLP, as counsel to an ad hoc group of 2016 Term Loan lenders; (i) Paul Hastings LLP, as counsel to Jefferies Finance LLC, in its capacity as BrandCo

agent and DIP agent; (j) Davis Polk & Wardwell LLP and Kobre & Kim LLP, in their capacity as counsel to the ad hoc group of Term Loan DIP lenders and BrandCo lenders; (k) King & Spalding, LLP, in its capacity as counsel to Blue Torch Finance LLC, in its capacity as Foreign ABTL Facility administrative agent; (l) U.S. Bank National Association, as indenture trustee for the Debtors' pre-petition unsecured notes, and any counsel thereto; (m) the United States Attorney's Office for the Southern District of New York; (n) the Internal Revenue Service; (o) the Securities Exchange Commission; (p) the attorneys general for the states in which the Debtors operate; and (q) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

24.     No prior request for the relief sought in this motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

New York, New York
Dated: June 15, 2022

*/s/ Paul M. Basta*
Paul M. Basta, Esq.
Alice Belisle Eaton, Esq.
Kyle J. Kimpler, Esq.
Robert A. Britton, Esq.
Brian Bolin, Esq.
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
pbasta@paulweiss.com
aeaton@paulweiss.com
kkimpler@paulweiss.com
rbritton@paulweiss.com
bbolin@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | )  Chapter 11 |
| | ) |
| REVLON, INC., *et al.*,[1] | )  Case No. 22-10760 (___) |
| | ) |
| Debtors. | )  (Joint Administration Requested) |
| | ) |
| | )  **Re:  Docket No. __** |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) PREPARE A LIST
OF CREDITORS IN LIEU OF SUBMITTING A FORMATTED MAILING
MATRIX AND (B) FILE A CONSOLIDATED LIST OF THE DEBTORS'
50 LARGEST UNSECURED CREDITORS, (II) AUTHORIZING THE DEBTORS
TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION
FOR INDIVIDUAL CREDITORS, (III) APPROVING THE FORM AND
MANNER OF NOTIFYING CREDITORS OF COMMENCEMENT OF
THESE CHAPTER 11 CASES, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for the entry of an order (this "Order") (a) authorizing the Debtors to

(i) prepare a consolidated list of creditors in lieu of submitting any required mailing matrix, (ii) file

a consolidated list of the Debtors' 50 largest unsecured creditors, and (iii) mail initial notices

through their Claims and Noticing Agent, (b) authorizing the Debtors to redact certain personal

identification information for individual creditors, (c) approving the form and manner of notifying

creditors of commencement of the Debtors' chapter 11 cases, and (d) granting related relief, all as

more fully set forth in the Motion; and upon the First Day Declaration; and this Court having

---

[1]  The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor
entities in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of
the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A
complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing
agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these
Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the motion.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to file a consolidated list of the 50 largest unsecured creditors in these chapter 11 cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

3.      In lieu of submitting a formatted mailing matrix, the Debtors, with the assistance of the Claims and Noticing Agent (upon the Court's approval of the Debtors' retention of the Claims and Noticing Agent), shall make available a single consolidated list of all of the Debtors' creditors in electronic form to any entity who so requests.

2

4.      The notice of commencement of these chapter 11 cases, substantially in the form attached to this Order as **Exhibit 1** (the "Notice of Commencement"), is hereby approved.

5.      The Debtors, with the assistance of the Claims and Noticing Agent (upon the Court's approval of the Debtors' retention of the Claims and Noticing Agent), are authorized, but not directed, to undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code, including the Notice of Commencement of these chapter 11 cases, and any other correspondence that the Debtors may wish to send to creditors.

6.      The Debtors are authorized to redact address information of individual creditors listed on the Creditor Matrix on an interim basis, *provided* that the Debtors shall provide, under seal, an unredacted version of the Creditor Matrix to the Court, the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases.

7.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

9.      The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
    UNITED STATES BANKRUPTCY JUDGE

3

## Exhibit 1

**Notice of Commencement**

| Information to identify the case: | |
|---|---|

Debtor    Revlon, Inc.
          Name

EIN    13-3662955

United States Bankruptcy Court  for the: Southern _____ District of  New York _____
                                                                         (State)

Date case filed for chapter 11      06   15   2022
                                    MM / DD / YYYY

Case number:    22-10760 _____

## Official Form 309F (For Corporations or Partnerships)

## Notice of Chapter 11 Bankruptcy Case                                    10/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

**The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.**

**Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)**

**To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER** (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

1.  **Debtors' full name:  See chart below.**

    **List of Jointly Administered Cases**

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| | REVLON INC. | One New York Plaza<br>New York, New York 10004 | | 13-3662955 |
| | ALMAY, INC. | One New York Plaza<br>New York, New York 10004 | | 13-3721920 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|-----|--------|---------|----------|-------|
| | ART & SCIENCE, LTD. | 5344 Overmyer Drive<br>Jacksonville, Florida 32254 | | 36-4237044 |
| | BARI COSMETICS, LTD. | One New York Plaza<br>New York, New York 10004 | | 45-5569710 |
| | BEAUTYGE BRANDS USA, INC. | 9560 Towne Centre Drive<br>San Diego, CA 92121 | | 84-1445135 |
| | BEAUTYGE I | One New York Plaza<br>New York, New York 10004 | | 98-4074486 |
| | BEAUTYGE II, LLC | 3411 Silverside Road<br>Tatnall Building #104<br>Wilmington, DE 19801 | | 84-2555893 |
| | BEAUTYGE U.S.A., INC. | 5344 Overmyer Drive<br>Jacksonville, Florida 32254 | | 52-2223071 |
| | BRANDCO ALMAY 2020 LLC | 3411 Silverside Road<br>Tatnall Building #104<br>Wilmington, DE 19801 | | 85-2388643 |
| | BRANDCO CHARLIE 2020 LLC | 3411 Silverside Road<br>Tatnall Building #104<br>Wilmington, DE 19801 | | 85-2402013 |
| | BRANDCO CND 2020 LLC | 3411 Silverside Road<br>Tatnall Building #104<br>Wilmington, DE 19801 | | 85-2417509 |
| | BRANDCO CURVE 2020 LLC | 3411 Silverside Road<br>Tatnall Building #104<br>Wilmington, DE 19801 | | 85-2454055 |
| | BRANDCO ELIZABETH ARDEN 2020 LLC | 3411 Silverside Road<br>Tatnall Building #104<br>Wilmington, DE 19801 | | 85-2473429 |
| | BRANDCO GIORGIO BEVERLY HILLS 2020 LLC | 3411 Silverside Road<br>Tatnall Building #104<br>Wilmington, DE 19801 | | 85-2498443 |
| | BRANDCO HALSTON 2020 LLC | 3411 Silverside Road<br>Tatnall Building #104<br>Wilmington, DE 19801 | | 85-2539931 |
| | BRANDCO JEAN NATE 2020 LLC | 3411 Silverside Road<br>Tatnall Building #104<br>Wilmington, DE 19801 | | 85-2568552 |
| | BRANDCO MITCHUM 2020 LLC | 3411 Silverside Road<br>Tatnall Building #104<br>Wilmington, DE 19801 | | 85-2598746 |
| | BRANDCO MULTICULTURAL GROUP 2020 LLC | 3411 Silverside Road<br>Tatnall Building #104<br>Wilmington, DE 19801 | | 85-2621528 |
| | BRANDCO PS 2020 LLC | 3411 Silverside Road<br>Tatnall Building #104<br>Wilmington, DE 19801 | | 85-2649091 |
| | BRANDCO WHITE SHOULDERS 2020 LLC | 3411 Silverside Road<br>Tatnall Building #104<br>Wilmington, DE 19801 | | 85-2656251 |
| | CHARLES REVSON INC. | One New York Plaza<br>New York, New York 10004 | | 13-2577534 |
| | CREATIVE NAIL DESIGN, INC. | 9560 Towne Centre Drive<br>San Diego, CA 92121 | | 95-3448148 |

Official Form 309F (For Corporations or Partnerships)                    **Notice of Chapter 11 Bankruptcy Case**

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| | CUTEX, INC. | One New York Plaza<br>New York, New York 10004 | | 61-1812963 |
| | DF ENTERPRISES, INC. | 200 First Stamford Place<br>Stamford, Connecticut 06902 | | 51-0406399 |
| | ELIZABETH ARDEN (CANADA) LIMITED | 1590 South Gateway Road<br>Mississauga, Ontario L4W 0A8<br>Canada | | 98-0565605 |
| | ELIZABETH ARDEN (FINANCING), INC. | 200 First Stamford Place<br>Stamford, Connecticut 06902 | | 80-0048222 |
| | ELIZABETH ARDEN (UK) LTD. | Greater London House<br>Hampstead Road<br>London NW1 7QX<br>United Kingdom | | 98-0342936 |
| | ELIZABETH ARDEN INVESTMENTS, LLC | 800 Southwest 145th Avenue<br>Pembroke Pines, Florida 33027 | | 46-1314739 |
| | ELIZABETH ARDEN NM, LLC | 800 Southwest 145th Avenue<br>Pembroke Pines, Florida 33027 | | 46-3169592 |
| | ELIZABETH ARDEN TRAVEL RETAIL, INC. | 200 First Stamford Place<br>Stamford, Connecticut 06902 | | 31-1815389 |
| | ELIZABETH ARDEN USC, LLC | 800 Southwest 145th Avenue<br>Pembroke Pines, Florida 33027 | | 46-3104862 |
| | ELIZABETH ARDEN, INC. | 800 Southwest 145th Avenue<br>Pembroke Pines, Florida 33027 | | 59-0914138 |
| | FD MANAGEMENT, INC. | 200 First Stamford Place<br>Stamford, Connecticut 06902 | | 51-0406398 |
| | NORTH AMERICA REVSALE INC. | One New York Plaza<br>New York, New York 10004 | | 13-1953730 |
| | OPP PRODUCTS, INC. | One New York Plaza<br>New York, New York 10004 | | 27-4403060 |
| | PPI TWO CORPORATION | One New York Plaza<br>New York, New York 10004 | | 13-3298307 |
| | RDEN MANAGEMENT, INC. | 200 First Stamford Place<br>Stamford, Connecticut 06902 | | 90-0119805 |
| | REALISTIC ROUX PROFESSIONAL PRODUCTS INC. | One New York Plaza<br>New York, New York 10004 | | 35-2519501 |
| | REVLON CANADA INC. | 1590 South Gateway Road<br>Mississauga, Ontario L4W 0A8<br>Canada | | N/A |
| | REVLON CONSUMER PRODUCTS CORPORATION | One New York Plaza<br>New York, New York 10004 | | 13-3662953 |
| | REVLON DEVELOPMENT CORP. | One New York Plaza<br>New York, New York 10004 | | 48-1283986 |
| | REVLON GOVERNMENT SALES, INC. | One New York Plaza<br>New York, New York 10004 | | 13-2893624 |
| | REVLON INTERNATIONAL CORPORATION | One New York Plaza<br>New York, New York 10004 | | 13-6157771 |
| | REVLON PROFESSIONAL HOLDING COMPANY LLC | One New York Plaza<br>New York, New York 10004 | | 11-3534535 |

| NO. | DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|---|
| | REVLON PUERTO RICO, INC | McConnell Valdes<br>270 Munoz Rivera Avenue<br>Hato Rey, Puerto Rico 00918 | | 66-0242704 |
| | RIROS CORPORATION | One New York Plaza<br>New York, New York 10004 | | 13-4030700 |
| | RIROS GROUP INC. | One New York Plaza<br>New York, New York 10004 | | 13-4034499 |
| | RML LLC | c/o Conyers, Dill & Pearman<br>Clarendon House<br>No. 2 Church Street<br>Hamilton HM 11, Bermuda | | N/A |
| | ROUX LABORATORIES, INC. | 5344 Overmyer Drive<br>Jacksonville, Florida 32254 | | 13-1537427 |
| | ROUX PROPERTIES JACKSONVILLE, LLC | 5344 Overmyer Drive<br>Jacksonville, Florida 32254 | | 46-3691132 |
| | SINFULCOLORS INC. | One New York Plaza<br>New York, New York 10004 | | 27-4403478 |

| | | |
|---|---|---|
| **2.** | **All other names used in the last 8 years:** | <u>See Rider 1</u>. |

| | | |
|---|---|---|
| **3.** | **Address:** | See chart above. |

| | |
|---|---|
| **4.** | **Debtors' attorneys:** |

**Paul M. Basta, Esq.**
**Alice Eaton, Esq.**
**Kyle J. Kimpler, Esq.**
**Robert A. Britton, Esq.**
**Brian Bolin, Esq.**
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
**1285 Avenue of the Americas**
**New York, NY 10019**
**Telephone: (212) 373-3000**
**Facsimile: (212) 757-3990**

| | | |
|---|---|---|
| **5.** | **Bankruptcy Clerk's Office**<br><br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | **US Bankruptcy Court**<br>**Southern District of New York**<br>**One Bowling Green**<br>**New York, New York**<br>**10004-1408**<br>All documents in this case are available free of charge on the website of the Debtors' notice and claims agent at https://cases.ra.kroll.com/Revlon. | **Hours Open:  Monday - Friday**<br>**8:30 AM - 5:00 PM**<br>**Contact phone:  (212) 668-2870** |

| 6. Meeting of Creditors | Time and Date to be Determined | Location: |
|---|---|---|
| The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Dial-in No:  (877) 727-9367;<br><br>Participant Code: 1864657#. |

| 7. Proof of claim deadline: | Deadline for filing proof of claim: | Not yet set. If a deadline is set, notice will be sent at a later time. |
|---|---|---|
| | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br><br>Your claim will be allowed in the amount scheduled unless:<br>• Your claim is designated as disputed, contingent or unliquidated;<br>• You file a proof of claim in a different amount; or<br>• You receive another notice<br><br>If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.<br><br>You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |

| 8. Exception to discharge deadline | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below. |
|---|---|
| The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | **Deadline for filing the complaint: To be Determined** |

| 9. Creditors with a foreign address | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
|---|---|

| 10. **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
|---|---|
| 11. **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

Official Form 309F (For Corporations or Partnerships)                    **Notice of Chapter 11 Bankruptcy Case**

**Rider 1**

**Other Names Used in the Last 8 Years**

| Current Entity Name | Former Names |
|---|---|
| Beautyge Brands USA ,Inc. | Colomer Beauty Brands USA, Inc. |
| Beautyge U.S.A., Inc. | Colomer U.S.A., Inc. |
| BrandCo Almay 2020 LLC | Unsub 1 2020, LLC |
| BrandCo Charlie 2020 LLC | Unsub 2 2020, LLC |
| BrandCo CND 2020 LLC | Unsub 3 2020, LLC |
| BrandCo Curve 2020 LLC | Unsub 4 2020, LLC |
| BrandCo Elizabeth Arden 2020 LLC | Unsub 5 2020, LLC |
| BrandCo Giorgio Beverly Hills 2020 LLC | Unsub 6 2020, LLC |
| BrandCo Halston 2020 LLC | Unsub 7 2020, LLC |
| BrandCo Jean Nate 2020 LLC | Unsub 8 2020, LLC |
| BrandCo Mitchum 2020 LLC | Unsub 9 2020, LLC |
| BrandCo Multicultural Group 2020 LLC | Unsub 10 2020, LLC |
| BrandCo PS 2020 LLC | Unsub 11 2020, LLC |
| BrandCo White Shoulders 2020 LLC | Unsub 12 2020, LLC |
| Elizabeth Arden Travel Retail, Inc. | Elizabeth Arden N.A.T.R. (North America Travel Retail), Inc. |
| Elizabeth Arden, Inc. | Suave Shoe Corporation and French Fragrances, Inc. |
| Revlon Canada Inc. | Colomer Canada Ltd. |