Paul M. Basta, Esq.
Alice Belisle Eaton, Esq.
Robert A. Britton, Esq.
Kyle J. Kimpler, Esq.
Brian Bolin, Esq.
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| REVLON, INC., *et al.*,[1] | Case No. 22-10760 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) ESTABLISHING
CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE
PROCEDURES AND (B) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")

respectfully state as follows in support of this motion:

**<u>Relief Requested</u>**[2]

1.    By this motion, the Debtors seek entry of an order, substantially in the form

attached hereto as **<u>Exhibit A</u>**, (a) approving and implementing the notice, case management, and

---

[1]    The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2]    A description of the Debtors' businesses, the reasons for commencing these chapter 11 cases, the relief sought from the Court to allow for a smooth transition into chapter 11, and the facts and circumstances supporting this motion are set forth in the *Declaration of Robert M. Caruso, Chief Restructuring Officer, (I) in Support of First*

administrative procedures attached as **Exhibit 1** to **Exhibit A** attached hereto (the "Case Management Procedures"),[3] and (b) granting related relief.

### Jurisdiction and Venue

2.        The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.        Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.        The bases for the relief requested herein are sections 102(1), 105(a) and 105(d) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 1015(c), 2002(m), 9006, 9007, and 9014, Rule 9074-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and General Order M-543, dated March 20, 2020 (the "General Order M-543").

### Proposed Case Management Procedures

5.        The proposed Case Management Procedures, among other things, (a) establish requirements for filing and serving Court Filings, (b) delineate standards for notices of hearings

---

*Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2 (the "**First Day Declaration**"), filed contemporaneously herewith.*

[3]    Capitalized terms used but not defined herein shall have the meaning ascribed such term in the Case Management Procedures.

and agenda letters, (c) fix periodic omnibus hearing dates and articulate mandatory guidelines for the scheduling of hearings and objection deadlines, and (d) limit matters that are required to be heard by the Court.

6.    Given the size and complexity of these Chapter 11 Cases, the Debtors believe that implementing the Case Management Procedures will facilitate the fair and efficient administration of these cases and promote judicial economy.    Specifically, the proposed Case Management Procedures will benefit the Debtors, the Court, and all parties in interest by, among other things:

   a.    reducing the need for emergency hearings and requests for expedited relief;

   b.    providing for omnibus hearings for the Court to consider motions, pleadings, applications, objections, and responses thereto;

   c.    fostering consensual resolution of important matters;

   d.    assuring prompt and appropriate notice of matters affecting parties' interests;

   e.    allowing for electronic notice pursuant to the Court's electronic filing system;

   f.    providing ample opportunity to parties in interest to prepare for and respond to matters before the Court;

   g.    reducing the substantial administrative and financial burden that would otherwise be placed on the Debtors and other parties in interest who file documents in these Chapter 11 Cases; and

   h.    reducing the administrative burdens on the Court and the Clerk of the Court.

7.    To ensure that parties in interest in these Chapter 11 Cases are made aware of the Case Management Procedures, the Debtors propose to (a) serve the Case Management Procedures on the Master Service List, (b) publish the Case Management Procedures on the Debtors' restructuring website at https://cases.ra.kroll.com/Revlon (the "Case Website"), and (c) make the Case Management Procedures readily available on request to the Debtors' proposed claims and noticing agent, Kroll Restructuring Administration LLC ("Kroll").

3

**Basis for Relief**

8.      The Bankruptcy Code, the Bankruptcy Rules, and the Local Rules provide the Court with authority to approve notice, case management, and administrative procedures. Specifically, Bankruptcy Rule 2002(m) states that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." *See* Fed. R. Bankr. P. 2002(m); *see also* Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given."). In addition, Bankruptcy Rule 9036 states that "[w]henever these rules require or permit sending a notice or serving a paper by mail, the clerk, or some other person as the court or these rules may direct, may send the notice to—or serve the paper on—a registered user by filing it with the court's electronic-filing system." *See* Fed. R. Bankr. P. 9036.

9.      Section 102(1) of the Bankruptcy Code provides that if the Bankruptcy Code requires an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Moreover, section 105(a) of the Bankruptcy Code states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a); *see also* 11 U.S.C. § 105(d)(1) (allowing the court to schedule status conferences "as necessary to further the expeditious and economical resolution of the case").

10.      In addition, Local Rule 9074-1 allows the Court to set appropriate notice requirements and objection deadlines in connection with the facts and circumstances of these Chapter 11 Cases. *See, e.g.*, Local Rule 9074-1(c)(3), (4). Further, pursuant to the Court's General

4

Order M-399, *Electronic Means for Filing, Signing and Verification of Documents*, dated May 17, 2010, a party's request for an electronic filing password and "[t]he Court's issuance of a [CM/ECF] account to a System user constitutes waiver of conventional service."  General Order M-399 at § II.B.

11.     The Case Management Procedures in these Chapter 11 Cases should be approved. Approval of the Case Management Procedures will promote the efficient and orderly administration of these Chapter 11 Cases by, among other things, (a) limiting service of Court filings to those parties that have an interest in the subject matter thereof, (b) authorizing electronic service, and (c) fixing monthly omnibus hearings.  The omnibus hearings and electronic notice requirements as provided in the Case Management Procedures will alleviate any notice or hearing burdens that may arise in these Chapter 11 Cases whenever possible by establishing set hearings and briefing schedules.  Parties will then also be able to seek emergency relief as is necessary as provided by the Case Management Procedures.  Moreover, General Order M-399 expressly provides that any party submitting a Court Filing with the Electronic Filing System already has consented to electronic service as provided by the proposed order and will not be prejudiced by electronic notice.  Such registered participants will receive a "Notice of Electronic Filing" via email whenever a filing is made, which will provide additional notice to such parties.  If a party cannot reasonably obtain access to email, then such party may seek an exemption from electronic service to receive paper copies of any Court Filing as set forth in the proposed order.  Therefore, no party will be affected adversely by electronic service as set forth in the Case Management Procedures.

12.     Courts in this district regularly grant relief similar to that requested herein to expedite case administration and to reduce the costs thereof.  *See, e.g.*, *In re Avianca Holdings*

*S.A.*, Case No. 20-11133 (MG) (Bankr. S.D.N.Y. June 9, 2020);  *In re LATAM Airlines Group*

*S.A.*, Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. June 30, 2020); *In re Frontier Communications*

Corporation, No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020).[4]  Accordingly, the Debtors

believe that the proposed order is appropriate and should be approved and implemented in these

Chapter 11 Cases.

## **Motion Practice**

13.      This motion includes citations to the applicable rules and statutory authorities upon

which the relief requested herein is predicated and a discussion of their application to this motion.

Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1 (a).

## **Notice**

14.      The Debtors will provide notice of this motion to: (a) the Office of the United States

Trustee for the Southern District of New York; (b) the holders of the 50 largest unsecured claims

against the Debtors (on a consolidated basis); (c) Proskauer Rose LLP, as counsel to MidCap

Funding IV Trust, in its capacity as (i) administrative agent and collateral agent under the Debtors'

prepetition asset-based lending facility, (ii) administrative agent and collateral agent under the

ABL DIP Facility, and (iii) ABL DIP Lender; (d) Morgan Lewis & Bockius LLP, as counsel to

Crystal Financial LLC, in its capacity as administrative agent for the SISO Term Loan; (e) Alter

Domus, in its capacity as administrative agent for the Tranche B; (f) Latham & Watkins, LLP, as

counsel to Citibank N.A., in its capacity as 2016 Term Loan Agent; (g) Quinn Emanuel Urquhart

& Sullivan, LLP, in its capacity as counsel to the putative 2016 Term Loan group; (h) Akin Gump

Strauss Hauer & Feld, LLP, in its capacity as counsel to an ad hoc group of 2016 Term Loan

---

[4]     Because of the voluminous nature of these orders, such orders have not been attached to this motion.  Copies of
these orders are available upon request of the Debtors' proposed counsel.

lenders; (i) Paul Hastings LLP, as counsel to Jefferies Finance LLC, in its capacity as BrandCo

agent and DIP agent; (j) Davis Polk & Wardwell LLP and Kobre & Kim LLP, in their capacity as

counsel to the ad hoc group of Term Loan DIP lenders and BrandCo lenders; (k) King & Spalding,

LLP, in its capacity as counsel to Blue Torch Finance LLC, in its capacity as Foreign ABTL

Facility administrative agent; (l) U.S. Bank National Association, as indenture trustee for the

Debtors' pre-petition unsecured notes, and any counsel thereto; (m) the United States Attorney's

Office for the Southern District of New York; (n) the Internal Revenue Service; (o) the Securities

Exchange Commission; (p) the attorneys general for the states in which the Debtors operate; and

(q) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit

that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

15.    No prior request for the relief sought in this motion has been made to this or any

other court.


*[Remainder of page intentionally left blank.]*

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

New York, New York
Dated:  June 15, 2022

*/s/ Paul M. Basta*
Paul M. Basta, Esq.
Alice Belisle Eaton, Esq.
Kyle J. Kimpler, Esq.
Robert A. Britton, Esq.
Brian Bolin, Esq.
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
pbasta@paulweiss.com
aeaton@paulweiss.com
kkimpler@paulweiss.com
rbritton@paulweiss.com
bbolin@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in
Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REVLON, INC., *et al.*,[1] | ) Case No. 22-10760 (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |
| | ) **Re: Docket No. __** |

## ORDER (A) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") approving and implementing the notice, case management, and administrative procedures annexed hereto as **Exhibit 1** (the "Case Management Procedures"), all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other

---

[1]    The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Case Management Procedures, as set forth in **Exhibit 1** attached hereto, are approved and shall govern all applicable aspects of these Chapter 11 Cases, except as otherwise ordered by this Court, or agreed to by mutual consent of the parties.

3.      The first four Omnibus Hearings are scheduled as follows:

- __:__ _.m. on the __th day of _____;

- __:__ _.m. on the __th day of _____;

- __:__ _.m. on the __th day of _____; and

- __:__ _.m. on the __th day of _____.

4.      The Debtors' claims and noticing agent, Kroll, is authorized to establish the Case Website, available at https://cases.ra.kroll.com/Revlon, where, among other things, electronic copies of all Court Filings will be posted and viewable free of charge.

5.      Any notice sent by the Debtors or any other party to the Master Service List and 2002 List, and to any parties required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Case Management Procedures, or further order of this Court, shall be deemed sufficient and in compliance with thereof.

6.      Subject to General Order M-543, all hearings and conferences scheduled with this Bankruptcy Court will be conducted telephonically or by Zoom pending further Order by this

Bankruptcy Court. If a party desires to participate in a hearing by telephone, such party must register with CourtSolutions or Zoom.

7.      The Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York and this Court's Chamber Rules shall continue to apply to all proceedings in these Chapter 11 Cases except to the extent that any provision of this Order by its terms supersedes or is inconsistent with such rules.

8.      The Claims and Noticing Agent shall provide a copy of the most up-to-date version of the Service List to any party in interest requesting a copy of the same and a copy of the Service List shall be posted on the Case Website commencing as of the date that is ten (10) days from the date hereof.

9.      All time periods set forth in this Order or in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

10.     Notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules and the Local Rules are satisfied by such notice.

11.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Case Management Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| In re: | ) |
| | ) |
| REVLON, INC., *et al*,[1] | ) |
| | ) |
| Debtors. | ) |
| | ) |

Chapter 11

Case No. 22-10760 (___)

(Joint Administration Requested)

---

**CASE MANAGEMENT PROCEDURES**

On [_____], 2022 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[2]

On [_], 2022, the Court entered an order [Docket No. _] (the "Order") approving these case management procedures (the "Case Management Procedures") set forth herein pursuant to sections 102(1), 105(a), and 105(d) of the Bankruptcy Code, Rules 2002(m), 9007, 9036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9074-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and General Order M-543, dated March 20, 2020 (the "General Order M-543"). Anyone may obtain a copy of the

---

[1]   The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2]   Capitalized terms used but not immediately defined herein have the meanings given to such terms elsewhere in these Case Management Procedures.

Order, as well as any Court Filing filed with the Court in these Chapter 11 Cases, by: (a) accessing the website maintained by Kroll Restructuring Administration LLC ("Kroll" or the "Claims and Noticing Agent"), at https://cases.ra.kroll.com/Revlon (the "Case Website"), via telephone at +1 (646) 795-6968 (for domestic or Canadian callers) and +1 (855) 631-5341 (international), or via email at revloninfo@ra.kroll.com; or (c) accessing the PACER system on the Court's website at https://www.nysb.uscourts.gov for a nominal fee.

Pursuant to the Order, all notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses, and other documents filed in these Chapter 11 Cases are subject to, and will not be deemed properly served unless they are served in accordance with, these Case Management Procedures. Additionally, while the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules apply to these Chapter 11 Cases, to the extent there is a conflict between the foregoing and these Case Management Procedures, these Case Management Procedures shall govern in all respects. ***Accordingly, all parties in interest are strongly encouraged to review these Case Management Procedures in their entirety and consult their own legal counsel with respect to any of the matters discussed herein before filing any documents in these Chapter 11 Cases***.

## Case Management Procedures

**I.      Hearing Procedures**

13.      ***All Matters to Be Heard at Omnibus Hearings***.  The Court shall schedule periodic omnibus hearings (the "Omnibus Hearings") to consider all notices, motions, applications, and other requests for relief, briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of such papers seeking relief (collectively, the "Requests for Relief"), and all objections and responses to such Requests for Relief (collectively, the "Objections" and, together with the Requests for Relief and all other filed documents, the "Court Filings") pursuant to the following procedures:

2

14.    ***Initial Omnibus Hearings***.   The first four Omnibus Hearings are scheduled as follows:

- __:__ _.m. on the __th day of _____;

- __:__ _.m. on the __th day of _____;

- __:__ _.m. on the __th day of _____; and

- __:__ _.m. on the __th day of _____.

15.    ***Subsequent Omnibus Hearings***.   At or before the Omnibus Hearing held on [__], 2022, the Debtors shall request that the Court schedule additional Omnibus Hearings. The Court shall schedule such Omnibus Hearings and, upon scheduling, Kroll shall post the dates of the additional Omnibus Hearings on the Case Website.   Parties may contact Kroll for information concerning all scheduled Omnibus Hearings.

16.    ***Proposed Omnibus Hearing Agenda***.   Two business days before each Omnibus Hearing, the Debtors' counsel shall file a proposed agenda with regard to the matters scheduled to be heard at such Omnibus Hearing (the "Proposed Hearing Agenda").   The Proposed Hearing Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of adjournment; *provided* that for all matters adjourned to a later Omnibus Hearing or some other future date, the Debtors also will electronically file (but need not serve) a notice of adjournment with respect to such matters.

17.    ***Content of Proposed Hearing Agenda***.   The Proposed Hearing Agenda will include, to the extent known by Debtors' counsel:  (a) the docket number and title of each matter scheduled to be heard at such Omnibus Hearing, including the initial filing and any objections, replies, or documents related thereto; (b) whether the matters are contested or uncontested; (c) whether the matters have settled or are proposed to be continued; (d) a suggestion for the order in which the matters should be addressed; and (e) any other comments that will assist the Court.

18.     ***Evidentiary Hearings***.  Every hearing is presumed to be an evidentiary hearing at which witnesses may testify; *provided, however*, if Objections are filed, the Omnibus Hearing shall not be deemed an evidentiary hearing at which witnesses may testify, unless the Proposed Hearing Agenda provides otherwise.  The Proposed Hearing Agenda shall clearly denote any matter that is scheduled to be heard as an evidentiary hearing.  Additionally, any Court Filing requesting or requiring the Court to make a factual finding must be supported by competent evidence (*e.g.*, declarations, affidavits, and exhibits).

19.     ***Telephonic Appearances***.  Unless the Court or the Court's chambers indicate otherwise, a party desiring to participate in a hearing telephonically or via Zoom must request permission from chambers and notify the Debtors' counsel at least 48 hours before the applicable hearing.  If chambers permits telephonic participation, the party participating telephonically must arrange such participation with Court Solutions, adhering to the procedures for telephonic participation applicable in the Court.  Parties participating by phone must put their phones on "mute," except when they need to be heard, and are not to put their phones on "hold" in any circumstances.

20.     ***Listen-Only Lines***.  Any party may attend hearings through a listen-only line (each, a "Listen-Only Line") by arranging such Listen-Only Line with Court Solutions, as applicable. For the avoidance of doubt, any party wishing to use a Listen-Only Line need not seek permission from the Debtors or the Court.

21.     ***Matters that May Be Heard at Non-Omnibus Hearings***.  Subject to consultation with the Court's chambers, pre-trial conferences, hearings in connection with asset sales, and trials related to adversary proceedings, approval of a disclosure statement, confirmation of a plan, or any other Court Filing filed by the Debtors may be scheduled for dates other than the Omnibus Hearing

4

dates; *provided*, *however*, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint; and *provided*, *further*, that hearings on all other Requests for Relief, except for those Requests for Relief specifically referenced in this paragraph or requiring emergency relief, filed by any party must be scheduled for an Omnibus Hearing.

## II.    Filing and Service Procedures.

22.    All Court Filings filed in these Chapter 11 Cases shall be filed electronically with the Court on the docket of *In re Revlon, Inc.*, Case No. [22-_____] ([____]), in accordance with the Court's General Order M-399, by registered users of the Court's electronic case filing system (the "Electronic Filing System").  Further, pursuant to Local Rule 9070-1, (a) except to the extent the Chamber Rules of the Court provide otherwise, at least one hard copy of any Court Filing (other than proofs of claim) shall be marked "Chambers Copy" and delivered in an unsealed envelope to the chambers of the Honorable Judge [_____], United States Bankruptcy Court for the Southern District of New York, no later than the next business day following the date on which such Court Filing is electronically filed; and (b) at least one hard copy of any Court Filing (other than proofs of claims) shall be delivered by first class mail to [____], of the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee").

### A.    The Service List

23.    ***Parties Entitled to Service***.  All Court Filings (other than proofs of claim) shall be served on the following list of parties (the "Service List"), according to the following notice procedures.

a.    ***Master Service List***.  Kroll shall maintain a master service list (the "Master Service List").  The Master Service List shall be made available by (a) accessing the Case Website, (b) contacting the Claims and Noticing Agent directly, or (c) contacting the Debtors' counsel directly.  The Master Service List shall include the following parties:

5

i.     The Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Room 1006, New York, New York, 10014, Attn: Brian Masumoto;

ii.    the Debtors and their counsel;

iii.   the official committee of unsecured creditors (if any) appointed in these Chapter 11 Cases (the "<u>Committee</u>") and its counsel;

iv.    the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis);[3]

v.     counsel to the administrative agent for the Debtors' 2016 term loan facility, Latham & Watkins LLP, Attn: Conray Tseng;

vi.    counsel to the administrative agent for the Debtors' asset-based lending facility, Proskauer Rose LLP, Attn: Vincent Indelicato;

vii.   counsel to the administrative agent for the Debtors' BrandCo facilities and proposed debtor-in-possession term loan facility, Paul Hastings LLP, Attn: Kris Villareal;

viii.  counsel to Blue Torch Finance LLC, in its capacity as Foreign ABTL Facility administrative agent, King & Spalding LLP, Attn: Jennifer Daly;

ix.    U.S. Bank National Association, as indenture trustee for the Debtors' pre-petition unsecured notes, and any counsel thereto;

x.     counsel to the putative 2016 Term Loan group, Quinn Emanuel Urquhart & Sullivan, LLP, Attn: Ben Finestone;

xi.    counsel to an ad hoc group of 2016 term loan lenders, Akin Gump Strauss Hauer & Feld, LLP, Attn: James Savin;

xii.   counsel to the administrative agent for the Debtors' SISO term loan facility, Morgan Lewis & Bockius, LLP, Attn: Sandra J. Vrejan and Julia Frost-Davies;

xiii.  counsel to the ad hoc group of Term Loan DIP lenders and BrandCo lenders, Davis Polk & Wardwell LLP, Attn: Eli J. Vonnegut and Stephanie Massman, and Kobre & Kim LLP, Attn: Danielle Rose and Adam Lavine;

xiv.   administrative agent for the Debtors' tranche B term loans, Alter Domus, Attn: Steve Lenard, and Holland & Knight LLP, Attn: Joshua M. Spencer;

xv.    the United States Attorney's Office for the Southern District of New York;

---

[3]   Once the Committee is appointed and counsel is retained, holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis) shall not be included in the Master Service List.

xvi.   the Internal Revenue Service;

xvii.   the office of the attorneys general for the states in which the Debtors operate;

xviii.   the Securities and Exchange Commission; and

xix.   any party that has requested notice pursuant to Bankruptcy Rule 2002.

b.   **_2002 List_**.  Kroll shall maintain a list of all parties that have filed a request to receive service of Court Filings pursuant to Bankruptcy Rule 2002 (the "2002 List").

i.   **_Filing Requests for Documents Requires Email Address_**. A request for service of Court Filings pursuant to Bankruptcy Rule 2002 (each, a "2002 Notice Request") filed with the Court shall be deemed proper only if it includes the following information with respect to the party filing such request:  (a) name; (b) street address; (c) name of client(s), if applicable; (d) telephone number; (e) facsimile number; and (f) email address.

ii.   **_Certification Opting Out of Email Service_**.  Any party filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the 2002 Notice Request a certification to that effect (each, a "Certification").  A Certification shall include a statement certifying that the party (a) does not maintain an email address and (b) cannot practicably obtain an email address at which the party could receive service.  Such party will thereafter receive paper service in accordance with the Case Management Procedures.

iii.   **_Email Address Required_**.  If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of the Case Management Procedures to such party within five (5) business days requesting an email address.  If no email address or Certification is provided in response to such request, such party shall not be added to the 2002 List or served with copies of Court Filings unless such Court Filings directly affect such party.

iv.   **_Changes in Information_**.  Each party submitting a 2002 Notice Request is responsible for filing with the Court an updated 2002 Notice Request as necessary to reflect changes to any notice information and must serve a copy of such updated 2002 Notice Request upon the Debtors.

v.   **_Affected Entities_**.  All entities with a particularized interest in the subject matter of a specific Court Filing, including the entity filing the Request for Relief is an "Affected Entity" and entitled to be served with all Court Filings relating to that interest.

24.     *Maintenance of the Service List*.  At least every 15 days during the first 60 days of these Chapter 11 Cases, and at least every 30 days thereafter, Kroll shall update the Service List by making any additions and deletions and post the updated Service List on the Case Website.

## B.     Filing and Service of Court Filings Generally.

25.     *Electronic Filing and Service*.  All Court Filings shall be filed electronically with the Court, using the Court's Electronic Filing System and served via email, other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service.  Subject to the limited exclusions, each party that files a notice of appearance and a 2002 Notice Request shall be deemed to have consented to electronic service of all Court Filings.

a.     *Email Subject Line*.  With respect to the service of any Court Filing, the subject line of the email shall include (a) the Debtors' case name and number *In re Revlon Inc.*, Case No. 22-10760 ([___]).

b.     *Email Attachments*.  All Court Filings served by email shall include the entire document, including any proposed form(s) of order and exhibits, attachments, or other materials, in PDF, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost. The relevant Court Filing shall either be attached to the email in a format specified above or the email shall contain a link to such filing in such format.  Notwithstanding the foregoing, if a Court Filing cannot be attached to an email (because of its size, technical difficulties, or other concerns), the filing party may serve the Court Filing by U.S. mail, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials; *provided* that the Court Filing is served by hand or overnight delivery on the Service List.

26.     *Paper Service of Certain Affected Entities*.  To the extent an Affected Entity's email address is not available, the Debtors (or any other party filing a Court Filing) shall serve such Affected Entity with paper copies by first class mail or private mail service.

27.     *Waiver of Filing Deadlines*.  If any Court Filing is filed and served electronically via the Electronic Filing System, the filing deadlines requiring three additional days' notice set

8

forth in Rule 6(e) of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)), and Bankruptcy Rule 9006(f) shall not apply.

28.     *Form of Papers*.   Unless granted prior permission, motions, applications, and objections are limited to 40 pages and replies and statements are limited to 15 pages.  All Court Filings (other than exhibits) shall be double-spaced, 12-point font, with one-inch margins. This provision is subject to the Local Rules and any individual rules of the Judge.

29.     *Certificates of Service*.  Certificates of service for all Court Filings, including the Service List, need only be filed with the Court.

30.     *Right to Request Special Notice Procedures*.  Nothing in the Case Management Procedures shall prejudice the right of any party to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause including, without limitation, the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice.

31.     *Section 342 Notice Requirements*.  Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

C.     **Filing and Service of Requests for Relief.**

32.     *Requests for Relief to Be Heard at Omnibus Hearing*.  In accordance with Local Rule 9006-1(b), in the event that a party files and serves a Request for Relief at least 14 days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing.  If a Request for Relief is served by overnight delivery, it must be filed and served at least 15 calendar days before the next Omnibus Hearing.  All applications for reimbursement of fees and expenses by professionals retained by the estate must be filed and served at 21 calendar days before the next Omnibus Hearing.  If a Request for Relief is served by U.S. mail only, it must be filed and served

at least 17 calendar days before the next Omnibus Hearing.  If a Request for Relief is filed by a party other than the Debtors and purports to set a hearing date inconsistent with the Case Management Procedures, the Request for Relief shall be heard, without the necessity of a Court order, at the first Omnibus Hearing after the applicable notice period has expired.

33.    ***Emergency Scheduling Procedures***.  If a movant or applicant other than the Debtors determines that a Request for Relief requires emergency or expedited relief, the movant or applicant shall contact attorneys for (a) the Debtors; (b) the Committee, if applicable, and (c) the ad hoc group of BrandCo lenders by telephone and request that the Request for Relief be considered on an expedited basis.  If the Debtors, the Committee or the ad hoc group of BrandCo lenders disagrees with the movant's or applicant's request for emergency or expedited relief, the movant or applicant shall (a) inform the Court of the disagreement by telephone and (b) arrange for a chambers conference, telephonic or in-person, to discuss the disagreement.  If the Court agrees with the movant or applicant regarding the necessity for expedited consideration, the movant or applicant may, by order to show cause, request an expedited hearing.

34.    ***Notices of Requests for Relief***.  A notice shall be affixed to the front of each Request for Relief and shall set forth (a) the title of the Request for Relief, (b) the time and date of the objection deadline, (c) the parties on whom any objection is to be served, and (d) the Omnibus Hearing date at which the party intends to present the Request for Relief.  The notice may also include a statement that the relief requested therein may be granted without a hearing if no objection is timely filed and served in accordance with the Case Management Procedures (a "Presentment Notice").  Subject to **Section E** of these Case Management Procedures, if the notice filed with a Request for Relief includes a Presentment Notice, after the objection deadline has passed and if no objection has been filed and served in accordance with these Case

Management Procedures, counsel to the party who filed the Request for Relief may file a certification that no objection has been filed or served on them, and may request that the Court grant the relief and enter an order without a hearing.

35.   ***Service of Requests for Relief***.  For any Court Filing for which particular notice is required to be served on all creditors and parties with a particular interest in the relief sought by any Request for Relief, including Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007, and 9019, parties shall serve all such Court Filings only on the Service List in accordance with the following, unless otherwise ordered by the Court:

a.   in the case of any use, sale, lease, or abandonment of substantially all of the Debtors' property, on each party asserting an interest in that property;

b.   in the case of any relief from or modification of the automatic stay, on each party asserting a lien or other encumbrance on the affected property;

c.   in the case of the use of cash collateral or obtaining of credit, on each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

d.   in the case of a motion under Bankruptcy Rule 9019, on all parties to the relevant compromise and settlement, or that may be directly affected by such compromise or settlement;

e.   in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, on each party to the executory contract or the unexpired lease;

f.   any objection, opposition, response, reply, or further document filed directly in response to another party's Court Filing, on such other party; and

g.   on all parties as required by the Bankruptcy Rules, unless otherwise directed by the Court.

36.   ***Notice Provisions Not Applicable to Certain Matters***.  Except as set forth in the Case Management Procedures or otherwise provided by order of the Court, the notice provisions of the Case Management Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

11

a.      Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

b.      Bankruptcy Rule 2002(a)(2) (any proposed use, sale, or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale, or lease concerns all or substantially all of the Debtors' assets);

c.      Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

d.      Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

e.      Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

f.      Bankruptcy Rule 2002(b)(1) (time fixed for filing objections to and any hearing to consider approval of a disclosure statement);

g.      Bankruptcy Rule 2002(b)(2) (time fixed for filing objections to and any hearing to consider confirmation of a chapter 11 plan);

h.      Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

i.      Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

j.      Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

k.      Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

l.      Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

m.      Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

n.      Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

37.     ***Requests for Relief to Include Proposed Order***.  Parties submitting written motions or other Requests for Relief shall be required to include a proposed order with such Request for Relief.

12

### D.      Filing and Service of Objections and Replies

38.      ***Deadline for Objections***.  Any Objection to a Request for Relief must be filed with the Court and served upon the party filing the Request for Relief and those parties on the Service List by the following deadlines (each, as applicable, the "Objection Deadline"):

      a.      in the case of a Request for Relief filed 14 or more days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), 3 calendar days before the applicable hearing;

      b.      in the case of a Request for Relief set for hearing on an expedited basis and filed fewer than 14 days before the applicable hearing, 12:00 p.m. (prevailing Eastern Time) on the business day preceding the applicable hearing; or

      c.      in any case, as otherwise ordered by the Court.

39.      ***Extension of Objection Deadline***.  The Objection Deadline may be extended without order of the Court upon the consent of the party filing the Request for Relief, which consent may be granted via email.

40.      ***Effect of Failure to File Objection by Objection Deadline***.  Failure to file an Objection by the Objection Deadline may cause the Court to disregard the Objection.

41.      ***Service of Objections***.  All Objections shall be filed with the Court and served by the applicable Objection Deadline upon the party filing the Request for Relief, and those parties on the Service List including each Affected Entity; *provided* that if the Objection Deadline is after the date that is seven days before the applicable hearing, then Objections shall also be served by email upon the parties on the Service List.

42.      ***Service of Replies to Objections***.  If a Court Filing is a reply to an Objection, such reply shall be filed with the Court and served upon the parties on the Service List so as to be actually received by 4:00 p.m. (prevailing Eastern Time) on the business day preceding the

13

applicable hearing date.  Sur-replies shall be not permitted or considered unless authorized by the Court.

43.    *Settlements*.  In the event that a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the scheduled hearing, the parties may announce the settlement at the scheduled hearing.  In the event that the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.

44.    *Supplemental Notice*.  In the event that the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures, and a hearing to consider such settlement shall be held on the next hearing date deemed appropriate by the Court.

**E.    Granting a Request for Relief Without a Hearing.**

45.    *Certificate of No Objection*.  If no Objection to a Request for Relief is filed after the Request for Relief is filed and served in a timely fashion, the movant may submit a proposed order granting the Request for Relief to the Court along with a certificate of no objection (a "Certificate of No Objection") stating that no Objection has been filed or served on the movant. By filing such certification, counsel for the movant represents to the Court that the movant is unaware of any Objection to the Request for Relief and that counsel has reviewed the Court's docket and no Objection appears thereon.

46.    *Order May Be Entered Without Hearing*.  Upon receipt of a Certificate of No Objection, the Court may enter an order granting the Request for Relief without further pleading,

hearing, or request, and once an order granting such Request for Relief is entered, no further hearing on the Request for Relief shall be held.

47.     ***Request for Relief May be Heard at a Hearing***.  After a Certificate of No Objection has been filed, the Request for Relief may be heard at the next Omnibus Hearing if the Court does not enter an order granting the Request for Relief before such Omnibus Hearing.

### F.     Filing and Service of Orders

48.     ***Service of Orders***.  All parties submitting orders shall serve a conformed copy of any entered order on (a) each Affected Entity, (b) the Debtors, and (c) Kroll, within two business days of entry of the applicable order.  Kroll shall post all orders on the Case Website.

### G.     Filing and Service of Adversary Proceedings

49.     ***Serving Adversary Proceedings***.  All Court Filings in any adversary proceeding commenced in these Chapter 11 Cases shall be served upon each Affected Entity and any other parties required to be served under any applicable Bankruptcy Rule or Local Rule.

50.     ***Discovery Rules in Contested Matters and Adversary Proceedings***.  Federal Rules of Civil Procedure 26(a)(1) (initial disclosures), 26(a)(2) (disclosures with respect to expert testimony), 26(a)(3) (additional pretrial disclosures), and 26(f) (mandatory meeting before scheduling conference/discovery plan) are inapplicable in contested matters but are applicable to adversary proceedings arising under these Chapter 11 Cases.

51.     ***Briefing Schedule in Adversary Proceedings***.  After a hearing date has been set by the Court, unless otherwise ordered by the Court, the parties to the adversary proceeding shall confer and agree upon a briefing schedule for all adversary matters, which shall be submitted for approval of the Court.

### H.     Other Pleadings

52.   *Joinders*.  Any party seeking to support any Court Filing may file an expression of support of such Court Filing (a "Joinder").  Unless otherwise ordered by the Court, filing a Joinder does <u>not</u> entitle such party to:   (a) be an independent proponent of the Court Filing; (b) independently support or oppose any related Court Filings; (c) independently settle the underlying Request for Relief that is the subject of the applicable Court Filing; or (d) independently receive a ruling from the Court on the Court Filing.  The Court may deem a Joinder to be a brief in support of the applicable Court Filing, but the Court shall not consider any arguments or factual allegations contained in a Joinder but not in the related Court Filing, and no party shall be required to separately respond to a Joinder.

53.   *Motion Practice for Lift Stay Actions*.  A motion filed by a non-debtor party seeking relief from the automatic stay (a "Stay Relief Motion") in accordance with section 362 of the Bankruptcy Code shall be noticed for consideration on the Omnibus Hearing date that is at least 21 days after the Stay Relief Motion is filed and notice thereof is served upon the Debtors. Unless otherwise ordered by the Court, the objection deadline shall be the later of (a) 14 calendar days after the filing and service of the Stay Relief Motion or (b) three calendar days prior to the hearing scheduled with respect thereto.

54.   *Continuation of Automatic Stay.*   Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled in accordance with the Case Management Procedures for, or adjourned to, a hearing date 30 days after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

16

55.    ***Motions for Summary Judgment***.  Pursuant to Local Rule 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference.  A request for such conference should be made by letter setting forth the issues to be presented under the summary judgment motion, which letter shall be filed and served in accordance with the Case Management Procedures.

56.    ***Motions for Reargument***.  Motions for reargument must identify with particularity the matter for reconsideration in accordance with Local Rule 9023-1.  If, after review of the motion, the Court determines that it wishes a response, and/or hearing, it will notify the applicable parties accordingly.

57.    ***Motions for Temporary Restraining Orders***.  Parties seeking a temporary restraining order (a "<u>TRO</u>") must comply with the requirements of Federal Rule of Civil Procedure 65(b).  Applications for a TRO will be heard in open court, on the record, with a court reporter or audio recording.  Parties wishing to oppose a TRO will be heard by telephone upon request.  Applicants seeking TROs are reminded of the need to submit with their motion papers the written affidavit required under Federal Rule of Civil Procedure 65(b) confirming the notice provided to anyone who might wish to oppose the application.  Any assertions that notice cannot or should not be given must likewise be supported by affidavit.  Any request for a TRO must be preceded by a telephone call to chambers, advising chambers of the nature of the controversy, the need for emergency relief, why a noticed hearing for a preliminary injunction would be insufficient, when a hearing on the TRO application is needed, and when the motion papers will be forthcoming.  Except in those rare cases where advance notice of the TRO application would vitiate the purpose of a TRO (and where that can be established by affidavit), immediate telephonic notice of the application must be provided to all parties reasonably expected to be affected by entry of the TRO,

17

or provisions therein.  In addition, the motion papers on any TRO application must be hand delivered, emailed, or faxed to any such parties at the same time that the papers are provided to chambers.

58.    ***Automatic Extension of Certain Time Periods***.  If a Request for Relief to extend the time to take any action is filed prior to the expiration of the time period provided by the Bankruptcy Code (including any Request for Relief pursuant to section 1121 of the Bankruptcy Code), the Bankruptcy Rules, the Local Rules, or any order of the Bankruptcy Court, the time to so take action shall be automatically extended until the Bankruptcy Court considers and rules upon the Request for Relief.

## III.    Additional Case Management Procedures

59.    ***Adequate Notice***.  Notice and service accomplished in accordance with the provisions set forth in the Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

60.    ***Computation of Time***.  Unless otherwise specified, all time periods referenced in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

61.    ***Effect of the Case Management Procedures***.  The Bankruptcy Rules and the Local Rules shall continue to apply to all proceedings in these Chapter 11 Cases, except to the extent that any provision of the Case Management Procedures by its terms supersedes or is inconsistent with such rules.

62.    ***Promulgation of the Case Management Procedures***.  As soon as practicable after the entry of the proposed Order, a copy of the Case Management Procedures shall be served by the Debtors on each of the parties on the Master Service List.  In addition, shortly after the end of each calendar month, Kroll or counsel to the Debtors shall serve a copy of the Case Management Procedures upon any party filing a 2002 Notice Request within such calendar month.  To help

ensure that all parties who may participate in these Chapter 11 Cases are aware of the terms of the Case Management Procedures, the Debtors will post the Case Management Procedures on the Case Website.