Paul M. Basta, Esq.
Alice Belisle Eaton, Esq.
Kyle J. Kimpler, Esq.
Robert A. Britton, Esq.
Brian Bolin, Esq.
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Proposed Counsel to the Debtors and Debtors in
Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVLON, INC., *et al.*,[1] | ) | Case No. 22-10760 (DSJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**ESTABLISHING PROCEDURES FOR INTERIM**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

**PLEASE TAKE NOTICE** that on July 6, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of An Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Motion"). A hearing (the "Hearing") on the Motion will be held on **July 22, 2022, at 10:00 a.m., prevailing Eastern Time**.

**PLEASE TAKE FURTHER NOTICE** that in accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted via Zoom videoconference. Parties wishing to appear at the Hearing, whether in a "live" or "listen only" capacity, must make an electronic

---

[1]  The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955.  Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court has granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/Revlon.  The location of the Debtors' service address for purposes of these Chapter 11 Cases is:  One New York Plaza, New York, NY 10004.

appearance through the "eCourtAppearances" tab on the Court's website (https://www.nysb.uscourts.gov/content/judge-david-s-jones) no later than 4:00 p.m. on the business day before the Hearing (the "Appearance Deadline").  Following the Appearance Deadline, the Court will circulate by email the Zoom link to the Hearing to those parties who have made an electronic appearance.  Parties wishing to appear at the Hearing must submit an electronic appearance through the Court's website by the Appearance Deadline and not by emailing or otherwise contacting the Court.  Additional information regarding the Court's Zoom and hearing procedures can be found on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each an "Objection") to the relief requested in the Motion shall: (a) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; and (b) be served so as to be actually received by **July 15, 2022, at 4:00 p.m., prevailing Eastern Time** in a manner consistent with the *Order (A) Establishing Certain Notice, Case Management, and Administrative Procedures and (B) Granting Related Relief* [Docket No. 76] and the procedures set forth therein as Exhibit 1 (the "Case Management Procedures"), including, but not limited to, by serving any Objection on the parties listed in paragraphs 22 and 34 of the Case Management Procedures.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing.  The Debtors will file an agenda before the Hearing, which may modify or supplement the Motion to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE that _your rights may be affected_.  You should read the Motion carefully and discuss it with your attorney, if you have one.  If you do not have an attorney, you may wish to consult with one.**

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' proposed notice and claims agent, Kroll, at https://cases.ra.kroll.com/revlon/ or by calling (855) 631-5341 (toll free) for U.S. and Canada-based parties or +1 (646) 795-6968 for international parties.  Note that a PACER password is needed to access documents on the Court's website.

[*Remainder of page intentionally left blank.*]

New York, New York
Dated:  July 6, 2022

/s/ Robert A. Britton

Paul M. Basta, Esq.
Alice Belisle Eaton, Esq.
Kyle J. Kimpler, Esq.
Robert A. Britton, Esq.
Brian Bolin, Esq.
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
pbasta@paulweiss.com
aeaton@paulweiss.com
kkimpler@paulweiss.com
rbritton@paulweiss.com
bbolin@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in
Possession*

**Hearing Date and Time: July 22, 2022, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: July 15, 2022, at 4:00 p.m. (prevailing Eastern Time)**

Paul M. Basta, Esq.
Alice Eaton, Esq.
Kyle J. Kimpler, Esq.
Robert A. Britton, Esq.
Brian Bolin, Esq.
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| REVLON, INC., *et al.*, [1] | ) | Case No. 22-10760 (DSJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING**
**PROCEDURES FOR INTERIM COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

The above-captioned debtors and debtors-in-possession (the "Debtors") move the Court (the "Motion"), pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for the entry of an order, in substantially the form attached as **Exhibit A**

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court has granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

(the "Proposed Order"), (i) establishing procedures for the interim compensation and reimbursement of expenses of professionals whose services are authorized by the Court pursuant to section 327, 328, or 1103 of the Bankruptcy Code and (ii) granting certain related relief.  In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      On June 15, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the instant cases (the "Chapter 11 Cases").  The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

3.      No trustee or examiner has been appointed in these Chapter 11 Cases.  On June 24, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 121].

4.      A description of the Debtors' businesses, the reasons for commencing these Chapter 11 Cases, the relief sought from the Court to allow for a smooth transition into chapter 11, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Robert M. Caruso, Chief Restructuring Officer, (I) in Support of First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2* (the "First Day Declaration") [Docket No. 30].[2]

---

[2]  The First Day Declaration was filed on the Petition Date and is incorporated herein by reference.  Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the First Day Declaration.

## Relief Requested

5.      By this Motion, the Debtors request the entry of an order, substantially in the form of the Proposed Order, authorizing and establishing procedures for the compensation and reimbursement of professionals whose retentions are approved by the Court pursuant to sections 105(a), 327, 330, 331, or 1103 of the Bankruptcy Code (each, a "Professional," and collectively, the "Professionals") on a monthly basis, on terms comparable to the procedures established in other large chapter 11 cases in this District. Such an order will streamline the professional compensation process and enable this Court and all other parties to monitor more effectively the professional fees incurred in these Chapter 11 Cases.

6.      The Debtors have filed, or anticipate filing, applications to retain (a) Paul, Weiss. Rifkind, Wharton & Garrison, LLP, as restructuring counsel for the Debtors; (b) Alvarez & Marsal North America, LLC, as financial advisor to the Debtors; (c) PJT Partners, Inc., as investment banker to the Debtors; (d) KPMG US, LLP, as provider of audit and accounting services to the Debtors; (e) MoloLamken, as special litigation counsel to the Debtors; (f) Kroll, LLC, as notice and claims agent; (h) Alan Gover, as co-counsel to the Debtors' Restructuring Committee; (g) Petrillo, Klein & Boxer LLP, as co-counsel to the Debtors' Restructuring Committee; (h) Ropes & Gray LLP, as counsel to Steve Panagos, Restructuring Officer at the BrandCo entities; and (i) Freshfields Bruckhaus Deringer LLP, as foreign counsel to the Debtors. The Debtors anticipate that, as these Chapter 11 Cases progresses, they may need to retain other professionals to provide services in connection with these Chapter 11 Case.[3] In addition, any official committee

---

[3] Contemporaneously herewith, the Debtors have filed the *Motion of the Debtors for an Order (I) Authorizing the Retention and Payment, Effective as of the Petition Date, of Professionals Utilized by the Debtors in the Ordinary Course of Business and (II) Granting Certain Related Relief* (the "OCP Motion"). The OCP Motion seeks authority for the Debtors to continue to retain certain professionals in the ordinary course of business (the "Ordinary Course Professionals") on terms substantially similar to those in effect prior to the Petition Date. If an order approving the OCP Motion is granted, the Ordinary Course Professionals will not be required to file individual retention applications and will be paid in full, subject to their respective prepetition arrangements, without the need for submission of fee applications and subject to the caps set forth therein (the "OCP Fee Limits"). As described more

appointed in these Chapter 11 Cases will retain counsel, and possibly other professionals, to assist them in fulfilling their obligations.

7.    Specifically, the Debtors propose that, except as otherwise provided in an order of the Court authorizing the retention of a particular Professional, Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"), which substantially comply with the Bankruptcy Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, effective February 5, 2013, *Procedures for Monthly Compensation and Reimbursement of Expenses* under Local Rule 2016-1(c), and the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "Fee Guidelines"), varying only to the extent appropriate and necessary given the size, complexity, and circumstances of these Chapter 11 Cases:

(a)    Unless otherwise provided in the order authorizing the Professional's retention, each Professional seeking monthly compensation must prepare monthly fee applications (each, a "Monthly Fee Application") in accordance with Local Rule 2016-1(c), which shall include (i) the information required by Local Rules 2016-1(a) & (b) and (ii) a monthly invoice that contains fee and expense details that describes the fees and expenses incurred by such Professional;

(b)    Each Professional must serve its Monthly Fee Application by electronic or first class mail on the following parties (the "Notice Parties") on or before the twentieth (20th) day of each month following the month for which compensation is sought:

(i)    *the Debtors*, Revlon, Inc., One New York Plaza, New York, NY 10014 (Attn: Andrew Kidd, Esq.);

---

fully in the OCP Motion, to the extent that an Ordinary Course Professional seeks compensation in excess of the OCP Fee Limits, the proposed order approving the OCP Motion provides procedures for such Ordinary Course Professional to seek payment of such fees.

(ii) *Debtors' Counsel*, Paul, Weiss, Rifkind, Wharton & Garrison, 1258 Avenue of the Americas, New York, NY 10019 (<u>Attn</u>: Robert A. Britton, Esq.);

(iii) *the Office of the United States Trustee Region 2* (the "<u>U.S. Trustee</u>"), 201 Varick Street, Suite 1006, New York, NY 10014 (<u>Attn</u>: Brian Masumoto, Esq.); and

(iv) *Counsel to any statutory committee appointed by the United States Trustee* (each, a "<u>Committee</u>");

(c) On or before the twentieth (20th) day of each month following the month for which compensation is sought, each professional seeking compensation shall file a Monthly Fee Application with the Court; however, a courtesy copy need not be delivered to the Judge's chambers. The monthly fee order does not alter the fee application requirements outlined in sections 330 and 331 of the Code. Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Bankruptcy Rules, and the Local Rules;

(d) Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months;

(e) Except as otherwise permitted by an order of the court authorizing the retention of a professional, each Monthly Fee Application must contain a list of the individuals (and their respective titles—attorney, paralegal, etc.), who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as otherwise ordered by the Court;

(f) Each Notice Party will have fifteen (15) days after the filing and service of a Monthly Fee Application to object to such application (the "<u>Objection Deadline</u>"). Upon the expiration of the Objection Deadline, each Professional may file a certificate of no objection or a certification of counsel with the Court, whichever is applicable, after which the Debtors are authorized to pay each Professional an amount (the "<u>Actual Payment</u>") equal to the lesser of (a) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "<u>Maximum Payment</u>"), and (b) the

aggregate amount of fees and expenses not subject to an objection pursuant to paragraph (g) below;[4]

(g) If any Notice Party objects to a Professional's Monthly Fee Application, such Notice Party must serve on the affected Professional and each of the other Notice Parties a written objection (the "Objection") on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within fourteen (14) days after service of the Objection, the affected Professional may either: (a) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Actual Payment made to the affected Professional (the "Incremental Amount") and schedule such matter for hearing on at least fourteen (14) days' notice or (b) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the affected Professional;

(h) If an Objection is resolved, the Professional whose Monthly Fee Application was the subject of the Objection shall file and serve a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution. Upon the filing of such statement, the Debtors shall promptly pay, in accordance with paragraph (f), that portion of the Monthly Fee Application which is no longer subject to an Objection;

(i) All Objections that are not resolved by the parties or by Court order shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (l) below;

(j) The filing of an Objection in accordance with paragraph (f) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision of any party not to object to a Monthly Fee Application shall not be a waiver of any right of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(k) Commencing with the period ending October 15, 2022, at four-month intervals (the "Interim Fee Period"), each of the Professionals shall file with the Court and serve on the Notice Parties an application for interim approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (an "Interim Fee Application"), of the compensation and reimbursement of expenses requested by the Professional in its Monthly Fee Application,

---

[4] The remaining twenty percent of the Professional's fees for each Monthly Fee Application shall be withheld from payment until further order of the Court (the "Monthly Fee Holdback").

including any difference between any amounts owed to the Professional and the Actual Payments, filed during the Interim Fee Period. Each Professional shall file its Interim Fee Application no later than 45 days after the end of the Interim Fee Period (the "Interim Application Filing Date") for which the application seeks allowance of fees and reimbursement of expenses.  An Interim Fee Application must identify the Monthly Fee Applications that are the subject of the request and any information requested by the Court or required by the Local Rules.  A Professional filing an Interim Fee Application shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable law;

The first Interim Fee Application must be filed on or before November 29, 2022 for the Interim Fee Period from the Petition Date through October 15, 2022.  There will be no penalties for failing to submit an Interim Fee Application in a timely manner.   Any objections to an Interim Fee Application (an "Additional Objection") shall be filed with the Court and served upon, which service may be via hand delivery, overnight courier or first class mail, the affected Professional and the Notice Parties so as to be received on or before the 21st day (or the next business day if such day is not a business day) following the Interim Fee Application Filing Date.  If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing, upon the Professional's filing of a certificate of no objection, or a certification of counsel with the Court, whichever is applicable.  Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including any difference between any amounts owed to the Professional and the Actual Payments) and expenses not previously paid;

(l)     Unless a chapter 11 plan of reorganization or liquidation has been confirmed before the deadline to file an Interim Fee Application, the Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Professionals (the "Interim Fee Hearing"). At least 21 days prior to the Interim Fee Hearing, the Debtors shall file a notice with the Court, with service upon the U.S. Trustee and all Professionals, setting forth the time, date and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications and the objection deadline;

(m)    The pendency of an Interim Fee Application, a Monthly Fee Application, or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Application shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court; and

(n)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect

on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

8.      The Debtors also request that each member of any Committee be permitted to submit statements of expenses (excluding third-party counsel fees) and supporting vouchers to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures.

## **Basis for Relief**

9.    Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.
>
> After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

10.      Section 331 of the Bankruptcy Code establishes the general rule that professionals may apply to the court for compensation for services and/or reimbursement of expenses only three times per year.  Section 331 of the Bankruptcy Code, however, also expressly allows a court to permit the more frequent filing of such applications.  In that vein, "[c]ourts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently." *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000).

11.      The Debtors submit that the Compensation Procedures sought herein are appropriate considering the factors regularly considered by courts.  The Debtors believe that implementing the proposed Fee Guidelines will aid in the efficient administration of these Chapter 11 Cases and will further enable other Notice Parties to closely monitor case administration costs

and implement efficient case management procedures. Accordingly, the Compensation Procedures are in the best interests of the Debtors, their estates, and all other parties in interest in these Chapter 11 Case.

### Waiver of Bankruptcy Rule 6004(h)

12.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that the Debtors have established cause to exclude the relief sought hereunder from the 14-day stay period under Bankruptcy Rule 6004(h).

### Reservation of Rights

13.     Nothing contained in this motion or any order granting the relief requested in this motion, and no action taken pursuant to such relief requested or granted (including any payment made in accordance with any such order), is intended as or should be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor, under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion, (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates, or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

## Motion Practice

14.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

## Notice

15.     The Debtors will provide notice of this motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) Proskauer Rose LLP, as counsel to MidCap Funding IV Trust, in its capacity as (i) administrative agent and collateral agent under the Debtors' prepetition asset-based lending facility, (ii) administrative agent and collateral agent under the ABL DIP Facility, and (iii) ABL DIP Lender; (c) Morgan Lewis & Bockius LLP, as counsel to Crystal Financial LLC, in its capacity as administrative agent for the SISO Term Loan; (d) Alter Domus, in its capacity as administrative agent for the Tranche B; (e) Latham & Watkins, LLP, as counsel to Citibank N.A., in its capacity as 2016 Term Loan Agent; (f) Quinn Emanuel Urquhart & Sullivan, LLP, in its capacity as counsel to the putative 2016 Term Loan group; (g) Akin Gump Strauss Hauer & Feld, LLP, in its capacity as counsel to an ad hoc group of 2016 Term Loan lenders; (h) Paul Hastings LLP, as counsel to Jefferies Finance LLC, in its capacity as BrandCo agent and DIP agent; (i) Davis Polk & Wardwell LLP and Kobre & Kim LLP, in their capacity as counsel to the ad hoc group of Term Loan DIP lenders and BrandCo lenders; (j) U.S. Bank National Association, as indenture trustee for the Debtors' pre-petition unsecured notes, and any counsel thereto; (k) Brown Rudnick LLP, in its capacity as counsel to the Committee; (l) the United States Attorney's Office for the Southern District of New York; (m) the Internal Revenue Service; (n) the Securities Exchange Commission; (o) the attorneys general for the states in which the Debtors operate; and (p) any party that has requested notice pursuant to Bankruptcy Rule

2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

16.      No prior request for the relief sought in this motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order

and such other and further relief as may be appropriate.


New York, New York          /s/ Robert A. Britton
Dated: July 6, 2022         _____
                            Paul M. Basta, Esq.
                            Alice Eaton, Esq.
                            Kyle J. Kimpler, Esq.
                            Robert A. Britton, Esq.
                            Brian Bolin, Esq.
                            **PAUL, WEISS, RIFKIND, WHARTON &**
                            **GARRISON LLP**
                            1285 Avenue of the Americas
                            New York, NY 10019
                            Telephone: (212) 373-3000
                            Facsimile: (212) 757-3990
                            pbasta@paulweiss.com
                            aeaton@paulweiss.com
                            kkimpler@paulweiss.com
                            rbritton@paulweiss.com
                            bbolin@paulweiss.com


                            *Proposed Counsel to the Debtors and Debtors in*
                            *Possession*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REVLON, INC., *et al.*, [1] | ) Case No. 22-10760 (DSJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. __** |

**ORDER AUTHORIZING PROCEDURES FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

This Court has considered the *Debtors' Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Motion").[2]  This Court has reviewed the Motion and the First Day Declaration and has considered the statements of counsel and the evidence adduced with respect to the Motion at any hearing held before the Court (the "Hearing").  This Court has found that (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iv) notice of the Motion and any Hearing was sufficient under the circumstances.  After due deliberation, this Court has determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors, and good and sufficient cause having been shown;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

---

[1]  The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955.  Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court has granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is:  One New York Plaza, New York, NY 10004.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2.      Except as otherwise provided in an order approving the OCP Motion or an order of this Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order of this Court in these Chapter 11 Cases (collectively, the "Professionals") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

(a)      Unless otherwise provided in the order authorizing the Professional's retention, each Professional seeking monthly compensation must prepare monthly fee applications (each, a "Monthly Fee Application") in accordance with Local Rule 2016-1(c), which shall include (i) the information required by Local Rules 2016-1(a) & (b) and (ii) a monthly invoice that contains fee and expense details that describes the fees and expenses incurred by such Professional;

(b)      Each Professional must serve its Monthly Fee Application by electronic or first class mail on the following parties (the "Notice Parties") on or before the twentieth (20th) day of each month following the month for which compensation is sought:

(i)      *the Debtors*, Revlon, Inc., One New York Plaza, New York, NY 10014 (Attn: Andrew Kidd, Esq.);

(ii)     *Debtors' Counsel*, Paul, Weiss, Rifkind, Wharton & Garrison, 1258 Avenue of the Americas, New York, NY 10019 (Attn: Robert A. Britton, Esq.);

(iii)    *the Office of the United States Trustee Region 2* (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Brian Masumoto, Esq.); and

(iv)     *Counsel to any statutory committee appointed by the United States Trustee* (each, a "Committee");

(c)      On or before the twentieth (20th) day of each month following the month for which compensation is sought, each professional seeking compensation shall file a Monthly Fee Application with the Court; however, a courtesy copy need not be delivered to the Judge's chambers. The monthly fee order does not alter the fee application requirements outlined in sections 330 and 331 of the Code. Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Bankruptcy Rules, and the Local Rules;

(d)     Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months;

(e)     Except as otherwise permitted by an order of the court authorizing the retention of a professional, each Monthly Fee Application must contain a list of the individuals (and their respective titles—attorney, paralegal, etc.), who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as otherwise ordered by the Court;

(f)     Each Notice Party will have fifteen (15) days after the filing and service of a Monthly Fee Application to object to such application (the "Objection Deadline").  Upon the expiration of the Objection Deadline, each Professional may file a certificate of no objection or a certification of counsel with the Court, whichever is applicable, after which the Debtors are authorized to pay each Professional an amount (the "Actual Payment") equal to the lesser of (a) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "Maximum Payment"), and (b) the aggregate amount of fees and expenses not subject to an objection pursuant to paragraph (g) below;[3]

(g)     If any Notice Party objects to a Professional's Monthly Fee Application, such Notice Party must serve on the affected Professional and each of the other Notice Parties a written objection (the "Objection") on or before the Objection Deadline.  Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis.  If the parties are unable to reach a resolution of the Objection within fourteen (14) days after service of the Objection, the affected Professional may either: (a) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Actual Payment made to the affected Professional (the "Incremental Amount") and schedule such matter for hearing on at least fourteen (14) days' notice or (b) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the affected Professional;

(h)     If an Objection is resolved, the Professional whose Monthly Fee Application was the subject of the Objection shall file and serve a statement indicating that the Objection has been withdrawn and describing in detail

---

[3] The remaining twenty percent of the Professional's fees for each Monthly Fee Application shall be withheld from payment until further order of the Court (the "Monthly Fee Holdback").

the terms of the resolution.  Upon the filing of such statement, the Debtors shall promptly pay, in accordance with paragraph (f), that portion of the Monthly Fee Application which is no longer subject to an Objection;

(i)    All Objections that are not resolved by the parties or by Court order shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (l) below;

(j)    The filing of an Objection in accordance with paragraph (f) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision of any party not to object to a Monthly Fee Application shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(k)    Commencing with the period ending October 15, 2022, at four-month intervals (the "Interim Fee Period"), each of the Professionals shall file with the Court and serve on the Notice Parties an application for interim approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (an "Interim Fee Application"), of the compensation and reimbursement of expenses requested by the Professional in its Monthly Fee Application, including any difference between any amounts owed to the Professional and the Actual Payments, filed during the Interim Fee Period. Each Professional shall file its Interim Fee Application no later than 45 days after the end of the Interim Fee Period (the "Interim Application Filing Date") for which the application seeks allowance of fees and reimbursement of expenses.  An Interim Fee Application must identify the Monthly Fee Applications that are the subject of the request and any information requested by the Court or required by the Local Rules.  A Professional filing an Interim Fee Application shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable law;

The first Interim Fee Application must be filed on or before November 29, 2022 for the Interim Fee Period from the Petition Date through October 15, 2022.  There will be no penalties for failing to submit an Interim Fee Application in a timely manner.  Any objections to an Interim Fee Application (an "Additional Objection") shall be filed with the Court and served upon, which service may be via hand delivery, overnight courier or first class mail, the affected Professional and the Notice Parties so as to be received on or before the 21st day (or the next business day if such day is not a business day) following the Interim Fee Application Filing Date.  If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing, upon the Professional's filing of a certificate of no objection, or a certification of counsel with the Court, whichever is applicable.  Upon allowance by the

Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including any difference between any amounts owed to the Professional and the Actual Payments) and expenses not previously paid;

(l)     Unless a chapter 11 plan of reorganization or liquidation has been confirmed before the deadline to file an Interim Fee Application, the Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Professionals (the "Interim Fee Hearing"). At least 21 days prior to the Interim Fee Hearing, the Debtors shall file a notice with the Court, with service upon the U.S. Trustee and all Professionals, setting forth the time, date and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications and the objection deadline;

(m)     The pendency of an Interim Fee Application, a Monthly Fee Application, or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Application shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court; and

(n)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

3.     In each Interim Fee Application and final fee application, all attorneys who have been or are hereafter retained pursuant to sections 327 and 1103 of the Bankruptcy Code (i) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures or orders of the Court and (ii) shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases* effective as of November 1, 2013.

4.        The Debtors shall include all payments to retained professionals in these Chapter

11 Cases on their monthly operating report, detailed so as to state the amount paid to each retained

professional; *provided* that amounts paid to ordinary course professionals may be stated in the

aggregate on any monthly operating report.

5.        Each member of a Committee may submit statements of expenses (excluding third-

party counsel fees) and supporting vouchers to the Committee's counsel, which counsel will

collect and submit the Committee members' requests for reimbursement in accordance with the

Compensation Procedures.

6.        This Court shall retain exclusive jurisdiction with respect to all matters arising from

or related to the implementation and/or interpretation of this Order.

Dated:  _____, 2022        _____
          New York, New York              HONORABLE DAVID S. JONES
                                          UNITED STATES BANKRUPTCY JUDGE