| | |
|---|---|
| Ryan Preston Dahl | Benjamin M. Rhode (admitted *pro hac vice*) |
| Katharine E. Scott | **ROPES & GRAY LLP** |
| Lucas W. Brown | 191 North Wacker Drive |
| **ROPES & GRAY LLP** | Chicago, Illinois 60606 |
| 1211 Avenue of the Americas | Telephone:  (312) 845-1200 |
| New York, New York 10036 | Facsimile:  (312) 596-5500 |
| Telephone:  (212) 596-9000 | |
| Facsimile:  (212) 596-9090 | |

*Proposed Special Counsel to the BrandCo Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>    REVLON, INC., *et al.*,[1]<br><br>                          Debtors. | Chapter 11<br><br>Case No. 22-10760 (DSJ)<br><br>(Jointly Administered) |

**NOTICE OF BRANDCO DEBTORS' APPLICATION FOR ENTRY
OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF HURON CONSULTING SERVICES LLC AS FINANCIAL ADVISOR TO THE
BRANDCO DEBTORS EFFECTIVE *NUNC PRO TUNC* TO JUNE 17, 2022**

**PLEASE TAKE NOTICE** that on July 6, 2022, Debtor Beautyge II, LLC and those certain "BrandCo" debtors described herein (collectively, and together with Beautyge II, LLC, the "BrandCo Debtors") in the above-captioned chapter 11 cases, by and through their undersigned proposed special counsel, filed the *BrandCo Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Huron Consulting Services LLC as Financial Advisor to the BrandCo Debtors Effective Nunc Pro Tunc to June 17, 2022* (the "Application").

---

[1]    The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955.  Due to the large number of debtor entities in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/Revlon.  The location of the Debtors' service address for purposes of these chapter 11 cases is: One New York Plaza, New York, NY 10004.

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") on the Application will be held before the Honorable David S. Jones, of the United States Bankruptcy Court for the Southern District of New York (the "Court"), One Bowling Green, New York, New York 10004, on **July 22, 2022 at 10:00 a.m. (prevailing Eastern Time)**.  In accordance with General Order M-543 (General Order M-543 can be found at www.nysb.uscourts.gov, the official website for the Court), dated March 20, 2020, the Hearing will be conducted via Zoom videoconference.  Parties wishing to appear at the Hearing, whether in a "live" or "listen only" capacity, must make an electronic appearance through the "eCourtAppearances" tab on the Court's website (https://www.nysb.uscourts.gov/content/judge-david-s-jones) no later than 4:00 p.m. on the business day before the Hearing (the "Appearance Deadline").  Following the Appearance Deadline, the Court will circulate by email the Zoom link to the Hearing to those parties who have made an electronic appearance.  Parties wishing to appear at the Hearing must submit an electronic appearance through the Court's website by the Appearance Deadline and not by emailing or otherwise contacting the Court.  Additional information regarding the Court's Zoom and hearing procedures can be found on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "Objections") to the Application shall: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, be filed with the Court electronically on the docket of *In re Revlon, Inc.*, No. 22-10760 (DSJ) by registered users of the Court's electronic filing system and in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) with a hard copy delivered directly to the Court's chambers or (ii) by all

other parties in interest, be submitted in accordance with the customary practices of the Bankruptcy Court and General Order M-399; and (d) be served so as to be actually received no later than **July 15, 2022 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"), in a manner consistent with the *Order (A) Establishing Certain Notice, Case Management, and Administrative Procedures and (B) Granting Related Relief* [Docket No. 76] and the procedures set forth therein as Exhibit 1 (the "Case Management Procedures"), including, but not limited to, by serving any Objection on the parties listed in paragraphs 22 and 34 of the Case Management Procedures.

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served with respect to the Application, the BrandCo Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Application, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

*[remainder of page intentionally left blank]*

**PLEASE TAKE FURTHER NOTICE** that copies of the Application can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll, at https://cases.ra.kroll.com/revlon/ or by calling (855) 631-5341 (toll free) for U.S. and Canada-based parties or +1 (646) 795-6968 for international parties.  Note that a PACER password is needed to access documents on the Court's website.

Dated:  July 6, 2022
          New York, New York

Respectfully submitted,

*/s/ Ryan Preston Dahl*

Ryan Preston Dahl
Katharine E. Scott
Lucas W. Brown
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9000
ryan.dahl@ropesgray.com
katharine.scott@ropesgray.com
lucas.brown@ropesgray.com

-and-

Benjamin M. Rhode (admitted *pro hac vice*)
**ROPES & GRAY LLP**
191 North Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 845-1200
Facsimile:   (312) 596-5500
benjamin.rhode@ropesgray.com

*Proposed Special Counsel to the BrandCo Debtors*

Ryan Preston Dahl
Katharine E. Scott
Lucas W. Brown
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

Benjamin M. Rhode (admitted *pro hac vice*)
**ROPES & GRAY LLP**
191 North Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 845-1200
Facsimile: (312) 596-5500

*Proposed Special Counsel to the BrandCo Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>      REVLON, INC., *et al.*,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 22-10760 (DSJ)<br><br>(Jointly Administered) |

## BRANDCO DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HURON CONSULTING SERVICES LLC AS FINANCIAL ADVISOR TO THE BRANDCO DEBTORS EFFECTIVE *NUNC PRO TUNC* TO JUNE 17, 2022

Debtor Beautyge II, LLC and those certain "BrandCo" debtors described herein (collectively, and together with Beautyge II, LLC, the "BrandCo Debtors") in the above-captioned chapter 11 cases, hereby submit this application (this "Application") for entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to sections 327(a), 328(a), 330, and 1107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these chapter 11 cases is: One New York Plaza, New York, NY 10004.

and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing the retention and employment by Ropes & Gray LLP ("Ropes & Gray") (proposed special counsel to the BrandCo Debtors) of Huron Consulting Services LLC ("Huron") as financial advisor to the BrandCo Debtors in connection with Mr. Steven Panagos's delegated authority as Restructuring Officer of the BrandCo Debtors, effective as of June 17, 2022. In support of this Application, the BrandCo Debtors respectfully submit and incorporate herein by reference the Declaration of John C. DiDonato (the "DiDonato Declaration"), attached hereto as **Exhibit B**, and state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The BrandCo Debtors confirm their consent pursuant to rule 7008 of the Bankruptcy Rules, to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of these cases and this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 327(a), 328, 330, and 1107(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

# BACKGROUND

## A.     The Chapter 11 Cases

4.      On June 15, 2022 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), including the BrandCo Debtors, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing these chapter 11 cases (the "Chapter 11 Cases").  The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

5.      The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules.  On June 24, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee") [Docket No. 121].  No trustee or examiner has been appointed in the Chapter 11 Cases.

6.      Information regarding the Debtors' businesses, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases is contained in the *Declaration of Robert M. Caruso, Chief Restructuring Officer, (I) in Support of First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2* (the "First Day Declaration") [Docket No. 30].[2]

## B.     The BrandCo Debtors

7.      The BrandCo Debtors refer to thirteen (13) entities formed in connection with the funding, provided by the BrandCo Debtors' lenders, of three senior secured term loan facilities in

---

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed such term in the First Day Declaration.

2020, as described more fully in the First Day Declaration.[3]  The BrandCo Debtors were formed to, among other things, hold certain of the Debtors' intellectual property not held by Debtor Revlon, Inc., including brands such as American Crew, Elizabeth Arden, Almay, Mitchum, and White Shoulders.

8.  As set forth more fully in the First Day Declaration, Debtor Beautyge I, as sole Member of each of the BrandCo Debtors, appointed Mr. Steven Panagos as Restructuring Officer and delegated to Mr. Panagos the full authority to (i) consider, negotiate, approve, authorize, and act upon any matter that certain creditors of the BrandCo Debtors could potentially allege presents conflicts of interest between the BrandCo Debtors and related entities (an "Alleged BrandCo Conflict Matter"); and (ii) carry out all key activities related to the Chapter 11 Cases of the BrandCo Debtors, subject to certain restrictions.  Specifically, Mr. Panagos does not have the power or authority to approve any "Significant Transactions," which include the adoption or implementation of any proposed (a) plan of reorganization of any BrandCo Debtor, (b) sale of all or substantially all of any of the BrandCo Debtors' assets or businesses, or (c) any other significant transaction or decision that he determines should be considered by the Member, unless such Significant Transaction constitutes an Alleged BrandCo Conflict Matter.

## RELIEF REQUESTED

9.  By this Application, the BrandCo Debtors respectfully request entry of the Order pursuant to sections 327(a), 328, 330, and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the BrandCo Debtors to

---

[3]  The BrandCo Debtors consist of:  (i) Beautyge II, LLC; (ii) BrandCo Almay 2020 LLC; (iii) BrandCo Charlie 2020 LLC; (iv) BrandCo CND 2020 LLC; (v) BrandCo Curve 2020 LLC; (vi) BrandCo Elizabeth Arden 2020 LLC; (vii) BrandCo Giorgio Beverly Hills 2020 LLC; (viii) BrandCo Halston 2020 LLC; (ix) BrandCo Jean Nate 2020 LLC; (x) BrandCo Mitchum 2020 LLC; (xi) BrandCo Multicultural Group 2020 LLC; (xii) BrandCo PS 2020 LLC; and (xiii) BrandCo White Shoulders 2020 LLC.

retain and employ Huron to perform those financial advisory services that will be necessary during these Chapter 11 Cases, effective as of June 17, 2022, pursuant to the terms and conditions set forth in the engagement agreement effective as of June 17, 2022 (the "Engagement Agreement"), attached as **Exhibit 1** to the Order.

## SERVICES TO BE RENDERED

10.     Subject to approval by the Court, Ropes & Gray proposes to retain and employ Huron to provide financial advisory services to the BrandCo Debtors on the terms and conditions set forth in the Engagement Agreement to assist the BrandCo Debtors in connection with Mr. Steven Panagos's delegated authority as Restructuring Officer of the BrandCo Debtors.  These services may include, but are not limited to:

i.     assisting the BrandCo Debtors and their proposed special counsel, Ropes & Gray, in:

- a.  analyzing the BrandCo Debtors' proposed debtor-in-possession financing facilities;

- b.  obtaining and presenting information required by the Brandco Debtors or that the BrandCo Debtors may choose to or be required to provide to the Debtors or other parties in interest, including the Court, the Creditors' Committee, and/or any other official committees appointed in the proceedings; and

- c.  preparing and responding to information requests;

ii.     providing, if requested:

- a.  valuation services related to the value of the BrandCo Debtors and their assets;

- b.  investigative and litigation consulting services regarding any potential causes of action related to the Chapter 11 Cases held by, directed toward, or otherwise relevant to the BrandCo Debtors; and

- c.  expert testimony regarding Huron's investigative and valuation services before the Court;

iii.     advising the BrandCo Debtors and Ropes & Gray with respect to various financial analyses and financial modeling activities, as requested;

     iv.    collaborating and coordinating with the other advisors to the Debtors or other parties in interest, as requested; and

     v.    providing additional services as may be requested from time to time subject to a written agreement as to scope and fees.

11.    The services to be provided by Huron will not be duplicative of those provided by Ropes & Gray and Huron will coordinate any services performed at the BrandCo Debtors' request with the services of Ropes & Gray and any other financial advisors and counsel, as appropriate, to minimize duplication of effort.

12.    Subject to the Court's approval of the Application, Huron is willing to serve as the BrandCo Debtors' financial advisor and to perform the services described above.

## QUALIFICATIONS OF PROFESSIONALS

13.    The BrandCo Debtors have selected Huron as their financial advisor because of the firm's diverse experience and extensive knowledge in the field of insolvency and restructuring.

14.    Huron and its professionals have a proven track record of enhancing value for financially distressed business organizations. Huron provides comprehensive solutions to companies in transition, creditor constituencies, and other stakeholders in connection with out-of-court restructurings and bankruptcy proceedings. Huron personnel possess years of experience in providing in-depth analyses of the strengths and weaknesses of financially distressed business entities and assisting with the development of a clear strategy for moving forward. Huron's restructuring and turnaround management services include numerous interim management and advisory roles including debtor advisory, secured lender advisory, unsecured creditor advisory, and financial consulting. Huron possesses specific experience with businesses the size of the BrandCo Debtors and Huron's core competencies include providing management services and advising debtors in chapter 11 cases.

15.     Huron has extensive experience in providing restructuring services in and out of chapter 11 proceedings and has an excellent reputation for the services it has rendered on behalf of debtors and creditors throughout the United States.  Among many other examples, Huron has provided restructuring and turnaround advisory services to companies including Town Sports International, LLC, Maines Food and Paper Services, Inc., Allen Systems Group, Kazi Foods, FuelCell Energy, Inc., The NORDAM Group, Inc, and Revstone Industries.

16.     The BrandCo Debtors need assistance in collecting and analyzing financial and other information in relation to the Chapter 11 Cases.  Huron has considerable experience with rendering such services to debtors and other parties in numerous chapter 11 cases.  The BrandCo Debtors believe that Huron is well qualified and able to advise them in a cost-effective, efficient, and timely manner.  As such, Huron is qualified to perform the work required in these cases.

## DISINTERESTEDNESS OF PROFESSIONALS

17.     To the best of the BrandCo Debtors' knowledge and based upon the DiDonato Declaration, Huron is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

18.     To the best of the BrandCo Debtors' knowledge and based upon the DiDonato Declaration, Huron does not hold or represent an interest adverse to the estates, in accordance with section 327 of the Bankruptcy Code.

19.     To the best of the BrandCo Debtors' knowledge and based upon the DiDonato Declaration, (1) Huron's connections with the BrandCo Debtors, creditors, any other party in interest, or their respective attorneys are disclosed at **Schedule 2** to the DiDonato Declaration; and (2) the Huron professionals working on this matter are not relatives of the United States Trustee

for the Southern District of New York or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Southern District of New York.

20.    Huron has not provided, and will not provide, any professional services to any of the creditors, other parties-in-interest, or their respective attorneys or accountants with regard to any matter related to these Chapter 11 cases.

## PROFESSIONAL COMPENSATION

21.    Huron's requested compensation for professional services rendered to the BrandCo Debtors will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate.  The BrandCo Debtors have agreed to compensate Huron for professional services rendered at its normal and customary hourly rates.

22.    In the normal course of business, Huron revises its hourly rates on January 1 of each year.  Huron requests that the rates listed below be revised to the hourly rates that are in effect at the time the services are rendered.  The current normal and customary hourly rates for the financial advisory services to be rendered by Huron and applicable herein are as follows:

| Title | Rate Range |
|---|---|
| Managing Director | $965 - $1,315 |
| Senior Director | $805 - $950 |
| Director | $605 - $770 |
| Manager | $550 - $575 |
| Associate | $440 - $495 |
| Analyst | $330 - $400 |

23.    Huron will also seek reimbursement for necessary expenses incurred, which shall include, but not be limited to, travel, photocopying, delivery service, postage, vendor charges, and other out-of-pocket expenses incurred in providing professional services.

24.     Huron intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Huron has agreed to accept as compensation such sums as may be allowed by the Court.  Huron understands that interim and final fee awards are subject to approval by the Court.

## INDEMNIFICATION

25.     As a material part of the consideration for which Huron has agreed to provide the services described herein, and pursuant to the Engagement Agreement, including the indemnification provisions attached thereto and incorporated by reference therein (the "Indemnification Provisions"), the BrandCo Debtors have agreed to indemnify and hold harmless Huron (including its agents and contractors) (collectively, the "Indemnified Parties") under certain circumstances;[4] *provided, however*, that Indemnified Parties shall not be entitled to indemnification of any costs, fees, expenses, damages, and liabilities for any claim which arises out of gross negligence or willful misconduct, as finally adjudicated by a finder of fact; *provided further, however*, that such indemnification shall be permitted only in accordance with the Court's order approving Huron's retention in this matter.

---

[4]     The Indemnification Provisions generally provide that the BrandCo Debtors will indemnify and hold harmless Huron and the other Indemnified Parties from and against any costs, fees, expenses, damages, and liabilities (including reasonable defense costs and legal fees), associated with any legal proceeding or other claim brought against the Indemnified Parties by a third party, including a subpoena or court order, arising from the services provided by the Indemnified Parties under the Engagement Agreement. Notwithstanding the terms of the Indemnification Provisions, the BrandCo Debtors and Huron have agreed, subject to the Court's approval of this Application, that in no event shall an Indemnified Party be indemnified or receive contribution or other payment under the Indemnification Provisions if the BrandCo Debtors, their estates, or the Creditors' Committee assert a claim against an Indemnified Party and the Court determines by final order that such claim arose out of the gross negligence or willful misconduct on the part of that or any other Indemnified Party.

26.     Pursuant to the BrandCo Debtors' request and due to exigent circumstances, Huron commenced this engagement immediately and with assurances that the BrandCo Debtors would seek approval of its employment *nunc pro tunc* to June 17, 2022.  The BrandCo Debtors believe that employment of Huron effective *nunc pro tunc* to June 17, 2022 is warranted under the circumstances of the Chapter 11 Cases so that Huron may be compensated for its services prior to entry of an order approving Huron's retention.  Further, the BrandCo Debtors and Huron believe that no party in interest will be prejudiced by the granting of the *nunc pro tunc* employment because Huron has provided, and will continue to provide, valuable services to the BrandCo Debtors' estates since the June 17, 2022.

27.     Based upon the foregoing, the BrandCo Debtors submit that cause exists to authorize the retention of Huron *nunc pro tunc* to June 17, 2022.

## NOTICE

28.     The Debtors will provide notice of this motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) Proskauer Rose LLP, as counsel to MidCap Funding IV Trust, in its capacity as (i) administrative agent and collateral agent under the Debtors' prepetition asset-based lending facility, (ii) administrative agent and collateral agent under the ABL DIP Facility, and (iii) ABL DIP Lender; (c) Morgan Lewis & Bockius LLP, as counsel to Crystal Financial LLC, in its capacity as administrative agent for the SISO Term Loan; (d) Alter Domus, in its capacity as administrative agent for the Tranche B; (e) Latham & Watkins, LLP, as counsel to Citibank N.A., in its capacity as 2016 Term Loan Agent; (f) Quinn Emanuel Urquhart & Sullivan, LLP, in its capacity as counsel to the putative 2016 Term Loan group; (g) Akin Gump Strauss Hauer & Feld, LLP, in its capacity as counsel to an ad hoc group of 2016 Term Loan

lenders; (h) Paul Hastings LLP, as counsel to Jefferies Finance LLC, in its capacity as BrandCo agent and DIP agent; (i) Davis Polk & Wardwell LLP and Kobre & Kim LLP, in their capacity as counsel to the ad hoc group of Term Loan DIP lenders and BrandCo lenders; (j) U.S. Bank National Association, as indenture trustee for the Debtors' pre-petition unsecured notes, and any counsel thereto; (k) Brown Rudnick LLP, in its capacity as counsel to the Committee; (l) the United States Attorney's Office for the Southern District of New York; (m) the Internal Revenue Service; (n) the Securities Exchange Commission; (o) the attorneys general for the states in which the Debtors operate; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

29.     No previous request for the relief sought herein has been made to this Court or any other court.

*[remainder of page intentionally left blank]*

<u>**CONCLUSION**</u>

WHEREFORE, the BrandCo Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as <u>**Exhibit A**</u>, (i) granting this Application, (ii) authorizing Ropes & Gray to retain and employ Huron as financial advisor to the BrandCo Debtors *nunc pro tunc* to June 17, 2022 to perform the services set forth herein, (iii) approving the indemnification as set forth in the Engagement Agreement; and (iv) granting such other and further relief as is just and proper.

Dated: July 6, 2022
      New York, New York

                             **BRANDCO DEBTORS**

                             */s/ Steven G. Panagos*
                             Name:  Steven G. Panagos
                             Title:  Restructuring Officer

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>      REVLON, INC., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 22-10760 (DSJ)<br><br>(Jointly Administered) |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HURON CONSULTING SERVICES LLC AS FINANCIAL ADVISOR TO THE BRANDCO DEBTORS EFFECTIVE *NUNC PRO TUNC* TO JUNE 17, 2022

Upon the application (the "Application")[2] of Debtor Beautyge II, LLC and those certain "BrandCo" debtors described in the Application (collectively, and together with Beautyge II, LLC, the "BrandCo Debtors") for entry of an order (this "Order"), pursuant to sections 327(a), 328, 330, and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the retention and employment of Huron Consulting Services LLC ("Huron") as financial advisor to the BrandCo Debtors *nunc pro tunc* to June 17, 2022 and upon the Declaration of John C. DiDonato (the "DiDonato Declaration"), and the Court being satisfied, based upon the representations made in the Application and the DiDonato Declaration, that Huron represents no interest adverse to the BrandCo Debtors' estates, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and in the best interests

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these chapter 11 cases is: One New York Plaza, New York, NY 10004.

[2] Capitalized terms used but not immediately defined herein shall have the meanings ascribed to such terms in the Application.

of the BrandCo Debtors' estates and their creditors; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefore, it is hereby

ORDERED that the Application is granted and approved in all respects; and it is further

ORDERED that, pursuant to sections 327(a), 328, 330, and 1107(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, Ropes & Gray is hereby authorized to employ Huron as financial advisor to the BrandCo Debtors, in accordance with the terms of the Engagement Agreement and the Application, *nunc pro tunc* to June 17, 2022, to perform the services set forth in the Application and the Engagement Agreement; and it is further

ORDERED that Huron shall be compensated in accordance with the procedures set forth in sections 328, 330, and 331 of the Bankruptcy Code and such Bankruptcy Rules and Local Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; and it is further

ORDERED that to the extent this Order is inconsistent with the Application, this Order shall govern; and it is further

ORDERED that BrandCo Debtors and their estates shall indemnify, defend, and hold harmless Huron, its officers, directors, shareholders, principals, members, managers, employees, affiliates, subcontractors, representatives, and agents (collectively, the "Huron Indemnified Parties") from and against any and all losses, claims, damages, liabilities, penalties, obligations, and expenses, including, without limitation, the costs and expenses for counsel, incurred by or asserted against the Huron Indemnified Parties in connection with or in any way related to Huron's engagement as financial advisor to the BrandCo Debtors; and it is further

ORDERED that, with respect to the above indemnification:

a. all requests of the Huron Indemnified Parties for indemnification pursuant any Order approving this indemnification, shall be made by means of an application (interim or final as the case may be) filed with this Court;

b. all requests by the Huron Indemnified Parties for indemnification by the BrandCo Debtors and their estates shall be subject to review by this Court to ensure that payment of such indemnification amounts conforms to the terms any Order approving this indemnification and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought;

c. in no event shall the Huron Indemnified Parties be indemnified if a claim is asserted and a court determines by final order that such claim arose out of Huron's own gross negligence or willful misconduct; and

d. in the event that the Huron Indemnified Parties seek reimbursement for attorneys' fees from the BrandCo Debtors and their estates pursuant to any Order approving this indemnification, which shall be permitted, the invoices and supporting time records from such attorneys shall be included in Huron's own applications (both interim and final) and such invoices and time records shall be subject to the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* without regard to whether such attorney has been retained under section 328, 1103(a), and 1103(b) of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

ORDERED that the BrandCo Debtors are authorized to take all the actions necessary to effectuate the relief granted in this Order; and it is further

ORDERED that, notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2022
       New York, New York

_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

# <u>EXHIBIT 1</u>

## Engagement Agreement

DocuSign Envelope ID: 45431F40-A3C1-47AB-B5F5-57A4AFC72E24



huronconsultinggroup.com | 1166 Avenue of the Americas, 3rd Floor, New York, NY 10036

July 6, 2021

Ryan P. Dahl, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY
10036-8704

The BrandCo Debtors
c/o
Steven G. Panagos
Restructuring Officer
One New York Plaza
New York, NY 10004

Dear Mr. Dahl and Mr. Panagos:

Revlon, Inc. and its affiliated debtors ("Revlon") filed petitions for relief under Chapter 11 of the Bankruptcy Code on June 15 and 16, 2022 (the "Proceedings") in the Bankruptcy Court for the Southern District of New York. A total of 51 entities commenced Chapter 11 cases, including the following debtors (the "Brandco Debtors"):

| Case Name | Case No. |
|---|---|
| Beautyge II, LLC | 22-10803 |
| BrandCo Almay 2020 LLC | 22-10762 |
| BrandCo Charlie 2020 LLC | 22-10764 |
| BrandCo CND 2020 LLC | 22-10767 |
| BrandCo Curve 2020 LLC | 22-10771 |
| BrandCo Elizabeth Arden 2020 LLC | 22-10773 |
| BrandCo Giorgio Beverly Hills 2020 LLC | 22-10777 |
| BrandCo Halston 2020 LLC | 22-10780 |
| BrandCo Jean Nate 2020 LLC | 22-10783 |
| BrandCo Mitchum 2020 LLC | 22-10789 |
| BrandCo Multicultural Group 2020 LLC | 22-10792 |
| BrandCo PS 2020 LLC | 22-10797 |
| BrandCo White Shoulders 2020 LLC | 22-10798 |



Mr. Steven Panagos was appointed as restructuring officer (the "Restructuring Officer") of the BrandCo Debtors and Ropes & Gray LLP ("Counsel") is seeking retention as special counsel to the Brandco Debtors.

On behalf of Huron Consulting Services LLC ("Huron"), I am pleased to confirm our engagement to provide those services set forth in the Objectives and Scope section below.

This letter (the "Engagement Letter") and the attached General Business Terms (collectively, the "Agreement") confirm the terms of Counsel's engagement of Huron (*nunc pro tunc* to June 17, 2022), including our mutual understanding and agreement regarding the services to be provided and the manner in which Huron will bill and be paid for these services.

*Objectives and Scope*

We understand the engagement objectives and scope to consist of the following services (the "Services"):

1. Assist Counsel and the BrandCo Debtors in:
    a. analyzing the BrandCo Debtors' proposed debtor-in-possession financing facilities;
    b. obtaining and presenting information required by the Brandco Debtors or that the BrandCo Debtors may choose to or be required to provide to Revlon or other parties in interest, including the Bankruptcy Court, the official committee of unsecured creditors, and/or any other official committees appointed in the Proceedings; and
    c. preparing and responding to information requests.
2. Provide, if requested:
    a. valuation services related to the value of the Brandco Debtors and their assets;
    b. investigative and litigation consulting services regarding any potential causes of action related to the Proceedings held by, directed toward, or otherwise relevant to the BrandCo Debtors; and
    c. expert testimony regarding our investigative and valuation services before the Bankruptcy Court.
3. Advise Counsel and the BrandCo Debtors with respect to various financial analyses and financial modeling activities, as requested
4. Collaborate and coordinate with the other advisers to Revlon or other parties in interest, as requested.
5. Provide additional services as may be requested from time to time subject to a written agreement as to scope and fees.

DocuSign Envelope ID: 45431F40-A3C1-47AB-B5F5-57A4AFC72E24



We will endeavor to avoid duplication of efforts by other professional firms participating in these Proceedings.

## *Our Services*

Huron is a management consulting firm. Huron does not provide attest services, audits, or other engagements in accordance with standards established by the American Institute of Certified Public Accountants ("AICPA ") or promulgated by the Public Company Accounting Oversight Board ("PCAOB").  The procedures Huron will perform are for the purposes of providing the Services outlined in this Engagement Letter and will not include independent verification of information provided by management, financial statement balances, or internal controls, the performance of which might reveal additional information that could affect the findings of our work. Accordingly, we will express no opinion or other form of assurance on any financial statements, management representations or other data provided by the Debtors accompanying or included in our work.

Any analytical, forecasting or other model that we create as part of our Services will be unique to this engagement, based on specific circumstances and assumptions, and may not be appropriate for use when those circumstances and assumptions change.

Deliverables may not be shared with any third party without Huron's prior written consent and may require that the recipient execute an access letter in a form acceptable to Huron. Use and dissemination of deliverables is addressed in further detail in the General Business Terms, which are attached.

## Relationship Disclosures

We have performed an internal search within Huron to identify any potential conflicts and or relationships requiring disclosure. This search was based on the names of the persons and entities that you provided to us. Those relationships will be disclosed, to the best of our knowledge and belief, in a statement made pursuant to Bankruptcy Rule 2014. None of the relationships involve any conflicts prohibiting our performance of this engagement. You agree that you will inform Huron of additional parties to this matter or any name changes with the parties that you initially provided.

DocuSign Envelope ID: 45431F40-A3C1-47AB-B5F5-57A4AFC72E24



*Brandco Debtors' Responsibilities*

The Brandco Debtors will:
- Designate an employee or employees within its senior management who will make or obtain all management decisions and approvals with respect to this engagement, and we will be entitled to rely on and not be obligated to evaluate advise, confirm, or reject such management decisions and approvals.
- Use commercially reasonable efforts to cooperate with us, comply with all of our reasonable requests, and provide us reasonably timely access to all information and locations reasonably necessary for the performance of our Services.
- Ensure, when appropriate, that all assumptions are reasonable and provide us with further information we may need and/or request upon which we can rely to be accurate and complete.

The successful delivery of our Services and the fees charged in the Fees and Expense section below depend on the fulfillment of the Debtors' responsibilities noted above.  Huron will not be responsible for any delays, additional costs, or other liabilities caused by any deficiencies in the assumptions or the Brandco Debtors' failure to carry out their responsibilities.

*Fees and Expenses*

We will bill on an hourly basis based on the actual hours worked and the following range of standard hourly billing rates (which may be subject to adjustment from time to time):

| Title | Rate Range |
|---|---|
| Managing Director | $965 - $1,315 |
| Senior Director | $805 - $950 |
| Director | $605 - $770 |
| Manager | $550 - $575 |
| Associate | $440 - $495 |
| Analyst | $330 - $400 |

Out-of-pocket expenses (including transportation, lodging, meals, communications, supplies, copying, etc.) will be billed at the actual amounts incurred.  Out-of-pocket expenses also include reasonable fees and expenses of attorneys consulted or engaged by Huron to assist it with matters under this agreement, such as retention applications, fee applications, and collection of fees under this agreement.



huronconsultinggroup.com  |  1166 Avenue of the Americas, 3rd Floor, New York, NY 10036

Travel time during which no work is performed shall be itemized separately and billed at fifty percent (50%) of regular hourly rates.

Huron will only look to the Branco Debtors and not to Counsel for the payment of its invoices. We understand that our bills should be sent to:

Ryan P. Dahl, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY
10036-8704
Email: Ryan.Dahl@ropesgray.com

And

The BrandCo Debtors
c/o
Steven G. Panagos
Restructuring Officer
One New York Plaza
Email: ███████████████████

Our invoices will be prepared in accordance with applicable sections of the Bankruptcy Code and Local Rules. We understand that payment of our invoices is subject to Court review and approval.

Our invoices should be paid by wire transfer or ACH to:

BMO Harris Bank
Chicago, Illinois
Routing No. 071000288
Account Title:  Huron Consulting Services LLC
Account Number:  262-463-3
Swift Code:  HATRUS44
Comments: (Include Invoice Number to ensure proper credit)



Payment by Check:
Huron Consulting Services LLC
P.O. Box 71223
Chicago, IL 60694-1223

*Business Terms*

The attached General Business Terms apply to this engagement.

\* \* \* \* \* \*

Please indicate your agreement with these terms by signing and returning the enclosed copy of this letter to me. This engagement and the enclosed terms will become effective upon our receipt of and executed copy of the Engagement Letter.

We appreciate the opportunity to be of service to the Company and look forward to working with you and the Company on this engagement.

Sincerely,

**HURON CONSULTING SERVICES LLC**

*John DiDonato*
_____

**John DiDonato**
Huron | Managing Director
**T 646-520-0084**
**E** Jdidonato@huronconsultinggroup.com

Attachments: General Business Terms



## HURON

huronconsultinggroup.com  |  1166 Avenue of the Americas, 3rd Floor, New York, NY 10036

Acknowledged and Accepted:

**Ropes & Gray LLP**

By:     _/s/ Ryan Preston Dahl_

Title:   Partner

Date:  July 6, 2020

**Brandco Debtors**

By:

Title:     Restructuring Officer

Date:

DocuSign Envelope ID: 45431F40-A3C1-47AB-B5F5-57A4AFC72E24



**Attachment to Engagement Letter dated July 5, 2022 between**
**Huron Consulting Services LLC and Ropes & Gray LLP as Counsel to Beautyge II, LLC, BrandCo Almay 2020**
**LLC, BrandCo Charlie 2020 LLC, BrandCo CND 2020 LLC, BrandCo Curve 2020 LLC, BrandCo Elizabeth**
**Arden 2020 LLC, BrandCo Giorgio Beverly Hills 2020 LLC, BrandCo Halston 2020 LLC, BrandCo Jean Nate**
**2020 LLC, BrandCo Mitchum 2020 LLC, BrandCo Multicultural Group 2020 LLC, BrandCo PS 2020 LLC, and**
**BrandCo White Shoulders 2020 LLC**

## GENERAL BUSINESS TERMS

These General Business Terms, together with the Engagement Letter (including any and all attachments, exhibits and schedules) constitute the entire understanding and agreement (the "Agreement") between us with respect to the services and deliverables described in the Engagement Letter.  If there is a conflict between these General Business Terms and the terms of the Engagement Letter, these General Business Terms will govern, except to the extent the Engagement Letter explicitly refers to the conflicting term herein.

**1.Our Services and Deliverables** We will provide the services and furnish the deliverables (the "Services") as described in our Engagement Letter and any attachments thereto, as may be modified from time to time by mutual consent.

**2. Independent Contractor** We are an independent contractor and not your employee, agent, joint venturer or partner, and will determine the method, details and means of performing our Services. We assume full and sole responsibility for the payment of all compensation and expenses of our employees and for all of their state and federal income tax, unemployment insurance, Social Security, payroll and other applicable employee withholdings.

**3. Fees and Expenses** (a) Our fees and payment terms are set out in our Engagement Letter. Those fees do not include taxes and other governmental charges (which will be separately identified in our invoices.) In the event you request that we perform some or all of the Services outside of the United States, we may issue the resulting invoice from a Huron affiliate located in the country where such Services are performed.

(b) You acknowledge that where out-of-town personnel are assigned to any project on a long-term basis (as defined from time to time in the applicable provisions of the Internal Revenue Code and related IRS regulations, and currently defined, under IRC Section 162, as a period of time reasonably expected to be greater than one year), the associated compensatory tax costs applied to out-of-town travel and living expenses also shall be calculated on an individual basis, summarized, and assessed to such personnel. In such cases, the

expenses for which you shall reimburse us hereunder shall be deemed to include the estimated incremental compensatory tax costs associated with the out-of-town travel and living expenses of our personnel, including tax gross-ups. We shall use reasonable efforts to limit such expenses.

(c) We reserve the right to suspend Services if invoices are not timely paid, in which event we will not be liable for any resulting loss, damage or expense connected with such suspension.

**4. Taxes** (a) You will be responsible for and pay all applicable sales, use, excise, value added, services, consumption and other taxes and duties associated with our performance or your receipt of our Services, excluding taxes on our income generally.  You will provide us with a copy of your certificate of tax-exemption, if applicable.

(b) If you are required by the laws of any foreign tax jurisdiction to withhold income or profits taxes from our payment, then the amount payable by you upon which the withholding is based shall be paid to us net of such withholding.  You shall pay any such withholding to the applicable tax authority.  However, if after 120 days of the withholding, you do not provide us with official tax certificates documenting remittance of the taxes, you shall pay to us an amount equal to such withholding. The tax certificates shall be in a form sufficient to document qualification of the taxes for the foreign tax credit allowable against our corporation income tax.

**5. Confidentiality and Privacy** (a) With respect to any information supplied in connection with this engagement



and designated by either of us as confidential, or which the other should reasonably believe is confidential based on its subject matter or the circumstances of its disclosure ("Confidential Information"), the other agrees to protect the confidential information in a reasonable and appropriate manner, and use confidential information only to perform its obligations under this engagement and for no other purpose. This will not apply to information which is: (i) publicly known, (ii) already known to the recipient, (iii) lawfully disclosed by a third party, (iv) independently developed, (v) disclosed pursuant to legal requirement or order, or (vi) disclosed to taxing authorities or to representatives and advisors in connection with tax filings, reports, claims, audits and litigation.

(b) Confidential Information made available hereunder, including copies thereof, shall be returned or destroyed upon request by the disclosing party; provided that the receiving party may retain other archival copies for recordkeeping or quality assurance purposes and receiving party shall make no unauthorized use of such copies.

(c) We agree to use any personally identifiable information and data you provide us only for the purposes of this engagement and as you direct, and we will not be liable for any third-party claims related to such use. You agree to take necessary actions to ensure that you comply with applicable laws relating to privacy and/or data protection and acknowledge that we are not providing legal advice on compliance with the privacy and/or data protection laws of any country or jurisdiction.

(d) At the conclusion of the engagement, we have the right to use your name, logo and a general description of the engagement in our marketing materials and traditional tombstone advertising.

**6. Our Deliverables and Your License** Upon full and final payment of all amounts due us in connection with this engagement, all right, title and interest in the deliverables set out in our Engagement Letter will become your sole and exclusive property, except as set forth below. We will retain sole and exclusive ownership of all right, title and interest in our work papers, proprietary information, processes, methodologies, know-how and software ("Huron Property"), including such information as existed prior to the delivery of our Services and, to the extent such information is of general application, anything which we may discover, create or develop during our provision of Services for

you. To the extent our deliverables to you contain Huron Property, upon full and final payment of all amounts due us in connection with this engagement, we grant you a non-exclusive, non-assignable, royalty-free, perpetual license to use it in connection with the deliverables and the subject of the engagement and for no other or further use without our express, prior written consent. If our deliverables are subject to any third party rights in software or intellectual property, we will notify you of such rights. Our deliverables are to be used solely for the purposes intended by this engagement and may not be disclosed, published or used in whole or in part for any other purpose.

**7. Your Responsibilities.** To the extent applicable, you will cooperate in providing us with office space, equipment, data and access to your personnel as necessary to perform the Services. You shall provide reliable, accurate and complete information necessary for us to adequately perform the Services and will promptly notify us of any material changes in any information previously provided. You acknowledge that we are not responsible for independently verifying the truth or accuracy of any information supplied to us by or on behalf of you.

**8. Our Warranty** We warrant that our Services will be performed with reasonable care in a diligent and competent manner. Our sole obligation will be to correct any non-conformance with this warranty, provided that you give us written notice within 10 days after the Services are performed or delivered. The notice will specify and detail the non-conformance and we will have a reasonable amount of time, based on its severity and complexity, to correct the non-conformance.

We do not warrant and are not responsible for any third party products or services. Your sole and exclusive rights and remedies with respect to any third party products or services are against the third party vendor and not against us.

THIS WARRANTY IS OUR ONLY WARRANTY CONCERNING THE SERVICES AND ANY DELIVERABLE AND IS MADE EXPRESSLY IN LIEU OF ALL OTHER WARRANTIES AND REPRESENTATIONS, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE, OR OTHERWISE, ALL OF WHICH ARE HEREBY DISCLAIMED.



**9. Liability and Indemnification** (a) This engagement is not intended to shift risk normally borne by you to us. To the fullest extent permitted under applicable law, you agree to indemnify and hold us and our personnel, agents and contractors harmless against all costs, fees, expenses, damages, and liabilities (including reasonable defense costs and legal fees), associated with any legal proceeding or other claim brought against us by a third party, including a subpoena or court order, arising from or relating to any Services that you use or disclose, or this engagement generally. This indemnity shall not apply to the extent a claim arises out of our gross negligence or willful misconduct, as finally adjudicated by a finder of fact.

(b) We will not be liable for any special, consequential, incidental, indirect or exemplary damages or loss (nor any lost profits, savings or business opportunity). Further, our liability relating to this engagement will in no event exceed an amount equal to the fees (excluding taxes and expenses) we receive from you for the portion of the engagement giving rise to such liability.

(c) Neither of us will be liable for any delays or failures in performance due to circumstances beyond our reasonable control.

**10. Non-Solicitation** Client recognizes that Service Provider's personnel have access to Service provider's trade secrets and proprietary information and are crucial and necessary to the completion of the project for the Client. During the term of this engagement, and for a period of one year following its expiration or termination, Client will not directly or indirectly solicit, employ or otherwise engage a person who participated in the Services on behalf of Service Provider; provided, that this restriction shall not apply to any general solicitation for employees (such as general newspaper advertisements, employment agency referrals, and internet postings) not targeting any such persons, and Client shall not be restricted in hiring any such person who responds to any such general solicitation.

**11.Termination** (a) Termination for Convenience. Either party may terminate this Agreement for convenience at any time on 30 days' prior written notice to the other.

(b) Termination for Breach. Either party may terminate this Agreement for breach if, within 15 days' notice, the breaching party fails to cure a material breach of this Agreement.

(c) To the extent you terminate this Agreement for convenience, you will pay us for all Services rendered, effort expended, expenses incurred, contingent fees (if any), or commitments made by us to the effective date of termination. To the extent you terminate this Agreement for breach, you will pay us for all conforming Services rendered and reasonable expenses incurred by us to the effective date of the termination.

(d) Further, we reserve the right to terminate this Agreement at any time, upon providing written notice to you, if conflicts of interest arise or become known to us that, in our sole judgment, would impair our ability to perform the Services objectively.

(e) The terms of this Agreement which relate to confidentiality, ownership and use, limitations of liability and indemnification, non-solicitation and payment obligations shall survive its expiration or termination.

**12. General** (a) This Agreement supersedes all prior oral and written communications between us, and may be amended, modified or changed only in a writing when signed by both parties.

(b) No term of this Agreement will be deemed waived, and no breach of this agreement excused, unless the waiver or consent is in writing signed by the party granting such waiver or consent.

(c) We each acknowledge that we may correspond or convey documentation via Internet e-mail and that neither party has control over the performance, reliability, availability, or security of Internet e-mail. Therefore, neither party will be liable for any loss, damage, expense, harm or inconvenience resulting from the loss, delay, interception, corruption, or alteration of any Internet e-mail due to any reason beyond our reasonable control.

(d) This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois without giving effect to conflict of law rules. The parties hereto agree that any and all disputes or claims arising hereunder, or in any way related to this Agreement or any performance thereunder, including any disputes with or claims against Huron employees, and any claims by any of your officers, directors, employees, shareholders and/or creditors, shall be settled by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. The parties agree that questions of arbitrability shall be delegated to and decided by an arbitrator and not a court. Any arbitration will be

DocuSign Envelope ID: 45431F40-A3C1-47AB-B5F5-57A4AFC72E24



conducted in Chicago, Illinois. Any arbitration award may be entered in and enforced by any court having jurisdiction thereof, and the parties' consent and commit themselves to the jurisdiction of the courts of the State of Illinois for purposes of any enforcement of any arbitration award. Except as may be required by law, neither a party nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of both parties.

(e) If any portion of this Agreement is found invalid, such finding shall not affect the enforceability of the remainder hereof, and such portion shall be revised to reflect our mutual intention.

(f) This Agreement shall not provide third parties with any remedy, cause, liability, reimbursement, claim of action or other right in law or in equity for any matter governed by or subject to the provisions of this Agreement

\* \* \*

## EXHIBIT B

## DiDonato Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>REVLON, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10760 (DSJ)<br><br>(Jointly Administered) |

**DECLARATION OF JOHN C. DIDONATO IN SUPPORT OF**
**THE BRANDCO DEBTORS' APPLICATION FOR ENTRY OF**
**AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT**
**OF HURON CONSULTING SERVICES LLC AS FINANCIAL ADVISOR**
**TO THE BRANDCO DEBTORS EFFECTIVE *NUNC PRO TUNC* TO JUNE 17, 2022**

STATE OF PENNSYLVANIA    )
                         )    ss.
COUNTY OF ALLEGHENY      )

  I, John C. DiDonato, hereby declare under penalty of perjury that the following statements are true to the best of my knowledge, information, and belief:

  1. I am a Managing Director of Huron Consulting Services LLC ("<u>Huron</u>"), a professional services firm engaged in the business of providing financial advisory and related professional consulting services. I submit this affidavit on behalf of Huron in support of the application (the "<u>Application</u>")[2] of Debtor Beautyge II, LLC and those certain "BrandCo" debtors described in the Application (collectively, and together with Beautyge II, LLC, the "<u>BrandCo</u> <u>Debtors</u>") in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>"), pursuant to sections

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these chapter 11 cases is: One New York Plaza, New York, NY 10004.

[2] Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Application.

327(a), 328(a), 330, and 1107(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rules 2014 and 2016 of the Federal Rule of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>"), authorizing the retention and employment by Ropes & Gray LLP ("<u>Ropes & Gray</u>") (proposed special counsel to the BrandCo Debtors) of Huron as financial advisor to the BrandCo Debtors in connection with Mr. Steven Panagos's delegated authority as Restructuring Officer of the BrandCo Debtors, effective as of June 17, 2022. I have personal knowledge of the matters set forth herein, and if called as a witness, would testify competently thereto.[3]

## QUALIFICATIONS OF PROFESSIONALS

1.      The BrandCo Debtors have selected Huron as their financial advisor because of the firm's diverse experience and extensive knowledge in the field of insolvency and restructuring.

2.      Huron and its professionals have a proven track record of enhancing value for financially distressed business organizations. Huron provides comprehensive solutions to companies in transition, creditor constituencies, and other stakeholders in connection with out-of-court restructurings and bankruptcy proceedings. Huron possesses years of experience in providing in-depth analyses of the strengths and weaknesses of financially distressed business entities and assisting with the development of a clear strategy for moving forward. Huron's restructuring and turnaround management services include numerous advisory roles including debtor advisory, secured lender advisory, unsecured creditor, and financial consulting. Huron possesses specific and extensive experience with entities similar to the BrandCo Debtors and

---

[3]      Certain of the disclosures herein relate to matters within the knowledge of other professionals at Huron.

Huron's core competencies include providing management services and advising debtors in chapter 11 cases.

3.     Huron has extensive experience in providing restructuring services in and out of chapter 11 proceedings and has an excellent reputation for the services it has rendered on behalf of debtors and creditors throughout the United States.  Among many other examples, Huron has provided restructuring and turnaround advisory services to clients including Town Sports International, Maines Food and Paper Services, Inc., Allen Systems Group, Kazi Foods, FuelCell Energy, Inc., The NORDAM Group, Inc, and Revstone Industries.

4.     In particular, Huron specializes in interim management, turnaround consulting, operational due diligence, creditor advisory services, and financial and operational restructuring. Huron's debtor advisory services include a wide range of activities targeted at stabilizing and improving a company's financial position, including: (a) developing or validating forecasts and business plans and related assessments of a business's strategic position; (b) monitoring and managing cash, cash flow, and supplier relationships; (c) assessing and recommending cost reduction and performance improvement strategies; and (d) designing and negotiating financial restructuring packages.

5.     A copy of the engagement agreement effective as of June 17, 2022 (the "Engagement Agreement"), attached as **Exhibit 1** to the Order, between Ropes & Gray and Huron in connection with Mr. Steven Panagos's delegated authority as Restructuring Officer of the BrandCo Debtors is incorporated herein by reference.

6.     Huron understands the BrandCo Debtors need assistance in collecting and analyzing financial and other information in relation to the Chapter 11 Cases.  Huron has

considerable experience with rendering such services to debtors and other parties in numerous chapter 11 cases. As such, Huron is qualified to perform the work required in these cases.

<u>**SERVICES TO BE RENDERED**</u>

7.    Subject to approval by the Court, Ropes & Gray proposes to retain and employ Huron to provide financial advisory services to the BrandCo Debtors on the terms and conditions set forth in the Engagement Agreement to assist the BrandCo Debtors in connection with Mr. Steven Panagos's delegated authority as Restructuring Officer of the BrandCo Debtors. These services may include, but are not limited to:

   i.    assisting the BrandCo Debtors and their proposed special counsel, Ropes & Gray, in:

   a.    analyzing the BrandCo Debtors' proposed debtor-in-possession financing facilities;

   b.    obtaining and presenting information required by the Brandco Debtors or that the BrandCo Debtors may choose to or be required to provide to the Debtors or other parties in interest, including the Court, the Creditors' Committee, and/or any other official committees appointed in the proceedings; and

   c.    preparing and responding to information requests;

   ii.    providing, if requested:

   a.    valuation services related to the value of the BrandCo Debtors and their assets;

   b.    investigative and litigation consulting services regarding any potential causes of action related to the Chapter 11 Cases held by, directed toward, or otherwise relevant to the BrandCo Debtors; and

   c.    expert testimony regarding Huron's investigative and valuation services before the Court;

   iii.    advising the BrandCo Debtors and Ropes & Gray with respect to various financial analyses and financial modeling activities, as requested;

   iv.    collaborating and coordinating with the other advisors to the Debtors or other parties in interest, as requested; and

v.     providing additional services as may be requested from time to time subject to a written agreement as to scope and fees.

8.     The services to be provided by Huron will not be duplicative of those provided by Ropes & Gray and Huron will coordinate any services performed at the BrandCo Debtors' request with the services of Ropes & Gray and any other financial advisors and counsel, as appropriate to minimize duplication of effort.

9.     Subject to the Court's approval of the Application, Huron is willing to serve as BrandCo Debtors' financial advisor and to perform the services described above.

## <u>DISINTERESTEDNESS OF PROFESSIONALS</u>

10.     Based upon information supplied by the BrandCo Debtors, Huron searched its records to identify any connection or relationship with the following entities:

a.     The BrandCo Debtors and their affiliates;

b.     The BrandCo Debtors' officers and directors;

c.     The equity shareholders known to own more than twenty percent (20%) of outstanding stock of the BrandCo Debtors;

d.     The BrandCo Debtors' major secured creditors;

e.     The BrandCo Debtors' fifty (50) largest unsecured creditors;

f.     All members of the Creditors' Committee;

g.     Financial advisors and counsel to the BrandCo Debtors; and

h.     certain other parties in interest.

The names provided to Huron by the Debtors are set forth in **<u>Schedule I</u>** attached hereto.

11.     Based upon the database search described above, Huron does not hold or represent an interest adverse to the estates, in accordance with section 327 of the Bankruptcy Code.

12.     Huron is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code, given that, to the best of my information and belief, Huron:

    a.    is not a creditor, an equity security holder, or an insider of the BrandCo Debtors;

    b.    is not and was not, within two years before the commencement of these Chapter 11 Cases, a director, officer, or employee of the BrandCo Debtors; and

    c.    does not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the BrandCo Debtors or for any other reason.

13.     To the best of my knowledge, except as set forth herein and in **Schedule II** attached hereto and incorporated herein by reference and subject to the limitations discussed herein, (a) Huron has no connections with the BrandCo Debtors, creditors, and any other party in interest, or their respective attorneys and accountants, and (b) the Huron professionals working on this matter are not relatives of the United States Trustee for the Southern District of New York or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Southern District of New York.

14.     Huron has in the past been retained by, and presently and likely in the future will provide services for, certain creditors of the BrandCo Debtors, other parties in interest, and their respective attorneys and accountants in matters unrelated to such parties' claims against the BrandCo Debtors or interests in these Chapter 11 Cases.

15.     As part of its practice, Huron appears in many cases, proceedings, and transactions involving many different law firms, financial consultants, and investment bankers in matters unrelated to this bankruptcy.  Huron has not identified any material relationships or connections with any law firm, financial consultant or investment banker involved in these Chapter 11 Cases

that would cause it to be adverse to the BrandCo Debtors or their estates, or that would otherwise affect Huron's judgment or ability to perform services for the BrandCo Debtors.[4]

16.     In addition, I understand that Mr. Steven Panagos, the Restructuring Officer of the BrandCo Debtors, has served, or may serve from time to time, in various management and director capacities of certain Huron clients or affiliates thereof.  I do not believe that Huron's current or former representation of clients for which Mr. Panagos serves or served in management and director capacities precludes Huron from meeting the disinterestedness standard under the Bankruptcy Code.

17.     Huron has not provided, and will not provide, any professional services to any of the creditors, other parties in interest, or their respective attorneys and accountants with regard to any matter related to these Chapter 11 Cases, other than the services it intends to provide to Ropes & Gray as described in the Engagement Letter.

18.     Prior to the Petition Date, Huron did not receive any payments from the BrandCo Debtors and is not a prepetition creditor of the BrandCo Debtors.

## **INDEMNIFICATION**

19.     In accordance with the Engagement Letter, as modified herein, and subject to Court approval, the BrandCo Debtors and their estates have agreed to indemnify, defend and hold harmless Huron, its officers, directors, shareholders, principals, members, managers, employees, affiliates, subcontractors, representatives, and agents (collectively, the "Huron Indemnified Parties") from and against any and all losses, claims, damages, liabilities, penalties, obligations and expenses, including, without limitation, the costs and expenses for counsel, incurred by or

---

[4]     From time to time, Huron hires attorneys in the ordinary course of their business.  No firm has been retained regarding any issues in this matter.

asserted against the Huron Indemnified Parries in connection with or in any way related to Huron's engagement as financial advisor to the BrandCo Debtors.

20.     Huron agrees that the above indemnification, as set forth in the Engagement Letter, shall be modified as follows:

  a.  all requests of the Huron Indemnified Parties for indemnification pursuant any Order approving this indemnification, shall be made by means of an application (interim or final as the case may be) filed with the Court;

  b.  all requests by the Huron Indemnified Parties for indemnification by the BrandCo Debtors and their estates shall be subject to review by this Court to ensure that payment of such indemnification amounts conforms to the terms any Order approving this indemnification and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought;

  c.  in no event shall the Huron Indemnified Parties be indemnified if a claim is asserted and a court determines by final order that such claim arose out of Huron's own gross negligence or willful misconduct; and

  d.  in the event that the Huron Indemnified Parties seek reimbursement for attorneys' fees from the BrandCo Debtors and their estates pursuant to any Order approving this indemnification, which shall be permitted, the invoices and supporting time records from such attorneys shall be included in Huron's own applications (both interim and final) and such invoices and time records shall be subject to the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* without regard to whether such attorney has been retained under section 328, 1103(a), and 1103(b) of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

## PROFESSIONAL COMPENSATION

21.     Huron's requested compensation for professional services rendered to the BrandCo Debtors will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate.  The BrandCo Debtors have agreed to compensate Huron for professional services rendered at its normal and customary hourly rates.

22.     The rates included in this Affidavit are Huron's normal and customary rates for matters of this sort.  In the normal course of business, Huron revises its hourly rates on January 1

of each year.  Huron requests that the rates listed below be revised to the hourly rates that are in effect at the time the services are rendered.  The current normal and customary hourly rates for the financial advisory services to be rendered by Huron and applicable herein are as follows:

| Title | Rate Range |
|---|---|
| Managing Director | $965 - $1,315 |
| Senior Director | $805 - $950 |
| Director | $605 - $770 |
| Manager | $550 - $575 |
| Associate | $440 - $495 |
| Analyst | $330 - $400 |

23.     Huron will also seek reimbursement for necessary expenses incurred, which shall include, but not be limited to, travel, photocopying, delivery service, postage, vendor charges, and other out-of-pocket expenses incurred in providing professional services.

24.     Huron intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Huron has agreed to accept as compensation such sums as may be allowed by the Court.  Huron understands that interim and final fee awards are subject to approval by this Court.

25.     Huron is not a prepetition creditor of the BrandCo Debtors' estates and Huron has not received a retainer from the BrandCo Debtors.

26.     In accordance with section 504 of the Bankruptcy Code, I hereby state that there is no agreement or understanding between Huron and any other entity for the sharing of compensation received or to be received for services rendered in connection with these cases.

27.     This affidavit is provided in accordance with section 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rule 2014.

28. I have read the Application, and, to the best of my knowledge, information, and belief, the contents of said Application are true and correct.

Dated: July 6, 2022

 /s/ *John C. DiDonato*
Name:  John C. DiDonato
Title:  Managing Director
Huron Consulting Services LLC

# SCHEDULE I

## Searched Parties

This information is being provided in connection with the *Declaration of John C. DiDonato in support of the BrandCo Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Huron Consulting Services LLC as Financial Advisor to the BrandCo Debtors Effective Nunc Pro Tunc to June 17, 2022*. The following names were compared to Huron's client database to identify any connection or relationship:

| **Debtors** |
| --- |
| Almay, Inc. |
| Art & Science, Ltd. |
| Bari Cosmetics, Ltd. |
| Beautyge Brands USA, Inc. |
| Beautyge I |
| Beautyge II, LLC |
| BrandCo Almay 2020 LLC |
| BrandCo Charlie 2020 LLC |
| BrandCo CND 2020 LLC |
| BrandCo Curve 2020 LLC |
| BrandCo Elizabeth Arden 2020 LLC |
| BrandCo Giorgio Beverly Hills 2020 LLC |
| BrandCo Halston 2020 LLC |
| BrandCo Jean Nate 2020 LLC |
| BrandCo Mitchum 2020 LLC |
| BrandCo Multicultural Group 2020 LLC |
| BrandCo PS 2020 LLC |
| Brandco White Shoulder 2020 Llc |
| Charles Revson Inc. |
| Creative Nail Design, Inc. |
| Cutex, Inc. |
| DF Enterprises, Inc. |
| Elizabeth Arden (Canada) Limited |
| Elizabeth Arden (Financing), Inc. |
| Elizabeth Arden (Uk) Ltd |
| Elizabeth Arden International Holding, Inc. |
| Elizabeth Arden Investments, LLC |
| Elizabeth Arden NM, LLC |
| Elizabeth Arden Travel Retail, Inc. |
| Elizabeth Arden USC, LLC |
| Elizabeth Arden, Inc. |

Fd Management, Inc

North America Revsale Inc

OPP Products, Inc.

PPI Two Corporation

Rden Management, Inc

Realistic Roux Professional Products Inc

Revlon (Puerto Rico) Inc.

Revlon Canada, Inc.

Revlon Consumer Product Corporation

Revlon Development Corp

Revlon Government Sales, Inc

Revlon International Corporation

Revlon Professional Holding Company LLC

Revlon, Inc.

Riros Corporation

Riros Group Inc.

RML, LLC

Roux Laboratories, Inc

Roux Properties Jacksonville, LLC

Sinfulcolors Inc

**Debtor Affiliates & Joint Venture Partners**

American Crew Dominicana, S.r.L.

Baninvest Beauty Limited

Beautyge Andina S.A.

Beautyge Australia PTY Limited

Beautyge Beauty Group, S.L.

Beautyge Belgium

Beautyge Brands France Holding SAS

Beautyge Denmark A/S

Beautyge Fragrances

Beautyge France SAS

Beautyge France SAS - Switzerland Branch

Beautyge Germany GmbH

Beautyge Italy S.p.A.

Beautyge Logistics Services, S.L.

Beautyge Mexico, S.A. De C.V. (Colomer Mexico S.A. De C.V.)

Beautyge Netherlands B.V.

Beautyge Participations, S.L.

Beautyge Portugal - Produtos Cosmeticos e Profissionais, Lda.

Beautyge Professional Limited (F/K/A Colomer
Professional Limited)
Beautyge RUS Closed Joint Stock Company
Beautyge S.L.
Beautyge Sweden AB
Beautyge U.K., Limited
Beautyge U.S.A., Inc. (F/K/A Colomer U.S.A., Inc.)
BLS France Branch
CBBeauty Ltd.
Colomer PBS SA
Comercializador a Brendola, S.r.L.
Corporatcion Rocosme 2012 C.A.
Creative Beauty Products
EA Chalhoub JV
EA Luxasia JV
EA USC Subsidiary
EAI France Branch
Elizabeth Arden (MANUF) SARL
Elizabeth Arden (Netherlands) Holding B.V.
Elizabeth Arden (S) Pte Ltd
Elizabeth Arden (Shanghai) Cosmetics & Fragrances
Trading Ltd.
Elizabeth Arden (South Africa) (Pty) Ltd.
Elizabeth Arden (Switzerland) Holding Sarl
Elizabeth Arden AB Sweden
Elizabeth Arden AB Sweden Hist
Elizabeth Arden ApS Denmark
Elizabeth Arden ApS Denmark Hist
Elizabeth Arden AS Norway
Elizabeth Arden AS Norway Hist
Elizabeth Arden Austria
Elizabeth Arden Cosm. &Fragr. Ltd China
Elizabeth Arden Cosmeticos do Brazil Ltda
Elizabeth Arden Dubai
Elizabeth Arden Espana S.L.
Elizabeth Arden Export Inc Puerto Rico
Elizabeth Arden France
Elizabeth Arden France Hist
Elizabeth Arden GmbH
Elizabeth Arden GmbH Germany Hist
Elizabeth Arden Gmbh Zug Tdmk
Elizabeth Arden Internation S.A.R.L. - France Branch

Elizabeth Arden International S.a.r.l
Elizabeth Arden International Sarl
Elizabeth Arden Italy
Elizabeth Arden Japan K.K.
Elizabeth Arden Korea Yuhab Hoesa
Elizabeth Arden Ltd New Zealand
Elizabeth Arden Ltd New Zealand Hist
Elizabeth Arden Middle East Fzco
Elizabeth Arden PTY Ltd Australia
Elizabeth Arden PTY Ltd Australia Hist
Elizabeth Arden Salon Holdings, LLC
Elizabeth Arden SEA (HK) Ltd.
Elizabeth Arden Sea Ltd Hong Kong JV
Elizabeth Arden SEA Private Limited
Elizabeth Arden Sea Pte Ltd.
Elizabeth Arden SLU Spain Hist
Elizabeth Arden Taiwan branch
Elizabeth Arden Trading B.V.
Elizabeth Arden trading BV Netherlands Hist
Elizabeth Arden trading BV Russia
Elizabeth Arden UK Ltd
Elizabeth Arden Puerto Rico
Europeenne DE Produits De Beaute, SAS France
Henry Colomer Argentina, Srl.
Mota
New Revlon Argentina S.A.
PBS Belgium Branch
Produtos Cometicos De Revlon, S.A.
Professional Beauty Services S.A.
Promethean Insurance
RCPC (US)
REMEA 2 B.V. (Netherlands)
Revlon (Hong Kong) Limited
Revlon (Israel) Limited
Revlon (Shanghai) Limited
Revlon (Suisse) S.A.
Revlon Australia PTY Limited
Revlon B.V.
Revlon Beauty Products, S.L.
Revlon BV (Netherlands)
Revlon Chile S.A

Revlon China Holdings Limited
Revlon Consumer Corp
Revlon Finance LLC
Revlon Holdings B.V.
Revlon International - U.K. Branch
Revlon K.K.
Revlon LDA (Brazil)
Revlon Ltda
Revlon Manufacturing Ltd. - Singapore Branch
Revlon Manufacturing Ltd. - Taiwan Branch
Revlon Manufacturing Ltd. (Bermuda)
Revlon Mauritius
Revlon New Zealand Limited
Revlon Offshore Limited
Revlon Overseas Corporation, C.A.
Revlon Pension Trustee Company (U.K.) Limited
Revlon Professional Group
Revlon Real Estate Corp.
Revlon S.P. A. (Italy)
Revlon Shanghai LTD (China)
Revlon South Africa (Proprietary) Limited
Revlon Trading Shanghai Ltd
Revlon, S.A. De C.V.
RML - Taiwan Branch
RML Corp.
Rml Holdings, L.P
SAS & Company Limited
SAS Licences Limited
Shanghai Revstar Cosm Mktg Service Ltd China
Shanghai Revstar Cosmetic Services Limited
US Cosmeceutechs, LLC
YAE Artistic Packing Industry LTD (Israel)
YAE Press 2000 (1987) LTD (Israel)

**Direct & Indirect Shareholders**

Armour Farmaceutica De Colombia S.A.
Macandrews & Forbes Inc.
MacAndrews Cosmentics Holdings Inc.
Meridian Sports Incorporated
PPI Four Corporation
Rev Holdings LLC
Revlon Holdings LLC

| |
|---|
| Ronald O. Perelman |
| **Debtors' Directors, Officers and Management Team** |
| Al Bernikow |
| Barry Schwartz |
| Beril Yildiz |
| Ceci Kurzman |
| Charles Waters |
| Cristiana Falcone Sorrell |
| Debbie Perelman |
| E. Scott Beattie |
| Ely Bar-Ness |
| Heather Wallace |
| Jose Urquijo |
| Keyla Lazardi |
| Kristin Dolan |
| Martine Williamson |
| Ravi Sankar |
| Thomas Cho |
| Tracey Raso |
| Victor Nichols |
| Victoria Dolan |
| **Banks, Lenders and Administrative Agents** |
| 140 Summer Partners LP |
| 400 Capital Management LLC |
| Aegon Asset Management |
| Allianz SE |
| Allstate Investment Management Company |
| Alter Domus |
| Angelo Gordon & Co LP |
| Antara Capital LP |
| Apex Credit Partners, LLC |
| Apollo Centre Street Partnership, L.P. |
| Apollo Lincoln Fixed Income Fund, L.P. |
| Ares Management LLC |
| Argo Group International Holdings |
| Argonaut Insurance Co |
| ASOF Holdings II LP |
| Assured Investment Management |
| Athora Lux Invest S.C.SP. |
| Atlas Merchant Capital |
| Avenue Capital Group |

Avenue RP Opportunites Fund LP
Avenue Special Opportunities Fund II LP
Avenue Strategic Opportunities Fund LP
Avenue Value Credit Fund LP
Bardin Hill Loan Management LLC
Benefit Street Partners
BlackRock Fund Advisors
BlackRock Inc
Blackrock Luxembourg SA
Blue Torch Finance LLC
Bondbloxx Inv Management LLC
Brigade Capital Management, LP
Callodine Commercial Finance SPV, LLC
Castleknight Management
CIBC Bank USA
CIFC Asset Management
Citibank, N.A.
Colony Insurance Co
Corre Partners Management LLC
Crystal Financial SPV LLC
Deutsche Bank
Deutsche Bank AG Cayman Islands Branch
Diameter Capital Partners LP
Ensign Peak Advisors, Inc.
Farmstead Capital Management, LLC
First Eagle Alternative Capital BDC, Inc.
First Eagle Credit Opportunities Fund
First Eagle Direct Lending
First Eagle Direct Lending Fund IV Co-Invest, LLC
First Eagle Direct Lending Fund IV, LLC
First Eagle Direct Lending V-A, LLC
First Eagle Direct Lending V-C, SCSP
Fist Eagle Direct Lending V-B, LLC
Fundacion Zudalan
Glendon Capital Management
Glendon Capital Management, LP
Goldman Sachs & Co.
Government Pension Investment Fund
Greywolf Loan Management LP
HPS Investment Partners LLC
Icahn Capital LP

Insight North America LLC
Invesco Ltd
Investco Powershares CAP MGMT LLC
Jefferies & Co. INC.
JPMorgan Asset Management Europe S
JPMorgan Chase & Co
King Street Capital Management
KKR & Co
Livello Capital Special Opportunities Master Fund LP
LJK Investment Partners LP
Medalist Partners Corporate Finance LLC
MHR Fund Management
Michael F. Guglielmino and Gail Guglielmino Revocable 2005 Trust
UAD 7/27/2005
MidCap Funding IV Trust
Napier Park Global Capital
New Generation Advisors LLC
Nut Tree Capital Management
Oak Hill Advisors Lp
OHA Credit Partners IX Ltd
OHA Credit Partners VII Ltd
OHA Credit Partners X R Ltd
OHA Credit Partners XI Ltd
OHA Credit Partners XII Ltd
OHA Credit Partners XIII Ltd
OHA Loan Funding 2013 1 Ltd
OHA Loan Funding 2013 2 Ltd
OHA Loan Funding 2015 1 Ltd
OHA Loan Funding 2016 1 Ltd
P Schoenfeld Asset Management
Pacific Investment Management Co L
Paloma Partners Management Company
Pictet Asset Management Ltd
PIMCO Funds:Global Investors Serie
Rogge Global Partners Ltd
SCP Cayman Debt Master Fund SPV LLC
SCP Private Corporate Lending Fund SPV, LLC
SCP Private Credit Income BDC SPV LLC
SCP Private Credit Income Fund SPV LLC
SCP SF Debt Fund L.P.
State Street Corp

State Street Global Advisors Inc
Swisscanto Asset Management AG
Swisscanto Holding AG
Sycamore Partners Management LP
Symphony Asset Management LLC
Tall Tree Investment Management LLC
The Carlyle Group
Three Court, LP
TKB Investment Partners JSC
TPG Opportunities Partner
TSLE Compass Sarl
UBS AG
UBS Gestion SGIIC SA
U.S. Bank National Association
Wells Fargo Bank, N.A.
Z CAPITAL
Zais Group LLC
Zuercher Kantonalbank

**Largest Creditors**

Accenture International Limited
Ancorotti Cosmetics
Array Canada Inc
Beauty Care Professional Products Participations, S.A.
Commission Junction
Dassin, Gerald
Dessen, Stanley
Draper, Robert E.
Engelman, Irwin
Fellows, George
Fiabila USA Inc.
Financial Services Regulatory Authority of Ontario
Flywheel Digital LLC
Fox, William J.
Gedeon, Harvey
Greff, Douglas
Hawkins Parnell & Young LLP
Kerr, Myriam And Kerr, Robert
Kretzman, Robert K.
Laurenti, Giorgio L.
Levin, Jerry W.

Nichols III, Wade H.
Pension Benefit Guaranty Corporation
Premium Retail Services
Quotient Technology Inc
Salcedo, Stephanie
Salesforce.com Inc.
Shapiro, Paul E.
The Nielsen Company US LLC
US Bank, National Association
Valassis Communications Inc
VMWARE, Inc.

**Customers of the Debtors**

Amazon
ARP
Brunet
Drug Trading
Familiprix
Federated Co-Op
Giant Tiger
Independents
Jean Coutu
Johnston Wholesale
Katz/Rexall/Phamaplus
Lawton'S
Lcl/Loblaws National Grocers
London Drugs
Northwest
Peoples Drug Mart
Pharmachoice/Price Watchers
Pharmasave
Proxim/Pharmessor
Remedy Rx
S.D.M. National
Safeway/Macdonalds Consol
Save-On/Overwaitea
Sobey'S East
Unipharm
Uniprix
Value Drug Mart
Walmart

**Bankruptcy Court Judges**

| |
|---|
| Beckerman, Lisa G. |
| Chapman, Shelley C. |
| Drain, Robert D. |
| Garrity, James L., Jr. |
| Glenn, Martin |
| Jones, David S. |
| Lane, Sean H. |
| Morris, Cecelia G. |
| Wiles, Michael E. |

**Bankruptcy Court Employees**

| |
|---|
| Anderson, Deanna |
| Ashmeade, Vanessa |
| Azzaro, Christine |
| Barajas, Andres |
| Barrett, Chantel |
| Blackmon, Michael |
| Calderon, Lynda |
| Carrasco, Robert |
| Chen, Patrick |
| Contino, Michael |
| DePierola, Jacqueline |
| Ebanks, Liza |
| Echevarria, Lorraine |
| Eisen, Jamie |
| Fredericks, Frances |
| Harkins, Daniel |
| Hilburn, Brian |
| Jones, Taylor |
| Kan, Leslie |
| Kasnetz, Alexander |
| Li, Dorothy |
| MacDonald, Jenna |
| Mercado, Tracey |
| Mitnick, Meredith |
| O'Rourke, Francis |
| Puccia, Karra |
| Ribeiro, Christian |
| Robie, Brenda |
| Rodriguez, Willie |
| Saney, Michelle |
| Tran, Jacqueline |

White, Greg

Wybiral, Leslie

Ziesing, Annie

**Bankruptcy Professionals**

Akin Gump Strauss Hauer & Feld LLP

AlixPartners

Ballard Spahr Llp

Berkeley Research Group, LLC

Centerview Partners LLC

Davis Polk & Wardwell LLP

Greenhill & Co.

Kobre & Kim LLP

Kroll Restructuring Administration

Latham & Watkins LLP

Lazard

Moelis & Company

Morgan, Lewis & Bockius LLP

Paul, Weiss, Rifkind, Wharton & Garrison LLP

PJT Partners, Inc.

Proskauer Rose LLP

Quinn Emanuel Urquhart & Sullivan, LLP

Ropes & Gray LLP

**Insurance Providers**

Alliant Company

Allianz

Allied World Assurance Company (U.S.) Inc

Aon Risk Services of New York

Aon Risk Services, Inc.

AWAC

Berkley Insurance Company

Berkshire Hathaway

Brit Insurance / Lloyds

CHUBB - ACE American Insurance Company

CNA Insurance Company

Endurance American Insurance Company

Everest Insurance Company

Everest National Insurance Company

Great American Spirit Ins Company

Illinois National Insurance Company

Ironshore Indemnity Inc.

Lockton

Markel American Insurance

| |
|---|
| National Fire & Marine Insurance Company |
| National Union Fire Insurance Company of Pittsburgh, PA |
| Nationwide Management Liability & Specialty |
| North American Specialty |
| Sompo International |
| STARR Indemnity & Liability |
| The Ohio Casualty Insurance Company |
| Zurich American Insurance Company |
| Zurich Insurance PLC & Various |
| Zurich International Programs |
| **Debtors' Landlords** |
| 181 West Madison |
| Atomic Investment, INC |
| Broadstone Net Lease LLC |
| Chelsea Orlando Development |
| CPG Partners |
| Edison 27 Investors LLC |
| Franklin Oaks Equity Partners LLC |
| Las Vegas South Premium Outlet |
| Nicollet Office Fee Owner LLC |
| One NY Plaza CO LLC |
| Orlando Premium Outlets |
| Pembroke Pointe Office,LLC |
| Pinnacle Hills LLC |
| Prudential |
| San Marcos Factory Store |
| SCIP540 Beautyrest LLC |
| Simon |
| SIR Property Trust |
| SP Plus Parking |
| Texas City Outlet |
| Tillyard |
| Valley Properties |

| Issuers/Beneficiaries of Letters of Credit |
| --- |
| 200 Park South Associates LLC |
| Citibank |
| Citibank International Plc |
| Continental Casualty Company |
| Hsbc Bank Plc, London |
| JP Morgan Chase Bank, N.P. |
| New Jersey Department of EPA |
| Pembroke Pointe Office LLC |
| Transportation Insurance Company |

| Parties in Litigation with Debtors |
| --- |
| UMB Bank, National Association |

| Employees of the Office of the U.S. Trustee |
| --- |
| Abriano, Victor |
| Arbeit, Susan |
| Bruh, Mark |
| Cornell, Shara |
| Gannone, James |
| Higgins, Benjamin J. |
| Joseph, Nadkarni |
| Masumoto, Brian S. |
| Mendoza, Ercilia A. |
| Moroney, Mary V. |
| Morrissey, Richard C. |
| Ogunleye, Alaba |
| Riffkin, Linda A. |
| Rodriguez, Ilusion |
| Schwartz, Andrea B. |
| Schwartzberg, Paul K. |
| Scott, Shannon |
| Sharp, Sylvester |
| Tiantian, Tara |
| Velez-Rivera, Andy |
| Vescovacci, Madeleine |
| Wells, Annie |

| Parties with UCC Liens |
| --- |
| Barclays Bank PLC |
| BMO Harris Bank N.A. |
| Jefferies Finance LLC |
| JP Morgan Chase Bank, N.P. |

| |
|---|
| Key Equipment Finance, A Division Of Keybank N.A. |
| M&I Marshall & Ilsley Bank |
| Macquarie Equipment Finance, LLC |
| Medtech Personal Products Corporation |
| Meridian It Inc. |
| Midcap Funding IV Trust |
| Optumhealth Bank, Inc. |
| Raymond Leasing Corporation |
| Toyota Industries Commercial Finance, Inc. |
| Univest Capital, Inc. |
| VAR Resources, Inc. |
| VFI KR SPE I LLC |
| Wilmington Trust, National Association, as Collateral Agent |
| **Unions Representing Debtor Employees** |
| Edison Union Local No. 3 |
| International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America |
| Unifor |
| United Auto Workers |
| **Vendors to the Debtors** |
| 24 Seven Llc |
| 84 51 Llc |
| Abm Janitorial Svcs Neast Inc |
| Acnielsen Company Of Canada |
| Advantage Sales & Marketing Ca |
| Advantage Sales & Marketing, L |
| Aerosols Danville |
| Aetna Life Insurance Company |
| Albea Cosmetics America Inc |
| All Saints Retail Ltd |
| All Step Sales And Marketing I |
| Alliedbarton Security Services |
| Allstate Paper Box Company |
| Alpha Packaging |
| Alpla, Inc |
| Alzo International Inc |
| Amazon Media Group Llc |
| Amazon Web Services |
| Amco Polymers, Llc |

AMERICAN EXPRESS BIP 91008
Ancorotti Cosmetics
Anderson Mori & Tomotsune
Anne Du Boucheron Inc
Apollo Retail Specialist, Llc
Apr Beauty Group Inc.
Aptar Stratford
Aramis Inc
Ariba, Inc.
Arkay Packaging Corporation
Art + Science Management Servi
Art Cosmetics Srl
Arylessence
Ashland Specialty
At Kearney Inc
Atelier Management, Inc.
Atlantic Coast Creations Ltd
Automotive Rentals, Inc
Auxis Costa Rica Limitada
Averlance, S.L.
Basf Corporation
Bazaarvoice Inc.
Bdp International Inc
Beaman Public Relation Inc
Beauty Seen Inc
Beauty Seen Ltd
Bell Container Corp
Berlin Packaging Llc
Bespoke Digital Inc
Black Web Network, Llc
Blonde & Co
Bocas Co Ltd
Brenntag Mid-South Inc.
Brenntag Specialties, Inc.
Broadridge Ics
Brook And Whittle Limited
Brush Up Consulting , Llc
C J Transport (Uk) Ltd
Camden Council Tax And Rates
Canada Border Services Agency
Canada Revenue Agency

Carolina Container Company
Carolina Handling Llc
Casper Company, Llc
Cass Information Systems Inc
Catalent Cosmetics Ag
Catalina Marketing Corporation
Cb Neptune Holdings Llc
Ccl Label Inc - Shelton
Ccl Label Lumberton
Ccl Tube (Wilkes-Barre), Inc
Cei Inc - Holmdel
Cei-Roanoke
Chandelier Creative Inc.
Channel Systems, Llc
Chief Container
Chong Woo Co Ltd
Christian Dior Perfumes Llc
Clariant Corporation
Coffee N Clothes
Color Techniques Inc
Colors And Effects Usa Llc
Commerce Label Inc
Consulate, Ltd
Cooperative Activity Llc
Coridel Capital Management Hk
Cosmetic Colors S.A De C.V
Cosmo International Fragrances
Counter Intelligence
Cpm United Kingdom Ltd
Crawford And Co Productions In
Creative Circle Llc
Creative Colors Sa
Creative Drive Inc
Creative Sourcing International Ltd.
Criteo Corp
Croda Inc.
Crystal And Company Inc
Crystal Claire
Crystal International
Custodian Reit Plc
Custom Essence

Data Forms Of Charlotte Inc
Daybreak Fast Freight Inc
Dell Marketing Lp
Deloitte Management Services L
Deloitte Tax Llp
Derik Industrial Usa Inc
Dermaceutical Laboratories Llc
Digital Additive, Inc
Dow Silicones Corp
Dpd Group Uk Ltd
Dxp Enterprises Inc
Earth Spectrum
Ecolab, Inc.
Edison Tax Collector
Elementis Specialties
Elizabeth Taylor Cosmetics Co
Empire State Realty Op, L.P.
Energy Bbdo, Inc
Englewood Lab, Inc
Ernest Packaging Solutions
Esis
Essential Ingredients Inc.
Estes Express Lines
Evonik Corporation
Eyelet Design Inc
Facebook Ireland Limited
Falic Fashion Group, Llc
Fantasia Accessories Ltd
Fercam Transportes, S.A.
Firmenich
First Insurance Funding
Freshfields Bruckhaus Deringer
Geka Manufacturing
General Fibre Products Co
Givaudan Fragrances Corp
Glenroy, Inc.
Glow Art Llc
Go2 Staffing Solution
Google Adwords
Google Inc.
Grace Beauty, Llc

Grant Industries Inc
Granville County Tax Office
Great West Life
Green Oleo Srl
Gregory Pallet & Lumber Company Llc
Guerillascope Ltd
Gulbrandsen Technologies Inc
Halo Branded Solutions, Inc.
Happy Finish Us Inc
Haz International, Inc
Hcp Packaging Usa Inc
Hct Asia Limited
Hilco Valuation Services, Llc
Hot Girl Branding, Llc
Hub Folding Box Co Inc
Ibotta Inc
Iconix Brand Group Inc
Idea Circle Productions, Llc
Img Models, Inc
Impact Fulfilment Services Llc
Imtech Graphics Inc
Independent Container Line Ltd
Industrial & Construction Ente
Info Label
Information Resources Inc
Injectron Corporation
Inmar Brand Solutions, Inc
Insight Direct Usa, Inc.
Integrated Display Group
Intercos America Inc
Intercos Europe Spa
Interfila Cosmetics (Shanghai)
Internal Revenue Service
International Designer Collection (Idc)
International Flavors & Fragrances
International Paper
Interspray Sas
Invok Brands Llc
Iso Plastics Corporation
Israel Andler & Sons, Inc.
J Packaging And Display Llc

Ja Licensing Ii, Llc
Jade Road Design And Sourcing
Jeen International Corp.
Jiaxing Tengxiang Plastic
Jim Overton, Tax Collector
Jita Enterprise, Inc
John Varvatos Apparel Group
Jones Day
Jos. H. Lowenstein Sons, Inc.
Js Reps Corp D/B/A Art Department
Jurist Company Inc
Just Packaging Inc
Kci, Ltd
Kelly Services Inc
King & Spalding Llp
Kirker Enterprises Inc
Kleen Test Products Corporatio
Kobo Products, Inc.
Kolmar Laboratories
Kolmar Laboratories, Inc.
Kpmg, Llp
Kranky Produktions Inc
Kroger Packaging Inc
Lawrence Transportation System
Lazari Investments
Le Papillon Ltd
Libo Cosmetics Co Ltd
Liz Claiborne, Inc.
Lubrizol Advanced Materials In
Luhoo Productions Inc
Luigi Bormioli Corp
Lukasiewicz Design Inc
Luxe Brands, Inc.
M&H Plastics Inc.
Maesa Holdings Inc
Mane Usa
Marietta Corp
Marissa L Promotions Inc
Mark Leeson
Mascara Plus Cosmetics Srl
Matic Plast Milano Srl

Mays Chemical Company
Mc Plasticos De Mexico
Mcg First Choice Sales
Mcgill And Partners
Mckinsey & Company, Inc
Meiyume (Hong Kong) Ltd
Meiyume (Uk) Limited
Merritt Meade Loughran, Inc.
Meta Platforms, Inc.
Metal Dynamics
Metropolitan Life Insurance Co
Microsoft Corporation
Military Sales & Service Co.
Mimran Group Inc
Minister Of Revenue Of Quebec
Morrisette Paper Co, Inc
Moveable Inc.
Msc Industrial Supply Co. Inc.
Multi Packaging Solutions
Multi-Color Corporation
Mw Studios, Inc.
N2O2 Branding Inc
Nakamura & Partners
Nch Marketing Services, Inc.
Newton Medical, LLC
North Carolina Dept Of Revenue
Northern Trust Company
Nouryon Usa Llc
Old Dominion Freight Line, Inc (Odfl)
Oni Essence
Oracle America Inc
Orange Die Cutting Corp
Orange Packaging
Orlandi Inc - Farmingdale
Packaging Corporation Of Ameri
Pandb Group Pharma Beauty Le C
Penthouse Mfg Co Inc
Perfume Worldwide Inc
Personal Care Products Council
Pgp Glass Usa, Inc
Pinterest, Inc

Plastek Industries Inc
Pm Plastics Co
Pochet Du Courval America
Point 1 Displays Inc
Precima Inc
Premier Group Ltd
Premium Outlet Partners, Lp
Presperse Corporation
Priority Fulfillment Services, Inc.
Production Management Holding
Promotional Development Inc
Protameen Chemicals Inc.
Protiviti Inc
Pro-Vision International, Inc.
Prudential Insurance Co. Of Am
Puig International, S.A
Qualipac America
Quality Fragrance Group
Ray Industrial Enterprises Pte
Receiver General For Canada
Remedy Intelligent Staffing
Rita Corporation
Rlm Group
Robert Half International Inc
Roberts Beauty
Rozalia Mingxin Ltd
Rpc Zeller Plastik Libertyvill
Rtc Industries Inc
Salsify Inc
Sap America Inc
Sarcona Management Inc
Sas Alkos Cosmetiques
Schwan Cosmetics Germany Gmbh
Schwan Cosmetics Usa, Inc.
Scott Adams Designs
Screen Actors Guild-Producers
Securian Life Insurance Co
Sederma Inc
Sensient Cosmetics
Shin Etsu Silicones Of
Shorewood Corporation of Canada Ltd.

Shorewood Packaging Of Canada
Silgan Dispensing System Thoma
Simex Trading Ag
Simkins Corporation
Simon Greenstone Panatier Pc
Simon Property Group Lp
Sino German Scissors And
Slavycz Consulting
Sloane & Company Llc
Snap Inc
Solnsoft Llc Dba Xcentium
Solomon Page Group Llc
Sparrow Society Llc
Sprinklr Inc
Sr Packaging Inc. Taiwan Branc
Stafford Borough Council
State Board Of Equalization
Stephen Gould Corporation
Stormdfx Ltd
Stull Technologies Llc
Summit Manufacturing Llc
Sunstates Security Llc
Symrise Inc
Syndigo Llc
Talk2Rep, Inc.
Target Corporation
Tennessee Dept Of Revenue
The Api Group, Inc.
The Millennium Group Of Delawa
The Moresby Group Inc
Three Wishes Productions, Inc
Tiktok Inc
Tinuiti, Inc
Toda
Towers Watson
Toyota Industries Commercial
Traackr Inc
Traffic Models. Sl
Tricor Braun
Tri-K Industries, Inc.
Tslc Corporation

Tudor Packaging Corp Inc
Twelve, Inc
Ubiqus Traduction
Ukg Inc.
Ulikethis Llc
Unitedhealthcare Insurance Co.
Univar Solutions Usa Inc
Us Customs And Border Protection
Uss Llc
Utleys Incorporated
Vantage Specialty Ingredients,
Verescence La Granja, S.L.
Verescence North America Inc.
Veritas Communications Inc
Veritiv Operating Co Formerly
Verizon Wireless
Viva Healthcare Packaging, Inc
Voyant Beauty
Vpi Holding Company Llc
Webber Wentzel
Werres Corporation
Westrock Converting Company
William L Rutherford
Willson & Brown
Willson & Brown Sp. Z O.O
Wme Entertainment Llc
Ws Packaging Group Inc
Wunderkind Corporation
Xinfu Science & Technology Co.
Yangjiang Jinhengda Cosmetic T
Yrc Inc
Zhangjiagang Huashuang
Zhuoer Gifts Industrial Co Ltd

## SCHEDULE II

### Huron's Connections

This information is being provided in connection with the *Declaration of John C. DiDonato in support of the BrandCo Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Huron Consulting Services LLC as Financial Advisor to the BrandCo Debtors Effective <u>Nunc Pro Tunc</u> to June 17, 2022.* Huron has or had business relationships with, currently renders, or has previously rendered services in matters unrelated to these Chapter 11 cases for the following entities:

**The following parties have been identified as either current or former Huron clients:**

| | |
|---|---|
| Aetna Life Insurance Company | Vendor to the Debtors |
| Amazon | Customers of the Debtors |
| Berkshire Hathaway | Insurance Provider |
| Priority Fulfillment Services, Inc. | Vendors to the Debtors |
| Prudential | Debtor Landlord |
| SAP America Inc. | Vendors to the Debtors |
| Simon | Debtor Landlord |
| Verizon Wireless | Vendors to the Debtors |
| VMWARE, Inc. | Largest Creditors |
| Walmart | Customers of the Debtors |

**The following professionals have represented parties in engagements where Huron has also been retained, or may have directly retained Huron in the past:**

| | |
|---|---|
| Akin Gump Strauss Hauer & Feld LLP | Bankruptcy Professionals |
| AlixPartners | Bankruptcy Professionals |
| Ballard Spahr LLP | Bankruptcy Professionals |
| Deloitte Tax LLP | Vendor to the Debtors |
| Jones Day | Vendor to the Debtors |
| King & Spalding LLC | Vendor to the Debtors |
| Kobre & Kim LLP | Bankruptcy Professionals |
| KPMG LLP | Vendor to the Debtors |
| Latham & Watkins LLP | Bankruptcy Professionals |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP | Bankruptcy Professionals |
| PJT Partners, Inc. | Bankruptcy Professionals |
| Proskauer Rose | Bankruptcy Professionals |
| Ropes &Gray, LLP | Bankruptcy Professionals |

**The following parties represent Revlon vendors, customers, or others that appear to potentially be similarly situated in other engagements undertaken by Huron:**

| | |
|---|---|
| Apex Credit Partners, LLC | Banks, Lenders and Administrative Agents |
| Argo Group International Holdings | Banks, Lenders and Administrative Agents |

| | |
|---|---|
| ARP | Customers of the Debtors |
| Ashland Specialty | Vendors to the Debtors |
| Assured Investment Management | Banks, Lenders and Administrative Agents |
| AT Kearney Inc | Vendors to the Debtors |
| AWAC | Insurance Provider |
| Barclays Bank PLC | Parties with UCC Lien |
| Berlin Packaging LLC | Vendors to the Debtors |
| BlackRock Fund Advisors | Banks, Lenders and Administrative Agents |
| BlackRock Inc | Banks, Lenders and Administrative Agents |
| Blackrock Luxembourg SA | Banks, Lenders and Administrative Agents |
| BMO Harris Bank N.A. | Parties with UCC Lien |
| Bondbloxx Inv Management LLC | Banks, Lenders and Administrative Agents |
| Brigade Capital Management, LP | Banks, Lenders and Administrative Agents |
| Brit Insurance | Insurance Provider |
| Castleknight Management | Banks, Lenders and Administrative Agents |
| Centerview Partners LLC | Bankruptcy Professionals |
| CHUBB - ACE American Insurance Company | Insurance Provider |
| CIFC Asset Management | Banks, Lenders and Administrative Agents |
| Citibank International Plc | Letters of Credit - Issuers/Beneficiaries |
| CNA Insurance Company | Insurance Provider |
| Continental Casualty Company | Letters of Credit - Issuers/Beneficiaries |
| Cosmo International Fragrances | Vendors to the Debtors |
| Creative Circle LLC | Vendors to the Debtors |
| Creative Colors SA | Vendors to the Debtors |
| Creative Drive Inc | Vendors to the Debtors |
| Creative Sourcing International Ltd. | Vendors to the Debtors |
| Crystal International | Vendors to the Debtors |
| Glenroy, Inc. | Vendors to the Debtors |
| Google Adwords | Vendors to the Debtors |
| Google Inc. | Vendors to the Debtors |
| Great American Spirit Ins Company | Insurance Provider |
| Halo Branded Solutions, Inc. | Vendors to the Debtors |
| Illinois National Insurance Company | Insurance Provider |
| Inmar Brand Solutions, Inc | Vendors to the Debtors |
| Iso Plastics Corporation | Vendors to the Debtors |
| JP Morgan Chase Bank N.A. | Banks/Lenders/Administrative Agents |
| Kelly Services Inc. | Vendor to the Debtors |
| Kirker Enterprises Inc | Vendors to the Debtors |
| Midcap Funding IV Trust | Banks/Lenders/Administrative Agents |
| National Union Fire Insurance Company of Pittsburgh, PA | Insurance Provider |
| Pension Benefit Guaranty Corporation | Largest Creditors |

| | |
|---|---|
| SIR Property Trust | Debtors' Landlords |
| State Board of Equalization | Vendors to the Debtors |
| Stull Technologies LLC | Vendors to the Debtors |
| Symphony Asset Management LLC | Banks/Lenders/Administrative Agents |
| Talk2Rep, Inc. | Vendors to the Debtors |
| Tall Tree Investment Management LLC. | Banks/Lenders/Administrative Agents |
| Tiktok Inc | Vendors to the Debtors |
| Transportation Insurance Company | Issuers/Beneficiaries of Letters of Credit |
| U.S. Bank, N.A. | Largest Creditors |
| Ukg Inc. | Vendors to the Debtors |
| UMB Bank, N.A. | Parties in Litigation with Debtors |
| Unipharm | Customers of the Debtors |
| Us Customs and Border Protection | Vendors to the Debtors |
| YRC Inc | Vendors to the Debtors |