Paul M. Basta, Esq.
Alice Belisle Eaton, Esq.
Kyle J. Kimpler, Esq.
Robert A. Britton, Esq.
Brian Bolin, Esq.
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Proposed Counsel to the Debtors and Debtors in
Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVLON, INC., *et al.*,[1] | ) | Case No. 22-10760 (DSJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF FILING REVISED PROPOSED FINAL ORDER**
**APPROVING DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS**
**APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN**
**TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT**
**TO COMMON STOCK OF REVLON, INC. AND CLAIMS AGAINST DEBTORS**

 **PLEASE TAKE NOTICE** that on June 16, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed *Debtors' Motion for Entry of Interim and Final Orders Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock of Revlon, Inc. and Claims Against Debtors* (the "Motion") [Docket No. 32].

 **PLEASE TAKE FURTHER NOTICE** that, since filing the Motion, the Debtors have made certain modifications to the proposed form of final order originally filed with the Motion (the "Originally Proposed Final Order"), reflecting the addition of Procedures that apply to Liens

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court has granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

upon Common Stock and/or Options.  The current revised version of the Originally Proposed Final Order, and the various related exhibits thereto (the "<u>Revised Proposed Final Order</u>"),[2] is attached hereto as **<u>Exhibit A</u>**.   For the convenience of the Court and all parties in interest, a blackline comparing the Revised Proposed Final Order against the Originally Proposed Final Order, including the related exhibits attached thereto, is attached hereto as **<u>Exhibit B</u>**.

      **PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion is scheduled for **July 29, 2022 at 10:00 a.m. (prevailing Eastern Time)** (the "<u>Hearing</u>"), at which time the Debtors intend to present the Revised Proposed Final Order, or a form substantially similar thereto, to the Court. The Debtors reserve all rights to further revise the Revised Proposed Final Order at or prior to the Hearing.

*[Remainder of page intentionally left blank.]*

---

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Revised Proposed Final Order.

New York, New York           /s/ Robert A. Britton
Dated:  July 19, 2022

Paul M. Basta, Esq.
Alice Belisle Eaton, Esq.
Kyle J. Kimpler, Esq.
Robert A. Britton, Esq.
Brian Bolin, Esq.
**PAUL, WEISS, RIFKIND, WHARTON &**
**GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
pbasta@paulweiss.com
aeaton@paulweiss.com
kkimpler@paulweiss.com
rbritton@paulweiss.com
bbolin@paulweiss.com

*Proposed Counsel to the Debtors and Debtors in*
*Possession*

## Exhibit A

**Revised Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| REVLON, INC., *et al.*,[1] | Case No. 22-10760 (DSJ) |
| Debtors. | (Jointly Administered) |
| | **Re:  Docket No. 32** |

## FINAL ORDER APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND CLAIMS AGAINST THE DEBTORS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) approving the Procedures related to transfers of Beneficial Ownership of Common Stock and/or Options, and (b) directing that any purchase, sale, other transfer of any Common Stock and/or any Options or any Beneficial Ownership therein, declaration of worthlessness with respect to Common Stock, or any acquisition, disposition, or trading of any Claims against the Debtors, in each case, in violation of the Procedures shall be null and void *ab initio*, all as more fully set forth in the Motion; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1]    The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955.  Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon.  The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearings, if any, before this Court (the "Hearings"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Procedures, as set forth in **Exhibit 1** attached hereto are approved on a final basis.

2.      Within three days of the entry of this Final Order or as soon as reasonably practicable, the Debtors shall send the notice of this Final Order to all parties that were served with notice of the Motion, publish the Notice of Final Order once in *The New York Times* and post the Interim Order, Procedures, Declarations and Notice of Interim Order to the website established by Kroll for these chapter 11 cases: https://cases.ra.kroll.com/Revlon.

3.      Any transfer of Beneficial Ownership of Common Stock and/or Options, or grant or foreclosure of a Lien (as defined in the Procedures) on Common Stock and/or Options or declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, and any acquisition, disposition, or trading of Claims against the Debtors in violation of these Procedures, in each case, shall be null and void *ab initio*, and the person or Entity making such transfer or declaration shall

be required to take such steps as the Debtors determine are necessary in order to be consistent with such transfer or declaration being null and void *ab initio*.

4.      In the case of any such declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including the notice requirements, the person or Entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

5.      The Debtors may waive, in writing, any and all sanctions, remedies, restrictions, stays, and notification procedures set forth in the Procedures or imposed by this Final Order on parties other than the Debtors.  The Debtors shall provide at least five (5) business days' notice to Brown Rudnick LLP as counsel to the official committee of unsecured creditors and to Davis Polk & Wardwell LLP as counsel to the Ad Hoc Group of BrandCo Lenders of any proposed waiver of sanctions, remedies, restrictions, stays, and notification procedures set forth in the Procedures.

6.      To the extent that this Final Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Final Order shall govern.

7.      Notwithstanding anything to the contrary in this Final Order, nothing contained in the Motion or this Final Order, and no action taken pursuant to such relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor, under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type

specified or defined in the Motion or this Final Order; (e) a request or authorization to assume,

adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code;

(f) an admission as to the validity, priority, enforceability or perfection of any lien on, security

interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation

of any claims, causes of action or other rights of the Debtors or any other party in interest against

any person or entity under the Bankruptcy Code or any other applicable law.  The rights of all

parties in interest are expressly reserved.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied

by such notice.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final

Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all reasonable actions necessary to effectuate

the relief granted in this Final Order in accordance with the Motion.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Final Order.


New York, New York
Dated: _____, 2022

                                        _____
                                        HONORABLE DAVID S. JONES
                                        UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Procedures for Transfers of or Liens on Beneficial Ownership of Common Stock, Options or Claims, or Declarations of Worthlessness with Respect to Beneficial Ownership of Common Stock**

**PROCEDURES FOR TRANSFERS OF OR LIENS ON
BENEFICIAL OWNERSHIP OF COMMON STOCK OR OPTIONS
AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO
BENEFICIAL OWNERSHIP OF COMMON STOCK (THE "PROCEDURES")**

The following Procedures apply to transfers of Beneficial Ownership of Common Stock or Options:[1]

a.  Any person (including any Entity (as defined below)) who at any time on or after the Petition Date is or becomes a Substantial Shareholder (as defined herein), must and serve upon:  (i) the Debtors, One New York Plaza, New York NY 10004. (Attn.: Andrew Kidd); (ii) proposed counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn.: Kyle Kimpler and Robert Britton); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick St, New York, NY 10014 (Attn.: Brian Masumoto); (iv) counsel to any statutory committees appointed in the chapter 11 cases (each, an "Official Committee"), including Brown Rudnick LLP as counsel to the official committee of unsecured creditors; (v) Proskauer Rose LLP, as counsel to MidCap Funding IV Trust, in its capacity as (a) administrative agent and collateral agent under the Debtors' prepetition asset-based lending facility, (b) as administrative agent and collateral agent under the ABL DIP, and (c) ABL DIP Lender; (vi) Morgan Lewis & Bockius LLP, as counsel to Crystal Financial LLC, in its capacity as administrative agent for the SISO Term Loan; (vii) Alter Domus, in its capacity as administrative agent for the Tranche B; (viii) Latham & Watkins, LLP, as counsel to Citibank N.A., in its capacity as 2016 Term Loan Agent; (ix) Quinn Emanuel Urquhart & Sullivan, LLP, in its capacity as counsel to the putative 2016 Term Loan group; (x) Akin Gump Strauss Hauer & Feld, LLP, in its capacity as counsel to an ad hoc group of 2016 Term Loan lenders; (xi) Paul Hastings LLP, as counsel to Jefferies Finance LLC, in its capacity as BrandCo agent and DIP agent; (xii) Davis Polk & Wardwell LLP and Kobre & Kim LLP, in their capacity as counsel to the Ad Hoc Group of BrandCo Lenders; and (xiii) King & Spalding, LLP, in its capacity as counsel to Blue Torch Finance LLC, in its capacity as Foreign ABTL Facility administrative agent (collectively, the "Declaration Notice Parties") a declaration of such status, substantially in the form of **Exhibit 1A** attached to the Procedures (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) 20 days after the date of the Notice of Interim Order (as defined herein), or (B) 10 days after becoming a Substantial Shareholder; provided, however, that MacAndrews & Forbes Inc. shall be deemed a Substantial Shareholder and no MacAndrews Party (as defined below) shall be required to file a Declaration of Status as a Substantial Shareholder.

b.  At least 20 days prior to effectuating any transfer of Beneficial Ownership of Common Stock and/or Options that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or

---

[1]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

would result in an Entity becoming a Substantial Shareholder (including the exercise of any Option to acquire Common Stock that would result in the amount of Common Stock beneficially owned by any person (including any Entity) that currently is or, as a result of the proposed transaction, would be a Substantial Shareholder), such Substantial Shareholder or potential Substantial Shareholder must serve upon the Declaration Notice Parties an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Exhibit 1B** attached to these Procedures (each, a "Declaration of Intent to Accumulate Common Stock").

c.    At least 20 days prior to effectuating any transfer of Beneficial Ownership of Common Stock and/or Options that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in a person or Entity ceasing to be a Substantial Shareholder, such Substantial Shareholder must serve upon the Declaration Notice Parties an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Exhibit 1C** attached to these Procedures (each, a "Declaration of Intent to Transfer Common Stock or Options ," and together with a Declaration of Intent to Accumulate Common Stock, each, a "Declaration of Proposed Transfer"); provided, however, that none of MacAndrews & Forbes Inc., its shareholders and/or related trusts and affiliated vehicles or any Entity directly or indirectly owned by MacAndrews & Forbes Inc. (each, a "MacAndrews Party") shall be required to provide a Declaration of Intent to Transfer Common Stock or Options with respect to any transfer of Beneficial Ownership of Common Stock and/or Options, if both (i) MacAndrews & Forbes Inc. and Debtors reasonably agree that such transfer would not give rise to an Ownership Change with respect to any Debtor and (ii) the sum of all transfers of Beneficial Ownership of Common Stock or Options by any MacAndrews Party, including such transfer, constitutes an aggregate transfer of less than 20% of the Beneficial Ownership of Common Stock or Options

d.    The Debtors shall have 5 business days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock and/or Options described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, the proposed transaction will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and nonappealable order of the Court. If the Debtors do not object within such 5 business day period, the proposed transaction can proceed solely as set forth in the Declaration of Proposed Transfer. To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide written notice (whereby electronic mail is sufficient) of that decision to the proposed transferor and the Declaration Notice Parties as soon as reasonably practicable. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the

2

procedures set forth herein, with an additional 5 business day waiting period for each Declaration of Proposed Transfer.

e.      For purposes of these Procedures:  (i) a "Substantial Shareholder" is any Entity or individual that has Beneficial Ownership of at least 2,610,232 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock)[2]; (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC, the Treasury Regulations (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and rulings issued by the IRS and includes direct and indirect ownership (but determined without regard to any rule that treats stock of an entity as to which constructive ownership rules apply as no longer owned by that entity) (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and to the extent set forth in Treasury Regulations section 1.382-4, ownership of equity securities that such holder has an Option to acquire; (iii) an "Option" to acquire stock includes any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (iv) an "Entity" is any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting pursuant to a formal or informal understanding among coordinated acquisition of the Common Stock.

The following Procedures apply to any Lien (as defined below) upon Common Stock and/or Options:

a.      Prior to any Substantial Shareholder creating, incurring, or granting any (i) Lien upon Common Stock and/or Options, whether actually owned or owned through Beneficial Ownership, or (ii) Lien upon an equity interest in an entity that owns directly or indirectly no material assets other than Common Stock and/or Options, such Substantial Shareholder must provide to the Debtors an advance written declaration of the intended creating, incurring or granting of such Lien, substantially in the form of **Exhibit 1D** attached to the Procedures (each, a "Declaration of Intent to Pledge Common Stock").

b.      At least 10 days prior to any person (including any Entity (as defined below)) taking any action to foreclose, take title to, transfer or otherwise dispose of (an "Exercise of Remedies") (i) Common Stock and/or Options, whether actually owned or owned through Beneficial Ownership, or (ii) an equity interest in an entity that owns directly or indirectly no material assets other than Common Stock and/or Options, in each case that either (A) such person should know based on information reasonably available to it (including, for the avoidance of doubt, any

---

[2]   Based on approximately 58,005,142 shares of Common Stock outstanding as of the Petition Date.

publicly available information) is with respect to Common Stock and/or Options, or equity interests, held by a Substantial Shareholder or (B) which Exercise of Remedies would cause such person to become a Substantial Shareholder, such person must serve upon the Declaration Notice Parties an advance written declaration of the intended Exercise of Remedies in the form of **Exhibit 1E** attached to the Procedures (each, a "Declaration of Intended Exercise of Remedies" and together with the Declaration of Intent to Pledge Common Stock, a "Declaration of Proposed Secured Transaction Event").

c.  The Debtors shall have five business days after receipt of a Declaration of Proposed Secured Transaction Event to file with the Court and serve on such Substantial Shareholder or person proposing to undertake such Exercise of Remedies, as the case may be, an objection to any proposed Lien upon or Exercise of Remedies with respect to Common Stock and/or Options, or equity interests, described in the Declaration of Proposed Secured Transaction Event on the grounds that such Lien or such Exercise of Remedies might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, the proposed transaction will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court. If the Debtors do not object within such five business day period, the proposed Lien can be created, incurred, granted, secured, perfected, or the proposed Exercise of Remedies consummated, solely as set forth in the Declaration of Proposed Secured Transaction Event. To the extent that the Debtors receive an appropriate Declaration of Proposed Secured Transaction Event and determine in their business judgment not to object, they shall provide written notice (whereby electronic mail is sufficient) of that decision to the person delivering such Declaration of Proposed Secured Transaction Event and, in the case of a declaration of intended Exercise of Remedies, the Declaration Notice Parties as soon as reasonably practicable. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional five business day waiting period for each Declaration of Proposed Secured Transaction Event.

d.  For purposes of the Procedures: (i) a "Substantial Shareholder" is any Entity or individual that has Beneficial Ownership of at least 2,610,232 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock); (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and rulings issued by the Internal Revenue Service (the "IRS") and includes direct and indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity

4

securities, and to the extent set forth in Treasury Regulations section 1.382-4, ownership of equity securities that such holder has an Option to acquire; (iii) an "Option" to acquire stock includes any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; (iv) an "Entity" is any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of the Common Stock; and (v) a "Lien" is any mortgage, pledge, hypothecation, collateral assignment, encumbrance, lien (statutory or other), charge or other security interest or any other security agreement of any kind or nature whatsoever (including any conditional sale or other title retention agreement and any capital lease having substantially the same economic effect as any of the foregoing).

The following Procedures apply to declarations of worthlessness with respect to Common Stock:

a.      Any person or Entity that currently is or becomes a 50% Shareholder (as defined below) must serve the Notice Parties, a notice of such status, in the form of **Exhibit 1F** attached to these Procedures, on or before the later of (i) 30 days after the date of the Notice of Interim Order and (ii) 10 days after becoming a 50% Shareholder; provided, however, that MacAndrews & Forbes Inc. shall be deemed a 50% Shareholder and no MacAndrews Party shall be required to file a notice of its status as such.

b.      Prior to filing any federal, state, or local tax return, or any amendment to such a return, claiming any deduction for worthlessness of the Common Stock, for a tax year ending before Debtors' emergence from chapter 11 protection, such 50% Shareholder must serve upon the Notice Parties, an advance written notice in the form of **Exhibit 1G** attached to these Procedures (a "Declaration of Intent to Claim a Worthless Stock Deduction") of the intended claim of worthlessness.

c.      The Debtors will have 5 business days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. During such 5 business day period, and while any objection by the Debtors to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Declaration of Intent to Claim a Worthless Stock Deduction relates and thereafter in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 5 business day period, the filing of the tax return or amendment with such claim would be permitted solely as set forth in the Declaration of Intent to Claim a Worthless Stock Deduction.  To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock

Deduction and determine in their business judgment not to object, they shall provide written notice (whereby electronic mail is sufficient) of that decision as soon as is reasonably practicable.  Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 5 business day waiting period.

d.      For purposes of these Procedures, a "50% Shareholder" is any person or Entity that currently is or becomes a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations).

The following Procedures apply to Claims against the Debtors:

i.      Disclosure of 382(*l*)(5) Plan.    If the proponent of a Plan (a "Plan Proponent") determines that any of the reorganized Debtors likely could qualify for and benefit from the application of section 382(*l*)(5) of the IRC and reasonably anticipates that Post-Emergence Revlon will invoke such section, then the Plan Proponent, in proposing a 382(*l*)(5) Plan, shall disclose in its proposed disclosure statement filed with the Court or, in the case of items (c) through (e) below, a later separate notice filed with the Court (collectively, the "Proposed 382(*l*)(5) Disclosure Statement"):

    a.      Adequate information about the incremental tax benefits anticipated to be realized through the use of section 382(*l*)(5) of the IRC that, taking into account the Debtors' anticipated net unrealized built-in gains or net unrealized built-in losses, would not otherwise be available;

    b.      A summary of any restrictions expected to be imposed on the transferability of securities issued under the Plan in order to preserve such incremental tax benefits;

    c.      The (i) dollar amount of Claims (by class or other applicable classification) expected to result in a one-percent (1%) interest in New Common Stock and (ii) the number of any of the specified interests ("Owned Interests") in the Debtors which shall include, but not necessarily be limited to, Common Stock expected to result in a one-percent (1%) interest in New Common Stock, in each case based upon then-available information;

    d.      A specified date (the "Determination Date") that is not less than ten (10) days after the service of the notice of the hearing with respect to the Proposed 382(*l*)(5) Disclosure Statement; and

    e.      A specified date (the "Reporting Deadline") that is not less than five (5) days after the Determination Date, by which persons (including Entities) must serve on various parties the notice required by these Procedures (the "Notice of Substantial Claim Ownership").

f.   In the event that items (c) through (e) above are disclosed in a separate notice after the filing of the proposed disclosure statement, such items shall also be disclosed in a separate filing with the Securities and Exchange Commission on Form 8-K.

ii.   <u>Notice of Substantial Claim Ownership</u>.

a.   Any person (including any Entity) that beneficially owns either (i) more than a specified amount of Claims[3] or (ii) a lower amount of Claims that (based on the applicable information set forth in the Proposed 382($l$)(5) Disclosure Statement), when taking into account any Owned Interests beneficially owned by a holder of Claims (including pursuant to the applicable aggregation rules), in each case, that is reasonably expected to result in such holder of Claims holding the Applicable Percentage of New Common Stock, in each case as of the Determination Date, shall serve upon the Plan Proponent and its counsel (and the Debtors and their counsel if not the Plan Proponent), counsel to any Official Committee, and counsel to the Ad Hoc Group of BrandCo Lenders, a Notice of Substantial Claim Ownership, in substantially the form annexed to the Final Order as **Exhibit 1H** (or as adjusted and annexed to the Proposed 382($l$)(5) Disclosure Statement) on or before the Reporting Deadline. Such person also shall set forth in the Notice of Substantial Claim Ownership its beneficial ownership, if any, of any Owned Interests and whether it agrees to refrain from acquiring beneficial ownership of additional Owned Interests (and Options to acquire the same) until after the effective date of the 382($l$)(5) Plan and to immediately dispose of any Owned Interests or Options (if acquired on or after the Petition Date and prior to submitting its Notice of Substantial Claim Ownership). A person (including any Entity) that is required to serve a Notice of Substantial Claim Ownership may or may not be a Substantial Claimholder. The standard for a person's (including an Entity's) being required to serve a Notice of Substantial Claim Ownership is different than the definition of a Substantial Claimholder. At the election of the Substantial Claimholder, the Notice of Substantial Claim Ownership to be served with the Bankruptcy Court (but not the Notice of Substantial Claim Ownership that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for any Official Committee) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

---

[3]   This "specified amount" is to be reasonably established by the Plan Proponent, taking into account the terms of the 382($l$)(5) Plan, and disclosed in the Proposed 382($l$)(5) Disclosure Statement. The "specified amount" may be expressed by class or type of Claim(s), if applicable.

b.      In order to assist in determining their eligibility to avail themselves of the relief set forth in section 382(*l*)(5) of the IRC, the Debtors may request[4] from any person (including any Entity)  that beneficially owns either (i) more than a specified amount of Claims (which may be expressed by class or type of Claim(s), if applicable) or (ii) a lower amount of Claims that, when taking into account the Owned Interests beneficially owned by a holder of Claims (including pursuant to the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New Common Stock, in each case as of the date specified in such request, information regarding its beneficial ownership of Claims and Owned Interests (and Options to acquire the same) prior to the filing of the Proposed 382(*l*)(5) Disclosure Statement, in a manner consistent with these Procedures.  A response to such request shall be served upon the Debtors and their counsel, counsel to each Official Committee, and counsel to the Ad Hoc Group of BrandCo Lenders.  In addition, the Debtors shall disclose such request in a separate filing with the Securities and Exchange Commission on Form 8-K.

c.      Any person (including any Entity) that fails to comply with its notification obligations set forth in this paragraph shall, in addition to the consequences set forth in paragraph B(5)(g) below, be subject to such remedy as the Bankruptcy Court may find appropriate upon motion by the Debtors, after service of the Motion upon such person and a hearing on the Motion in accordance with the Federal Rules of Bankruptcy Procedure, including, without limitation, ordering such noncompliant person (including any Entity) to divest itself promptly of any beneficial ownership of Claims to the extent of such person's ownership of an Excess Amount (as defined herein) and imposing monetary damages for any costs reasonably incurred by the Debtors that were caused by the violation and enforcement of this paragraph.

iii.    <u>Claims Trading Before and After Determination Date</u>.

a.      Any person (including any Entity) generally may trade freely and make a market in Claims until the Determination Date.

b.      After the Determination Date, any acquisition of Claims by a person who served or was required to served a Notice of Substantial Claim Ownership or by a person who would be required to serve a Notice of Substantial Claim Ownership as a result of the consummation of the contemplated transaction if the proposed acquisition date had

---

[4]    For purposes of making this determination, such request shall include information comparable to the information that would be required in a Proposed 382(*l*)(5) Disclosure Statement pursuant to these Procedures.

been the Determination Date (each, a "<u>Proposed Claims Transferee</u>") shall not be effective unless consummated in compliance with these Procedures.

c.      At least ten (10) days prior to the proposed date of any acquisition of Claims by a Proposed Claims Transferee (a "<u>Proposed Claims Acquisition Transaction</u>"), such Proposed Claims Transferee shall serve upon the Plan Proponent and its counsel (and the Debtors and their counsel if not the Plan Proponent), counsel to each Official Committee, and counsel to the Ad Hoc Group of BrandCo Lenders, a notice of such Proposed Claims Transferee's request to purchase, acquire, or otherwise accumulate a Claim (a "<u>Claims Acquisition Request</u>"), in substantially the form annexed to the Final Order as **<u>Exhibit 1I</u>**, which describes specifically and in detail the Proposed Claims Acquisition Transaction, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements set forth in Bankruptcy Rule 3001.

d.      The Plan Proponent may determine, in consultation with the Debtors (if not the Plan Proponent), counsel to each Official Committee and counsel to the Ad Hoc Group of BrandCo Lenders whether to approve a Claims Acquisition Request. If the Plan Proponent does not approve a Claims Acquisition Request in writing within eight days after the Claims Acquisition Request is served with the Court, the Claims Acquisition Request shall be deemed rejected.

iv.     <u>Creditor Conduct and Sell-Down</u>.

a.      To permit reliance by the Debtors on Treasury Regulations section 1.382-9(d)(3), upon the entry of the Final Order, any Substantial Claimholder that participates in formulating any chapter 11 plan of or on behalf of the Debtors (which shall include, without limitation, making any suggestions or proposals to the Debtors or their advisors with regard to such a Plan) shall not disclose or otherwise make evident to the Debtors that any Claims in which such Substantial Claimholder has a beneficial ownership are Newly Traded Claims, unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement, *provided*, *however*, that the following activities shall not constitute participation in formulating a Plan *if*, in pursuing such activities, the Substantial Claimholder does not disclose or otherwise make evident (unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement) to the Debtors that such Substantial Claimholder has beneficial ownership of Newly Traded Claims: filing an objection to a proposed disclosure statement or to confirmation of a proposed Plan; voting to accept or reject a proposed Plan; reviewing or

commenting on a proposed business plan; providing information on a confidential basis to counsel to the Debtors; holding general membership on an official committee or an ad hoc committee; or taking any action required by an order of the Bankruptcy Court.

b.  Following the Determination Date, if the Plan Proponent determines that Substantial Claimholders must sell or transfer all or a portion of their beneficial ownership of Claims in order that the requirements of section 382(*l*)(5) of the IRC will be satisfied, the Plan Proponent may file a motion with the Bankruptcy Court for entry of an order—after notice to counsel to any Official Committee, counsel to the Ad Hoc Group of BrandCo Lenders, and the relevant Substantial Claimholder(s) and a hearing—approving the issuance of a notice (each, a "<u>Sell-Down Notice</u>") that such Substantial Claimholder must sell, cause to sell, or otherwise transfer a specified amount of its beneficial ownership of Claims (by class or other applicable classification) equal to the excess of (x) the amount of Claims beneficially owned by such Substantial Claimholder over (y) the Maximum Amount for such Substantial Claimholder (such excess amount, an "<u>Excess Amount</u>").  The Motion shall be heard on expedited basis such that the Bankruptcy Court can render a decision on the Motion at or before the hearing on confirmation of the 382(*l*)(5) Plan.  If the Bankruptcy Court approves the Plan Proponent's motion for the issuance of a Sell-Down Notice, the Plan Proponent shall provide the Sell-Down Notice to the relevant Substantial Claimholder(s).

c.  Notwithstanding anything to the contrary in these Procedures, no Substantial Claimholder shall be required to sell, cause to sell, or otherwise transfer any beneficial ownership of Claims if such sale would result in the Substantial Claimholder's beneficial ownership of an aggregate amount of Claims (by class or other applicable classification) that is less than such Substantial Claimholder's Protected Amount.

d.  Each Sell-Down Notice shall direct the Substantial Claimholder to sell, cause to sell, or otherwise transfer its beneficial ownership of the amount of Claims specified in the Sell-Down Notice to Permitted Transferees (each sale or transfer, a "<u>Sell-Down</u>"), *provided, however*, that such Substantial Claimholder shall not have a reasonable basis to believe that any such Permitted Transferee would own, immediately after the contemplated transfer, an Excess Amount of Claims and *provided, further*, that a Substantial Claimholder that has properly notified the Permitted Transferee of its Claims under these Procedures shall not be treated as having such reasonable basis in the absence of notification or actual knowledge

10

that such Permitted Transferee would own, after the transfer, an Excess Amount of Claims.

e.      By the date that is the later of (i) five days after the entry of an order confirming the 382(*l*)(5) Plan and (ii) such other date specified in the Sell-Down Notice, as applicable, but before the effective date of the 382(*l*)(5) Plan (the "Sell-Down Date"), each Substantial Claimholder subject to a Sell-Down Notice shall, as a condition to receiving New Common Stock, serve upon the Plan Proponent and its counsel (and the Debtors and their counsel if not the Plan Proponent), counsel to each Official Committee, and counsel to the Ad Hoc Group of BrandCo Lenders a notice substantially in the form annexed to the Final Order as **Exhibit 1J** that such Substantial Claimholder has complied with the terms and conditions set forth in these Procedures and that such Substantial Claimholder does not and will not hold an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the 382(*l*)(5) Plan (each, a "Notice of Compliance").  Any Substantial Claimholder who fails to comply with this provision shall not receive New Common Stock with respect to any Excess Amount of Claims.

f.      Other than information that is public or in connection with an audit or other investigation by the IRS or other taxing authority, the Plan Proponent shall keep all Notices of Compliance and any additional information provided by a Substantial Claimholder pursuant to these Procedures (the "Confidential Information") strictly confidential and shall not disclose the Confidential Information to any other person (including any Entity), *provided, however*, that the Plan Proponent may disclose the identity of the Substantial Claimholder to its counsel and professional financial advisors, and of any other person(s) that are subject to a nondisclosure agreement with the Plan Proponent, each of whom shall keep all Confidential Information strictly confidential, subject to further order of the Bankruptcy Court, and *provided, further,* that to the extent the Plan Proponent reasonably determines such Confidential Information is necessary to demonstrate to the Bankruptcy Court the need for the issuance of a Sell-Down Notice, such Confidential Information (determined by, among other things, whether such information was redacted in any public filing) shall be filed with the Bankruptcy Court under seal.

g.      Any person (including any Entity) that violates its obligations under these Procedures applicable to Claims or, if applicable, its agreement not to acquire beneficial ownership of Owned Interests (and Options to acquire the same) or to immediately dispose of any Owned Interests (if acquired on or after the Petition Date but prior to submitting its Notice of Substantial Claim Ownership) in its Notice of Substantial Claim Ownership shall, pursuant to these

Procedures, be precluded from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of New Common Stock that is attributable to the Excess Amount of Claims for such person and, if applicable, to the Owned Interests acquired (or not immediately disposed of) in violation of such agreement by such person (or if the Owned Interests acquired (or not immediately disposed of) in violation of such agreement become beneficial ownership of New Common Stock without the need to receive new equity interests, such person shall be precluded as a result of such violation (and, thus, in addition to any other amounts otherwise precluded hereunder) from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of New Common Stock attributable to such person's Claims up to and including an amount equivalent to that represented by such Owned Interests), in each case including any consideration in lieu thereof, *provided, however*, that such person may be entitled to receive any other consideration to which such person may be entitled by virtue of holding Claims (this provision, the "Equity Forfeiture Provision"). Any purported acquisition of, or other increase in the beneficial ownership of, New Common Stock that is precluded by the Equity Forfeiture Provision will be an acquisition of "Forfeited Equity." Any acquirer of Forfeited Equity shall, promptly upon becoming aware of such fact, return or cause to return the Forfeited Equity to the Debtors (or any successor to the Debtors, including Post-Emergence Revlon) or, if all of the equity consideration properly issued to such acquirer and all or any portion of such Forfeited Equity have been sold prior to the time such acquirer becomes aware of such fact, such acquirer shall return or cause to return to the Debtors (or any successor to the Debtors, including Post-Emergence Revlon) (i) any Forfeited Equity still held by such acquirer and (ii) the proceeds attributable to the sale of Forfeited Equity, calculated by treating the most recently sold equity as Forfeited Equity. Any acquirer that receives Forfeited Equity and deliberately fails to comply with the preceding sentence shall be subject to such additional sanctions as the Bankruptcy Court may determine. Any Forfeited Equity returned to the Debtors, including Post-Emergence Revlon, shall be distributed (including a transfer to charity) or extinguished, in the Debtors' sole discretion, in furtherance of the 382(*l*)(5) Plan.

h.   In effecting any sale or other transfer of Claims pursuant to a Sell-Down Notice, a Substantial Claimholder shall, to the extent that it is reasonably feasible to do so within the normal constraints of the market in which such sale takes place, notify the acquirer of such Claims of the existence of these Procedures and the Equity Forfeiture Provision (it being understood that, in all cases in which there is direct communication between a salesperson and a

customer, including, without limitation, communication via telephone, e-mail, and instant messaging, the existence of these Procedures and the Equity Forfeiture Provision shall be included in such salesperson's summary of the transaction).

v. <u>Exceptions</u>.

    a. No person (including any Entity) shall be subject to the approval provisions of paragraphs (ii) and (iii) above or, in the case of Claims that are part of the transferor's Protected Amount, the sell-down provisions of paragraph (iv) above with respect to any transfer described in Treasury Regulations section 1.382-9(d)(5)(ii) so long as such transfer is not for a principal purpose of obtaining New Common Stock or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulations section 1.382-9(d)(5)(iii), *provided, however*, that any such transferee who becomes a Substantial Claimholder following the filing of a Proposed 382(*l*)(5) Disclosure Statement shall serve upon the Plan Proponent and its counsel (and the Debtors and their counsel if not the Plan Proponent), a notice of such status, substantially in the form annexed to the Final Order as **<u>Exhibit 1H</u>** as provided in these Procedures.

    b. For the avoidance of doubt, the trustee of any trust, any indenture trustee, subordination agent, registrar, paying agent, transfer agent, loan or collateral agent, or any other entity serving in a similar capacity however designated, in each case for any Claim or any Ownership Interests, notes, bonds, debentures, property, or other debt securities or obligations (i) issued by any of the Debtors, (ii) secured by assets of any of the Debtors or agreements with respect to such assets, or (iii) secured by assets leased to any of the Debtors shall not be treated as a Substantial Claimholder solely to the extent that such entities are acting in the capacity described above, *provided, however*, that neither any transferee of Claims nor any equity or beneficial owner of a trust shall be excluded from these Procedures solely by reason of this provision.

vi. <u>For purposes of these Procedures,</u>

    a. "<u>Applicable Percentage of New Common Stock</u>" means, (i) if only one class of New Common Stock is to be issued pursuant to the terms of a 382(l)(5) Plan and holders within each class of Claims receiving New Common Stock will receive a pro rata distribution of the New Common Stock, 4.5% of the number of shares of New Common Stock that the Debtors reasonably estimate will be outstanding immediately after the effective date of such 382(l)(5) Plan, as determined for U.S. federal income tax purposes, or (ii) if

multiple classes of New Common Stock are issued pursuant to the terms of a 382(l)(5) Plan, a percentage of the number of shares of each class of New Common Stock (which percentage may be different for each such class) that have an aggregate fair market value equal to 4.5% of the fair market value of all New Common Stock that the Debtors reasonably estimate will be outstanding immediately after the effective date of such 382(l)(5) Plan, as determined for U.S. federal income tax purposes;

b.  "Beneficial ownership" of a Claim or Owned Interest means: (A) the beneficial ownership of a Claim or Owned Interest (as hereinafter defined) as determined in accordance with applicable rules under section 382 of the IRC, the Treasury Regulations, and rulings issued by the IRS and as described herein (for such purpose, a Claim or Owned Interest is treated as if it were stock) and, thus, to the extent provided in those sources, from time to time, shall include, without limitation, (x) direct and indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity), e.g., a holding company would be considered to beneficially own all Claims or Owned Interests owned or acquired by its subsidiaries, (y) ownership by a holder's family members, and (z) ownership by any Entity, Owned Interests, and/or stock; and (B) the beneficial ownership of an Option (irrespective of the purpose for which such Option was issued, created, or acquired) with respect to a Claim or Owned Interest.  For the avoidance of doubt, beneficial ownership of a Claim or Owned Interests also includes the beneficial ownership of any right to receive any equity consideration to be distributed in respect of a Claim or Owned Interests pursuant to a Plan or any applicable bankruptcy court order;

c.  "Claim" means any claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors, whether secured or unsecured;

d.  "Entity" has the meaning as such term is defined in section 1.382-3(a) of the Treasury Regulations, including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of Claims or New Common Stock;

e.  "Holdings Report" means a Notice of Substantial Claim Ownership (as hereinafter defined) received by the Debtors with respect to the Determination Date;

f.   "Maximum Amount" means the maximum amount of Claims (by class or other applicable classification of Claims) that may be held, as of the effective date of the 382(*l*)(5) Plan, by a Substantial Claimholder that was a Substantial Claimholder as of the Determination Date, which the Debtors shall calculate as follows: (A) Based upon the information provided by the Substantial Claimholders in the Holdings Reports, the Debtors shall calculate the aggregate amount of Claims that all such Substantial Claimholders must sell as a group to effectuate the 382(*l*)(5) Plan (the "Sell-Down Amount"); (B) The Debtors shall calculate for each Substantial Claimholder the amount of such Substantial Claimholder's *pro rata* share of the Sell-Down Amount (*i.e.*, the Sell-Down Amount multiplied by a fraction, (x) the numerator of which is the amount, if any, of Claims identified in such Substantial Claimholder's Holdings Report minus the greater of (1) the applicable Threshold Amount and (2) the Protected Amount for such Substantial Claimholder, and (y) the denominator of which is the aggregate amount of Claims identified in all of the Substantial Claimholders' Holdings Reports minus the greater of (1) the aggregate applicable Threshold Amount for all Substantial Claimholders and (2) the aggregate Protected Amount of all Substantial Claimholders; and (C) For each such Substantial Claimholder, the Debtors shall subtract from the total Claims held by such Substantial Claimholder (as reported in the Holdings Report) such Substantial Claimholder's *pro rata* share of the Sell-Down Amount. The difference shall be the Maximum Amount;

g.   "New Common Stock" means the common stock and any other equity securities (including securities that are treated as equity securities for U.S. federal income tax purposes) of Post-Emergence Revlon, including Options to acquire the same;

h.   "Newly Traded Claims" means Claims (A) with respect to which a person (including any Entity) acquired beneficial ownership after the date that was eighteen (18) months prior to the Petition Date and (B) that are not "ordinary course" Claims, within the meaning of Treasury Regulations section 1.382-9(d)(2)(iv), of which the same person (including any Entity) always has had beneficial ownership;

i.   "Permitted Transferee" with respect to a Substantial Claimholder is a person (including any Entity) whose holding of a Claim would not result in such Substantial Claimholder having beneficial ownership of such Claim;

j.   "Post-Emergence Revlon" means the reorganized Debtors or any successor thereto;

15

k.     "Protected Amount" means the amount of Claims (by class or other applicable classification) of which a holder had beneficial ownership on the Petition Date *plus* the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into prior to the Petition Date, but that had not yet closed as of the Petition Date, and the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into after the Petition Date that have been approved by the Debtors in accordance with these Procedures minus the amount of Claims of which such holder sells, directly or indirectly, beneficial ownership pursuant to trades entered into prior to the Petition Date, but that had not yet closed as of the Petition Date;

l.     "Substantial Claimholder" means any person (including any Entity) that beneficially owns an aggregate dollar amount of Claims against the Debtors, or any Entity controlled by such person through which such person beneficially owns Claims against the Debtors, of more than the Threshold Amount.  For the avoidance of doubt, section 382 of the IRC, the Treasury Regulations, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or Entities must be aggregated when a person's (including an Entity's) status as a Substantial Claimholder (for such purpose, a Claim is treated as if it were stock);

m.     "Threshold Amount" means an amount of Claims that, when taking into account the Owned Interests beneficially owned by a holder of Claims (including under the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New Common Stock.  For this purpose, the beneficial ownership of an Option to acquire Owned Interests shall be considered beneficial ownership of Owned Interests.  Notwithstanding the foregoing, if a beneficial owner of Claims does not agree to refrain from acquiring beneficial ownership of additional Owned Interests (and Options to acquire the same) or to dispose of immediately any such Owned Interests or Options (if acquired on or after the Petition Date but prior to submitting its Notice of Substantial Claim Ownership (as hereinafter defined)), the Threshold Amount for such beneficial owner of Claims shall be the "Minimum Threshold Amount," which shall be the amount of Claims beneficially owned by a holder of Claims continuously from the Petition Date to the Sell-Down Date (as hereinafter defined); and

n.     "382(*l*)(5) Plan" means a plan of reorganization (a "Plan") that contemplates the use of section 382(*l*)(5) of the IRC by a reorganized debtor to obtain certain incremental tax benefits.

16

The following notice procedures apply to these Procedures:

a.    No later than three days following entry of the Final Order, the Debtors shall serve by overnight mail, postage prepaid a notice, substantially in the form of **Exhibit 1I** attached to the Interim Order (the "Notice of Final Order"), on: (i) the Office of the United States Trustee for the Southern District of New York; (ii) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (iii) Proskauer Rose LLP, as counsel to MidCap Funding IV Trust, in its capacity as (a) administrative agent and collateral agent under the Debtors' prepetition asset-based lending facility, (b) as administrative agent and collateral agent under the ABL DIP, and (c) ABL DIP Lender; (iv) Morgan Lewis & Bockius LLP, as counsel to Crystal Financial LLC, in its capacity as administrative agent for the SISO Term Loan; (v) Alter Domus, in its capacity as administrative agent for the Tranche B; (vi) Latham & Watkins, LLP, as counsel to Citibank N.A., in its capacity as 2016 Term Loan Agent; (vii) Quinn Emanuel Urquhart & Sullivan, LLP, in its capacity as counsel to the putative 2016 Term Loan group; (viii) Akin Gump Strauss Hauer & Feld, LLP, in its capacity as counsel to an ad hoc group of 2016 Term Loan lenders; (ix) Paul Hastings LLP, as counsel to Jefferies Finance LLC, in its capacity as BrandCo agent and DIP agent; (x) Davis Polk & Wardwell LLP and Kobre & Kim LLP, in their capacity as counsel to the Ad Hoc Group of BrandCo Lenders; and (xi) King & Spalding, LLP, in its capacity as counsel to Blue Torch Finance LLC, in its capacity as Foreign ABTL Facility administrative agent; (xii) the United States Attorney's Office for the Southern District of New York; (xiii) the Internal Revenue Service; (xiv) the Securities Exchange Commission; (xv) the attorneys general for the states in which the Debtors operate; (xvi) all registered record holders of Common Stock (through their nominees); (xvii) counsel to any Official Committee, including Brown Rudnick LLP as counsel to the official committee of unsecured creditors appointed in these chapter 11 cases; (xviii) any party that has requested notice pursuant to Bankruptcy Rule 2002; (xix) any known Substantial Shareholder(s) and 50% Shareholders; (xx) the transfer agent(s) for the Common Stock; (xxi) any directly registered holders of the Common Stock; (xxii) any record holders (i.e., banks, brokers, intermediaries, other nominees or their mailing agents) of the Common Stock; and (xxiii) any such other party entitled to notice pursuant to Local Rule 9013-1(b) (collectively, the "Notice Parties").

b.    All registered and nominee holders of Common Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on all holders for whose benefit such registered or nominee holder holds such Common Stock down the chain of ownership.

c.    Any entity or broker or agent acting on such entity's or individual's behalf who sells in excess of 2,610,232 shares (i.e., approximately 4.5% of all issued and outstanding shares of Common Stock)[5] to another entity or individual shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as

---

[5]    Based on approximately 58,005,142 shares of Common Stock outstanding as of the Petition Date.

applicable, on such purchaser of such Common Stock or any broker or agent acting on such purchaser's behalf.

d.   To the extent confidential information is required in any declaration described in these Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors ***shall not*** be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except (i) to the extent necessary to respond to a petition or objection filed with the Court (ii) to the extent otherwise required by law, or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such declarations strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to a petitioner's objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.  For the avoidance of doubt, to the extent confidential information is required in any declaration described in these Procedures, such confidential information shall be served in redacted form to the Notice Parties.

e.   The Debtors may waive, in writing, any and all restrictions, stays, and notification Procedures contained in this Notice.

18

## **Exhibit 1A**

**Declaration of Status as a Substantial Shareholder**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVLON, INC., *et al.*,[1] | ) | Case No. 22-10760 (DSJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 32** |

---

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial

Shareholder with respect to the common stock of Revlon, Inc. (the "Common Stock") and/or

Options or any Beneficial Ownership therein.[2]   Revlon, Inc. is a debtor and debtor-in-possession

---

[1]    The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955.  Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon.  The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2]    For purposes of this Declaration: (i) a "Substantial Shareholder" is any Entity or individual that has Beneficial Ownership of at least 2,610,232 shares and warrants exercisable for shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock, treating each warrant exercisable for shares as an outstanding share for this purpose); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and rulings issued by the Internal Revenue Service and includes direct, indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity) and (5) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (iv) an "Entity" is any "entity" as such term  is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting  pursuant  to  a formal or informal understanding among coordinated acquisition of the Common Stock.

in Case No. 22-10760 (DSJ)pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that, as of _____, 2022, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock. The following table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying the Options beneficially owned by the undersigned party and (b) the date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Common Stock and/or Options to acquire such Common Stock (categorized by class, as applicable). In the case of Common Stock and/or Options that are not owned directly by the undersigned party but are nonetheless beneficially owned by the undersigned party, the table sets forth (a) the name(s) of each record or legal owner of such shares of Common Stock and/or Options that are beneficially owned by the undersigned party, (b) the number of shares of Common Stock and/or the number of shares of the Common Stock underlying the Options beneficially owned by such undersigned party, and (c) the date(s) on which such Common Stock and/or Options were acquired (categorized by class, as applicable).

| Class | Name of Owner | Shares Owned | Shares Underlying Options Owned | Date(s) Acquired |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional page or pages if necessary)

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations

2

of Worthlessness with Respect to Common Stock [Docket No. [__]] (the "Order"), this declaration

(this "Declaration") is being served upon (i) the Debtors, One New York Plaza, New York NY

10004. (Attn.: Andrew Kidd); (ii) proposed counsel to the Debtors, Paul, Weiss, Rifkind, Wharton

& Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn.: Kyle Kimpler

and Robert Britton); (iii) the Office of the United States Trustee for the Southern District of New

York, 201 Varick St, New York, NY 10014 (Attn.: Brian Masumoto); (iv) counsel to any statutory

committees appointed in the chapter 11 cases (each, an "Official Committee"), including Brown

Rudnick LLP as counsel to the official committee of unsecured creditors, and (v) counsel to the

Ad Hoc Group of BrandCo Lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New

York, New York 10017 (Attn: Eli J. Vonnegut, Joshua Y. Sturm and Stephanie P. Massman) in

each case to allow actual receipt by no later than 4:00 p.m. (prevailing Eastern Time) on [_____].

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under

penalties of perjury, the undersigned party hereby declares that he or she has examined this

Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and

belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By: _____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____ __, 20__
_____, _____
(City)            (State)

3

**<u>Exhibit 1B</u>**

**Declaration of Intent to Accumulate Common Stock**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVLON, INC., *et al.*,[1] | ) | Case No. 22-10760 (DSJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 32 __** |

## DECLARATION OF INTENT TO ACCUMULATE COMMON STOCK

      **PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of

its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more

shares of common stock of Revlon, Inc. (the "Common Stock") and/or Options or any Beneficial

Ownership therein.[2]  Revlon, Inc. is a debtor and debtor-in-possession in Case No. 22-10760 (DSJ)

---

[1]    The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2]    For purposes of this Declaration: (i) a "Substantial Shareholder" is any Entity or individual that has Beneficial Ownership of at least 2,610,232 shares and warrants exercisable for shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock, treating each warrant exercisable for shares as an outstanding share for this purpose); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and rulings issued by the Internal Revenue Service and includes direct, indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity) and (5) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (iv) an "Entity" is any "entity" as such term  is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting  pursuant  to  a formal or informal understanding among coordinated acquisition of the Common Stock.

pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2022, the undersigned party served a declaration of status as a Substantial Shareholder as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being served upon (i) the Debtors, One New York Plaza, New York NY 10004. (Attn.: Andrew Kidd); (ii) proposed counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Kyle Kimpler and Robert Britton); (iii) the Office of the United States Trustee for the Southern District of New

2

York, 201 Varick St, New York, NY 10014 (Attn.: Brian Masumoto); (iv) counsel to any statutory committees appointed in the Chapter 11 Cases (each, an "Official Committee"), including Brown Rudnick LLP as counsel to the official committee of unsecured creditors, and (v) counsel to the Ad Hoc Group of BrandCo Lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Joshua Y. Sturm and Stephanie P. Massman) in each case to allow actual receipt by no later than 4:00 p.m. (prevailing Eastern Time) on [_____].

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

PLEASE TAKE FURTHER NOTICE that the Debtors have 5 business days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and nonappealable order of the Court. If the Debtors do not object within such 5 business day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice served in the same manner as this Declaration.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

3

Respectfully submitted,

(Name of Declarant)


By: _____
    Name: _____
    Address: _____
    _____
    Telephone: _____
    Facsimile: _____


Dated: _____ __, 20__
_____, _____
(City)          (State)

4

## **Exhibit 1C**

**Declaration of Intent to Transfer Common Stock or Options**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REVLON, INC., *et al.*,[1] | ) Case No. 22-10760 (DSJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re:  Docket No. 32** |

_____

**DECLARATION OF INTENT TO TRANSFER COMMON STOCK OR OPTIONS**

_____

        **PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of

its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of

common stock of Revlon, Inc. (the "Common Stock") and/or Options or any Beneficial Ownership

therein.[2]  Revlon, Inc. is a debtor and debtor-in-possession in Case No. 22-10760 (DSJ) pending in

the United States Bankruptcy Court for the Southern District of New York (the "Court").

---

[1]    The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955.  Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is:  One New York Plaza, New York, NY 10004.

[2]    For purposes of this Declaration: (i) a "Substantial Shareholder" is any Entity or individual that has Beneficial Ownership of at least 2,610,232 shares and warrants exercisable for shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock, treating each warrant exercisable for shares as an outstanding share for this purpose); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and rulings issued by the Internal Revenue Service and includes direct, indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity) and (5) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (iv) an "Entity" is any "entity" as such term  is defined in Treasury Regulations

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ \_\_, 2022, the undersigned party served a declaration of status as a Substantial Shareholder as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock [Docket No. \_\_\_] (the "Order"), this declaration (this "Declaration") is being served upon (i) the Debtors, One New York Plaza, New York NY 10004. (Attn.: Andrew Kidd); (ii) proposed counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn.: Kyle Kimpler and Robert Britton); (iii) the Office of the United States Trustee for the Southern District of New

---

section 1.382-3(a), including any group of persons acting pursuant to a formal or informal understanding among coordinated acquisition of the Common Stock.

2

York, 201 Varick St, New York, NY 10014 (Attn.: Brian Masumoto); (iv) counsel to any statutory committees appointed in the chapter 11 cases (each, an "Official Committee"), including Brown Rudnick LLP as counsel to the official committee of unsecured creditors, and (v) counsel to the Ad Hoc Group of BrandCo Lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Joshua Y. Sturm and Stephanie P. Massman) in each case to allow actual receipt by no later than 4:00 p.m. (prevailing Eastern Time) on [_____].

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

PLEASE TAKE FURTHER NOTICE that the Debtors have 5  business days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and nonappealable order of the Court.  If the Debtors do not object within such 5 business day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock and/or Options to acquire shares of Common Stock will each require an additional notice to be served in the same manner as this Declaration.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this

3

Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and

belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____

      Name: _____

      Address: _____

      _____

      Telephone: _____

      Facsimile: _____

Dated: _____ __, 20__

_____, _____

(City)           (State)

## **Exhibit 1D**

**Declaration of Intent to Pledge Common Stock**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REVLON, INC., *et al.*,[1] | ) Case No. 22-10760 (DSJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 32** |

## DECLARATION OF INTENT TO PLEDGE COMMON STOCK

       **PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of

its intention to create, incur or grant a (i) Lien[2] upon one or more shares of common stock of

Revlon, Inc. (the "Common Stock") and/or Options, whether actually owned or owned through

---

[1]     The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2]     For purposes of this Declaration: (i) a "Substantial Shareholder" is any Entity or individual that has Beneficial Ownership of at least 2,610,232 shares and warrants exercisable for shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock, treating each warrant exercisable for shares as an outstanding share for this purpose); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and rulings issued by the Internal Revenue Service and includes direct, indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity) and (5) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; (iv) an "Entity" is any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting pursuant to a formal or informal understanding among coordinated acquisition of the Common Stock and (v) a "Lien" is any mortgage, pledge, hypothecation, collateral assignment, encumbrance, lien (statutory or other), charge or other security interest or any other security agreement of any kind or nature whatsoever (including any conditional sale or other title retention agreement and any capital lease having substantially the same economic effect as any of the foregoing).

Beneficial Ownership, or (ii) Lien upon an equity interest in an entity that owns directly or indirectly no material assets other than Common Stock and/or Options (the "Proposed Pledge"). Revlon, Inc. is a debtor and debtor-in-possession in Case No. 22-10760 (DSJ) pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2022, the undersigned party served a declaration of status as a Substantial Shareholder as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Pledge, the undersigned party proposes to create, incur or grant a (i) Lien upon_____ shares of Common Stock and/or an Option with respect to _____ shares of Common Stock and/or (ii) Lien upon an equity interest in an entity which entity owns _____ shares of Common Stock and/or an Option with respect to _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock [Docket No. ___] (the "Order"), the undersigned party acknowledges that it is prohibited from consummating the Proposed Pledge unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 5 business days after receipt of this Declaration to object to the Proposed Pledge described herein.  If the Debtors file an objection, such Proposed Pledge will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and nonappealable order of the Court.  If the Debtors do not object within such 5 business day period, then after expiration of such period the Proposed Pledge may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____
    Name: _____
    Address: _____
    _____
    Telephone: _____
    Facsimile: _____

**Dated: _____, 20___**
**_____,_____**
**    (City)                (State)**

3

## Exhibit 1E

**Declaration of Intent to Exercise Remedies**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| REVLON, INC., *et al.*,[1] | ) | Case No. 22-10760 (DSJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re:  Docket No. 32** |

## DECLARATION OF INTENT TO EXERCISE REMEDIES

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of

its intention to foreclose, take title to, transfer or otherwise dispose of (an "Exercise of Remedies")

(i) common stock of Revlon, Inc. (the "Common Stock") and/or Options, whether actually owned

or owned through Beneficial Ownership[2], or (ii) an equity interest in an entity that owns directly

---

[1]    The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955.  Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is:  One New York Plaza, New York, NY 10004.

[2]    For purposes of this Declaration: (i) a "Substantial Shareholder" is any Entity or individual that has Beneficial Ownership of at least 2,610,232 shares and warrants exercisable for shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock, treating each warrant exercisable for shares as an outstanding share for this purpose); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and rulings issued by the Internal Revenue Service and includes direct, indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity) and (5) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; (iv) an "Entity" is any "entity" as such term  is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting  pursuant  to  a formal or informal understanding among coordinated  acquisition  of  the  Common Stock and (v) a "Lien" is any mortgage, pledge, hypothecation, collateral assignment, encumbrance, lien (statutory or other), charge or other security interest or any other security

or indirectly no material assets other than Common Stock and/or Options, in each case that either (A) the undersigned should know based on information reasonably available to it (including, for the avoidance of doubt, any publicly available information) is with respect to Common Stock and/or Options, or equity interests, held by a Substantial Shareholder or (B) which Exercise of Remedies would cause the undersigned to become a Substantial Shareholder.  Revlon, Inc. is a debtor and debtor-in-possession in Case No. 22-10760 (DSJ) pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Exercise of Remedies, the undersigned party proposes to foreclose, take title to, transfer or otherwise dispose of (i)_____ shares of Common Stock and/or an Option with respect to _____ shares of Common Stock and/or (ii) an equity interest in an entity that owns _____ shares of Common Stock and/or an Option with respect to _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being served upon (i) the Debtors, One New York Plaza, New York NY 10004. (Attn.: Andrew Kidd); (ii) proposed counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn.: Kyle Kimpler and Robert Britton); (iii) the Office of the United States Trustee for the Southern District of New

---

agreement of any kind or nature whatsoever (including any conditional sale or other title retention agreement and any capital lease having substantially the same economic effect as any of the foregoing).

2

York, 201 Varick St, New York, NY 10014 (Attn.: Brian Masumoto); (iv) counsel to any statutory

committees appointed in the chapter 11 cases (each, an "Official Committee"), including Brown

Rudnick LLP as counsel to the official committee of unsecured creditors, and (v) counsel to the

Ad Hoc Group of BrandCo Lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New

York, New York 10017 (Attn: Eli J. Vonnegut, Joshua Y. Sturm and Stephanie P. Massman) in

each case to allow actual receipt by no later than 4:00 p.m. (prevailing Eastern Time) on [_____].

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the

undersigned party acknowledges that it is prohibited from consummating the Exercise of Remedies

unless and until the undersigned party complies with the Procedures set forth therein.

PLEASE TAKE FURTHER NOTICE that the Debtors have 5 business days after

receipt of this Declaration to object to the Exercise of Remedies described herein.  If the Debtors

file an objection, such Exercise of Remedies will remain ineffective unless such objection is

withdrawn by the Debtors or such transaction is approved by a final and nonappealable order of

the Court.  If the Debtors do not object within such 5 business day period, then after expiration of

such period the Proposed Pledge may proceed solely as set forth in this Declaration.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated

by the undersigned party that may result in the undersigned party consummating an Exercise of

Remedies, selling, trading, or otherwise transferring Beneficial Ownership of additional shares of

Common Stock and/or Options to acquire shares of Common Stock, or granting any Lien with

respect to Common Stock and/or Options to acquire shares of Common Stock or a Beneficial

Interest therein will each require an additional notice to be served in the same manner as this

Declaration.

3

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____
　　Name: _____
　　Address: _____
　　_____
　　Telephone: _____
　　Facsimile: _____

**Dated: _____, 20___**
**_____, _____**
**　(City)　　　　　(State)**

4

## **Exhibit 1F**

**Declaration of Status as 50% Shareholder**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REVLON, INC., *et al.*,[1] | ) Case No. 22-10760 (DSJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 32** |

## DECLARATION OF STATUS AS A 50% SHAREHOLDER

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50%

Shareholder with respect to the common stock of Revlon, Inc. (the "Common Stock") or any

Beneficial Ownership therein.[2]  Revlon, Inc. is a debtor and debtor-in-possession in Case No. 22-

10760 (DSJ) pending in the United States Bankruptcy Court for the Southern District of New York

(the "Court").

---

[1]    The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955.  Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon.  The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2]    For purposes of this Declaration: (i) a "50% Shareholder" is any person or Entity that currently is or becomes a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Internal Revenue Code (the "IRC") and the applicable Treasury Regulations); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the IRC, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and rulings issued by the Internal Revenue Service and includes direct, indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity) and (5) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (iv) an "Entity" is any "entity" as such term  is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting  pursuant  to  a formal or informal understanding among coordinated acquisition of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2022, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock. The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being served upon (i) the Debtors, One New York Plaza, New York NY 10004. (Attn.: Andrew Kidd); (ii) proposed counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn.: Kyle Kimpler and Robert Britton); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick St, New York, NY 10014 (Attn.: Brian Masumoto); (iv) counsel to any statutory committees appointed in the chapter 11 cases (each, an "Official Committee"), including Brown Rudnick LLP as counsel to the official committee of unsecured creditors, and (v) counsel to the Ad Hoc Group of BrandCo Lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New

York, New York 10017 (Attn: Eli J. Vonnegut, Joshua Y. Sturm and Stephanie P. Massman) in each case to allow actual receipt by no later than 4:00 p.m. (prevailing Eastern Time) on [_____].

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of 50% Shareholder)

By: _____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____ __, 20__

_____, _____

(City)                    (State)

3

**<u>Exhibit 1G</u>**

**Declaration of Intent to Claim a Worthless Stock Deduction**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REVLON, INC., *et al.*,[1] | ) Case No. 22-10760 (DSJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 32** |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

      **PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction with respect to one or more shares of common stock of Revlon, Inc. (the "Common Stock") or any Beneficial Ownership therein.[2]  Revlon, Inc. is a debtor and debtor-in-possession in Case No. 22-10760 (DSJ) pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

---

[1]    The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955.  Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon.  The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2]    For purposes of this Declaration: (i) a "50% Shareholder" is any person or Entity that currently is or becomes a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Internal Revenue Code (the "IRC") and the applicable Treasury Regulations); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the IRC, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and rulings issued by the Internal Revenue Service and includes direct, indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity) and (5) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (iv) an "Entity" is any "entity" as such term  is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting  pursuant  to  a formal or informal understanding among coordinated acquisition of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2022, the undersigned party served a declaration of status as a 50% Shareholder as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party proposes to declare for [federal/a specified state] tax purposes that _____ shares of Common Stock became worthless during the tax year ending _____ (the "Proposed Worthlessness Claim").

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being served upon (i) the Debtors, One New York Plaza, New York NY 10004. (Attn.: Andrew Kidd); (ii) proposed counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn.: Kyle Kimpler and Robert Britton); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick St, New York, NY 10014 (Attn.: Brian Masumoto); (iv) counsel to any statutory committees appointed in the chapter 11 cases (each, an "Official Committee"), including Brown Rudnick LLP as counsel to the official committee of unsecured creditors, and (v) counsel to the Ad Hoc Group of BrandCo Lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Joshua Y. Sturm and Stephanie P. Massman) in each case to allow actual receipt by no later than 4:00 p.m. (prevailing Eastern Time) on [_____].

2

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that the Debtors have 5 business days after receipt of this Declaration to object to the Proposed Worthlessness Claim described herein. If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless such objection is withdrawn by the Debtors or such action is approved by a final order of the Bankruptcy Court that becomes nonappealable. If the Debtors do not object within such 5 business day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating, or selling, trading or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

3

Dated: _____ __, 20__

_____, _____
(City)                (State)

**<u>Exhibit 1H</u>**

**Notice of Substantial Claim Ownership**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| REVLON, INC., *et al.*,[1] | ) | Case No. 22-10760 (DSJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. 32** |

<hr>

## NOTICE OF SUBSTANTIAL CLAIM OWNERSHIP

1.      **PLEASE TAKE NOTICE** that, pursuant to that certain Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and Claims Against, the Debtors, dated [_____], 2022, Docket No. [__] (with all exhibits thereto, the "<u>Final Order</u>"), [person (including any Entity) ] hereby provides notice that the undersigned party beneficially owns either (i) more than $[  ] of Claims[2] against the Debtors or (ii) a lesser amount of Claims that (based on the applicable information set forth in the Proposed 382(*l*)(5) Disclosure Statement), when taking into account any Owned Interests beneficially owned by a holder of Claims (including under the aggregation rules described in the definition of Substantial Claimholder), could result in such holder of Claims holding the Applicable Percentage of New Common Stock.

2.      **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

---

[1]     The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955.  Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon.  The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in **<u>Exhibit 1</u>** to the Final Order.

3.      In the case of Claims that are owned directly by the undersigned party, the table sets forth the dollar amount of all Claims beneficially owned (as hereinafter defined) by the undersigned party (categorized by class or other applicable classification).

4.      In the case of Claims that are not owned directly by the undersigned party but nonetheless are beneficially owned by the undersigned party, the table sets forth (a) the name(s) of each record or legal owner of such Claims that are beneficially owned by the undersigned party and (b) the dollar amount of all Claims beneficially owned by such undersigned party (categorized by class or other applicable classification).

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|-------|---------------------|---------------|---------------------|
|       |                     |               |                     |
|       |                     |               |                     |

(Attach additional page if necessary.)

5.      **PLEASE TAKE FURTHER NOTICE** that the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims beneficially owned by the undersigned party (whether owned by the undersigned party directly or indirectly) and that undersigned party will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|-------|---------------------|---------------|------------------|
|       |                     |               |                  |
|       |                     |               |                  |

(Attach additional page if necessary.)

2

6.    **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

7.    In the case of Owned Interests that are owned directly by the undersigned party, the table sets forth (a) the type and number of any Owned Interests beneficially owned (or that are subject to Options that are beneficially owned) by the undersigned party and (b) the date(s) on which such Owned Interests (and Options to acquire the same) were acquired (categorized by class or other applicable classification);

8.    In the case of Owned Interests that are not owned directly by the undersigned party but nonetheless are beneficially owned by the undersigned party, the table sets forth (a) the name(s) of each record or legal owner of such Owned Interests that are beneficially owned by the undersigned party, (b) the type and number of any such Owned Interests beneficially owned (or that are subject to Options that are beneficially owned) by such undersigned party, and (c) the date(s) on which such Owned Interests (and Options to acquire the same) were acquired (categorized by class or other applicable classification).

9.    The undersigned party will provide any additional information in respect of such Owned Interests that the Debtors reasonably request.

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

10.    **PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby [agrees ☐ / does not agree ☐— **PLEASE CHECK AS APPLICABLE**]

that it will not acquire beneficial ownership of additional Owned Interests (and Options to acquire

the same) before Debtors' emergence from bankruptcy protection and that it immediately will

dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after

the Petition Date and prior to submitting this Notice.

11.     **PLEASE TAKE FURTHER NOTICE** that, the taxpayer identification number

of the undersigned party is _____.

12.     **PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the

undersigned party hereby declares that it has examined this Notice and accompanying attachments

(if any) and, to the best of its knowledge and belief, this Notice and any attachments which purport

to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:] The undersigned party is represented by [name of law firm],

[address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Party]

By: _____
        Name: _____
        Address: _____
        _____
        Telephone: _____
        Facsimile: _____
        Date: _____

## <u>Exhibit 1I</u>

**Notice of Request to Purchase, Acquire, or Otherwise Accumulate a Claim**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REVLON, INC., *et al.*,[1] | ) Case No. 22-10760 (DSJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 32** |

## NOTICE OF REQUEST TO PURCHASE, ACQUIRE, OR OTHERWISE ACCUMULATE A CLAIM AGAINST THE DEBTORS

1.      **PLEASE TAKE NOTICE** that, pursuant to that certain Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and Claims Against, the Debtors, dated [_____], 2022, Docket No. [__] (with all exhibits thereto, the "Final Order"), [person (including any Entity)] hereby provides notice of (i) its intent to purchase, acquire, or otherwise accumulate directly a Claim[2] or Claims against the Debtors and/or (ii) a proposed purchase or acquisition of Claims that, following the proposed acquisition, would be beneficially owned by the undersigned party (any proposed transaction described in (i) or (ii), a "Proposed Transfer").

2.      **PLEASE TAKE FURTHER NOTICE** that, if applicable, on [prior date(s)], the undersigned party served a Notice of Substantial Claim Ownership with the Plan Proponent, counsel to the Plan Proponent, and counsel to any Official Committee.

---

[1]    The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

3.      **PLEASE TAKE FURTHER NOTICE** that, the undersigned party is filing this notice as (check one):

| | |
|---|---|
| *A person (including any Entity) that served or was required to serve a Notice of Substantial Claim Ownership* | |
| *A person (including any Entity) that, upon consummation of the Proposed Transfer, would have been required to serve a Notice of Substantial Claim Ownership (if the proposed acquisition date had been the Determination Date)* | |

4.      **PLEASE TAKE FURTHER NOTICE**, that the following tables set forth the following information:

5.      In the case of Claims and/or Owned Interests that are owned directly by the undersigned party, the tables set forth (a) the dollar amount of all Claims and the type and number of Owned Interests (and Options to acquire the same) beneficially owned by the undersigned party (categorized by class or other applicable classification) and, (b) if applicable, the date such Owned Interests (or Options to acquire the same) were acquired.

6.      In the case of Claims and/or Owned Interests that are not owned directly by the undersigned party but nonetheless are beneficially owned by the undersigned party, the tables set forth (a) the name(s) of each record or legal owner of the Claims and/or Owned Interests (and Options to acquire the same) that are beneficially owned by the undersigned party, (b) the dollar amount of all Claims and the type and number of Owned Interests beneficially owned by the undersigned party (categorized by class or other applicable classification), and, (c) if applicable, the date such Owned Interests (and Options to acquire the same) were acquired.

7.      The undersigned party will provide any additional information in respect of such Claims and/or Owned Interests that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary.)

| *Name of Owner* | *Type and Number of Owned Interests Owned* | *Type and Number of Owned Interests Subject to Options Owned* | *Date Acquired* |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary.)

8.     **PLEASE TAKE FURTHER NOTICE** that, the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims beneficially owned by the undersigned party (whether owned by the undersigned party directly or indirectly).

9.     The undersigned party will provide any additional information in respect of such Claims that the Debtors reasonably request.

| *Class* | *Description of Claim* | *Name of Owner* | *Protected Amount* |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary.)

10.     **PLEASE TAKE FURTHER NOTICE** that, the following table sets forth the following information:

3

11.      If the Proposed Transfer involves the purchase or acquisition of Claims directly by the undersigned party, the table sets forth the dollar amount of all Claims (categorized by class or other applicable classification) proposed to be purchased or acquired.

12.      If the Proposed Transfer involves the purchase or acquisition of Claims by a person (including any Entity) other than the undersigned party, but the Proposed Transfer nonetheless would increase the dollar amount of Claims that are beneficially owned by the undersigned party, the table sets forth (a) the name(s) of each such person that proposes to purchase or acquire such Claims and (b) the dollar amount of all Claims (categorized by class or other applicable classification) proposed to be purchased or acquired.

| Class | Description of Claim | Name of Owner | Dollar Amount to be Acquired |
|-------|---------------------|---------------|------------------------------|
|       |                     |               |                              |
|       |                     |               |                              |

(Attach additional page if necessary.)

13.      **PLEASE TAKE FURTHER NOTICE** that, if the Proposed Transfer involves a purchase or acquisition of Claims directly by the undersigned party and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Claims by a person (including any Entity) (other than the undersigned party) that currently is a Substantial Claimholder or (b) a person's (other than the undersigned party) becoming a Substantial Claimholder, the following tables set forth (i) the name of each such person, (ii) the dollar amount of all Claims beneficially owned by such person currently (i.e., prior to the Proposed Transfer) (categorized by class or other applicable classification), (iii) the dollar amount of all Claims that would be beneficially owned by such person  immediately following the Proposed Transfer (categorized by class or other applicable classification), (iv) the number and type of Owned Interests (and Options to acquire the

4

same) beneficially owned by such person as of the date of the Proposed Transfer (categorized by class or other applicable classification), and (v) the date such Owned Interests (and Options to acquire the same) were acquired:

| Class | Description of Claim | Name of Owner | Dollar Amount of Claims Owned Currently (i.e., Prior to Proposed Transfer) | Dollar Amount of Claims to be Owned Following Proposed Transfer |
|-------|---------------------|---------------|-----------------------------------------------|---------------------------------------------|
|       |                     |               |                                               |                                             |
|       |                     |               |                                               |                                             |

(Attach additional page if necessary.)

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---------------|------------------------------------------|-------------------------------------------------------------|---------------|
|               |                                          |                                                             |               |
|               |                                          |                                                             |               |

(Attach additional page if necessary.)

14.     **PLEASE TAKE FURTHER NOTICE** that, the undersigned party [agreed ☐ / did not agree ☐— **PLEASE CHECK AS APPLICABLE**] in its Notice of Substantial Claim Ownership served that it would not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before the Debtors' emergence from bankruptcy protection and that it immediately would dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Petition Date and prior to submitting its Notice of Substantial Claim Ownership, and the undersigned party has complied with and intends to continue to comply with such statement.

5

15.     **PLEASE TAKE FURTHER NOTICE** that, if the Plan Proponent approves the Proposed Transfer and the undersigned party did not previously serve a Notice of Substantial Claim Ownership, the undersigned party, under penalty of perjury, hereby [agrees □ / does not agree □— **PLEASE CHECK AS APPLICABLE**] that it will not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before the Debtors' emergence from bankruptcy protection and that it immediately will dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Petition Date and prior to submitting this Notice.

16.     **PLEASE TAKE FURTHER NOTICE** that, the taxpayer identification number of the undersigned party is _____.

17.     **PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

18.     **PLEASE TAKE FURTHER NOTICE** that, the undersigned party hereby acknowledges that, if the Plan Proponent does not approve the Proposed Transfer in writing within eight days after the filing of this Notice, such Proposed Transfer shall be deemed <u>rejected</u>.  If the Plan Proponent provides written authorization approving the Proposed Transfer prior to the end of such eight business day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

19.     This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

6

[IF APPLICABLE:]    The undersigned party is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).

Respectfully submitted,

_____
_____
_____
_____
_____
_____
[Name of Party]

By:_____
_____
_____
_____
_____
_____

Name: _____
_____
_____
_____
_____
_____

Address: _____
_____
_____
_____
_____

Telephone: _____
_____
_____
_____
_____

7

Facsimile: _____

_____

_____

_____

_____


Date: _____

_____

_____

_____

_____

_____

**<u>Exhibit 1J</u>**

**Notice of Compliance**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REVLON, INC., *et al.*,[1] | ) Case No. 22-10760 (DSJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 32** |

### NOTICE OF COMPLIANCE

1.    PLEASE TAKE NOTICE that, pursuant to that certain Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and Claims Against, the Debtors, dated [_____], 2022, Docket No. [__] (with all exhibits thereto, the "Final Order"), [person (including any Entity)] hereby provides notice that undersigned party has complied in full with the terms and conditions set forth in the Final Order and as further set forth in the Sell-Down Notice[2] issued to undersigned party, such that (i) undersigned party does not and will not beneficially own an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the 382(*l*)(5) Plan and (ii) if undersigned party so agreed in its Notice of Substantial Claim Ownership, undersigned party does not and will not beneficially own any Owned Interests (and Options to acquire the same) unless acquired prior to the Petition Date.

2.    PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of undersigned party is _____.

---

[1]    The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

[IF APPLICABLE:]   The undersigned party is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).

Respectfully submitted,

_____
_____
_____
_____
_____
_____

[Name of Party]

By: _____
_____
_____
_____
_____
_____

Name: _____
_____
_____
_____
_____
_____

Address: _____
_____
_____
_____
_____

Telephone: _____
_____
_____
_____
_____

Facsimile: _____
_____
_____
_____
_____

4

Date: _____
_____
_____
_____

## Exhibit B

**Blackline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| REVLON, INC., *et al.*,[1] | ) Case No. 22-10760 (DSJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. ~~1~~32** |

**FINAL ORDER APPROVING NOTIFICATION AND
HEARING PROCEDURES FOR CERTAIN TRANSFERS OF
AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT
TO COMMON STOCK AND CLAIMS AGAINST THE DEBTORS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) approving the Procedures related to transfers of Beneficial Ownership of Common Stock and/or Options, and (b) directing that any purchase, sale, other transfer of any Common Stock and/or any Options or any Beneficial Ownership therein, declaration of worthlessness with respect to Common Stock, or any acquisition, disposition, or trading of any Claims against the Debtors, in each case, in violation of the Procedures shall be null and void *ab initio*, all as more fully set forth in the Motion; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the ~~Debtors have requested~~Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearings, if any, before this Court (the "Hearings"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Procedures, as set forth in **Exhibit 1** attached hereto are approved on a final basis.

2.      Within three days of the entry of this Final Order or as soon as reasonably practicable, the Debtors shall send the notice of this Final Order to all parties that were served with notice of the Motion, publish the Notice of Final Order once in *The New York Times* and post the Interim Order, Procedures, Declarations and Notice of Interim Order to the website established by Kroll for these ~~Chapter~~chapter 11 ~~Cases~~cases: https://cases.ra.kroll.com/Revlon.

3.      Any transfer of Beneficial Ownership of Common Stock and/or Options, or grant or foreclosure of a Lien (as defined in the Procedures) on Common Stock and/or Options or declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, and any acquisition,

disposition, or trading of Claims against the Debtors in violation of these Procedures, in each case, shall be null and void *ab initio*, and the person or Entity making such transfer or declaration shall be required to take such steps as the Debtors determine are necessary in order to be consistent with such transfer or declaration being null and void *ab initio*.

4.      In the case of any such declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including the notice requirements, the person or Entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

5.      The Debtors may waive, in writing, any and all sanctions, remedies, restrictions, stays, and notification procedures set forth in the Procedures or imposed by this Final Order on parties other than the Debtors. The Debtors shall provide at least five (5) business days' notice to Brown Rudnick LLP as counsel to the official committee of unsecured creditors and to Davis Polk & Wardwell LLP as counsel to the Ad Hoc Group of BrandCo Lenders of any proposed waiver of sanctions, remedies, restrictions, stays, and notification procedures set forth in the Procedures.

6.      To the extent that this Final Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Final Order shall govern.

7.      Notwithstanding anything to the contrary in this Final Order, nothing contained in the Motion or this Final Order, and no action taken pursuant to such relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor, under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a

waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.  The rights of all parties in interest are expressly reserved.

8.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

10.    The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

11.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

New York, New York
Dated: _____, 2022

_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

4

## **Exhibit 1**

**Procedures for Transfers of or Liens on Beneficial Ownership of Common Stock, Options or Claims, or Declarations of Worthlessness with Respect to Beneficial Ownership of Common Stock**

**PROCEDURES FOR TRANSFERS OF OR LIENS ON
BENEFICIAL OWNERSHIP OF COMMON STOCK OR OPTIONS
AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO
BENEFICIAL OWNERSHIP OF COMMON STOCK (THE "PROCEDURES")**

The following Procedures apply to transfers of Beneficial Ownership of Common Stock or Options:[1]

a.     Any person (including any Entity (as defined below)) who at any time on or after the Petition Date is or becomes a Substantial Shareholder (as defined herein), must and serve upon:  (i) the Debtors, One New York Plaza, New York NY 10004. (Attn.: Andrew Kidd); (ii) proposed counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn.: Kyle Kimpler and Robert Britton); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick St, New York, NY 10014 (Attn.: Brian Masumoto); and (iv) counsel to any statutory committees appointed in the Chapterchapter 11 Casescases (each, an "Official Committee"), including Brown Rudnick LLP as counsel to the official committee of unsecured creditors; (v) Proskauer Rose LLP, as counsel to MidCap Funding IV Trust, in its capacity as (a) administrative agent and collateral agent under the Debtors' prepetition asset-based lending facility, (b) as administrative agent and collateral agent under the ABL DIP, and (c) ABL DIP Lender; (vi) Morgan Lewis & Bockius LLP, as counsel to Crystal Financial LLC, in its capacity as administrative agent for the SISO Term Loan; (vii) Alter Domus, in its capacity as administrative agent for the Tranche B; (viii) Latham & Watkins, LLP, as counsel to Citibank N.A., in its capacity as 2016 Term Loan Agent; (ix) Quinn Emanuel Urquhart & Sullivan, LLP, in its capacity as counsel to the putative 2016 Term Loan group; (x) Akin Gump Strauss Hauer & Feld, LLP, in its capacity as counsel to an ad hoc group of 2016 Term Loan lenders; (xi) Paul Hastings LLP, as counsel to Jefferies Finance LLC, in its capacity as BrandCo agent and DIP agent; (xii) Davis Polk & Wardwell LLP and Kobre & Kim LLP, in their capacity as counsel to the ad hoc group of Term Loan DIP lenders andAd Hoc Group of BrandCo lendersLenders; and (xiii) King & Spalding, LLP, in its capacity as counsel to Blue Torch Finance LLC, in its capacity as Foreign ABTL Facility administrative agent (collectively, the "Declaration Notice Parties") a declaration of such status, substantially in the form of **Exhibit 1A** attached to the Procedures (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) 20 days after the date of the Notice of Interim Order (as defined herein), or (B) 10 days after becoming a Substantial Shareholder; provided, however, that MacAndrews & Forbes Inc. shall be deemed a Substantial Shareholder and none of theno MacAndrews PartiesParty (as defined below) shall be required to file a Declaration of Status as a Substantial Shareholder.

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

b.      At least 20 days prior to effectuating any transfer of Beneficial Ownership of Common Stock and/or Options that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an Entity becoming a Substantial Shareholder (including the exercise of any Option to acquire Common Stock that would result in the amount of Common Stock beneficially owned by any person (including any Entity) that currently is or, as a result of the proposed transaction, would be a Substantial Shareholder), such Substantial Shareholder or potential Substantial Shareholder must serve upon the Declaration Notice Parties an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Exhibit 1B** attached to these Procedures (each, a "Declaration of Intent to Accumulate Common Stock").

c.      At least 20 days prior to effectuating any transfer of Beneficial Ownership of Common Stock and/or Options that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in a person or Entity ceasing to be a Substantial Shareholder, such Substantial Shareholder must serve upon the Declaration Notice Parties an advance written declaration of the intended transfer of Common Stock, substantially in the form of **Exhibit 1C** attached to these Procedures (each, a "Declaration of Intent to Transfer Common Stock or Options ," and together with a Declaration of Intent to Accumulate Common Stock, each, a "Declaration of Proposed Transfer"); provided, however, that none of MacAndrews & Forbes Inc., its ~~subsidiaries,~~ shareholders ~~or other affiliates (the~~and/or related trusts and affiliated vehicles or any Entity directly or indirectly owned by MacAndrews & Forbes Inc. (each, a "MacAndrews ~~Parties~~Party") shall be required to provide a Declaration of Intent to Transfer Common Stock or Options with respect to any transfer of Beneficial Ownership Common Stock and/or Options, if both (i) MacAndrews & Forbes Inc. and Debtors reasonably agree that such transfer would not give rise to an Ownership Change with respect to any Debtor and (ii) the sum of all transfers of Beneficial Ownership of Common Stock or Options by ~~all~~any MacAndrews ~~Parties~~Party, including such transfer, constitutes an aggregate transfer of less than ~~10~~20% of the Beneficial Ownership of ~~all~~ Common Stock or Options~~.~~

d.      The Debtors shall have 5 business days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock and/or Options described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, the proposed transaction will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and nonappealable order of the Court. If the Debtors do not object within such 5 business day period, the proposed transaction can proceed solely as set forth in the Declaration of Proposed Transfer. To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business

judgment not to object, they shall provide written notice (whereby electronic mail is sufficient) of that decision to the proposed transferor [and the dec notice parties?]Declaration Notice Parties as soon as reasonably practicable. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 5 business day waiting period for each Declaration of Proposed Transfer.

e.     For purposes of these Procedures: (i) a "Substantial Shareholder" is any Entity or individual that has Beneficial Ownership of at least 2,610,232 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock)[2]; (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC, the Treasury Regulations (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and rulings issued by the IRS and includes direct and indirect ownership (but determined without regard to any rule that treats stock of an entity as to which constructive ownership rules apply as no longer owned by that entity) (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and to the extent set forth in Treasury Regulations section 1.382-4, ownership of equity securities that such holder has an Option to acquire; (iii) an "Option" to acquire stock includes any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (iv) an "Entity" is any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting pursuant to a formal or informal understanding among coordinated acquisition of the Common Stock.

The following Procedures apply to any Lien (as defined below) upon Common Stock and/or Options:

a.     Prior to any Substantial Shareholder creating, incurring, or granting any (i) Lien upon Common Stock and/or Options, whether actually owned or owned through Beneficial Ownership, or (ii) Lien upon an equity interest in an entity that owns directly or indirectly no material assets other than Common Stock and/or Options, such Substantial Shareholder must provide to the Debtors an advance written declaration of the intended creating, incurring or granting of such Lien, substantially in the form of **Exhibit 1D** attached to the Procedures (each, a "Declaration of Intent to Pledge Common Stock").

b.     At least 10 days prior to any person (including any Entity (as defined below)) taking any action to foreclose, take title to, transfer or otherwise dispose of (an

---

[2]     Based on approximately 58,005,142 shares of Common Stock outstanding as of the Petition Date.

"Exercise of Remedies") (i) Common Stock and/or Options, whether actually owned or owned through Beneficial Ownership, or (ii) an equity interest in an entity that owns directly or indirectly no material assets other than Common Stock and/or Options, in each case that either (A) such person should know based on information reasonably available to it (including, for the avoidance of doubt, any publicly available information) is with respect to Common Stock and/or Options, or equity interests, held by a Substantial Shareholder or (B) which Exercise of Remedies would cause such person to become a Substantial Shareholder, such person must serve upon the Declaration Notice Parties an advance written declaration of the intended Exercise of Remedies in the form of **Exhibit 1E** attached to the Procedures (each, a "Declaration of Intended Exercise of Remedies" and together with the Declaration of Intent to Pledge Common Stock, a "Declaration of Proposed Secured Transaction Event").

c.      The Debtors shall have five business days after receipt of a Declaration of Proposed Secured Transaction Event to file with the Court and serve on such Substantial Shareholder or person proposing to undertake such Exercise of Remedies, as the case may be, an objection to any proposed Lien upon or Exercise of Remedies with respect to Common Stock and/or Options, or equity interests, described in the Declaration of Proposed Secured Transaction Event on the grounds that such Lien or such Exercise of Remedies might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, the proposed transaction will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such five business day period, the proposed Lien can be created, incurred, granted, secured, perfected, or the proposed Exercise of Remedies consummated, solely as set forth in the Declaration of Proposed Secured Transaction Event. To the extent that the Debtors receive an appropriate Declaration of Proposed Secured Transaction Event and determine in their business judgment not to object, they shall provide written notice (whereby electronic mail is sufficient) of that decision to the person delivering such Declaration of Proposed Secured Transaction Event and, in the case of a declaration of intended Exercise of Remedies, the Declaration Notice Parties as soon as reasonably practicable. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional five business day waiting period for each Declaration of Proposed Secured Transaction Event.

d.      For purposes of the Procedures: (i) a "Substantial Shareholder" is any Entity or individual that has Beneficial Ownership of at least 2,610,232 shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock); (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and rulings issued by the Internal Revenue Service (the "IRS") and includes direct and indirect ownership (but determined without regard to any rule that treats

4

stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and to the extent set forth in Treasury Regulations section 1.382-4, ownership of equity securities that such holder has an Option to acquire; (iii) an "Option" to acquire stock includes any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; (iv) an "Entity" is any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of the Common Stock; and (v) a "Lien" is any mortgage, pledge, hypothecation, collateral assignment, encumbrance, lien (statutory or other), charge or other security interest or any other security agreement of any kind or nature whatsoever (including any conditional sale or other title retention agreement and any capital lease having substantially the same economic effect as any of the foregoing).

The following Procedures apply to declarations of worthlessness with respect to Common Stock:

a.    Any person or Entity that currently is or becomes a 50% Shareholder (as defined below) must serve the Notice Parties, a notice of such status, in the form of **Exhibit ~~1D~~1F** attached to these Procedures, on or before the later of (i) 30 days after the date of the Notice of Interim Order and (ii) 10 days after becoming a 50% Shareholder; provided, however, that MacAndrews & Forbes Inc. shall be deemed a 50% Shareholder and ~~none of the~~no MacAndrews ~~Parties~~Party shall be required to file a notice of its status as such.

b.    Prior to filing any federal, state, or local tax return, or any amendment to such a return, claiming any deduction for worthlessness of the Common Stock, for a tax year ending before Debtors' emergence from chapter 11 protection, such 50% Shareholder must serve upon the Notice Parties, an advance written notice in the form of **Exhibit ~~1E~~1G** attached to these Procedures (a "Declaration of Intent to Claim a Worthless Stock Deduction") of the intended claim of worthlessness.

c.    The Debtors will have 5 business days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. During such 5 business day period, and while any objection by the Debtors to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the

Declaration of Intent to Claim a Worthless Stock Deduction relates and thereafter in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 5 business day period, the filing of the tax return or amendment with such claim would be permitted solely as set forth in the Declaration of Intent to Claim a Worthless Stock Deduction. To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide written notice (whereby electronic mail is sufficient) of that decision as soon as is reasonably practicable. Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 5 business day waiting period.

d.    For purposes of these Procedures, a "50% Shareholder" is any person or Entity that currently is or becomes a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations).

The following Procedures apply to Claims against the Debtors:

i.    Disclosure of 382(*l*)(5) Plan. If the proponent of a Plan (a "Plan Proponent") determines that any of the reorganized Debtors likely could qualify for and benefit from the application of section 382(*l*)(5) of the IRC and reasonably anticipates that Post-Emergence Revlon will invoke such section, then the Plan Proponent, in proposing a 382(*l*)(5) Plan, shall disclose in its proposed disclosure statement filed with the Court or, in the case of items (c) through (e) below, a later separate notice filed with the Court (collectively, the "Proposed 382(*l*)(5) Disclosure Statement"):

    a.    Adequate information about the incremental tax benefits anticipated to be realized through the use of section 382(*l*)(5) of the IRC that, taking into account the Debtors' anticipated net unrealized built-in gains or net unrealized built-in losses, would not otherwise be available;

    b.    A summary of any restrictions expected to be imposed on the transferability of securities issued under the Plan in order to preserve such incremental tax benefits;

    c.    The (i) dollar amount of Claims (by class or other applicable classification) expected to result in a one-percent (1%) interest in New Common Stock and (ii) the number of any of the specified interests ("Owned Interests") in the Debtors which shall include, but not necessarily be limited to, Common Stock expected to result in a one-percent (1%) interest in New Common Stock, in each case based upon then-available information;

6

        d.       A specified date (the "<u>Determination Date</u>") that is not less than ten (10) days after the service of the notice of the hearing with respect to the Proposed 382(*l*)(5) Disclosure Statement; and

        e.       A specified date (the "<u>Reporting Deadline</u>") that is not less than five (5) days after the Determination Date, by which persons (including Entities) must serve on various parties the notice required by these Procedures (the "<u>Notice of Substantial Claim Ownership</u>").

        f.       In the event that items (c) through (e) above are disclosed in a separate notice after the filing of the proposed disclosure statement, such items shall also be disclosed in a separate filing with the Securities and Exchange Commission on Form 8-K.

    ii.      <u>Notice of Substantial Claim Ownership</u>.

        a.       Any person (including any Entity) that beneficially owns either (i) more than a specified amount of Claims[3] or (ii) a lower amount of Claims that (based on the applicable information set forth in the Proposed 382(*l*)(5) Disclosure Statement), when taking into account any Owned Interests beneficially owned by a holder of Claims (including pursuant to the applicable aggregation rules), in each case, that is reasonably expected to result in such holder of Claims holding the Applicable Percentage of New Common Stock, in each case as of the Determination Date, shall serve upon the Plan Proponent and its counsel (and the Debtors and their counsel if not the Plan Proponent), counsel to any Official Committee, and counsel to the ~~ad hoc group of Term Loan DIP lenders and~~<u>Ad Hoc Group of</u> BrandCo ~~lenders~~<u>Lenders</u>, a Notice of Substantial Claim Ownership, in substantially the form annexed to the Final Order as **Exhibit ~~1F~~<u>1H</u>** (or as adjusted and annexed to the Proposed 382(*l*)(5) Disclosure Statement) on or before the Reporting Deadline. Such person also shall set forth in the Notice of Substantial Claim Ownership its beneficial ownership, if any, of any Owned Interests and whether it agrees to refrain from acquiring beneficial ownership of additional Owned Interests (and Options to acquire the same) until after the effective date of the 382(*l*)(5) Plan and to immediately dispose of any Owned Interests or Options (if acquired on or after the Petition Date and prior to submitting its Notice of Substantial Claim Ownership). A person (including any Entity) that is required to serve a Notice of

---

[3]    This "specified amount" is to be reasonably established by the Plan Proponent, taking into account the terms of the 382(*l*)(5) Plan, and disclosed in the Proposed 382(*l*)(5) Disclosure Statement. The "specified amount" may be expressed by class or type of Claim(s), if applicable.

Substantial Claim Ownership may or may not be a Substantial Claimholder.  The standard for a person's (including an Entity's) being required to serve a Notice of Substantial Claim Ownership is different than the definition of a Substantial Claimholder. At the election of the Substantial Claimholder, the Notice of Substantial Claim Ownership to be served with the Bankruptcy Court (but not the Notice of Substantial Claim Ownership that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for any Official Committee) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

b.      In order to assist in determining their eligibility to avail themselves of the relief set forth in section 382($l$)(5) of the IRC, the Debtors may request[4] from any person (including any Entity)   that beneficially owns either (i) more than a specified amount of Claims (which may be expressed by class or type of Claim(s), if applicable) or (ii) a lower amount of Claims that, when taking into account the Owned Interests beneficially owned by a holder of Claims (including pursuant to the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New Common Stock, in each case as of the date specified in such request, information regarding its beneficial ownership of Claims and Owned Interests (and Options to acquire the same) prior to the filing of the Proposed 382($l$)(5) Disclosure Statement, in a manner consistent with these Procedures.   A response to such request shall be served upon the Debtors and their counsel, counsel to each Official Committee, and counsel to the ~~ad hoc group of Term Loan DIP lenders and~~Ad Hoc Group of BrandCo ~~lenders~~Lenders.   In addition, the Debtors shall disclose such request in a separate filing with the Securities and Exchange Commission on Form 8-K.

c.      Any person (including any Entity) that fails to comply with its notification obligations set forth in this paragraph shall, in addition to the consequences set forth in paragraph B(5)(g) below, be subject to such remedy as the Bankruptcy Court may find appropriate upon motion by the Debtors, after service of the Motion upon such person and a hearing on the Motion in accordance with the Federal Rules of Bankruptcy Procedure, including, without limitation, ordering such noncompliant person (including any Entity) to divest itself promptly of any beneficial ownership of Claims to the extent of such person's ownership of an Excess Amount (as defined herein) and imposing monetary

---

[4]   For purposes of making this determination, such request shall include information comparable to the information that would be required in a Proposed 382($l$)(5) Disclosure Statement pursuant to these Procedures.

8

damages for any costs reasonably incurred by the Debtors that were caused by the violation and enforcement of this paragraph.

iii.    <u>Claims Trading Before and After Determination Date</u>.

a.    Any person (including any Entity) generally may trade freely and make a market in Claims until the Determination Date.

b.    After the Determination Date, any acquisition of Claims by a person who served or was required to served a Notice of Substantial Claim Ownership or by a person who would be required to serve a Notice of Substantial Claim Ownership as a result of the consummation of the contemplated transaction if the proposed acquisition date had been the Determination Date (each, a "<u>Proposed Claims Transferee</u>") shall not be effective unless consummated in compliance with these Procedures.

c.    At least ten (10) days prior to the proposed date of any acquisition of Claims by a Proposed Claims Transferee (a "<u>Proposed Claims Acquisition Transaction</u>"), such Proposed Claims Transferee shall serve upon the Plan Proponent and its counsel (and the Debtors and their counsel if not the Plan Proponent), counsel to each Official Committee, and counsel to the ~~ad hoc group of Term Loan DIP lenders and~~<u>Ad Hoc Group of</u> BrandCo ~~lenders~~<u>Lenders</u>, a notice of such Proposed Claims Transferee's request to purchase, acquire, or otherwise accumulate a Claim (a "<u>Claims Acquisition Request</u>"), in substantially the form annexed to the Final Order as **Exhibit ~~1G~~1I**, which describes specifically and in detail the Proposed Claims Acquisition Transaction, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements set forth in Bankruptcy Rule 3001.

d.    The Plan Proponent may determine, in consultation with the Debtors (if not the Plan Proponent), counsel to each Official Committee and counsel to the ~~ad hoc group of Term Loan DIP lenders and~~<u>Ad Hoc Group of</u> BrandCo ~~lenders~~<u>Lenders</u> whether to approve a Claims Acquisition Request. If the Plan Proponent does not approve a Claims Acquisition Request in writing within eight days after the Claims Acquisition Request is served with the Court, the Claims Acquisition Request shall be deemed rejected.

iv.    <u>Creditor Conduct and Sell-Down</u>.

a.    To permit reliance by the Debtors on Treasury Regulations section 1.382-9(d)(3), upon the entry of the Final Order, any Substantial Claimholder that participates in formulating any chapter 11 plan of or on behalf of the Debtors (which shall include, without

9

limitation, making any suggestions or proposals to the Debtors or their advisors with regard to such a Plan) shall not disclose or otherwise make evident to the Debtors that any Claims in which such Substantial Claimholder has a beneficial ownership are Newly Traded Claims, unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement, *provided*, *however*, that the following activities shall not constitute participation in formulating a Plan *if*, in pursuing such activities, the Substantial Claimholder does not disclose or otherwise make evident (unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement) to the Debtors that such Substantial Claimholder has beneficial ownership of Newly Traded Claims: filing an objection to a proposed disclosure statement or to confirmation of a proposed Plan; voting to accept or reject a proposed Plan; reviewing or commenting on a proposed business plan; providing information on a confidential basis to counsel to the Debtors; holding general membership on an official committee or an ad hoc committee; or taking any action required by an order of the Bankruptcy Court.

b.  Following the Determination Date, if the Plan Proponent determines that Substantial Claimholders must sell or transfer all or a portion of their beneficial ownership of Claims in order that the requirements of section 382(*l*)(5) of the IRC will be satisfied, the Plan Proponent may file a motion with the Bankruptcy Court for entry of an order—after notice to counsel to any Official Committee, counsel to the ~~ad hoc group of Term Loan DIP lenders and~~Ad Hoc Group of BrandCo ~~lenders~~Lenders, and the relevant Substantial Claimholder(s) and a hearing—approving the issuance of a notice (each, a "Sell-Down Notice") that such Substantial Claimholder must sell, cause to sell, or otherwise transfer a specified amount of its beneficial ownership of Claims (by class or other applicable classification) equal to the excess of (x) the amount of Claims beneficially owned by such Substantial Claimholder over (y) the Maximum Amount for such Substantial Claimholder (such excess amount, an "Excess Amount"). The Motion shall be heard on expedited basis such that the Bankruptcy Court can render a decision on the Motion at or before the hearing on confirmation of the 382(*l*)(5) Plan. If the Bankruptcy Court approves the Plan Proponent's motion for the issuance of a Sell-Down Notice, the Plan Proponent shall provide the Sell-Down Notice to the relevant Substantial Claimholder(s).

c.  Notwithstanding anything to the contrary in these Procedures, no Substantial Claimholder shall be required to sell, cause to sell, or otherwise transfer any beneficial ownership of Claims if such sale

10

would result in the Substantial Claimholder's beneficial ownership of an aggregate amount of Claims (by class or other applicable classification) that is less than such Substantial Claimholder's Protected Amount.

d.  Each Sell-Down Notice shall direct the Substantial Claimholder to sell, cause to sell, or otherwise transfer its beneficial ownership of the amount of Claims specified in the Sell-Down Notice to Permitted Transferees (each sale or transfer, a "<u>Sell-Down</u>"), *provided, however*, that such Substantial Claimholder shall not have a reasonable basis to believe that any such Permitted Transferee would own, immediately after the contemplated transfer, an Excess Amount of Claims and *provided, further*, that a Substantial Claimholder that has properly notified the Permitted Transferee of its Claims under these Procedures shall not be treated as having such reasonable basis in the absence of notification or actual knowledge that such Permitted Transferee would own, after the transfer, an Excess Amount of Claims.

e.  By the date that is the later of (i) five days after the entry of an order confirming the 382(*l*)(5) Plan and (ii) such other date specified in the Sell-Down Notice, as applicable, but before the effective date of the 382(*l*)(5) Plan (the "<u>Sell-Down Date</u>"), each Substantial Claimholder subject to a Sell-Down Notice shall, as a condition to receiving New Common Stock, serve upon the Plan Proponent and its counsel (and the Debtors and their counsel if not the Plan Proponent), counsel to each Official Committee, and counsel to the ~~ad hoc group of Term Loan DIP lenders and~~<u>Ad Hoc Group of</u> BrandCo ~~lenders~~<u>Lenders</u> a notice substantially in the form annexed to the Final Order as **Exhibit ~~1H~~1J** that such Substantial Claimholder has complied with the terms and conditions set forth in these Procedures and that such Substantial Claimholder does not and will not hold an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the 382(*l*)(5) Plan (each, a "<u>Notice of Compliance</u>"). Any Substantial Claimholder who fails to comply with this provision shall not receive New Common Stock with respect to any Excess Amount of Claims.

f.  Other than information that is public or in connection with an audit or other investigation by the IRS or other taxing authority, the Plan Proponent shall keep all Notices of Compliance and any additional information provided by a Substantial Claimholder pursuant to these Procedures (the "<u>Confidential Information</u>") strictly confidential and shall not disclose the Confidential Information to any other person (including any Entity), *provided, however*, that the Plan Proponent may disclose the identity of the Substantial

11

Claimholder to its counsel and professional financial advisors, and of any other person(s) that are subject to a nondisclosure agreement with the Plan Proponent, each of whom shall keep all Confidential Information strictly confidential, subject to further order of the Bankruptcy Court, and *provided, further,* that to the extent the Plan Proponent reasonably determines such Confidential Information is necessary to demonstrate to the Bankruptcy Court the need for the issuance of a Sell-Down Notice, such Confidential Information (determined by, among other things, whether such information was redacted in any public filing) shall be filed with the Bankruptcy Court under seal.

g. Any person (including any Entity) that violates its obligations under these Procedures applicable to Claims or, if applicable, its agreement not to acquire beneficial ownership of Owned Interests (and Options to acquire the same) or to immediately dispose of any Owned Interests (if acquired on or after the Petition Date but prior to submitting its Notice of Substantial Claim Ownership) in its Notice of Substantial Claim Ownership shall, pursuant to these Procedures, be precluded from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of New Common Stock that is attributable to the Excess Amount of Claims for such person and, if applicable, to the Owned Interests acquired (or not immediately disposed of) in violation of such agreement by such person (or if the Owned Interests acquired (or not immediately disposed of) in violation of such agreement become beneficial ownership of New Common Stock without the need to receive new equity interests, such person shall be precluded as a result of such violation (and, thus, in addition to any other amounts otherwise precluded hereunder) from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of New Common Stock attributable to such person's Claims up to and including an amount equivalent to that represented by such Owned Interests), in each case including any consideration in lieu thereof, *provided, however*, that such person may be entitled to receive any other consideration to which such person may be entitled by virtue of holding Claims (this provision, the "Equity Forfeiture Provision").  Any purported acquisition of, or other increase in the beneficial ownership of, New Common Stock that is precluded by the Equity Forfeiture Provision will be an acquisition of "Forfeited Equity."  Any acquirer of Forfeited Equity shall, promptly upon becoming aware of such fact, return or cause to return the Forfeited Equity to the Debtors (or any successor to the Debtors, including Post-Emergence Revlon) or, if all of the equity consideration properly issued to such acquirer and all or any portion of such Forfeited Equity have been sold prior to the time such acquirer becomes aware of such fact, such acquirer

12

shall return or cause to return to the Debtors (or any successor to the Debtors, including Post-Emergence Revlon) (i) any Forfeited Equity still held by such acquirer and (ii) the proceeds attributable to the sale of Forfeited Equity, calculated by treating the most recently sold equity as Forfeited Equity. Any acquirer that receives Forfeited Equity and deliberately fails to comply with the preceding sentence shall be subject to such additional sanctions as the Bankruptcy Court may determine. Any Forfeited Equity returned to the Debtors, including Post-Emergence Revlon, shall be distributed (including a transfer to charity) or extinguished, in the Debtors' sole discretion, in furtherance of the 382(*l*)(5) Plan.

h.  In effecting any sale or other transfer of Claims pursuant to a Sell-Down Notice, a Substantial Claimholder shall, to the extent that it is reasonably feasible to do so within the normal constraints of the market in which such sale takes place, notify the acquirer of such Claims of the existence of these Procedures and the Equity Forfeiture Provision (it being understood that, in all cases in which there is direct communication between a salesperson and a customer, including, without limitation, communication via telephone, e-mail, and instant messaging, the existence of these Procedures and the Equity Forfeiture Provision shall be included in such salesperson's summary of the transaction).

v.  <u>Exceptions</u>.

a.  No person (including any Entity) shall be subject to the approval provisions of paragraphs (ii) and (iii) above or, in the case of Claims that are part of the transferor's Protected Amount, the sell-down provisions of paragraph (iv) above with respect to any transfer described in Treasury Regulations section 1.382-9(d)(5)(ii) so long as such transfer is not for a principal purpose of obtaining New Common Stock or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulations section 1.382-9(d)(5)(iii), *provided, however*, that any such transferee who becomes a Substantial Claimholder following the filing of a Proposed 382(*l*)(5) Disclosure Statement shall serve upon the Plan Proponent and its counsel (and the Debtors and their counsel if not the Plan Proponent), a notice of such status, substantially in the form annexed to the Final Order as **Exhibit 1F,1H** as provided in these Procedures.

b.  For the avoidance of doubt, the trustee of any trust, any indenture trustee, subordination agent, registrar, paying agent, transfer agent, loan or collateral agent, or any other entity serving in a similar capacity however designated, in each case for any Claim or any Ownership Interests, notes, bonds, debentures, property, or other

13

debt securities or obligations (i) issued by any of the Debtors, (ii) secured by assets of any of the Debtors or agreements with respect to such assets, or (iii) secured by assets leased to any of the Debtors shall not be treated as a Substantial Claimholder solely to the extent that such entities are acting in the capacity described above, *provided, however*, that neither any transferee of Claims nor any equity or beneficial owner of a trust shall be excluded from these Procedures solely by reason of this provision.

vi.  For purposes of these Procedures,

    a.  "Applicable Percentage of New Common Stock" means, (i) if only one class of New Common Stock is to be issued pursuant to the terms of a 382(l)(5) Plan and holders within each class of Claims receiving New Common Stock will receive a pro rata distribution of the New Common Stock, 4.5% of the number of shares of New Common Stock that the Debtors reasonably estimate will be outstanding immediately after the effective date of such 382(l)(5) Plan, as determined for U.S. federal income tax purposes, or (ii) if multiple classes of New Common Stock are issued pursuant to the terms of a 382(l)(5) Plan, a percentage of the number of shares of each class of New Common Stock (which percentage may be different for each such class) that have an aggregate fair market value equal to 4.5% of the fair market value of all New Common Stock that the Debtors reasonably estimate will be outstanding immediately after the effective date of such 382(l)(5) Plan, as determined for U.S. federal income tax purposes;

    b.  "Beneficial ownership" of a Claim or Owned Interest means: (A) the beneficial ownership of a Claim or Owned Interest (as hereinafter defined) as determined in accordance with applicable rules under section 382 of the IRC, the Treasury Regulations, and rulings issued by the IRS and as described herein (for such purpose, a Claim or Owned Interest is treated as if it were stock) and, thus, to the extent provided in those sources, from time to time, shall include, without limitation, (x) direct and indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity), e.g., a holding company would be considered to beneficially own all Claims or Owned Interests owned or acquired by its subsidiaries, (y) ownership by a holder's family members, and (z) ownership by any Entity, Owned Interests, and/or stock; and (B) the beneficial ownership of an Option (irrespective of the purpose for which such Option was issued, created, or acquired) with respect to a Claim or Owned Interest.  For the avoidance of doubt, beneficial ownership of a Claim or Owned Interests also includes the beneficial ownership of

14

any right to receive any equity consideration to be distributed in respect of a Claim or Owned Interests pursuant to a Plan or any applicable bankruptcy court order;

c.   "Claim" means any claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors, whether secured or unsecured;

d.   "Entity" has the meaning as such term is defined in section 1.382-3(a) of the Treasury Regulations, including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of Claims or New Common Stock;

e.   "Holdings Report" means a Notice of Substantial Claim Ownership (as hereinafter defined) received by the Debtors with respect to the Determination Date;

f.   "Maximum Amount" means the maximum amount of Claims (by class or other applicable classification of Claims) that may be held, as of the effective date of the 382(*l*)(5) Plan, by a Substantial Claimholder that was a Substantial Claimholder as of the Determination Date, which the Debtors shall calculate as follows: (A) Based upon the information provided by the Substantial Claimholders in the Holdings Reports, the Debtors shall calculate the aggregate amount of Claims that all such Substantial Claimholders must sell as a group to effectuate the 382(*l*)(5) Plan (the "Sell-Down Amount"); (B) The Debtors shall calculate for each Substantial Claimholder the amount of such Substantial Claimholder's *pro rata* (*i.e.*, the Sell-Down Amount multiplied by a fraction, (x) the numerator of which is the amount, if any, of Claims identified in such Substantial Claimholder's Holdings Report minus the greater of (1) the applicable Threshold Amount and (2) the Protected Amount for such Substantial Claimholder, and (y) the denominator of which is the aggregate amount of Claims identified in all of the Substantial Claimholders' Holdings Reports minus the greater of (1) the aggregate applicable Threshold Amount for all Substantial Claimholders and (2) the aggregate Protected Amount of all Substantial Claimholders; and (C) For each such Substantial Claimholder, the Debtors shall subtract from the total Claims held by such Substantial Claimholder (as reported in the Holdings Report) such Substantial Claimholder's *pro rata* share of the Sell-Down Amount.   The difference shall be the Maximum Amount;

15

g.  "New Common Stock" means the common stock and any other equity securities (including securities that are treated as equity securities for U.S. federal income tax purposes) of Post-Emergence Revlon, including Options to acquire the same;

h.  "Newly Traded Claims" means Claims (A) with respect to which a person (including any Entity) acquired beneficial ownership after the date that was eighteen (18) months prior to the Petition Date and (B) that are not "ordinary course" Claims, within the meaning of Treasury Regulations section 1.382-9(d)(2)(iv), of which the same person (including any Entity) always has had beneficial ownership;

i.  "Permitted Transferee" with respect to a Substantial Claimholder is a person (including any Entity) whose holding of a Claim would not result in such Substantial Claimholder having beneficial ownership of such Claim;

j.  "Post-Emergence Revlon" means the reorganized Debtors or any successor thereto;

k.  "Protected Amount" means the amount of Claims (by class or other applicable classification) of which a holder had beneficial ownership on the Petition Date *plus* the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into prior to the Petition Date, but that had not yet closed as of the Petition Date, and the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into after the Petition Date that have been approved by the Debtors in accordance with these Procedures minus the amount of Claims of which such holder sells, directly or indirectly, beneficial ownership pursuant to trades entered into prior to the Petition Date, but that had not yet closed as of the Petition Date;

l.  "Substantial Claimholder" means any person (including any Entity) that beneficially owns an aggregate dollar amount of Claims against the Debtors, or any Entity controlled by such person through which such person beneficially owns Claims against the Debtors, of more than the Threshold Amount. For the avoidance of doubt, section 382 of the IRC, the Treasury Regulations, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or Entities must be aggregated when a person's (including an Entity's) status as a Substantial Claimholder (for such purpose, a Claim is treated as if it were stock);

16

m.      "Threshold Amount" means an amount of Claims that, when taking into account the Owned Interests beneficially owned by a holder of Claims (including under the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New Common Stock.   For this purpose, the beneficial ownership of an Option to acquire Owned Interests shall be considered beneficial ownership of Owned Interests. Notwithstanding the foregoing, if a beneficial owner of Claims does not agree to refrain from acquiring beneficial ownership of additional Owned Interests (and Options to acquire the same) or to dispose of immediately any such Owned Interests or Options (if acquired on or after the Petition Date but prior to submitting its Notice of Substantial Claim Ownership (as hereinafter defined)), the Threshold Amount for such beneficial owner of Claims shall be the "Minimum Threshold Amount," which shall be the amount of Claims beneficially owned by a holder of Claims continuously from the Petition Date to the Sell-Down Date (as hereinafter defined); and

n.       "382(*l*)(5) Plan" means a plan of reorganization (a "Plan") that contemplates the use of section 382(*l*)(5) of the IRC by a reorganized debtor to obtain certain incremental tax benefits.

The following notice procedures apply to these Procedures:

a.      No later than three days following entry of the Final Order, the Debtors shall serve by overnight mail, postage prepaid a notice, substantially in the form of **Exhibit 1G1I** attached to the Interim Order (the "Notice of Final Order"), on: (i) the Office of the United States Trustee for the Southern District of New York; (ii) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (iii) Proskauer Rose LLP, as counsel to MidCap Funding IV Trust, in its capacity as (a) administrative agent and collateral agent under the Debtors' prepetition asset-based lending facility, (b) as administrative agent and collateral agent under the ABL DIP, and (c) ABL DIP Lender; (iv) Morgan Lewis & Bockius LLP, as counsel to Crystal Financial LLC, in its capacity as administrative agent for the SISO Term Loan; (v) Alter Domus, in its capacity as administrative agent for the Tranche B; (vi) Latham & Watkins, LLP, as counsel to Citibank N.A., in its capacity as 2016 Term Loan Agent; (vii) Quinn Emanuel Urquhart & Sullivan, LLP, in its capacity as counsel to the putative 2016 Term Loan group; (viii) Akin Gump Strauss Hauer & Feld, LLP, in its capacity as counsel to an ad hoc group of 2016 Term Loan lenders; (ix) Paul Hastings LLP, as counsel to Jefferies Finance LLC, in its capacity as BrandCo agent and DIP agent; (x) Davis Polk & Wardwell LLP and Kobre & Kim LLP, in their capacity as counsel to the ad hoc group of Term Loan DIP lenders andAd Hoc Group of BrandCo lendersLenders; and (xi) King & Spalding, LLP, in its capacity as counsel to Blue Torch Finance LLC, in its capacity as Foreign ABTL Facility administrative agent; (xii) the United States Attorney's Office for the Southern

District of New York; (xiii) the Internal Revenue Service; (xiv) the Securities Exchange Commission; (xv) the attorneys general for the states in which the Debtors operate; (xvi) all registered record holders of Common Stock (through their nominees); (xvii) counsel to any Official Committee;, including Brown Rudnick LLP as counsel to the official committee of unsecured creditors appointed in these chapter 11 cases; (xviii) any party that has requested notice pursuant to Bankruptcy Rule 2002; (xix) any known Substantial Shareholder(s) and 50% Shareholders; (xx) the transfer agent(s) for the Common Stock; (xxi) any directly registered holders of the Common Stock; (xxii) any record holders (i.e., banks, brokers, intermediaries, other nominees or their mailing agents) of the Common Stock; and (xxiii) any such other party entitled to notice pursuant to Local Rule 9013-1(b) (collectively, the "Notice Parties").

b.  All registered and nominee holders of Common Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on all holders for whose benefit such registered or nominee holder holds such Common Stock down the chain of ownership.

c.  Any entity or broker or agent acting on such entity's or individual's behalf who sells in excess of 2,610,232 shares (i.e., approximately 4.5% of all issued and outstanding shares of Common Stock)[5] to another entity or individual shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock or any broker or agent acting on such purchaser's behalf.

d.  To the extent confidential information is required in any declaration described in these Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors ***shall not*** be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except (i) to the extent necessary to respond to a petition or objection filed with the Court (ii) to the extent otherwise required by law, or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such declarations strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to a petitioner's objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.  For the avoidance of doubt, to the extent confidential information is required in any declaration described in these Procedures, such confidential information shall be served in redacted form to the Notice Parties.

---

[5]  Based on approximately 58,005,142 shares of Common Stock outstanding as of the Petition Date.

e.      The Debtors may waive, in writing, any and all restrictions, stays, and notification Procedures contained in this Notice.

## **Exhibit 1A**

**Declaration of Status as a Substantial Shareholder**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| REVLON, INC., *et al.*,[1] | ) | Case No. 22-10760 (DSJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. ~~—~~32** |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial Shareholder with respect to the common stock of Revlon, Inc. (the "Common Stock") and/or Options or any Beneficial Ownership therein.[2] Revlon, Inc. is a

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the ~~Debtors have requested~~Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2] For purposes of this Declaration: (i) a "Substantial Shareholder" is any Entity or individual that has Beneficial Ownership of at least 2,610,232 shares and warrants exercisable for shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock, treating each warrant exercisable for shares as an outstanding share for this purpose); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and rulings issued by the Internal Revenue Service and includes direct, indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity) and (5) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (iv) an "Entity" is any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting pursuant to a formal or informal understanding among coordinated acquisition of the Common Stock.

debtor and debtor-in-possession in Case No. ~~22 [~~~~~~~~~~]~~22-10760 (~~———~~DSJ)pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that, as of _____, 2022, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock. The following table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying the Options beneficially owned by the undersigned party and (b) the date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Common Stock and/or Options to acquire such Common Stock (categorized by class, as applicable). In the case of Common Stock and/or Options that are not owned directly by the undersigned party but are nonetheless beneficially owned by the undersigned party, the table sets forth (a) the name(s) of each record or legal owner of such shares of Common Stock and/or Options that are beneficially owned by the undersigned party, (b) the number of shares of Common Stock and/or the number of shares of the Common Stock underlying the Options beneficially owned by such undersigned party, and (c) the date(s) on which such Common Stock and/or Options were acquired (categorized by class, as applicable).

| Class | Name of Owner | Shares Owned | Shares Underlying Options Owned | Date(s) Acquired |
|-------|---------------|--------------|-------------------------------|------------------|
| Common Stock | | | | |

(Attach additional page or pages if necessary)

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock [Docket No. [__]] (the "Order"), this declaration (this "Declaration") is being served upon (i) the Debtors, One New York Plaza, New York NY 10004. (Attn.: Andrew Kidd); (ii) proposed counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn.: Kyle Kimpler and Robert Britton); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick St, New York, NY 10014 (Attn.: Brian Masumoto); (iv) counsel to any statutory committees appointed in the ~~Chapter~~chapter 11 ~~Cases~~cases (each, an "Official Committee"), including Brown Rudnick LLP as counsel to the official committee of unsecured creditors, and (v) counsel to the ~~ad hoc group of Term Loan DIP lenders and~~Ad Hoc Group of BrandCo ~~lenders~~Lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Joshua Y. Sturm and Stephanie P. Massman) in each case to allow actual receipt by no later than 4:00 p.m. (prevailing Eastern Time) on [_____].

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

3

Respectfully submitted,

(Name of Substantial Shareholder)

By: _____

    Name: _____

    Address: _____

    _____

    Telephone: _____

    Facsimile: _____

Dated: _____ __, 20__

_____, _____

(City)          (State)

4

## Exhibit 1B

**Declaration of Intent to Accumulate Common Stock**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVLON, INC., *et al.*,[1] | ) | Case No. 22-10760 (DSJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 32** __ |

## DECLARATION OF INTENT TO ACCUMULATE COMMON STOCK

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of

its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or

more shares of common stock of Revlon, Inc. (the "Common Stock") and/or Options or any

Beneficial Ownership therein.[2]   Revlon, Inc. is a debtor and debtor-in-possession in

---

[1]   The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955.  Due to the large number of debtor entities in these Chapter 11 Cases, for which the ~~Debtors have requested~~Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon.  The location of the Debtors' service address for purposes of these Chapter 11 Cases is:  One New York Plaza, New York, NY 10004.

[2]   For purposes of this Declaration: (i) a "Substantial Shareholder" is any Entity or individual that has Beneficial Ownership of at least 2,610,232 shares and warrants exercisable for shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock, treating each warrant exercisable for shares as an outstanding share for this purpose); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and rulings issued by the Internal Revenue Service and includes direct, indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity) and (5) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (iv) an "Entity" is any "entity" as such term  is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting  pursuant  to  a formal or informal understanding among coordinated acquisition of the Common Stock.

Case No. [_____]22-10760 (—DSJ) pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2022, the undersigned party served a declaration of status as a Substantial Shareholder as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being served upon (i) the Debtors, One New York Plaza, New York NY 10004. (Attn.: Andrew Kidd); (ii) proposed counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn.: Kyle Kimpler and Robert Britton); (iii) the Office of the United States Trustee for the

Southern District of New York, 201 Varick St, New York, NY 10014 (Attn.: Brian Masumoto); (iv) counsel to any statutory committees appointed in the Chapter 11 Cases (each, an "Official Committee"), including Brown Rudnick LLP as counsel to the official committee of unsecured creditors, and (v) counsel to the ~~ad hoc group of Term Loan DIP lenders and~~Ad Hoc Group of BrandCo ~~lenders~~Lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Joshua Y. Sturm and Stephanie P. Massman) in each case to allow actual receipt by no later than 4:00 p.m. (prevailing Eastern Time) on [_____].

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

PLEASE TAKE FURTHER NOTICE that the Debtors have 5 business days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and nonappealable order of the Court.  If the Debtors do not object within such 5 business day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice served in the same manner as this Declaration.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this

Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and

belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____ __, 20__

_____, _____

(City)                    (State)

4

## Exhibit 1C

**Declaration of Intent to Transfer Common Stock or Options**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVLON, INC., *et al.*,[1] | ) | Case No. 22-10760 (DSJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. ~~—~~32** |

---

### DECLARATION OF INTENT TO TRANSFER COMMON STOCK OR OPTIONS

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of

its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of

common stock of Revlon, Inc. (the "Common Stock") and/or Options or any Beneficial

Ownership therein.[2]    Revlon, Inc. is a debtor and debtor-in-possession in Case No.

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955.  Due to the large number of debtor entities in these Chapter 11 Cases, for which the ~~Debtors have requested~~Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is:  One New York Plaza, New York, NY 10004.

[2] For purposes of this Declaration: (i) a "Substantial Shareholder" is any Entity or individual that has Beneficial Ownership of at least 2,610,232 shares and warrants exercisable for shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock, treating each warrant exercisable for shares as an outstanding share for this purpose); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and rulings issued by the Internal Revenue Service and includes direct, indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity) and (5) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (iv) an "Entity" is any "entity" as such term  is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting  pursuant  to  a formal or informal understanding among coordinated acquisition of the Common Stock.

[      ]22-10760 (      DSJ)pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2022, the undersigned party served a declaration of status as a Substantial Shareholder as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being served upon (i) the Debtors, One New York Plaza, New York NY 10004. (Attn.: Andrew Kidd); (ii) proposed counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn.: Kyle Kimpler and Robert Britton); (iii) the Office of the United States Trustee for the

2

Southern District of New York, 201 Varick St, New York, NY 10014 (Attn.: Brian Masumoto); (iv) counsel to any statutory committees appointed in the ~~Chapter~~chapter 11 ~~Cases~~cases (each, an "Official Committee"), including Brown Rudnick LLP as counsel to the official committee of unsecured creditors, and (v) counsel to the ~~ad hoc group of Term Loan DIP lenders and~~Ad Hoc Group of BrandCo ~~lenders~~Lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Joshua Y. Sturm and Stephanie P. Massman) in each case to allow actual receipt by no later than 4:00 p.m. (prevailing Eastern Time) on [_____].

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 5 business days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and nonappealable order of the Court. If the Debtors do not object within such 5 business day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock and/or Options to acquire shares of Common Stock will each require an additional notice to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this

Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and

belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____ __, 20__

_____, _____

(City)        (State)

**Exhibit 1D**

**Declaration of** ~~Status as 50% Shareholder~~Intent to Pledge Common Stock

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REVLON, INC., *et al.*,[1] | ) Case No. 22-10760 (DSJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re:  Docket No. 32 |

**DECLARATION OF INTENT TO PLEDGE COMMON STOCK**

   **PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of

its intention to create, incur or grant a (i) Lien[2] upon one or more shares of common stock of

---

[1]  The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955.  Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is:  One New York Plaza, New York, NY 10004.

[2]  For purposes of this Declaration: (i) a "Substantial Shareholder" is any Entity or individual that has Beneficial Ownership of at least 2,610,232 shares and warrants exercisable for shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock, treating each warrant exercisable for shares as an outstanding share for this purpose); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and rulings issued by the Internal Revenue Service and includes direct, indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity) and (5) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire; (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; (iv) an "Entity" is any "entity" as such term  is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting  pursuant  to  a formal or informal understanding among coordinated acquisition of the Common Stock and (v) a "Lien" is any mortgage, pledge, hypothecation, collateral assignment, encumbrance, lien (statutory or other), charge or other security interest or any other security agreement of any kind or nature whatsoever (including any conditional sale or other title retention agreement and any capital lease having substantially the same economic effect as any of the foregoing).

Revlon, Inc. (the "Common Stock") and/or Options, whether actually owned or owned through Beneficial Ownership, or (ii) Lien upon an equity interest in an entity that owns directly or indirectly no material assets other than Common Stock and/or Options (the "Proposed Pledge"). Revlon, Inc. is a debtor and debtor-in-possession in Case No. 22-10760 (DSJ) pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2022, the undersigned party served a declaration of status as a Substantial Shareholder as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and/or Options to acquire _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Pledge, the undersigned party proposes to create, incur or grant a (i) Lien upon _____ shares of Common Stock and/or an Option with respect to _____ shares of Common Stock and/or (ii) Lien upon an equity interest in an entity which entity owns _____ shares of Common Stock and/or an Option with respect to _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock [Docket No. ___] (the "Order"), the undersigned party acknowledges that it is prohibited from consummating the Proposed Pledge unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 5 business days after receipt of this Declaration to object to the Proposed Pledge described herein. If the Debtors file an objection, such Proposed Pledge will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and nonappealable order of the Court. If the Debtors do not object within such 5 business day period, then after expiration of such period the Proposed Pledge may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated:_____, 20___
_____,_____
(City)                    (State)

**Exhibit 1E**

**Declaration of Intent to Exercise Remedies**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REVLON, INC., *et al.*,[1] | ) Case No. 22-10760 (DSJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 32** |

**DECLARATION OF INTENT TO EXERCISE REMEDIES**

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to foreclose, take title to, transfer or otherwise dispose of (an "Exercise of Remedies") (i) common stock of Revlon, Inc. (the "Common Stock") and/or Options, whether actually owned or owned through Beneficial Ownership[2], or (ii) an equity interest in an entity

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2] For purposes of this Declaration: (i) a "Substantial Shareholder" is any Entity or individual that has Beneficial Ownership of at least 2,610,232 shares and warrants exercisable for shares of Common Stock (representing approximately 4.5% of all issued and outstanding shares of Common Stock, treating each warrant exercisable for shares as an outstanding share for this purpose); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and rulings issued by the Internal Revenue Service and includes direct, indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity) and (5) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; (iv) an "Entity" is any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting pursuant to a formal or informal understanding among coordinated acquisition of the Common Stock and (v) a "Lien" is any mortgage, pledge, hypothecation, collateral assignment, encumbrance, lien (statutory or other), charge or other security

that owns directly or indirectly no material assets other than Common Stock and/or Options, in each case that either (A) the undersigned should know based on information reasonably available to it (including, for the avoidance of doubt, any publicly available information) is with respect to Common Stock and/or Options, or equity interests, held by a Substantial Shareholder or (B) which Exercise of Remedies would cause the undersigned to become a Substantial Shareholder. Revlon, Inc. is a debtor and debtor-in-possession in Case No. 22-10760 (DSJ) pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that, pursuant to the Exercise of Remedies, the undersigned party proposes to foreclose, take title to, transfer or otherwise dispose of (i) _____ shares of Common Stock and/or an Option with respect to _____ shares of Common Stock and/or (ii) an equity interest in an entity that owns _____ shares of Common Stock and/or an Option with respect to _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being served upon (i) the Debtors, One New York Plaza, New York NY 10004. (Attn.: Andrew Kidd); (ii) proposed counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn.: Kyle Kimpler and Robert Britton); (iii) the Office of the United States Trustee for the

---

interest or any other security agreement of any kind or nature whatsoever (including any conditional sale or other title retention agreement and any capital lease having substantially the same economic effect as any of the foregoing).

Southern District of New York, 201 Varick St, New York, NY 10014 (Attn.: Brian Masumoto); (iv) counsel to any statutory committees appointed in the chapter 11 cases (each, an "Official Committee"), including Brown Rudnick LLP as counsel to the official committee of unsecured creditors, and (v) counsel to the Ad Hoc Group of BrandCo Lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Joshua Y. Sturm and Stephanie P. Massman) in each case to allow actual receipt by no later than 4:00 p.m. (prevailing Eastern Time) on [_____].

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Exercise of Remedies unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 5 business days after receipt of this Declaration to object to the Exercise of Remedies described herein. If the Debtors file an objection, such Exercise of Remedies will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and nonappealable order of the Court. If the Debtors do not object within such 5 business day period, then after expiration of such period the Proposed Pledge may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party consummating an Exercise of Remedies, selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock and/or Options to acquire shares of Common Stock, or granting any Lien with respect to Common Stock and/or Options to acquire shares of Common

Stock or a Beneficial Interest therein will each require an additional notice to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____
Name: _____
Address: _____

_____
Telephone: _____
Facsimile: _____

**Dated:** _____, 20___
_____, _____
**(City)** _____ **(State)**

**Exhibit 1F**

**Declaration of Status as 50% Shareholder**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REVLON, INC., *et al.*,[1] | ) Case No. 22-10760 (DSJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. ~~—~~32** |

## DECLARATION OF STATUS AS A 50% SHAREHOLDER

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50%

Shareholder with respect to the common stock of Revlon, Inc. (the "<u>Common Stock</u>") or any

Beneficial Ownership therein.[2]  Revlon, Inc. is a debtor and debtor-in-possession in Case No.

---

[1]  The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955.  Due to the large number of debtor entities in these Chapter 11 Cases, for which the ~~Debtors have requested~~Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon.  The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2]  For purposes of this Declaration: (i) a "<u>50% Shareholder</u>" is any person or Entity that currently is or becomes a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Internal Revenue Code (the "<u>IRC</u>") and the applicable Treasury Regulations); (ii) "<u>Beneficial Ownership</u>" will be determined in accordance with the applicable rules of section 382 of the IRC, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and rulings issued by the Internal Revenue Service and includes direct, indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity) and (5) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (iii) an "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (iv) an "<u>Entity</u>" as such term  is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting  pursuant  to  a  formal  or  informal understanding among coordinated acquisition of the Common Stock.

[_____]22-10760 (—DSJ) pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that, as of _____ __, 2022, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock. The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Final Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being served upon (i) the Debtors, One New York Plaza, New York NY 10004. (Attn.: Andrew Kidd); (ii) proposed counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn.: Kyle Kimpler and Robert Britton); (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick St, New York, NY 10014 (Attn.: Brian Masumoto); (iv) counsel to any statutory committees appointed in the Chapterchapter 11 Casescases (each, an "Official Committee"), including Brown Rudnick LLP as counsel to the official committee of

2

unsecured creditors, and (v) counsel to the ~~ad hoc group of Term Loan DIP lenders and~~Ad Hoc Group of BrandCo ~~lenders~~Lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Joshua Y. Sturm and Stephanie P. Massman) in each case to allow actual receipt by no later than 4:00 p.m. (prevailing Eastern Time) on [_____].

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of 50% Shareholder)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____ __, 20__
_____, _____
(City)      (State)

3

## Exhibit ~~1E~~1G

**Declaration of Intent to Claim a Worthless Stock Deduction**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REVLON, INC., *et al.*,[1] | ) Case No. 22-10760 (DSJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. ~~—~~ 32** |

**DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION**

   **PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of

its intention to claim a worthless stock deduction with respect to one or more shares of common

stock of Revlon, Inc. (the "Common Stock") or any Beneficial Ownership therein.[2]  Revlon, Inc.

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955.  Due to the large number of debtor entities in these Chapter 11 Cases, for which the ~~Debtors have requested~~Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon.  The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2] For purposes of this Declaration: (i) a "50% Shareholder" is any person or Entity that currently is or becomes a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Internal Revenue Code (the "IRC")) and the applicable Treasury Regulations); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the IRC, the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and rulings issued by the Internal Revenue Service and includes direct, indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity) (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity) and (5) to the extent set forth in Treasury Regulations section 1.382-4, a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable; and (iv) an "Entity" as such term  is defined in Treasury Regulations section 1.382-3(a), including any group of persons acting  pursuant  to a  formal  or informal understanding among coordinated acquisition of the Common Stock.

is a debtor and debtor-in-possession in Case No. [ ]22-10760 ( DSJ) pending in the United

States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __,

2022, the undersigned party served a declaration of status as a 50% Shareholder as set forth

therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has

Beneficial Ownership of _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that the undersigned party proposes to

declare for [federal/a specified state] tax purposes that _____ shares of Common Stock

became worthless during the tax year ending _____ (the "Proposed Worthlessness Claim").

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer

identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain Final

Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations

of Worthlessness with Respect to Common Stock [Docket No. ___] (the "Order"), this

declaration (this "Declaration") is being served upon (i) the Debtors, One New York Plaza, New

York NY 10004. (Attn.: Andrew Kidd); (ii) proposed counsel to the Debtors, Paul, Weiss,

Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019

(Attn.: Kyle Kimpler and Robert Britton); (iii) the Office of the United States Trustee for the

Southern District of New York, 201 Varick St, New York, NY 10014 (Attn.: Brian Masumoto);

(iv) counsel to any statutory committees appointed in the Chapterchapter 11 Casescases (each, an

"Official Committee"), including Brown Rudnick LLP as counsel to the official committee of

unsecured creditors, and (v) counsel to the ad hoc group of Term Loan DIP lenders andAd Hoc

2

Group of BrandCo ~~lenders~~Lenders, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Eli J. Vonnegut, Joshua Y. Sturm and Stephanie P. Massman) in each case to allow actual receipt by no later than 4:00 p.m. (prevailing Eastern Time) on [_____].

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the undersigned party acknowledges that the Debtors have 5 business days after receipt of this Declaration to object to the Proposed Worthlessness Claim described herein. If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless such objection is withdrawn by the Debtors or such action is approved by a final order of the Bankruptcy Court that becomes nonappealable. If the Debtors do not object within such 5 business day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating, or selling, trading or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice served in the same manner as this Declaration.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)


By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____


Dated: _____ __, 20__
_____, _____
(City)       (State)

4

**Exhibit ~~1F~~1H**

**Notice of Substantial Claim Ownership**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REVLON, INC., *et al.*,[1] | ) Case No. 22-10760 (DSJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re:  Docket No. ~~—~~32** |

---

### NOTICE OF SUBSTANTIAL CLAIM OWNERSHIP

1.       **PLEASE TAKE NOTICE** that, pursuant to that certain Final Order Establishing

Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and

Claims Against, the Debtors, dated [_____], 2022, Docket No. [__] (with all exhibits thereto,

the  "Final Order"), [person (including any Entity) ] hereby provides notice that the undersigned

party beneficially owns either (i) more than $[  ] of Claims[2] against the Debtors or (ii) a lesser

amount of Claims that (based on the applicable information set forth in the Proposed 382($l$)(5)

Disclosure Statement), when taking into account any Owned Interests beneficially owned by a

holder of Claims (including under the aggregation rules described in the definition of Substantial

Claimholder), could result in such holder of Claims holding the Applicable Percentage of New

Common Stock.

---

[1]    The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955.  Due to the large number of
debtor entities in these Chapter 11 Cases, for which the ~~Debtors have requested~~Court granted joint
administration, a complete list of the debtor entities and the last four digits of their federal tax identification
numbers is not provided herein.  A complete list of such information may be obtained on the website of the
Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon.  The location of the Debtors'
service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final
Order.

2.      **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

3.      In the case of Claims that are owned directly by the undersigned party, the table sets forth the dollar amount of all Claims beneficially owned (as hereinafter defined) by the undersigned party (categorized by class or other applicable classification).

4.      In the case of Claims that are not owned directly by the undersigned party but nonetheless are beneficially owned by the undersigned party, the table sets forth (a) the name(s) of each record or legal owner of such Claims that are beneficially owned by the undersigned party and (b) the dollar amount of all Claims beneficially owned by such undersigned party (categorized by class or other applicable classification).

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|-------|----------------------|---------------|---------------------|
|       |                      |               |                     |
|       |                      |               |                     |

(Attach additional page if necessary.)

5.      **PLEASE TAKE FURTHER NOTICE** that the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims beneficially owned by the undersigned party (whether owned by the undersigned party directly or indirectly) and that undersigned party will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|-------|----------------------|---------------|------------------|
|       |                      |               |                  |
|       |                      |               |                  |

(Attach additional page if necessary.)

6.    **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

7.    In the case of Owned Interests that are owned directly by the undersigned party, the table sets forth (a) the type and number of any Owned Interests beneficially owned (or that are subject to Options that are beneficially owned) by the undersigned party and (b) the date(s) on which such Owned Interests (and Options to acquire the same) were acquired (categorized by class or other applicable classification);

8.    In the case of Owned Interests that are not owned directly by the undersigned party but nonetheless are beneficially owned by the undersigned party, the table sets forth (a) the name(s) of each record or legal owner of such Owned Interests that are beneficially owned by the undersigned party, (b) the type and number of any such Owned Interests beneficially owned (or that are subject to Options that are beneficially owned) by such undersigned party, and (c) the date(s) on which such Owned Interests (and Options to acquire the same) were acquired (categorized by class or other applicable classification).

9.    The undersigned party will provide any additional information in respect of such Owned Interests that the Debtors reasonably request.

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

3

10.    **PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby [agrees ☐ / does not agree ☐— **PLEASE CHECK AS APPLICABLE**] that it will not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before Debtors' emergence from bankruptcy protection and that it immediately will dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Petition Date and prior to submitting this Notice.

11.    **PLEASE TAKE FURTHER NOTICE** that, the taxpayer identification number of the undersigned party is _____.

12.    **PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any) and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:] The undersigned party is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Party]

By: _____
    Name: _____
    Address: _____
    _____
    Telephone: _____
    Facsimile: _____
    Date: _____

4

## Exhibit ~~1G~~1I

**Notice of Request to Purchase, Acquire, or Otherwise Accumulate a Claim**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REVLON, INC., *et al.*,[1] | ) Case No. 22-10760 (DSJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. —32** |

**NOTICE OF REQUEST TO PURCHASE, ACQUIRE, OR OTHERWISE**
**ACCUMULATE A CLAIM AGAINST THE DEBTORS**

1.      **PLEASE TAKE NOTICE** that, pursuant to that certain Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and Claims Against, the Debtors, dated [_____], 2022, Docket No. [__] (with all exhibits thereto, the "Final Order"), [person (including any Entity)] hereby provides notice of (i) its intent to purchase, acquire, or otherwise accumulate directly a Claim[2] or Claims against the Debtors and/or (ii) a proposed purchase or acquisition of Claims that, following the proposed acquisition, would be beneficially owned by the undersigned party (any proposed transaction described in (i) or (ii), a "Proposed Transfer").

2.      **PLEASE TAKE FURTHER NOTICE** that, if applicable, on [prior date(s)], the undersigned party served a Notice of Substantial Claim Ownership with the Plan Proponent, counsel to the Plan Proponent, and counsel to any Official Committee.

---

[1]    The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the ~~Debtors have requested~~Court granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

3.      **PLEASE TAKE FURTHER NOTICE** that, the undersigned party is filing this

notice as (check one):

| | |
|---|---|
| *A person (including any Entity)  that served or was required to serve a Notice of Substantial Claim Ownership* | |
| *A person (including any Entity)  that, upon consummation of the Proposed Transfer, would have been required to serve a Notice of Substantial Claim Ownership (if the proposed acquisition date had been the Determination Date)* | |

4.      **PLEASE TAKE FURTHER NOTICE**, that the following tables set forth the

following information:

5.      In the case of Claims and/or Owned Interests that are owned directly by the

undersigned party, the tables set forth (a) the dollar amount of all Claims and the type and

number of Owned Interests (and Options to acquire the same) beneficially owned by the

undersigned party (categorized by class or other applicable classification) and, (b) if applicable,

the date such Owned Interests (or Options to acquire the same) were acquired.

6.      In the case of Claims and/or Owned Interests that are not owned directly by the

undersigned party but nonetheless are beneficially owned by the undersigned party, the tables set

forth (a) the name(s) of each record or legal owner of the Claims and/or Owned Interests (and

Options to acquire the same) that are beneficially owned by the undersigned party, (b) the dollar

amount of all Claims and the type and number of Owned Interests beneficially owned by the

undersigned party (categorized by class or other applicable classification), and, (c) if applicable,

the date such Owned Interests (and Options to acquire the same) were acquired.

7.      The undersigned party will provide any additional information in respect of such

Claims and/or Owned Interests that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|---|---|---|---|
| | | | |

2

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

8.      **PLEASE TAKE FURTHER NOTICE** that, the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims beneficially owned by the undersigned party (whether owned by the undersigned party directly or indirectly).

9.      The undersigned party will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

10.      **PLEASE TAKE FURTHER NOTICE** that, the following table sets forth the following information:

11.     If the Proposed Transfer involves the purchase or acquisition of Claims directly by the undersigned party, the table sets forth the dollar amount of all Claims (categorized by class or other applicable classification) proposed to be purchased or acquired.

12.     If the Proposed Transfer involves the purchase or acquisition of Claims by a person (including any Entity) other than the undersigned party, but the Proposed Transfer nonetheless would increase the dollar amount of Claims that are beneficially owned by the undersigned party, the table sets forth (a) the name(s) of each such person that proposes to purchase or acquire such Claims and (b) the dollar amount of all Claims (categorized by class or other applicable classification) proposed to be purchased or acquired.

| Class | Description of Claim | Name of Owner | Dollar Amount to be Acquired |
|-------|----------------------|---------------|------------------------------|
|       |                      |               |                              |
|       |                      |               |                              |

(Attach additional page if necessary.)

13.     **PLEASE TAKE FURTHER NOTICE** that, if the Proposed Transfer involves a purchase or acquisition of Claims directly by the undersigned party and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Claims by a person (including any Entity) (other than the undersigned party) that currently is a Substantial Claimholder or (b) a person's (other than the undersigned party) becoming a Substantial Claimholder, the following tables set forth (i) the name of each such person, (ii) the dollar amount of all Claims beneficially owned by such person currently (i.e., prior to the Proposed Transfer) (categorized by class or other applicable classification), (iii) the dollar amount of all Claims that would be beneficially owned by such person  immediately following the Proposed Transfer (categorized by class or

4

other applicable classification), (iv) the number and type of Owned Interests (and Options to acquire the same) beneficially owned by such person as of the date of the Proposed Transfer (categorized by class or other applicable classification), and (v) the date such Owned Interests (and Options to acquire the same) were acquired:

| Class | Description of Claim | Name of Owner | Dollar Amount of Claims Owned Currently (i.e., Prior to Proposed Transfer) | Dollar Amount of Claims to be Owned Following Proposed Transfer |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

(Attach additional page if necessary.)

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

14.    **PLEASE TAKE FURTHER NOTICE** that, the undersigned party [agreed ☐ / did not agree ☐— **PLEASE CHECK AS APPLICABLE**] in its Notice of Substantial Claim Ownership served that it would not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before the Debtors' emergence from bankruptcy protection and that it immediately would dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the  Petition Date and prior to submitting its Notice of Substantial

5

Claim Ownership, and the undersigned party has complied with and intends to continue to comply with such statement.

15.     **PLEASE TAKE FURTHER NOTICE** that, if the Plan Proponent approves the Proposed Transfer and the undersigned party did not previously serve a Notice of Substantial Claim Ownership, the undersigned party, under penalty of perjury, hereby [agrees ☐ / does not agree ☐— **PLEASE CHECK AS APPLICABLE**] that it will not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before the Debtors' emergence from bankruptcy protection and that it immediately will dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Petition Date and prior to submitting this Notice.

16.     **PLEASE TAKE FURTHER NOTICE** that, the taxpayer identification number of the undersigned party is _____.

17.     **PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

18.     **PLEASE TAKE FURTHER NOTICE** that, the undersigned party hereby acknowledges that, if the Plan Proponent does not approve the Proposed Transfer in writing within eight days after the filing of this Notice, such Proposed Transfer shall be deemed <u>rejected</u>. If the Plan Proponent provides written authorization approving the Proposed Transfer prior to the end of such eight business day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

19.     This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

[IF APPLICABLE:]   The undersigned party is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).

Respectfully submitted,

_____
[Name of Party]

By:_____

Name:_____
_____

Address: _____

Telephone: _____

Facsimile: _____

Date: _____

**Exhibit ~~III~~1J**

**Notice of Compliance**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVLON, INC., *et al.*,[1] | ) | Case No. 22-10760 (DSJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. —32** |

---

### NOTICE OF COMPLIANCE

---

1.    PLEASE TAKE NOTICE that, pursuant to that certain Final Order Establishing

Notification Procedures and Approving Restrictions on Certain Transfers of Stock of, and

Claims Against, the Debtors, dated [_____], 2022, Docket No. [__] (with all exhibits thereto,

the "Final Order"), [person (including any Entity)] hereby provides notice that undersigned party

has complied in full with the terms and conditions set forth in the Final Order and as further set

forth in the Sell-Down Notice[2] issued to undersigned party, such that (i) undersigned party does

not and will not beneficially own an Excess Amount of Claims as of the Sell-Down Date and at

all times through the effective date of the 382(*l*)(5) Plan and (ii) if undersigned party so agreed in

its Notice of Substantial Claim Ownership, undersigned party does not and will not beneficially

own any Owned Interests (and Options to acquire the same) unless acquired prior to the Petition

Date.

---

[1]    The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955.  Due to the large number of
debtor entities in these Chapter 11 Cases, for which the ~~Debtors have requested~~Court granted joint
administration, a complete list of the debtor entities and the last four digits of their federal tax identification
numbers is not provided herein.  A complete list of such information may be obtained on the website of the
Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon.  The location of the Debtors'
service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in **Exhibit 1** to the Final
Order.

2.        PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of

undersigned party is _____.

[IF APPLICABLE:]   The undersigned party is represented by [name of law firm],

[address], [phone], (Attn: [name of attorney]).

Respectfully submitted,

_____
[Name of Party]

By:_____
_____

Name:_____

Address: _____

Telephone: _____
_____

Facsimile: _____

Date: _____