UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| REVLON, INC., *et al.*,[1] | ) Case No. 22-10760 (DSJ) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No. 155** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PETRILLO KLEIN & BOXER LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Debtors' *Application for an Order Authorizing the Retention and Employment of Petrillo Klein & Boxer LLP as Attorneys for the Debtors and Debtors In Possession* Nunc Pro Tunc *to the Petition Date* (the "Retention Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") authorizing the retention and employment of Petrillo Klein & Boxer LLP ("The Petrillo Firm" or the "Firm") as attorneys for the Debtors with respect to all Investigation Committee Matters in these Chapter 11 Cases, effective *nunc pro tunc* to the Petition Date, all as more fully described in the Retention Application; and the Court having reviewed the Retention Application, the

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court has granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Retention Application.

declaration of Guy Petrillo (the "Petrillo Declaration"), and the declaration of D.J. Baker, the Disinterested Director of Revlon, Inc. (the "Baker Declaration"); and this Court being satisfied, based on the representations made in the Retention Application and the Petrillo Declaration, that The Petrillo Firm represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and it appearing that this Court has jurisdiction to consider the Retention Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Chapter 11 Cases and the Retention Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Retention Application has been given and that no other or further notice is necessary; **and a Certificate of No Objection having been filed**; ~~and a hearing having been held to consider the relief requested in the Retention Application~~; and upon ~~the record of the hearing and~~ all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Retention Application is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and the legal and factual bases set forth in the Retention Application having established just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:  **[DSJ 7/21/22]**

1. The Retention Application is GRANTED to the extent provided herein.

2. Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain The Petrillo Firm as their co-counsel with respect to all Investigation Committee Matters in these Chapter 11 Cases *nunc pro tunc* to the Petition Date in accordance with the terms and

conditions set forth in the engagement agreement effective as of June 15, 2022 (the "Engagement Letter") attached to the Retention Application as **Exhibit D**.

3. The Petrillo Firm is authorized to render professional services to the Debtors at the direction of the Investigation Committee in connection with the Investigation Committee Matters as described in the Retention Application and the Engagement Letter.

4. The Petrillo Firm shall apply for compensation of professional services and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules and any applicable orders of this Court.

5. The Petrillo Firm may apply the advanced payment retainer to outstanding fees and expenses relating to the period prior to the Petition Date. The Petrillo Firm shall apply any remaining amounts of its prepetition retainers as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to the Firm. The Petrillo Firm shall waive any outstanding fees and expenses in excess of the fully applied advanced payment retainer relating to the period prior to the Petition Date.

6. The Petrillo Firm shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other Chapter 11 Professionals in these Chapter 11 Cases.

7. To the extent the Retention Application is inconsistent with this Order, the terms of this Order shall govern.

8. The Debtors and The Petrillo Firm are authorized to take all action necessary to carry out this Order.

9. Notice of the Retention Application as provided therein shall be deemed good and sufficient notice of the Retention Application, and the Local Bankruptcy Rules are satisfied by the contents of the Retention Application.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: July 21, 2022
New York, New York

*s/David S. Jones*
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE