UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| REVLON, INC., *et al.*,[1] | ) Case No. 22-10760 (DSJ) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Re: Docket No. 145** |

### ORDER AUTHORIZING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

This Court has considered the *Debtors' Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Motion").[2] This Court has reviewed the Motion and the First Day Declaration and has considered the statements of counsel and the evidence adduced with respect to the Motion at any hearing held before the Court (the "Hearing"). This Court has found that (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iv) notice of the Motion and any Hearing was sufficient under the circumstances. After due deliberation, this Court has determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors, and good and sufficient cause having been shown;

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court has granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Except as otherwise provided in an order approving the OCP Motion or an order of this Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order of this Court in these Chapter 11 Cases (collectively, the "Professionals") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

   (a) Unless otherwise provided in the order authorizing the Professional's retention, each Professional seeking monthly compensation must prepare monthly fee applications (each, a "Monthly Fee Application") in accordance with Local Rule 2016-1(c), which shall include (i) the information required by Local Rules 2016-1(a) & (b) and (ii) a monthly invoice that contains fee and expense details that describes the fees and expenses incurred by such Professional;

   (b) Each Professional must serve its Monthly Fee Application by electronic or first class mail on the following parties (the "Notice Parties") on or before the twentieth (20th) day of each month following the month for which compensation is sought:

   (i) *the Debtors*, Revlon, Inc., One New York Plaza, New York, NY 10014 (Attn: Andrew Kidd, Esq.);

   (ii) *Debtors' Counsel*, Paul, Weiss, Rifkind, Wharton & Garrison, 1258 Avenue of the Americas, New York, NY 10019 (Attn: Robert A. Britton, Esq.);

   (iii) *the Office of the United States Trustee Region 2* (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Brian Masumoto, Esq.);

   (iv) *Counsel to any statutory committee appointed by the United States Trustee*, including the *Official Committee of Unsecured Creditors*, Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert J. Stark, Esq. and Bennett S. Silverberg, Esq.), (each, a "Committee"); and

2

      (v)    *Counsel to the Ad Hoc Group of BrandCo Lenders*, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Eli J. Vonnegut, Esq.).

(c) On or before the twentieth (20th) day of each month following the month for which compensation is sought, each professional seeking compensation shall file a Monthly Fee Application with the Court; however, a courtesy copy need not be delivered to the Judge's chambers. The monthly fee order does not alter the fee application requirements outlined in sections 330 and 331 of the Code. Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Bankruptcy Rules, and the Local Rules;

(d) Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months;

(e) Except as otherwise permitted by an order of the court authorizing the retention of a professional, each Monthly Fee Application must contain a list of the individuals (and their respective titles—attorney, paralegal, etc.), who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as otherwise ordered by the Court;

(f) Each Notice Party will have fifteen (15) days after the filing and service of a Monthly Fee Application to object to such application (the "Objection Deadline"). Upon the expiration of the Objection Deadline, each Professional may file a certificate of no objection or a certification of counsel with the Court, whichever is applicable, after which the Debtors are authorized to pay each Professional an amount (the "Actual Payment") equal to the lesser of (a) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "Maximum Payment"), and (b) the aggregate amount of fees and expenses not subject to an objection pursuant to paragraph (g) below;[3]

---

[3] The remaining twenty percent of the Professional's fees for each Monthly Fee Application shall be withheld from payment until further order of the Court (the "Monthly Fee Holdback").

3

(g) If any Notice Party objects to a Professional's Monthly Fee Application, such Notice Party must serve on the affected Professional and each of the other Notice Parties a written objection (the "Objection") on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within fourteen (14) days after service of the Objection, the affected Professional may either: (a) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Actual Payment made to the affected Professional (the "Incremental Amount") and schedule such matter for hearing on at least fourteen (14) days' notice or (b) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the affected Professional;

(h) If an Objection is resolved, the Professional whose Monthly Fee Application was the subject of the Objection shall file and serve a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution. Upon the filing of such statement, the Debtors shall promptly pay, in accordance with paragraph (f), that portion of the Monthly Fee Application which is no longer subject to an Objection;

(i) All Objections that are not resolved by the parties or by Court order shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (l) below;

(j) The filing of an Objection in accordance with paragraph (f) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision of any party not to object to a Monthly Fee Application shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(k) Commencing with the period ending September 30, 2022, at four-month intervals (the "Interim Fee Period"), each of the Professionals shall file with the Court and serve on the Notice Parties an application for interim approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (an "Interim Fee Application"), of the compensation and reimbursement of expenses requested by the Professional in its Monthly Fee Application, including any difference between any amounts owed to the

        Professional and the Actual Payments, filed during the Interim Fee Period. Each Professional shall file its Interim Fee Application no later than 45 days after the end of the Interim Fee Period (the "<u>Interim Application Filing Date</u>") for which the application seeks allowance of fees and reimbursement of expenses. An Interim Fee Application must identify the Monthly Fee Applications that are the subject of the request and any information requested by the Court or required by the Local Rules. A Professional filing an Interim Fee Application shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable law;

        The first Interim Fee Application must be filed on or before November 14, 2022 for the Interim Fee Period from the Petition Date through September 30, 2022. There will be no penalties for failing to submit an Interim Fee Application in a timely manner. Any objections to an Interim Fee Application (an "<u>Additional Objection</u>") shall be filed with the Court and served upon, which service may be via hand delivery, overnight courier or first class mail, the affected Professional and the Notice Parties so as to be received on or before the 21st day (or the next business day if such day is not a business day) following the Interim Fee Application Filing Date. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing, upon the Professional's filing of a certificate of no objection, or a certification of counsel with the Court, whichever is applicable. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including any difference between any amounts owed to the Professional and the Actual Payments) and expenses not previously paid;

(l)    Unless a chapter 11 plan of reorganization or liquidation has been confirmed before the deadline to file an Interim Fee Application, the Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Professionals (the "<u>Interim Fee Hearing</u>"). At least 21 days prior to the Interim Fee Hearing, the Debtors shall file a notice with the Court, with service upon the U.S. Trustee and all Professionals, setting forth the time, date and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications and the objection deadline;

(m)    The pendency of an Interim Fee Application, a Monthly Fee Application, or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Application shall not disqualify a professional from the future

5

    payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court; and

 (n) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

3. In each Interim Fee Application and final fee application, all attorneys who have been or are hereafter retained pursuant to sections 327 and 1103 of the Bankruptcy Code (i) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures or orders of the Court and (ii) shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases* effective as of November 1, 2013.

4. The Debtors shall include all payments to retained professionals in these Chapter 11 Cases on their monthly operating report, detailed so as to state the amount paid to each retained professional; *provided* that amounts paid to ordinary course professionals may be stated in the aggregate on any monthly operating report.

5. Each member of a Committee may submit statements of expenses (excluding third-party counsel fees) and supporting vouchers to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures.

6. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: July 21, 2022           *s/ David S. Jones*
       New York, New York     HONORABLE DAVID S. JONES
                                                UNITED STATES BANKRUPTCY JUDGE