UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVLON, INC., *et al.*,[1] | ) | Case No. 22-10760 (DSJ) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 341__ |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
TENEO CAPITAL LLC BY THE DEBTORS AND
DEBTORS IN POSSESSION *NUNC PRO TUNC* TO JULY 18, 2022**

Upon the *Debtors' Application For An Order Authorizing The Retention And Employment Of Teneo Capital LLC By The Debtors And Debtors In Possession Nunc Pro Tunc To July 18, 2022* (the "Retention Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 327(a), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") authorizing the retention and employment of Teneo Capital LLC ("Teneo") to render independent financial advisory services to the Debtors with respect to all Investigation Committee Matters in these Chapter 11 Cases, effective *nunc pro tunc* to July 18, 2022, all as more fully described in the Retention Application; and the Court having reviewed the Retention Application, and the

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court has granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Retention Application.

declaration of Harrison J. Goldin (the "Goldin Declaration"); and this Court being satisfied, based on the representations made in the Retention Application and the Goldin Declaration, that Teneo is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Teneo represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and it appearing that this Court has jurisdiction to consider the Retention Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Chapter 11 Cases and the Retention Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Retention Application has been given and that no other or further notice is necessary; and upon the filing of a Certificate of No Objection and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Retention Application is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and the legal and factual bases set forth in the Retention Application having established just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Retention Application is GRANTED to the extent provided herein.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain Teneo with respect to all Investigation Committee Matters in these Chapter 11 Cases *nunc pro tunc* to July 18, 2022, in accordance with the terms and conditions set forth in the engagement agreement effective as of July 18, 2022 (the "Engagement Letter") attached to the Retention Application as **Exhibit C**.

3. Teneo is authorized to render professional services to the Debtors at the direction of the Investigation Committee and to the extent requested by Petrillo Klein & Boxer LLP and Alan Gover in connection with the Investigation Committee Matters as described in the Retention Application and the Engagement Letter.

4. Teneo shall apply for compensation of professional services and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules and any applicable orders of this Court.

5. Teneo shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other Chapter 11 Professionals in these Chapter 11 Cases.

6. The Indemnification Provisions set forth in the Engagement Letter are approved, subject to the following modifications during the pendency of these Chapter 11 Cases:

   a. all requests of Teneo and the Teneo Parties for indemnification pursuant any order approving the Indemnification Provisions, shall be made by means of an application (interim or final as the case may be) filed with this Court;

   b. all requests by Teneo and the Teneo Parties for indemnification by the Debtors and their estates shall be subject to review by this Court to ensure that payment of such indemnification amounts conforms to the terms of this Order and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought;

   c. in no event shall Teneo and the Teneo Parties be indemnified if a claim is asserted and a court determines by final order that such claim arose out of Teneo's own gross negligence or willful misconduct; and

   d. in the event that Teneo and the Teneo Parties seek reimbursement for attorneys' fees from the Debtors and their estates pursuant to this Order, which shall be permitted, the invoices and supporting time records from such attorneys shall be included in Teneo's own applications (both interim and final) and such invoices and time records shall be subject to the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* without regard to whether such attorney has

3

been retained under section 328, 1103(a), and 1103(b) of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

7. Any language in the Indemnification Provisions of the Engagement Letter limiting Teneo's liability for amounts in excess of the amount of fees received by Teneo is hereby eliminated and of no force or effect, subject to the other terms of the Indemnification Provisions.

8. To the extent the Retention Application is inconsistent with this Order, the terms of this Order shall govern.

9. The Debtors and Teneo are authorized to take all action necessary to carry out this Order.

10. Notice of the Retention Application as provided therein shall be deemed good and sufficient notice of the Retention Application, and the Local Bankruptcy Rules are satisfied by the contents of the Retention Application.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: August 23, 2022
      New York, New York

*s/ David S. Jones*
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE