UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| REVLON, INC., *et al.*,[1] | ) ) ) | Case No. 22-10760 (DSJ) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

**ORDER (I) ESTABLISHING DEADLINES FOR (A) SUBMITTING
PROOFS OF CLAIM AND (B) REQUESTS FOR PAYMENT UNDER
BANKRUPTCY CODE SECTION 503(b)(9), (II) APPROVING THE FORM,
MANNER AND NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) setting the Bar Dates for filing prepetition Proofs of Claim in these Chapter 11 Cases; (b) establishing procedures for filing Proofs of Claim; (c) approving the form and manner of notice thereof; and (d) granting related relief, and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application; and a Certificate of No Objection having been filed; and this Court having determined

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court has granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Court hereby approves (a) the Proof of Claim Form, Bar Date Notice, and Publication Notice substantially in the forms attached to this Order as **Exhibit 1**, **Exhibit 2**, and **Exhibit 3**, respectively; and (b) the manner of providing notice of the Bar Dates as described in the Application.

3. Except as otherwise provided herein, any Person or Entity (including, without limitation, any individual, partnership, joint venture, corporation, estate, and trust) that holds, or seeks to assert, a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the June 15, 2022 (the "Petition Date"), no matter how remote, contingent, or unliquidated, including, without limitation, secured Claims, unsecured priority Claims (including, without limitation, Claims entitled to priority under sections 507(a)(3) through 507(a)(10) and 503(b)(9) of the Bankruptcy Code) and unsecured non-priority Claims (including, without limitation, Claims under sections 502(d) and 502(g) of the Bankruptcy Code and any other Claims described or defined in this Order or the Application), must properly file a Proof of Claim on or before the applicable Bar Date (pursuant to the procedures set forth in this Order) in order to share in any distributions by the Debtors' estates or otherwise participate in voting on any chapter 11 plan or distributions under any such plan. Each Claimant described in the preceding sentence, including creditors as defined in section 101(10) of the Bankruptcy Code, is referred to herein as a "Claimant" and collectively as "Claimants."

4.       Pursuant to Bankruptcy Rule 3003(c)(2), any Claimant other than a Governmental Unit that asserts a Claim against a Debtor that arose, or is deemed to have arisen, prior to the Petition Date must file a written Proof of Claim, substantially in the form attached hereto as <u>Exhibit 1</u> (the Proof of Claim Form) or Official Form B410, on or prior to October 24, 2022 at 5:00 p.m., prevailing Eastern Time (the "<u>General Bar Date</u>"), so that such Proof of Claim is actually received by Kroll on or before the General Bar Date.

5.       Any Claimant that asserts a Claim against a Debtor entitled to priority under section 503(b)(9) of the Bankruptcy Code (a "<u>503(b)(9) Claim</u>") must file a Proof of Claim on or prior to the General Bar Date.

6.       Any Claimant that asserts a personal injury claim arising from a disease allegedly caused by the exposure to cosmetic talc allegedly contained in the Debtors' products (such Claimant, a "<u>Talc PI Claimant</u>", and such a claim a, "<u>Talc PI Claim</u>") may file a Proof of Claim after the General Bar Date without obtaining relief from the Court to file such Proof of Claim after the General Bar Date *provided* that such disease was diagnosed by a licensed medical doctor for the first time after the Petition Date.  Any such Talc PI Claim filed after the General Bar Date but prior to the confirmation date of a bankruptcy plan, without leave of the Court, shall be deemed timely filed as an unsecured, unliquidated claim (subject to further allowance of such claim by a court of competent jurisdiction), *provided* that any Talc PI Claim that is filed after the date that votes are initially solicited on a plan shall not be entitled to vote on such plan.   This Order is without prejudice to the right of a Talc PI Claimant to seek relief from the Court authorizing such Talc PI Claimant to assert a liquidated and/or priority claim against the Debtors after the General Bar Date.  The provision of this paragraph governs only the timing of filing of Talc PI Claims, it being understood that all parties reserve all rights to dispute or challenge any filed Talc PI Claims

3

on any basis, and shall not create a presumption that any Claimant received actual or constructive notice of the General Bar Date or of the commencement of the Debtors' Chapter 11 Cases.

7. Any Governmental Unit that asserts a Claim against a Debtor that arose prior to the Petition Date must file a Proof of Claim on or prior to December 12, 2022 at 5:00 p.m., prevailing Eastern Time (the "Governmental Bar Date"), so that such Proof of Claim is actually received by Kroll on or before the Governmental Bar Date.

8. Any Claimant that asserts a Claim against a Debtor arising from the Debtor's rejection of an executory contract or unexpired lease (a "Rejection Damages Claim") must file a Proof of Claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable and (b) any date this Court may fix in the applicable order authorizing such rejection and, if no such date is provided, 5:00 p.m. prevailing Eastern Time on the date that is 30 days from the date of entry of such order (the "Rejection Damages Bar Date") so that such Proof of Claim is actually received by Kroll on or before the Rejection Damages Bar Date. The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

9. If the Debtors amend or supplement the Schedules subsequent to the date hereof, any affected creditor may file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled Claim in accordance with the procedures described herein. The Debtors will provide notice of any amendment or supplement of the Schedules to the Claimants affected thereby, and such Claimants must file Proofs of Claim, if necessary, before the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 21 days from the date notice is given regarding any amendment or supplement of or to the Debtors' Schedules (the

4

"Amended Schedules Bar Date" and, together with the General Bar Date, Governmental Bar Date, and Rejection Damages Bar Date, the "Bar Dates," and each a "Bar Date").

10. Claimants must submit a Proof of Claim that substantially conforms to the Proof of Claim Form so that such Proof of Claim is actually received by Kroll, the Debtors' claims and noticing agent, by no later than 5:00 p.m., prevailing Eastern Time, on or before the applicable Bar Date. A Claimant must submit a Proof of Claim, in each case, so that the Proof of Claim is actually received by Kroll on or before the applicable Bar Date (a) electronically using the interface available on Kroll's website through the electronic Claims filing system available at https://cases.ra.kroll.com/Revlon/EPOC-Index, or (b) by U.S. First Class Mail, overnight courier, or other hand-delivery system, to one of the following addresses, as applicable:

**If by U.S. First Class Mail**:

Revlon, Inc. - Claims Processing Center
c/o Kroll Restructuring Administration
Grand Central Station, PO Box 4850
New York, NY 10163-4850

-or -

**If by overnight courier or other hand-delivery system:**

Revlon, Inc. - Claims Processing Center
c/o Kroll Restructuring Administration
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

(collectively, the "Revlon Claims Processing Center").

11. Except as specifically provided herein, a Proof of Claim must satisfy all of the following requirements to be considered properly and timely filed in these Chapter 11 Cases:

    a. be actually received by Kroll as described in the preceding paragraph above by overnight mail, courier service, hand delivery, regular mail, in person or electronically through the Proof of Claim filing system available on Kroll's website on or before the applicable Bar Date;

5

    b.    be signed by the Claimant (or, if the Claimant is not an individual, by an authorized agent of the Claimant), which may be satisfied by electronic signature through the electronic claims filing system described above;

    c.    be written in the English language;

    d.    conform substantially to the Proof of Claim Form or Official Form B410;

    e.    specify the Debtor against which the Proof of Claim is filed as well as the bankruptcy case number corresponding to such Debtor;

    f.    set forth with specificity the legal and factual basis for the alleged Claim;

    g.    be denominated in lawful currency of the United States; and

    h.    include supporting documentation or an explanation as to why such documentation is not available.

12.    Except as specifically provided herein, all Claimants asserting a Claim against more than one Debtor must file a separate Proof of Claim with respect to each such Debtor and identify on each Proof of Claim the particular Debtor against which such Claim is asserted. If more than one Debtor is listed on a Proof of Claim, then the Debtors shall treat such Claim as filed only against the first listed Debtor. Any Proof of Claim filed under the Lead Case or without otherwise identifying a Debtor shall be deemed as filed only against Revlon, Inc. Notwithstanding the foregoing, the Debtors may seek to reclassify a Proof of Claim so that the Claim is asserted against the proper Debtor on notice to the affected Claimant.

13.    Proofs of Claim sent to Kroll by facsimile, telecopy, or electronic mail transmission will not be accepted and will not be considered properly or timely filed for any purpose in these Chapter 11 Cases.

14.    Properly filing a Proof of Claim that substantially conforms to the Proof of Claim Form and otherwise conforms with the procedures set forth in this Order shall be deemed to satisfy the procedural requirements for the assertion of 503(b)(9) Claims; *provided, however*, that all other administrative Claims under section 503(b) of the Bankruptcy Code must be made by separate

6

requests for payment in accordance with section 503(a) of the Bankruptcy Code and will not be deemed proper if asserted by filing a Proof of Claim.

15. Any Claimant asserting a 503(b)(9) Claim must attach all documents supporting such Claim to the Proof of Claim Form and include a statement setting forth with specificity: (a) the value of the goods the Claimant contends the Debtors received within the 20 days before the Petition Date; (b) documentation, including invoices, receipts, purchase orders, bills of lading, and the like, identifying the particular goods for which the Claim is being asserted; (c) to the extent the Claimant has knowledge, documentation regarding which Debtor the goods were shipped to, the date the goods were received by such Debtor and the alleged value of such goods; and (d) a statement indicating (i) whether the value of such goods listed in the Proof of Claim Form represents a combination of services and goods, (ii) the percentage of value related to services and related to goods, and (iii) whether the Claimant has been paid on account of any other Claim against any Debtor regarding the goods underlying its Proof of Claim Form.

16. The following Claimants are not required to file Proofs of Claim:

    a. any Person or Entity that has already filed a properly supported and executed Proof of Claim against the applicable Debtor with either Kroll or the Clerk of the Court for the United States Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form prior to the entry of the Bar Date Order;

    b. any Person or Entity (i) whose Claim is listed in the Schedules or any amendments thereto, and (ii) whose Claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its Claim (including that the Claim is an obligation of the specific Debtor against which the Claim is scheduled) as set forth in the Schedules;

    c. professionals retained by the Debtors, the Committee, or any other committee appointed in these Chapter 11 Cases pursuant to orders of this Court that assert administrative Claims for fees and expenses subject to the

7

        Court's approval pursuant to sections 330, 331, 363, and 503(b) of the Bankruptcy Code;

d.     professionals whose payment this Court approved under the DIP Order;

e.     any Person or Entity that holds or asserts a Claim pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense other than 503(b)(9) Claims;

f.     any Person or Entity that holds a Claim for which specific deadlines other than the Bar Dates have been fixed by an order of the Court entered on or prior to the applicable Bar Date;

g.     current officers, directors, and employees of the Debtors that may hold contingent and unliquidated Claims for indemnification, contribution, or reimbursement arising as a result of such officers', directors', or employees' prepetition or postpetition services to the Debtors; *provided*, that any officer, director or employee covered by this provision that wishes to assert Claims, other than contingent and unliquidated Claims for indemnification, contribution, or reimbursement, must file Proofs of Claim on account of such Claims on or before the General Bar Date unless another exception in this paragraph applies;

h.     any current employee of the Debtors, solely with respect to any Claim based on the payment of wages, compensation (including incentive compensation payments) and benefits (i) arising in the ordinary course of business postpetition, (ii) previously authorized to be paid by the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation and Reimbursable Expenses and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief* entered on July 22, 2022 [Docket No. 272] or *Order Approving the Debtors' Key Employee Retention Plan* entered on July 25, 2022 [Docket No. 281], (iii) for which authority to pay has been requested in the *Debtors' Motion for Entry of an Order Approving the Key Employee Incentive Plan* filed on August 11, 2022 [Docket No. 366]; *provided, however*, that a current employee must submit a Proof of Claim by the General Bar Date for any other Claim that arose before the Petition Date, including Claims, if any, related to discrimination, harassment, a hostile work environment or retaliation; *provided, further*, that notwithstanding the foregoing, either employees (present or former) or their labor union must submit Proofs of Claim relating to grievances prior to the General Bar Date to the extent the grounds for such grievances arose on or prior to the Petition Date; *provided, however*, that notwithstanding anything else in the Bar Date Order (i) the labor union may submit a Proof of Claim itemizing such grievances on behalf of its members, and may file one Proof of Claim against Debtor Revlon, Inc. on or before the General Bar Date with respect to all of the amounts owed under the applicable collective bargaining agreements on behalf of the labor union or its

8

members, which master Proof of Claim shall be deemed asserted by the labor union against each of the Debtors that are employers under the applicable collective bargaining agreements so long as such master Proof of Claim sets forth in reasonable detail the basis and amount of the Claim asserted against each Debtor and (ii) any employee represented by a Union may similarly file a Proof of Claim (if any) against only Debtor Revlon, Inc. and such Proof of Claim shall be deemed asserted against such represented employee's employer under the applicable collective bargaining agreements;

i. any Debtor or wholly-owned subsidiary of a Debtor asserting a Claim against any Debtor;

j. any Person or Entity whose Claim asserts a right to payment or performance solely against a non-Debtor affiliate of a Debtor;

k. any Person or Entity whose Claim has already been paid in full by a Debtor in accordance with the Bankruptcy Code or in accordance with an order of the Court, or by any other party;

l. any Person or Entity whose Claim has been allowed by an order of the Court entered on or before the applicable Bar Date;

m. any holder of a claim limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts owing under any agreements governing any revolving credit facility, term loans, or bonds or notes issued by any of the Debtors (a "Debt Claim") pursuant to an indenture, including without limitation the indenture for the Debtors' 6.25% pre-petition unsecured notes, or credit agreement, as applicable (collectively, the "Debt Instruments"); *provided*, that the relevant authorized indenture trustee or administrative agent under the applicable Debt Instrument shall file a single master Proof of Claim on or before the General Bar Date in the Lead Case (as defined below), which shall be deemed to constitute the filing of such proof of claim or proofs of claim in the cases of all Debtors that are obligors under that Debt Instrument. This accommodation is intended solely for administrative convenience and shall not affect the substantive rights of the Debtors with respect to the number, allowance, amount, or priority of the Debt Claims or with respect to any objection, defense, offset, counterclaim, acceptance or rejection related to the Debt Claims; [3]

n. any Person or Entity that holds an interest of Revlon, Inc. solely with respect to such holder's ownership interest in or possession of such interest, which shall include common stock, warrants, and rights or options to purchase, sell or subscribe to common stock; *provided, however*, that any such holders that wish to assert a Claim against any of the Debtors based on transactions

---

[3] To the extent that this subparagraph m conflicts with paragraph 36 of the DIP Order, paragraph 36 of the DIP Order shall control.

with respect to the interests of Revlon, Inc., including, but not limited to, Claims for damages or rescission based on the purchase or sale of such interests must file a Proof of Claim on or prior to the General Bar Date.

17. Any Claimant exempt from filing a Proof of Claim pursuant to the preceding paragraph must still properly and timely file a Proof of Claim for any other Claim that does not fall within the exemptions provided in the preceding paragraph.

18. Solely as an accommodation to the Pension Benefit Guaranty Corporation ("PBGC"), each proof of claim or proofs of claim filed by PBGC on its own behalf or on behalf of the Revlon Employees' Retirement Plan and/or The Revlon-UAW Pension Plan (collectively, the "Pension Plans") under the joint administration case number for these Chapter 11 cases (Case No. 22-10760 (DSJ)) shall, at the time of its filing, be deemed to constitute the filing of such proof of claim or proofs of claim in all of the cases jointly administered under *In re Revlon, Inc., et al.*, Case No. 22-10760 (DSJ) (the "Lead Case"). Consequently, each claim PBGC files under Case No. 22-10760 (DSJ) shall represent a separate claim asserted against each of the fifty-one Debtors. Further, any amendments that PBGC may make with respect to any timely-filed proof of claim or proofs of claim filed by PBGC on its own behalf or on behalf of the Pension Plans in the jointly administered Chapter 11 case, Case No. 22-10760 (DSJ), shall be deemed to constitute the filing of an amended proof of claim or proofs of claim in all of the cases jointly administered under the Lead Case. This accommodation is intended solely for administrative convenience and shall not affect the substantive rights of the Debtors, PBGC, or any other party in interest with respect to the number, allowance, amount, or priority of the PBGC's claims or with respect to any objection, defense, offset, counterclaim, acceptance or rejection related to PBGC's claims.

19. <u>The ACE Companies and the Chubb Companies</u>: Notwithstanding anything to the contrary in this Bar Date Order, any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York, any order of this Court, any Proof of Claim Form or any Bar Date Notice, and solely for the ease of administration, (a) ACE American Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "<u>ACE Companies</u>"), may file a single consolidated Proof of Claim based on the insurance policies issued by any of the ACE Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto (the "<u>ACE Proof of Claim</u>") in the Lead Case, which shall be deemed filed by each of the ACE Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors specified in the ACE Proof of Claim; (b) Federal Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "<u>Chubb Companies</u>," and collectively with the ACE Companies, the "<u>Insurance Companies</u>"), may file a single consolidated Proof of Claim based on the insurance policies issued by any of the Chubb Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto (the "Chubb Proof of Claim," and collectively with the ACE Proof of Claim, the "<u>Consolidated Claims</u>") in the Lead Case, which shall be deemed filed by each of the Chubb Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors specified in the Chubb Proof of Claim; and (c) as the documents supporting the Consolidated Claims are voluminous and contain confidential information, the documents supporting the Consolidated Claims will not need to be filed with the Consolidated Claims, *provided* that the supporting documents shall be provided to the Debtors upon the Debtors' request in connection with the claims administration process. Nothing contained in this paragraph shall be construed as a waiver or modification of any rights, claims or

defenses, including, without limitation, the right of the Insurance Companies to (a) assert joint and several liability against some or all of the Debtors, (b) modify the Debtor(s) against which the Consolidated Claims are asserted, or (c) amend the amount or nature of the Consolidated Claims; provided, however, that the Consolidated Claims shall not be disallowed, reduced or expunged solely on the basis that the Consolidated Claims are filed (i) only in the Lead Case and only against Revlon, Inc. (instead of in the bankruptcy cases of any of the other Debtors), and/or (ii) only by either ACE American Insurance Company or Federal Insurance Company (instead of by each of the ACE Companies and the Chubb Companies).  For the avoidance of doubt, nothing in this paragraph prevents or prohibits any of the ACE Companies or any of the Chubb Companies from filing proofs of claim other than the Consolidated Claims including, but not limited to, any proofs of claim relating to or arising from coverage or any other disputes and/or claims under insurance policies and related agreements.   This accommodation is intended solely for administrative convenience and shall not affect the substantive rights of the Debtors, the Insurance Companies, or any other party in interest with respect to the number, allowance, amount, or priority of the Insurance Companies' claims or with respect to any objection, defense, offset, counterclaim, acceptance or rejection related to the Insurance Companies' claims.

20.     Any Proof of Claim filed by the Financial Services Regulatory Authority of Ontario ("FSRA"), on behalf of the administrator of the Debtors' Canadian registered pension plan, as authorized by Order of the Ontario Superior Court of Justice (Commercial List) in the Debtors' proceedings under the Companies' Creditors Arrangement Act, shall not be disputed or objected to on the basis that such Proof of Claim was filed by FSRA on behalf of such administrator.

21.     For holders of potential Claims listed in the Schedules, the Proof of Claim Form mailed to such Claimants will indicate how the Debtors have scheduled the creditor's Claim in the

Schedules, including (a) the identity of the Debtor against which the entity's Claim is scheduled; (b) the amount of the scheduled Claim, if any; (c) whether the Claim is listed as disputed, contingent, or unliquidated; and (d) whether the Claim is listed as a secured, unsecured priority, or unsecured non-priority Claim. For holders of potential Claims that are listed in the Schedules of more than one of the Debtors, such creditor will receive a separate Proof of Claim Form for each such Debtor.

22. The manner of service of the Bar Date Notice and Proof of Claim form as set forth in the Application are hereby approved and shall be deemed good, adequate and sufficient notice for all relevant purposes.

23. Within five days following entry of this Order (the "Service Date"), Kroll will provide notice and instructions regarding the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice"), by mailing a copy of the Bar Date Notice, together with a Proof of Claim Form, by first-class mail to all known Claimants that are currently listed in the Debtors' Chapter 11 Creditor Matrix.

24. Kroll shall provide notice in the manner described in the previous paragraph upon additional parties receiving notice in these Chapter 11 Cases, including without limitation: (a) the Office of the United States Trustee for the Southern District of New York; (b) Proskauer Rose LLP, as counsel to MidCap Funding IV Trust, in its capacity as (i) administrative agent and collateral agent under the Debtors' prepetition asset-based lending facility, (ii) administrative agent and collateral agent under the ABL DIP Facility, and (iii) ABL DIP Lender; (c) Morgan Lewis & Bockius LLP, as counsel to Crystal Financial LLC, in its capacity as administrative agent for the SISO Term Loan; (d) Alter Domus, in its capacity as administrative agent for the Tranche B; (e) Latham & Watkins, LLP, as counsel to Citibank N.A., in its capacity as 2016 Term Loan

Agent; (f) Quinn Emanuel Urquhart & Sullivan, LLP, in its capacity as counsel to the putative 2016 Term Loan group; (g) Akin Gump Strauss Hauer & Feld, LLP, in its capacity as counsel to an ad hoc group of 2016 Term Loan lenders; (h) Paul Hastings LLP, as counsel to Jefferies Finance LLC, in its capacity as BrandCo agent and DIP agent; (i) Davis Polk & Wardwell LLP and Kobre & Kim LLP, as counsel to the Ad Hoc Group of BrandCo Lenders; (j) U.S. Bank Trust Company, National Association, as indenture trustee for the Debtors' pre-petition unsecured notes, and any counsel thereto; (k) Brown Rudnick LLP, as counsel to the Committee; (l) the United States Attorney's Office for the Southern District of New York; (m) the Internal Revenue Service; (n) the Securities Exchange Commission; (o) the attorneys general for the states in which the Debtors operate; (p) any party that has requested notice pursuant to Bankruptcy Rule 2002; (q) beneficial owners of the Debtors' public debt securities (*provided,* that the Debtors shall serve such parties only with the Bar Date Notice and not a Proof of Claim Form); and (r) all known governmental units (including taxing authorities, environmental agencies, and all secretaries of state) for the jurisdictions in which any Debtor maintains or conducts business.

25. Kroll may serve the Bar Date Notice and Proof of Claim Form via email on all parties that have consented to, or are otherwise ordered to receive, notice in these Chapter 11 Cases via email pursuant to the Case Management Order.

26. Any submitted Proof of Claim shall be made publicly available on the Debtors' case information website (located at https://cases.ra.kroll.com/Revlon).

27. Kroll shall file proofs of service with respect to any service of the Bar Date Notice and Proof of Claim Form as soon as reasonably practicable.

28. By not later than September 26, 2022, Kroll shall publish notice of the Bar Dates, in substantially the form of the Publication Notice, in the national editions of the *New York Times*

and *USA Today*, and the national edition of *The Globe and Mail* in Canada. Kroll shall file proof of such publication as soon as reasonably practicable.

29. Nothing in this Order shall be construed as limiting or prohibiting the Debtors or Kroll from providing notice of this Order, the Bar Date Notice, the Publication Notice, the Proof of Claim Form, or any other notice regarding the Bar Dates in any manner not particularly described in the Application or this Order. The Debtors and Kroll are authorized to provide such further or additional notice of this Order, the Bar Date Notice, the Publication Notice, the Proof of Claim Form, or any other notice regarding the Bar Dates as they deem necessary or appropriate.

30. Nothing contained in this Application or any order granting the relief requested in this Application, and no action taken pursuant to such relief requested or granted (including any payment made in accordance with any such order), is intended as or should be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor, under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Application or any order granting the relief requested by this Application, (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates, (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law, (h) a waiver of the Debtors' right to amend of supplement the Schedules, including

by subsequently designating any scheduled Claim as disputed, contingent, or unliquidated, or (i) a waiver of any other right of the Debtors.

31. Pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular Claim, but that fails to do so properly by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting such Claim against the Debtors and their chapter 11 estates (or filing a Proof of Claim with respect thereto), and the Debtors and their properties and estates shall be forever discharged from any and all indebtedness or liability with respect to such Claim and (b) voting upon, or receiving distributions under, any chapter 11 plan in these Chapter 11 Cases or otherwise in respect of or on account of such Claim, and such Person or Entity shall not be treated as a creditor with respect to such Claim for any purpose in these Chapter 11 Cases.

32. The provisions of this Order apply to all Claims of whatever character or nature against the Debtors, their estates or their assets, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, or fixed or contingent.

33. All Claimants that desire to rely on the Schedules with respect to filing a Proof of Claim shall have the sole responsibility for determining that their respective Claim is accurately listed therein.

34. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

35. The Debtors and Kroll are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

36. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
September 12, 2022

                                                *s/ David S. Jones*
                                        HONORABLE DAVID S. JONES
                                        UNITED STATES BANKRUPTCY JUDGE