**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVLON, INC., *et al.*,[1] | ) | Case No. 22-10760 (DSJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**ORDER APPROVING THE DEBTORS' KEY EMPLOYEE INCENTIVE PLAN**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), approving the Debtors' key employee incentive plan (the "KEIP"), as more fully set forth in the Motion; and upon the Friske Declaration, the Caruso Declaration, the Beattie Declaration, the Supplemental Friske Declaration, and the Supplemental Caruso Declaration; and upon the findings and rulings made on the record at a hearing before this Court on September 14, 2022 (the "Hearing"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court has granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the *Debtors' Reply In Support Of Debtors' Motion For Entry Of An Order Approving The Debtors' Key Employee Incentive Plan*.

under the circumstances and no other notice need be provided; **and upon the objections to the Motion and the Debtors' reply;** and this Court having reviewed the Motion and having heard the statements in support of **and in opposition** to the relief requested therein at the Hearing; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; **and all objections to the Motion having been resolved or overruled;** and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:  [**DSJ 9/15/22**]

1. The Motion is GRANTED as set forth herein.

2. The KEIP is hereby approved in its entirety pursuant to sections 503(c)(3) and 363(b) of the Bankruptcy Code.

3. The Debtors are authorized, but not directed, to implement the KEIP on the terms and conditions set forth in the Motion and the KEIP Declarations, and to make the payments contemplated thereunder at the times specified in the Motion and the KEIP Declarations.

4. The Debtors are authorized, but not directed, to pay all processing, administrative, and other fees associated with, and all costs and expenses incidental to, payments under the KEIP.

5. With the exception of payments made to the current Chief Financial Officer for the third quarter of 2022, KEIP Participants must pay back 50% of any awards received under the KEIP, and in the case of the Chief Executive Officer, 100% of any awards received under the KEIP, if such KEIP Participant's employment is terminated prior to the earlier of (a) the confirmation date of any plan confirmed in these Chapter 11 Cases, and (b) December 31, 2023, in each case for any reason other than termination by the Debtors without cause, by the KEIP Participant pursuant to limited good reason provisions, as applicable, or due to death or disability.

6. Any objection, reservation of rights, and/or other statement with respect to the Motion not resolved by the Debtors is hereby overruled on the merits.

7. The Debtors may add a replacement participant(s) to the KEIP upon the resignation or the termination of any KEIP Participant. Any replacement participants shall have substantially similar job functions as the departing KEIP Participant and such replacement participants shall not be relatives of insiders without (a) approval of the Committee and the Ad Hoc Group of BrandCo Lenders, or (b) further Court order.

8. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

9. Notwithstanding anything to the contrary in this Order, nothing contained in the Motion or this Order, and no action taken pursuant to such relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor, under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any

person or entity under the Bankruptcy Code or any other applicable law. The rights of all parties in interest are expressly reserved.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
       September 15, 2022

                                                   *s/ David S. Jones*
                                     HONORABLE DAVID S. JONES
                                     UNITED STATES BANKRUPTCY JUDGE