**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVLON, INC., *et al.*,[1] | ) | Case No. 22-10760 (DSJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## <u>SUPPLEMENTAL AFFIDAVIT OF SERVICE</u>

I, Nelson Crespin, depose and say that I am employed by Kroll Restructuring Administration LLC ("***Kroll***"), the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

On October 24, 2022, at my direction and under my supervision, employees of Kroll caused the following documents to be served via the method set forth on the Master Service List attached hereto as **<u>Exhibit A</u>**:

- Notice of Deadline for Filing of Proofs of Claim, Including Claims Asserted Under Section 503(B)(9) of the Bankruptcy Code, a copy of which is attached hereto as **<u>Exhibit B</u>**:

- Revlon Proof of Claim Form, a copy of which is attached hereto as **<u>Exhibit C</u>**:

*[Remainder of page intentionally left blank]*

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court has granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

Dated: October 27, 2022

_/s/ Nelson Crespin_
Nelson Crespin

State of New York
County of New York

Subscribed and sworn (or affirmed) to me on October 27, 2022, by Nelson Crespin, proved to me on the bases of satisfactory evidence to be the person who executed this affidavit.

_/s/ Cindy C. Hosein-Mohan_
Notary Public, State of New York
No. 01HO6295177
Qualified in Nassau County
Commission Expires December 30, 2025

SRF 64941

**<u>Exhibit A</u>**

SRF 64941

Exhibit A

Master Service List

Served as set forth below

| ADRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | ZIP | EMAIL | METHOD OF SERVICE |
|---|---|---|---|---|---|---|---|---|---|---|
| 26973464 | Sharon Feldman-Nagel and Christopher Nagel vs. Acme Markets, Inc | Publix Super Markets, Inc. | Attn: Brannen L. Wilson | Manager, Commercial Litigation, IP and Contracts | 3300 Publix Corporate Parkway | Lakeland | FL | 33811 | | Overnight Mail |
| 26973545 | Sharon Feldman-Nagel and Christopher Nagel vs. Acme Markets, Inc | c/o Weitz and Luxenberg, P.C. | Attn: Ambre Brandis, Esq. | 700 Broadway | | New York | NY | 10003 | | Overnight Mail |
| 26973529 | Sharon Feldman-Nagel and Christopher Nagel vs. Acme Markets, Inc | Address on File | | | | | | | | Overnight Mail |
| 26972760 | TERRELL, RHONDA | c/o DICELLO LEVITT LLC | ATTN: ADAM J. LEVITT ATTN: BLAKE STUBBS | TEN NORTH DEARBORN STREET | SIXTH FLOOR | CHICAGO | IL | 60602 | BSTUBBS@DICELLOLEVITT.COM, ALEVITT@DICELLOLEVITT.COM | Overnight Mail & Email |
| 26973242 | TERRELL, RHONDA | c/o DICELLO LEVITT LLC | ATTN: DIANDRA DEBROSSE ZIMMERMANN ATTN: ELI HARE | 505 20TH NORTH STREET, | 15TH FLOOR | BIRMINGHAM | AL | 35203 | fu@dicellolevitt.com, ehare@dicellolevitt.com | Overnight Mail & Email |
| 26973307 | TERRELL, RHONDA | c/o DICELLO LEVITT LLC | ATTN: ELIZABETH PAIGE WHITE ATTN: ÉVIEALLE DAWKINS | ATTN: BERNADETTE ARMAND | 1101 17TH STREET NORTHWEST, SUITE 1000 | WASHINGTON D.C. | DC | 20036 | barmand@dicellolevitt.com, pwhite@dicellolevitt.com, edawkins@dicellolevitt.com | Overnight Mail & Email |
| 26973271 | TERRELL, RHONDA | c/o DICELLO LEVITT LLC | ATTN: MARK A. DICELLO ATTN: MARK ABRAMOWITZ | 7556 MENTOR AVENUE | | MENTOR | OH | 44060 | madicello@dicellolevitt.com, mabramowitz@dicellolevitt.com | Overnight Mail & Email |
| 26973204 | TERRELL, RHONDA | c/o BULLOCK WARD MASON LLC | ATTN: DANIELLE WARD MASON | 4915 N. MAIN STREET | #426 | ACWORTH | GA | 30101 | danielle@bwmlaw.com | Overnight Mail & Email |
| 26971263 | Young, Henry | c/o Law Office of Michael Coard | Attn: Michael Coard, Esq., Venus Foster, Esq. | 1650 Market Street | 3600 One Liberty Place | Philadelphia | PA | 19103-7103 | | Overnight Mail |

**<u>Exhibit B</u>**

SRF 64941

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| REVLON, INC., *et al.*,[1] | ) | Case No. 22-10760 (DSJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF DEADLINE FOR FILING OF PROOFS OF CLAIM, INCLUDING**
**CLAIMS ASSERTED UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CASES. YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

TO: ALL POTENTIAL HOLDERS OF CLAIMS AGAINST THE DEBTORS

Please take notice that on June 15, 2022 (the "Petition Date"), the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

Please take further notice that on September 12, 2022, the Court entered an order (the "Bar Date Order") establishing October 24, 2022, at 5:00 p.m., prevailing Eastern Time (the "General Bar Date") as the last date and time for each person or entity to file a Proof of Claim in the Chapter 11 Cases (the "Proof of Claim" or "Proofs of Claim," as applicable); *provided*, that, solely with respect to a governmental unit, the last date and time for such governmental unit to file a Proof of Claim in the Chapter 11 Cases is December 12, 2022, at 5:00 p.m., prevailing Eastern Time (the "Governmental Bar Date"). For your convenience, except with respect to beneficial owners of the Debtors' public debt securities, enclosed with this Notice is a Proof of Claim form (the "Proof of Claim Form").

---

[1]    The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court has granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

Please take further notice that the Bar Date Order and the procedures set forth therein and herein for the filing of Proofs of Claim apply to all Claims (the holder of any such Claim, a "Claimant") that arose, or are deemed to have arisen, prior to the Petition Date, regardless of their character or nature, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, or fixed or contingent, including, without limitation, Claims entitled to administrative priority status under section 503(b)(9) of the Bankruptcy Code, no matter how remote or contingent.

As used in this Notice, the term "Creditor" has the meaning given to it in section 101(10) of the Bankruptcy Code, and includes all persons, entities, estates, trusts, governmental units, and the United States Trustee.  In addition, the terms "Person," "Entity" and "Governmental Unit" are defined in sections 101(41), 101(15), and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "Claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, and includes as to or against any one or more of the Debtors: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**Individual Debtor Information**. The last four digits of each Debtor's federal tax identification number are set forth below.  The location of the Debtors' service address is:  One New York Plaza, New York, NY 10004.

| Entity Name | Case Number | Tax Identification # |
|---|---|---|
| Revlon, Inc. | 22-10760 | 13-3662955 |
| Almay, Inc. | 22-10770 | 13-3721920 |
| Art & Science, Ltd. | 22-10774 | 36-4237044 |
| Bari Cosmetics, Ltd. | 22-10786 | 45-5569710 |
| Beautyge Brands USA, Inc. | 22-10795 | 84-1445135 |
| Beautyge I | 22-10801 | 98-4074486 |
| Beautyge II, LLC | 22-10803 | 84-2555893 |
| Beautyge U.S.A., Inc. | 22-10800 | 52-2223071 |
| BrandCo Almay 2020 LLC | 22-10762 | 85-2388643 |
| BrandCo Charlie 2020 LLC | 22-10764 | 85-2402013 |
| BrandCo CND 2020 LLC | 22-10767 | 85-2417509 |
| BrandCo Curve 2020 LLC | 22-10771 | 85-2454055 |
| BrandCo Elizabeth Arden 2020 LLC | 22-10773 | 85-2473429 |
| BrandCo Giorgio Beverly Hills 2020 LLC | 22-10777 | 85-2498443 |
| BrandCo Halston 2020 LLC | 22-10780 | 85-2539931 |
| BrandCo Jean Nate 2020 LLC | 22-10783 | 85-2568552 |
| BrandCo Mitchum 2020 LLC | 22-10789 | 85-2598746 |
| BrandCo Multicultural Group 2020 LLC | 22-10792 | 85-2621528 |
| BrandCo PS 2020 LLC | 22-10797 | 85-2649091 |
| BrandCo White Shoulders 2020 LLC | 22-10798 | 85-2656251 |
| Charles Revson Inc. | 22-10802 | 13-2577534 |
| Creative Nail Design, Inc. | 22-10804 | 95-3448148 |
| Cutex, Inc. | 22-10805 | 61-1812963 |
| DF Enterprises, Inc. | 22-10806 | 51-0406399 |
| Elizabeth Arden (Canada) Limited | 22-10796 | 98-0565605 |

| Entity Name | Case Number | Tax Identification # |
|---|---|---|
| Elizabeth Arden (Financing), Inc. | 22-10807 | 80-0048222 |
| Elizabeth Arden (UK) Ltd. | 22-10793 | 98-0342936 |
| Elizabeth Arden Investments, LLC | 22-10808 | 46-1314739 |
| Elizabeth Arden NM, LLC | 22-10809 | 46-3169592 |
| Elizabeth Arden Travel Retail, Inc. | 22-10810 | 31-1815389 |
| Elizabeth Arden USC, LLC | 22-10761 | 46-3104862 |
| Elizabeth Arden, Inc. | 22-10763 | 59-0914138 |
| FD Management, Inc. | 22-10765 | 51-0406398 |
| North America Revsale Inc. | 22-10768 | 13-1953730 |
| OPP Products, Inc. | 22-10769 | 27-4403060 |
| PPI Two Corporation | 22-10787 | 13-3298307 |
| RDEN Management, Inc. | 22-10772 | 90-0119805 |
| Realistic Roux Professional Products Inc. | 22-10775 | 35-2519501 |
| Revlon Canada Inc. | 22-10790 | N/A |
| Revlon Consumer Products Corporation | 22-10799 | 13-3662953 |
| Revlon Development Corp. | 22-10766 | 48-1283986 |
| Revlon Government Sales, Inc. | 22-10778 | 13-2893624 |
| Revlon International Corporation | 22-10781 | 13-6157771 |
| Revlon Professional Holding Company LLC | 22-10785 | 11-3534535 |
| Revlon Puerto Rico, Inc | 22-10788 | 66-0242704 |
| Riros Corporation | 22-10791 | 13-4030700 |
| Riros Group Inc. | 22-10794 | 13-4034499 |
| RML LLC | 22-10784 | N/A |
| Roux Laboratories, Inc. | 22-10776 | 13-1537427 |
| Roux Properties Jacksonville, LLC | 22-10779 | 46-3691132 |
| SinfulColors Inc. | 22-10782 | 27-4403478 |

## A.   PROOFS OF CLAIM AND MANNER OF FILING

Except as otherwise provided herein, any Person or Entity that has or seeks to assert a Claim which arose, or is deemed to have arisen, prior to the Petition Date, including, without limitation, a Claim under section 503(b)(9) of the Bankruptcy Code, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE** in order to potentially share in any distribution by the Debtors' estates.  Under the Bar Date Order, the filing of an original, written Proof of Claim Form, or the electronic submission of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority Claims under section 503(b)(9) of the Bankruptcy Code.  All other administrative Claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by Proof of Claim.  No deadline has yet been established for the filing of administrative Claims other than Claims under section 503(b)(9) of the Bankruptcy Code.  **Claims under section 503(b)(9) of the Bankruptcy Code must be filed by the General Bar Date, unless made by a governmental unit**.  Acts or omissions of the Debtors that occurred or arose before the Petition Date may give rise to Claims that must be filed by the applicable Bar Date, notwithstanding that such Claims may not have matured, are contingent, or have not become fixed or liquidated prior to or as of the Petition Date.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM. A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

        i.      <u>**Claims for Which No Proof of Claim Is Required to be Filed**</u>

Notwithstanding the above, holders of the following Claims are not required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such Claim:

      a.      any Person or Entity that has already filed a properly supported and executed Proof of Claim against the applicable Debtor with either Kroll or the Clerk of the Court for the United States Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form prior to the entry of the Bar Date Order;

      b.      any Person or Entity (i) whose Claim is listed in the Schedules or any amendments thereto, and (ii) whose Claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its Claim (including that the Claim is an obligation of the specific Debtor against which the Claim is scheduled) as set forth in the Schedules;

      c.      professionals retained by the Debtors, the Committee, or any other committee appointed in these Chapter 11 Cases pursuant to orders of this Court that assert administrative Claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331, 363, and 503(b) of the Bankruptcy Code;

      d.      professionals whose payment this Court approved under the DIP Order;

      e.      any Person or Entity that holds or asserts a Claim pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense other than 503(b)(9) Claims;

      f.      any Person or Entity that holds a Claim for which specific deadlines other than the Bar Dates have been fixed by an order of the Court entered on or prior to the applicable Bar Date;

      g.      current officers, directors, and employees of the Debtors that may hold contingent and unliquidated Claims for indemnification, contribution, or reimbursement arising as a result of such officers', directors', or employees' prepetition or postpetition services to the Debtors; *provided*, that any officer, director or employee covered by this provision that wishes to assert Claims, other than contingent and unliquidated Claims for indemnification, contribution, or reimbursement, must file Proofs of Claim on account of

such Claims on or before the General Bar Date unless another exception in this paragraph applies;

h.     any current employee of the Debtors, solely with respect to any Claim based on the payment of wages, compensation (including incentive compensation payments) and benefits (i) arising in the ordinary course of business postpetition, (ii) previously authorized to be paid by the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation and Reimbursable Expenses and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief* entered on July 22, 2022 [Docket No. 272] or *Order Approving the Debtors' Key Employee Retention Plan* entered on July 25, 2022 [Docket No. 281], (iii) for which authority to pay has been requested in the *Debtors' Motion for Entry of an Order Approving the Key Employee Incentive Plan* filed on August 11, 2022 [Docket No. 366]; *provided, however*, that a current employee must submit a Proof of Claim by the General Bar Date for any other Claim that arose before the Petition Date, including Claims, if any, related to discrimination, harassment, a hostile work environment or retaliation; *provided, further*, that notwithstanding the foregoing, either employees (present or former) or their labor union must submit Proofs of Claim relating to grievances prior to the General Bar Date to the extent the grounds for such grievances arose on or prior to the Petition Date; *provided, however*, that notwithstanding anything else in the Bar Date Order (i) the labor union may submit a Proof of Claim itemizing such grievances on behalf of its members, and may file one Proof of Claim against Debtor Revlon, Inc. on or before the General Bar Date with respect to all of the amounts owed under the applicable collective bargaining agreements on behalf of the labor union or its members, which master Proof of Claim shall be deemed asserted by the labor union against each of the Debtors that are employers under the applicable collective bargaining agreements so long as such master Proof of Claim sets forth in reasonable detail the basis and amount of the Claim asserted against each Debtor and (ii) any employee represented by a Union may similarly file a Proof of Claim (if any) against only Debtor Revlon, Inc. and such Proof of Claim shall be deemed asserted against such represented employee's employer under the applicable collective bargaining agreements;

i.     any Debtor or wholly-owned subsidiary of a Debtor asserting a Claim against any Debtor;

j.     any Person or Entity whose Claim asserts a right to payment or performance solely against a non-Debtor affiliate of a Debtor;

k.     any Person or Entity whose Claim has already been paid in full by a Debtor in accordance with the Bankruptcy Code or in accordance with an order of the Court, or by any other party;

l.       any Person or Entity whose Claim has been allowed by an order of the Court entered on or before the applicable Bar Date;

m.      any holder of a claim limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts owing under any agreements governing any revolving credit facility, term loans, or bonds or notes issued by any of the Debtors (a "Debt Claim") pursuant to an indenture, including without limitation the indenture for the Debtors' 6.25% pre-petition unsecured notes, or credit agreement, as applicable (collectively, the "Debt Instruments"); *provided*, that the relevant authorized indenture trustee or administrative agent under the applicable Debt Instrument shall file a single master Proof of Claim on or before the General Bar Date in the Lead Case (as defined below), which shall be deemed to constitute the filing of such proof of claim or proofs of claim in the cases of all Debtors that are obligors under that Debt Instrument. This accommodation is intended solely for administrative convenience and shall not affect the substantive rights of the Debtors with respect to the number, allowance, amount, or priority of the Debt Claims or with respect to any objection, defense, offset, counterclaim, acceptance or rejection related to the Debt Claims; [2]

n.       any Person or Entity that holds an interest of Revlon, Inc. solely with respect to such holder's ownership interest in or possession of such interest, which shall include common stock, warrants, and rights or options to purchase, sell or subscribe to common stock; *provided, however*, that any such holders that wish to assert a Claim against any of the Debtors based on transactions with respect to the interests of Revlon, Inc., including, but not limited to, Claims for damages or rescission based on the purchase or sale of such interests must file a Proof of Claim on or prior to the General Bar Date.

**Please take notice that any Claimant exempted from filing a Proof of Claim pursuant to the preceding paragraph must still properly and timely file a Proof of Claim for any other Claim that does not fall within the exemptions provided by the preceding paragraph.**

   ii.   **Certain Claim Accommodations**

Holders of certain Claims should be aware of certain accommodations that will be provided for those Claims.

a.       Solely as an accommodation to the Pension Benefit Guaranty Corporation ("PBGC"), each proof of claim or proofs of claim filed by PBGC on its own behalf or on behalf of the Revlon Employees' Retirement Plan and/or The Revlon-UAW Pension Plan (collectively, the "Pension Plans") under the

---

[2]    To the extent that this subparagraph m conflicts with paragraph 36 of the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* (the "DIP Order") [Docket No. 330], paragraph 36 of the DIP Order shall control.

joint administration case number for these Chapter 11 cases (Case No. 22-10760 (DSJ)) shall, at the time of its filing, be deemed to constitute the filing of such proof of claim or proofs of claim in all of the cases jointly administered under *In re Revlon, Inc., et al.*, Case No. 22-10760 (DSJ) (the "Lead Case"). Consequently, each claim PBGC files under Case No. 22-10760 (DSJ) shall represent a separate claim asserted against each of the fifty-one Debtors. Further, any amendments that PBGC may make with respect to any timely-filed proof of claim or proofs of claim filed by PBGC on its own behalf or on behalf of the Pension Plans in the jointly administered Chapter 11 case, Case No. 22-10760 (DSJ), shall be deemed to constitute the filing of an amended proof of claim or proofs of claim in all of the cases jointly administered under the Lead Case. This accommodation is intended solely for administrative convenience and shall not affect the substantive rights of the Debtors, PBGC, or any other party in interest with respect to the number, allowance, amount, or priority of the PBGC's claims or with respect to any objection, defense, offset, counterclaim, acceptance or rejection related to PBGC's claims;

b.    Notwithstanding anything to the contrary in this Bar Date Order, any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York, any order of this Court, any Proof of Claim Form or any Bar Date Notice, and solely for the ease of administration, (a) ACE American Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "ACE Companies"), may file a single consolidated Proof of Claim based on the insurance policies issued by any of the ACE Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto (the "ACE Proof of Claim") in the Lead Case, which shall be deemed filed by each of the ACE Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors specified in the ACE Proof of Claim; (b) Federal Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "Chubb Companies," and collectively with the ACE Companies, the "Insurance Companies"), may file a single consolidated Proof of Claim based on the insurance policies issued by any of the Chubb Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto (the "Chubb Proof of Claim," and collectively with the ACE Proof of Claim, the "Consolidated Claims") in the Lead Case, which shall be deemed filed by each of the Chubb Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors specified in the Chubb Proof of Claim; and (c) as the documents supporting the Consolidated Claims are voluminous and contain confidential information, the documents supporting the Consolidated Claims will not need to be filed with the Consolidated Claims, *provided* that the supporting documents shall be provided to the Debtors upon the Debtors' request in connection with the claims administration process. Nothing contained in this paragraph shall be construed as a waiver or

modification of any rights, claims or defenses, including, without limitation, the right of the Insurance Companies to (a) assert joint and several liability against some or all of the Debtors, (b) modify the Debtor(s) against which the Consolidated Claims are asserted, or (c) amend the amount or nature of the Consolidated Claims; provided, however, that the Consolidated Claims shall not be disallowed, reduced or expunged solely on the basis that the Consolidated Claims are filed (i) only in the Lead Case and only against Revlon, Inc. (instead of in the bankruptcy cases of any of the other Debtors), and/or (ii) only by either ACE American Insurance Company or Federal Insurance Company (instead of by each of the ACE Companies and the Chubb Companies).  For the avoidance of doubt, nothing in this paragraph prevents or prohibits any of the ACE Companies or any of the Chubb Companies from filing proofs of claim other than the Consolidated Claims including, but not limited to, any proofs of claim relating to or arising from coverage or any other disputes and/or claims under insurance policies and related agreements.    This accommodation is intended solely for administrative convenience and shall not affect the substantive rights of the Debtors, the Insurance Companies, or any other party in interest with respect to the number, allowance, amount, or priority of the Insurance Companies' claims or with respect to any objection, defense, offset, counterclaim, acceptance or rejection related to the Insurance Companies' claims; and

c.    Any Claimant that asserts a personal injury claim arising from a disease allegedly caused by the exposure to cosmetic talc allegedly contained in the Debtors' products (such Claimant, a "Talc PI Claimant", and such a claim a, "Talc PI Claim") may file a Proof of Claim after the General Bar Date without obtaining relief from the Court to file such Proof of Claim after the General Bar Date *provided* that such disease was diagnosed by a licensed medical doctor for the first time after the Petition Date.  Any such Talc PI Claim filed after the General Bar Date but prior to the confirmation date of a bankruptcy plan, without leave of the Court, shall be deemed timely filed as an unsecured, unliquidated claim (subject to further allowance of such claim by a court of competent jurisdiction), *provided* that any Talc PI Claim that is filed after the date that votes are initially solicited on a plan shall not be entitled to vote on such plan.  This Order is without prejudice to the right of a Talc PI Claimant to seek relief from the Court authorizing such Talc PI Claimant to assert a liquidated and/or priority claim against the Debtors after the General Bar Date.  The provision of this paragraph governs only the timing of filing of Talc PI Claims, it being understood that all parties reserve all rights to dispute or challenge any filed Talc PI Claims on any basis, and shall not create a presumption that any Claimant received actual or constructive notice of the General Bar Date or of the commencement of the Debtors' Chapter 11 Cases.

8

### iii.    Claims Arising from Rejected Executory Contracts or Unexpired Leases

Any Person or Entity that holds a Claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date or Governmental Bar Date, as applicable, or (b) 5:00 p.m., prevailing Eastern Time, on the date the Court may fix in the applicable order authorizing such rejection and, if no such date is provided, the date that is 30 days from the date of entry of such order (the "Rejection Damages Bar Date"). The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

### iv.    Amendment to the Schedules

If the Debtors amend their Schedules, then the Bar Date for those creditors affected by any such amendment shall be the later of (a) the General Bar Date or Governmental Bar Date, as applicable, or (b) 5:00 p.m., prevailing Eastern Time, on the date that is 21 days from the date that the Debtors provide written notice to the affected creditor that the Schedules have been amended (the "Amended Schedules Bar Date" and, together with the General Bar Date, Governmental Bar Date, and Rejection Bar Damages Date, the "Bar Dates," and each a "Bar Date").

## B.    WHEN AND WHERE TO FILE PROOFS OF CLAIM

All Claimants must submit (by U.S. First Class Mail, overnight courier, or other hand-delivery system) an original, written Proof of Claim that substantially conforms to the Proof of Claim Form so as to be **actually received** by Kroll Bankruptcy Solutions, LLC ("Kroll"), the Debtors' claims and notice agent, by no later than 5:00 p.m., prevailing Eastern Time, on or before the applicable Bar Date to one of the following addresses, as applicable:

**If by U.S. First Class Mail**:

Revlon, Inc. - Claims Processing Center
c/o Kroll Restructuring Administration
Grand Central Station, PO Box 4850
New York, NY 10163-4850

-or -

**If by overnight courier or other hand-delivery system**:

Revlon, Inc. - Claims Processing Center
c/o Kroll Restructuring Administration
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

(collectively, the "Revlon Claims Processing Center").

Alternatively, Claimants may submit a Proof of Claim electronically through the electronic Claims filing system available at https://cases.ra.kroll.com/Revlon.   Proofs of Claim will be deemed timely filed only if actually received by Kroll on or before the applicable Bar Date.   Proofs of Claim may not be delivered by facsimile, telecopy, or electronic mail transmission.  Any facsimile, telecopy, or electronic mail submissions will not be accepted and will not be deemed filed until a Proof of Claim is submitted to Kroll by overnight mail, courier service, hand delivery, regular mail, in person or through the electronic filing system described above. Claimants wishing to receive acknowledgment that their original, written Proofs of Claim were received by Kroll must submit (i) a copy of the Proof of Claim and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to Kroll).

## C.    CONTENTS OF A PROOF OF CLAIM

As noted above, the Debtors are enclosing a Proof of Claim Form for use in these Chapter 11 Cases, or you may use another Proof of Claim form that substantially conforms to Official Bankruptcy Form No. B410.  The Proof of Claim Form is available free of charge on Kroll's website at https://cases.ra.kroll.com/Revlon/EPOC-Index.

If your Claim is listed in the Debtors' Schedules, the Proof of Claim Form sent to you will indicate how the Debtors have scheduled your Claim in the Schedules, including (a) the identity of the Debtor against which your Claim is scheduled; (b) the amount of the scheduled Claim, if any; (c) whether the Claim is listed as disputed, contingent, or unliquidated; and (d) whether the Claim is listed as a secured, unsecured priority, or unsecured non-priority Claim.  You will receive a different Proof of Claim form for each Claim scheduled in your name by the Debtors.  For holders of potential Claims that are listed in the Schedules of more than one of the Debtors, such creditor will receive a separate Proof of Claim Form for each such Debtor.

To be valid, a Proof of Claim MUST: (a) be signed by the Claimant (or, if the Claimant is not an individual, by an authorized agent of the Claimant), which may be satisfied by electronic signature through the electronic claims filing system described above; (b) be written in the English language; (c) be denominated in lawful currency of the United States; (d) conform substantially to the Proof of Claim Form or Official Form B410; (e) specify the Debtor against which the Proof of Claim is filed as well as the bankruptcy case number corresponding to such Debtor; (f) set forth with specificity the legal and factual basis for the alleged Claim; and (g) include supporting documentation or an explanation as to why such documentation is not available. You should redact any sensitive information from your supporting documentation prior to filing your Proof of Claim.

Subject to specific exceptions in the Bar Date Order, all Claimants asserting Claims against more than one Debtor must file a separate Proof of Claim for each such Debtor and identify on each Proof of Claim the particular Debtor against which their Claim is asserted.  If more than one Debtor is listed on a Proof of Claim, then the Debtors shall treat such Claim as filed only against the first listed Debtor.  Any Proof of Claim filed in the Lead Case or without otherwise identifying a Debtor shall be deemed as filed only against Revlon, Inc.  Notwithstanding the foregoing, the failure of any entity to file its Proof of Claim against the correct Debtor shall not constitute cause to expunge the Proof of Claim.  Rather, the Debtors may seek to reclassify the Proof of Claim so that the Claim is asserted against the proper Debtor on notice to the affected Claimant.

If you are filing a Claim under section 503(b)(9) of the Bankruptcy Code, you must indicate in Box 13 of the Proof of Claim Form the amount of the Claim that arises under section 503(b)(9) of the Bankruptcy Code. For each Claim under section 503(b)(9) of the Bankruptcy Code, you must attach all documents supporting such Claim to the Proof of Claim Form and include a statement setting forth with specificity: (a) the value of the goods the Claimant contends the Debtors received within the 20 days before the Petition Date; (b) documentation, including invoices, receipts, purchase orders, bills of lading, and the like, identifying the particular goods for which the Claim is being asserted; (c) to the extent the Claimant has knowledge, documentation regarding which Debtor the goods were shipped to, the date the goods were received by such Debtor, and the alleged value of such goods; and (d) a statement indicating (i) whether the value of such goods listed in the Proof of Claim Form represents a combination of services and goods, (ii) the percentage of value related to services and related to goods, and (iii) whether the Claimant has been paid on account of any other Claim against any Debtor regarding the goods underlying its Proof of Claim Form.

## D.    CONSEQUENCES FOR FAILURE TO FILE A PROOF OF CLAIM

Any Claimant that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular Claim, but that fails to do so properly by the applicable Bar Date, shall be forever barred, estopped, and enjoined from: (a) asserting such Claim against the Debtors and their estates (or filing a Proof of Claim with respect thereto), and the Debtors and their properties and chapter 11 estates shall be forever discharged from any and all indebtedness or liability with respect to such Claim and (b) voting upon, or receiving distributions under, any chapter 11 plan in these Chapter 11 Cases or otherwise in respect of or on account of such Claim, and such person or entity shall not be treated as a creditor with respect to such Claim for any purpose in these Chapter 11 Cases.

## E.    CONTINGENT CLAIMS

Acts or omissions of or by the Debtors that occurred, or that are deemed to have occurred, prior to the Petition Date, including, without limitation, acts or omissions related to any indemnity agreement, guarantee, services provided to or rendered by the Debtors, or goods provided to or by the Debtors, may give rise to Claims against the Debtors and their estates notwithstanding the fact that such Claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date. Therefore, any person or entity that holds a Claim or potential Claim against the Debtors and their estates, no matter how remote, contingent, or unliquidated, **MUST** file a Proof of Claim on or before the applicable Bar Date.

## F.    THE SCHEDULES

You may be listed as the holder of a Claim in the Schedules.  The Schedules are available free of charge on Kroll's website: https://cases.ra.kroll.com/Revlon.  If you rely on the Schedules, it is your responsibility to determine that your Claim is accurately listed in the Schedules.  As described above, if (a) you agree with the nature, amount, and status of your Claim as listed in the Schedules and (b) your Claim is NOT described as "disputed," "contingent," or "unliquidated," then you are not required to file a Proof of Claim in these Chapter 11 Cases with respect to such Claim.

11

Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Bar Date Notice and the Bar Date Order.

## G.    RESERVATION OF RIGHTS

Nothing contained in this Bar Date Notice or the Bar Date Order is intended or should be construed as a waiver of any of the Debtors' rights, including without limitation, their rights to: (a) dispute, or assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled Claim as disputed, contingent or unliquidated; or (c) otherwise amend or supplement the Schedules.   In addition, nothing contained herein is intended or should be construed as an admission of the validity of any Claim or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  All such rights and remedies are reserved.

## H.    ADDITIONAL INFORMATION

The Proof of Claim Form, the Bar Date Order, and all other pleadings filed in the Chapter 11 Cases are available free of charge on Kroll's website at  https://cases.ra.kroll.com/Revlon.  If you have questions concerning the filing or processing of Claims, you may contact the Debtors' Claims Agent, Kroll, (i) by emailing RevlonInfo@ra.kroll.com, or (ii) by phone at (855)-631-5341 within the United States or Canada or, outside of the United States or Canada, by calling 1-(646)-795-6968.

---

**If you have questions about this notice, please contact the Debtors' Claims and Noticing Agent, Kroll Restructuring Administration LLC at (855) 631-5341 (US/Canada toll free) or +1 (646) 795-6968 (International), or by email revloninfo@ra.kroll.com.
You may also find out more information at https://cases.ra.kroll.com/Revlon/.**

---

## Exhibit C

SRF 64941

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| Fill in this information to identify the case (Select only one Debtor per claim form): | | |
|---|---|---|
| ☐ Revlon, Inc. (Case No. 22-10760) | ☐ BrandCo Giorgio Beverly Hills 2020 LLC (Case No. 22-10777) | ☐ Riros Group Inc. (Case No. 22-10794) |
| ☐ Elizabeth Arden USC, LLC (Case No. 22-10761) | ☐ Revlon Development Corp. (Case No. 22-10778) | ☐ Beautyge Brands USA, Inc. (Case No. 22-10795) |
| ☐ BrandCo Almay 2020 LLC (Case No. 22-10762) | ☐ Roux Properties Jacksonville, LLC (Case No. 22-10779) | ☐ Elizabeth Arden (Canada) Limited (Case No. 22-10796) |
| ☐ Elizabeth Arden, Inc. (Case No. 22-10763) | ☐ BrandCo Halston 2020 LLC (Case No. 22-10780) | ☐ BrandCo PS 2020 LLC (Case No. 22-10797) |
| ☐ BrandCo Charlie 2020 LLC (Case No. 22-10764) | ☐ Revlon Government Sales, Inc. (Case No. 22-10781) | ☐ BrandCo White Shoulders 2020 LLC (Case No. 22-10798) |
| ☐ FD Management, Inc. (Case No. 22-10765) | ☐ SinfulColors Inc. (Case No. 22-10782) | ☐ Revlon Canada Inc. (Case No. 22-10799) |
| ☐ Revlon Consumer Products Corporation (Case No. 22-10766) | ☐ BrandCo Jean Nate 2020 LLC (Case No. 22-10783) | ☐ Beautyge USA, Inc. (Case No. 22-10800) |
| ☐ BrandCo CND 2020 LLC (Case No. 22-10767) | ☐ RML, LLC (Case No. 22-10784) | ☐ Beautyge I (Case No. 22-10801) |
| ☐ North America Revsale Inc. (Case No. 22-10768) | ☐ Revlon International Corporation (Case No. 22-10785) | ☐ Charles Revson Inc. (Case No. 22-10802) |
| ☐ OPP Products, Inc. (Case No. 22-10769) | ☐ Bari Cosmetics, Ltd. (Case No. 22-10786) | ☐ Beautyge II, LLC (Case No. 22-10803) |
| ☐ Almay, Inc. (Case No. 22-10770) | ☐ PPI Two Corporation (Case No. 22-10787) | ☐ Creative Nail Design, Inc. (Case No. 22-10804) |
| ☐ BrandCo Curve 2020 LLC (Case No. 22-10771) | ☐ Revlon Professional Holding Company LLC (Case No. 22-10788) | ☐ Cutex, Inc. (Case No. 22-10805) |
| ☐ RDEN Management, Inc. (Case No. 22-10772) | ☐ BrandCo Mitchum 2020 LLC (Case No. 22-10789) | ☐ DF Enterprises, Inc. (Case No. 22-10806) |
| ☐ BrandCo Elizabeth Arden 2020 LLC (Case No. 22-10773) | ☐ Revlon (Puerto Rico) Inc. (Case No. 22-10790) | ☐ Elizabeth Arden (Financing), Inc. (Case No. 22-10807) |
| ☐ Art & Science, Ltd. (Case No. 22-10774) | ☐ Riros Corporation (Case No. 22-10791) | ☐ Elizabeth Arden Investments, LLC (Case No. 22-10808) |
| ☐ Realistic Roux Professional Products Inc. (Case No. 22-10775) | ☐ BrandCo Multicultural Group 2020 LLC (Case No. 22-10792) | ☐ Elizabeth Arden NM, LLC (Case No. 22-10809) |
| ☐ Roux Laboratories, Inc. (Case No. 22-10776) | ☐ Elizabeth Arden (UK) Ltd. (Case No. 22-10793) | ☐ Elizabeth Arden Travel Retail, Inc. (Case No. 22-10810) |

Modified Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

| 1. **Who is the current creditor?** | |
|---|---|
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |

| 2. **Has this claim been acquired from someone else?** | ☐ No |
|---|---|
| | ☐ Yes. From whom? |

| 3. | Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|---|
| | Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Name<br><br>Number        Street<br><br>City                    State              ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ | Name<br><br>Number        Street<br><br>City                    State              ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |

| 4. | Does this claim amend one already filed? | ☐ No<br>☐ Yes.   Claim number on court claims registry (if known)_____       Filed on _____<br>                                                                                                   MM  / DD  / YYYY |
|---|---|---|

| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☐ No<br>☐ Yes. Who made the earlier filing? _____ |
|---|---|---|

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| 6. | Do you have any number you use to identify the debtor? | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____  _____  _____  _____ |
|---|---|---|

| 7. | How much is the claim? | $_____. Does this amount include interest or other charges?<br>☐ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other<br>       charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|---|

| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |
|---|---|---|

| 9. | Is all or part of the claim secured? | ☐ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br><br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**                      $_____<br><br>**Amount of the claim that is secured:**     $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**     $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |
|---|---|---|

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☐ No |
| | ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☐ No |
| | ☐ Yes. Identify the property: _____ |

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies. | $_____ |

13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.**    $_____

---

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐  I am the creditor.
☐  I am the creditor's attorney or authorized agent.
☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | _____ |
| | First name    Middle name    Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
| | Number    Street |
| | _____ |
| | City    State    ZIP Code |
| Contact phone | _____    Email _____ |

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                              12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://cases.ra.kroll.com/Revlon.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

Revlon, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at** https://cases.ra.kroll.com/Revlon/EPOC-Index.

Do not file these instructions with your form