**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVLON, INC., *et al.,*[1] | ) | Case No. 22-10760 (DSJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## COVER SHEET TO THE FIRST INTERIM APPLICATION OF PROVINCE, LLC, FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF REVLON, INC., *ET AL.*, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM PERIOD OF JUNE 29, 2022 THROUGH SEPTEMBER 30, 2022

| Basic Information | |
|---|---|
| Name of Applicant | Province, LLC |
| Name of Client | Official Committee of Unsecured Creditors |
| Petition Date | June 15, 2022 |
| Retention Date | *nunc pro tunc* to June 29, 2022 |
| Date of Order Approving Employment | August 23, 2022 |
| | |
| **First Interim Period** | |
| Time Period Covered | June 29, 2022 through September 30, 2022 |
| Total Hours Billed | 6,408.4 |
| Total Fees Requested | $4,426,278.00 |
| 80% of Fees Requested | $3,541,022.40 |
| 20% of Fees Requested | $885,255.60 |
| Total Expenses Requested | $8,981.74 |
| Blended Rate (All Timekeepers) | $691.40 |
| Blended Rate (All Professionals) | $692.68 |
| Fees Requested over Budgeted Amount (if any) | $0.00 |
| Total Professionals | 22 |
| Rate Increases Not Previously Approved/Disclosed? | No |
| | |
| **Historical Information** | |
| Allowed Fees paid to date | $2,567,216.81 |

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court has granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

| | |
|---|---|
| Allowed Expenses paid to date | $7,744.24 |
| Fees approved to date by interim order | $0.00 |
| Expenses approved to date by interim order | $0.00 |

This is Province, LLC's first interim application in these cases.

## PRIOR MONTHLY FEE STATEMENTS SUBJECT TO INTERIM PERIOD

| Date Filed | Period Covered | Requested | | Approved | | Paid | | Fee Holdback |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees [80%] | Expenses [100%] | Fees | Expenses | |
| 9/8/2022 Doc 671 | 6/29/2022-7/31/2022 | $1,738,240.00 | $2,546.44 | $1,390,592.00 | $2,546.44 | $1,390,592.01 | $2,546.44 | $347,648.00 |
| 10/5/2022 Doc 779 | 8/1/2022-8/31/2022 | $1,470,781.00 | $5,197.80 | $1,176,624.80 | $5,197.80 | $1,176,624.80 | $5,197.80 | $294,156.20 |
| 10/18/2022 Doc 877 | 9/1/2022 - 9/30/2022 | $1,217,257.00 | $1,237.50 | $973,805.60 | $1,237.50 | $973,805.60 | $1,237.50 | $243,451.40 |
| **TOTAL** | | $4,426,278.00 | $8,981.74 | $3,541,022.40 | $8,981.74 | $3,541,022.41 | $8,981.74 | $885,255.60 |

## COMPENSATION BY TIMEKEEPER DURING INTERIM PERIOD
## JUNE 29, 2022 THROUGH SEPTEMBER 30, 2022

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Peter Kravitz, Esq. | Principal - Corporate restructuring. Bar admission 1995. | $1,180 | 18.9 | $22,302.00 |
| Michael Atkinson, MBA, CPA, CIRA, ABV, CVA, CFE, CFF | Principal – Financial consulting, bankruptcy consulting, and litigation analysis since 1991. | $1,150 | 512.5 | $589,375.00 |
| Boris Steffen | Managing Director - Economic consulting, corporate restructuring, financial investigations and litigation support since 1991. | $950 | 189.5 | $180,025.00 |
| Jason Crockett, MBA, CIRA | Principal - Financial consulting, corporate restructuring, and litigation analysis since 2002. | $910 | 443.3 | $403,403.00 |
| Sanjuro Kietlinski | Principal - Corporate restructuring and investment banking. | $900 | 847.7 | $762,930.00 |
| Stilian Morrison, MFin | Principal - Corporate restructuring. Investment banking and restructuring employment since 2005. | $900 | 19.6 | $17,640.00 |
| Edward Kim | Principal - Corporate restructuring. Investment banking and restructuring employment since 1998. | $890 | 7.1 | $6,319.00 |
| Eunice Min, CVA | Senior Director - Corporate restructuring and business valuations since 2012. | $760 | 229.4 | $174,344.00 |
| Paul Navid | Senior Director - Investment banking. | $750 | 446.8 | $335,100.00 |
| James Bland | Vice President - Financial analysis and management consulting since 2016. | $715 | 37.8 | $27,027.00 |
| Harry Foard | Director - Investment banking. | $690 | 569.9 | $393,231.00 |
| Carlos Lovera | Director - Investment banking. | $700 | 55.6 | $38,920.00 |
| Derrick Laton | Vice President - Financial analytics. | $620 | 63.6 | $39,432.00 |
| Raul Busto | Vice President - Data analytics. | $600 | 842.0 | $505,200.00 |
| Paul Baik | Senior Associate - Investment banking. | $570 | 221.6 | $126,312.00 |
| Elise Shen | Senior Associate - Investment banking. | $540 | 530.3 | $286,362.00 |
| Mitchell Boal, CFA | Senior Associate - Financial and data analytics. | $530 | 110.4 | $58,512.00 |
| Timothy Strickler | Senior Associate - Corporate restructuring, litigation and financial investigation. | $530 | 6.7 | $3,551.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Byron Groth | Senior Associate - Corporate restructuring. Data analytics since 2006. | $520 | 14.5 | $7,540.00 |
| Daniel Radi | Analyst | $390 | 166.5 | $64,935.00 |
| Georgy Plotnikov | Analyst | $380 | 838.5 | $318,630.00 |
| Leonardo Kim | Analyst | $300 | 218.4 | $65,520.00 |
| | **Subtotal** | | **6,390.6** | **$4,426,610.00** |
| | **Blended Rate for Professionals** | **$692.68** | | |
| **Para Professionals** | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
| Beth Robinson | | $250 | 8.4 | $2,100.00 |
| Eric Mattson | | $220 | 9.4 | $2,068.00 |
| | **Subtotal** | | **17.8** | **$4,168.00** |
| | | | Fee Statement Hours | Total Compensation |
| | **Subtotal** | | **6,408.4** | **$4,430,778.00** |
| | **Blended Rate for all Timekeepers** | **$691.40** | | |
| | **Travel Time Discount** | | | **($4,500.00)** |
| | **Grand Total** | | **6,408.4** | **$4,426,278.00** |

**SUMMARY OF COMPENSATION BY PROJECT CATEGORY**
**DURING INTERIM PERIOD**
**JUNE 29, 2022 THROUGH SEPTEMBER 30, 2022**

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Business Analysis / Operations | 4,646.8 | $3,227,840.00 |
| Case Administration | 19.2 | $15,451.00 |
| Claims Analysis and Objections | 97.4 | $67,126.50 |
| Committee Activities | 415.2 | $330,034.00 |
| Court Filings | 148.5 | $122,104.00 |
| Court Hearings | 60.3 | $50,864.00 |
| Fee/Employment Applications | 124.5 | $57,739.00 |
| Financing Activities | 371.5 | $244,865.00 |
| Litigation | 447.2 | $266,742.50 |
| Plan and Disclosure Statement | 1.3 | $1,183.00 |
| Sale Process | 33.9 | $20,185.00 |
| Tax Issues | 32.6 | $17,644.00 |
| Travel Time (billed at 50%) | 10.0 | $4,500.00 |
| **Grand Total** | **6,408.4** | **$4,426,278.00** |

**EXPENSE SUMMARY**
**DURING INTERIM PERIOD**
**JUNE 29, 2022 THROUGH SEPTEMBER 30, 2022**

| Expense Category | Description | Total Expenses |
|---|---|---|
| Airfare/Train | Flights to and from New York, NY to attend management presentation. | $1,077.75 |
| Ground Transportation | Transportation while traveling to New York, NY to attend management presentation. | $168.14 |
| Lodging | Hotel accommodations while traveling to New York, NY to attend management presentation. | $1,964.06 |
| Meals | Meals while traveling to New York, NY to attend management presentation. | $543.87 |
| Miscellaneous | Research fees. | $5,227.92 |
| **Total Expenses** | | **$8,981.74** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVLON, INC., *et al.,*[1] | ) | Case No. 22-10760 (DSJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FIRST INTERIM APPLICATION OF PROVINCE, LLC,**
**FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF REVLON, INC., *ET AL*., FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FOR THE INTERIM**
**<u>PERIOD OF JUNE 29, 2022 THROUGH SEPTEMBER 30, 2022</u>**

Province, LLC ("**<u>Applicant</u>**"), financial advisor to the Official Committee of Unsecured Creditors (the "**<u>Committee</u>**") of Revlon, Inc., *et al.* (collectively, the "**<u>Debtors</u>**"), in the above-captioned chapter 11 cases, respectfully represents:

**<u>INTRODUCTION</u>**

1.      This is Applicant's first interim fee application (the "**<u>Application</u>**") for compensation and reimbursement of expenses pursuant to § 330 and 331 of chapter 11 of title 11 of the United States Code (the "**<u>Bankruptcy Code</u>**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**<u>Bankruptcy Rules</u>**"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "**<u>Local Rules</u>**"), the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court has granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

(the "**U.S. Trustee Guidelines**"), and the Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "**Interim Compensation Order**") [D.I. 259].

2.      Pursuant to the Interim Compensation Order, Applicant may file monthly fee statements with this Court.  As described in the summary sheets to this Application, Applicant has previously filed monthly fee statements requesting allowance of fees and expenses for the periods of (i) June 29, 2022 through July 31, 2022, (ii) August 1, 2022 through August 31, 2022, and (iii) September 1, 2022 through September 30, 2022 (collectively, the "**Monthly Fee Statements**"). These statements included, among other things, contemporaneously maintained time entries for each professional who provided services during the Interim Period, maintained in increments of tenths (1/10) of an hour, and an itemization and description of the costs and expenses incurred by Applicant.  The Monthly Fee Statements are hereby incorporated by reference.

3.      This Application seeks interim approval of compensation for services rendered by Applicant in the amount of **$4,426,278.00** and reimbursement of certain expenses incurred by the Applicant in the amount of **$8,981.74** for the period of June 29, 2022 through September 30, 2022 (the "**Interim Period**").  This Application complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order, and the U.S. Trustee Guidelines.

4.      In support of this Application, Province submits the Certification of Michael Atkinson, which is annexed hereto as **Exhibit A** and incorporated by reference into this Application.  In support of this Application, Province respectfully represents as follows:

## BACKGROUND

5.      On June 15, 2022 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing these Chapter

11 Cases. The Debtors continue to manage and operate their businesses as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules. No trustee or examiner has been appointed in the Chapter 11 Cases.

6.      On June 24, 2022, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Committee. *See Notice of Appointment of Official Committee of Unsecured Creditors* [D.I. 121].

7.      On June 29, 2022, the Committee selected Province as its proposed financial advisor, subject to this Court's approval.

8.      On July 28, 2022, the Committee filed the *Application for Order Authorizing the Employment and Retention of Province, LLC, as Financial Advisor for the Official Committee of Unsecured Creditors of Revlon, Inc., et al., Nunc Pro Tunc to June 29, 2022* [D.I. 316]. On August 23, 2022, this Court approved the Committee's employment and retention of Applicant pursuant to the *Order Authorizing the Employment and Retention of Province, LLC, as Financial Advisor for the Official Committee of Unsecured Creditors of Revlon, Inc., et al., Nunc Pro Tunc to June 29, 2022* [D.I. 530].

## JURISDICTION

9.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a), 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

## SERVICES RENDERED DURING THE INTERIM PERIOD

10.     During the Interim Period, Applicant's services to the Committee included professional advice and representation in connection with discrete categories in these chapter 11

cases.  The aggregate hours and amount for each category are set forth on the cover page to this Application.

11.     To apprise this Court of the services provided during the Interim Period, Applicant sets forth the following summary of services rendered.  The summary is intended only to highlight the general categories of services performed by Applicant on behalf of the Committee; it is not intended to set forth each and every item of professional services which Applicant performed.

**Business Analysis / Operations**

10.     Incorporated within this category is time spent by Applicant's personnel in connection with the evaluation and analysis of certain aspects of the Debtors' business and financial performance.  The work performed in this task code was necessary for the Committee to be informed on the Debtors' cash position and liquidity during these chapter 11 cases.

11.     Specific services provided by Province during the Interim Period include, but are not limited to:

a.      analyzing the Debtors' cash budgets, assets and liabilities, and overall financial condition;

b.      reviewing financial and operational information furnished by the Debtors to the Committee including but not limited to brand-level data, monthly flash reports, and product sales data;

c.      reviewing and analyzing the Debtors' prepetition and post-petition financial performance by segment;

d.      analyzing the Debtors' various strategic presentations along with potential inputs to the Debtors' anticipated business plan;

e.      analyzing the economics of various strategic options for the future of the company;

f.      analyzing the available value to the estate and creditors and the timing of cash flows under multiple scenarios and potential allocations to creditors;

     g.     developing internal analyses and financial models in anticipation of the Debtors' waterfall model;

     h.     assisting the Committee in reviewing the Debtors' financial reports, including, but not limited to, cash budgets, and Monthly Operating Reports;

     i.     discussing budget and other business and financial results with the advisors to the Debtors and other case parties, as well as with committee counsel, committee professionals and within internal team; and

     j.     analyzing and negotiating the Debtors' proposed incentive and retention bonus plans for their employees.

12.     Applicant expended 4,646.8 hours of time for a charge of $3,227,840.00 for services rendered with respect to matters relating to this category.

**Claims Analysis and Objections**

13.     Incorporated within this task code is time incurred by Applicant's personnel while performing various functions directly related to the preliminary analysis and estimate of potential claims, including administrative expense priority and general unsecured claims.

14.     Applicant expended 97.4 hours of time for a total charge of $67,126.50 for services rendered in connection with this category.

**Committee Activities**

15.     Incorporated within this category is time incurred by Applicant's personnel while performing various functions directly related to preparing for, meeting with, and corresponding with the Committee and its professionals with regards to the Committee's position and next steps.

16.     Specific services provided by Province during the Interim Period include, but are not limited to:

a. preparing for and participating in calls with the Committee and its counsel as well as various other creditors on issues related to the bankruptcy proceeding;

b. preparing summaries of various analyses (including periodic financial update and other analyses) into presentation materials to be shared with the Committee and its counsel; and

c. conferring with other Province professionals regarding various analyses and issues directly related to questions and concerns of the Committee.

17. Applicant expended 415.2 hours of time for a charge of $330,034.00 for services rendered in connection with committee activities.

**Court Filings**

18. Incorporated within this category is time incurred by Applicant's personnel while performing various functions directly related to evaluating and commenting on motions, orders, and other relevant filings on the docket including the Citibank mistaken payment appeal proceedings.

19. Applicant expended 148.5 hours of time for a charge of $122,104.00 for services rendered in connection with this category.

**Court Hearings**

20. Incorporated within this category is time incurred by Applicant's personnel while attending the various hearings in these cases.

21. Applicant expended 60.3 hours of time for a charge of $50,864.00 for services rendered in connection with this category.

**Fee/Employment Applications**

22.     Incorporated within this task code is time incurred by Applicant's personnel while performing various functions directly related to the employment and fee applications of Province for these chapter 11 cases.

23.     Applicant expended 124.5 hours of time for a charge of $57,739.00 for services rendered in connection with this category.

**Financing Activities**

24.     Incorporated within this category is time incurred by the Applicant's personnel while performing various functions directly related to the Debtors' DIP financing including pending export to counsel in connection with the Committee's objection to the Debtors' proposed DIP financing package.

25.     Applicant expended 371.5 hours of time for a charge of $244,865.00 for services rendered in connection with this category.

**Litigation**

26.     Incorporated within this category is time incurred by the Applicant's personnel while analyzing, corresponding, and discussing possible causes of action and investigating and requesting the relevant data and documentation.

27.     Applicant expended 447.2 hours of time for a charge of $266,742.50 for services rendered in connection with this category.

**Tax Issues**

28.     Incorporated within this category is time incurred by the Applicant's personnel while performing various functions directly related to the potential tax liabilities of the Debtors.

29.     Applicant expended 32.6 hours of time for a charge of $17,644.00 for services rendered in connection with this category.

**Travel Time (Billed at 50% of standard rates)**

30.     Incorporated within this category is time incurred by the Applicant's personnel while traveling to and from New York, NY to attend the management presentation.  For non-working travel time, Province reduces its fees in this category by 50%.

31.     Applicant expended 10.0 hours of time for a charge of $4,500.00 for services rendered in connection with this category.

## MATTERS PERTAINING TO APPLICANT DURING THE INTERIM PERIOD

32.     Applicant has maintained contemporaneous time records which indicate the time that each professional has spent working on a particular matter and the nature of the work performed.  Copies of these time records are included in the Monthly Fee Statements and are hereby incorporated by reference. The Applicant expended a total of 6,408.4 hours during the Interim Period.  All of the services have been rendered by professionals and para-professionals at Applicant's firm and was reasonable and necessary to enable the Committee to discharge its statutory responsibilities.

33.     Annexed as part of the cover sheet is a summary of the professionals and para-professionals which rendered services on behalf of the Applicant to the Committee.

34.     Applicant rendered all the professional services for which compensation is requested herein in connection with the Debtors' chapter 11 cases in furtherance of Applicant's professional responsibilities as financial advisor to the Committee.

35.     Province has used its reasonable efforts to avoid duplication of services provided to any of the Committee's other retained professionals in these chapter 11 cases.

## **EXPENSES INCURRED DURING THE INTERIM PERIOD**

36.     Annexed as part of the cover sheet is a list of the necessary and actual disbursements incurred during the Interim Period in connection with the above-described work.  The list is derived from the information in the Monthly Fee Statements and are hereby incorporated by reference. These records indicate that Applicant has advanced the sum of **$8,981.74** in necessary and actual out-of-pocket expenses during the Interim Period.

## **DISCLOSURES PURSUANT TO THE REVISED U.S. TRUSTEE GUIDELINES**

37.     The Committee reviewed all of Applicant's Monthly Fee Statements in advance of each Monthly Fee Statement being filed and served.  Applicant asserts that the fees sought for the Interim Period are reasonable and necessary and that the services provided value to the Committee.

38.     Twenty-two professionals and two para-professionals are included in this Application.

39.     The following is provided in response to the request for additional information set forth in Paragraph C.5 of the Revised UST Guidelines:

| | |
|---|---|
| **Question:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| **Response**: | No. |
| **Question:** | If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? |
| **Response**: | N/A |
| **Question:** | Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? |
| **Response**: | No. |

| | |
|---|---|
| **Question:** | Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? |
| **Response:** | Yes. This Application includes approximately $17,427.00 in fees relating to reviewing or revising time records during the Compensation Period. These fees are reflected within the Fee/Employment Applications task code. |
| **Question:** | Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? |
| **Response:** | Yes, in preparation for the filing of this Application, Province reviews its monthly invoices at the time that they are filed for privilege and confidentiality. |
| **Question:** | Does this fee application include rate increases since retention? |
| **Response:** | No. |

## ALLOWANCE OF INTERIM COMPENSATION

40.     With respect to the level of compensation, section 330 of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person, "reasonable compensation for actual, necessary services rendered." Section 330(a)(3), in turn, provides that:

> In determining the amount of reasonable compensation to be awarded . . . , the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

41.     The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. *See In Re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.") (citation and internal quotation marks omitted); *In re Drexel Burnham Lambert Group, Inc.*, 133 B.R. 13, 18 (Bankr. S.D.N.Y. 1991) ("Congress' objective on requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists.").

42.     Applicant asserts that in accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  It is respectfully submitted that, had professionals with less experience in these types of matters been retained, the cost to the estate would have been much greater.

43.     No agreement or understanding exists between Applicant and any other entity for the sharing of compensation to be received for services rendered in or in connection with this chapter 11 case.  The fees charged by Applicant in these cases are billed in accordance with the existing billing rates and procedures in effect during the Interim Period.  The services rendered by

Applicant were necessary and beneficial to the Committee, consistently performed in a timely manner, and reasonable in light of the value of such services to the Committee, Applicant's demonstrated skill and expertise in the bankruptcy field, and the customary compensation charged by comparably skilled practitioners. Applicant, by experience, training, and ability, is fully qualified to perform the services for which compensation is sought here. Applicant represents or holds no interest adverse to the Committee with respect to the matters upon which it is engaged. Accordingly, Applicant submits that approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## NOTICE, PRIOR APPLICATION AND CERTIFICATION

44. Notice of this Application has been provided in accordance with the Interim Compensation Order. Applicant submits that the foregoing constitutes good and sufficient notice and that no other or further notice need be provided.

45. No previous application for the relief sought herein has been made to this or any other court.

46. Applicant has reviewed the requirements of the Local Rules and certifies that this Application complies with the Interim Compensation Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**WHEREFORE**, Applicant respectfully requests interim allowance of compensation for Applicant's duly authorized, necessary and valuable service to the Committee during the Interim Period in the aggregate amount of **$4,426,278.00** and reimbursement of actual and necessary expenses incurred by the Applicant in the amount of **$8,981.74** for the period from June 29, 2022 through September 30, 2022, and awarding Applicant such other and further relief that this Court deems just and proper.

Dated:    November 14, 2022

/s/ Michael Atkinson
Michael Atkinson, Principal
**PROVINCE, LLC**
2360 Corporate Circle, Suite 340
Henderson, NV 89074
Telephone: (702) 685-5555
Facsimile: (702) 685-5556
Email: matkinson@provincefirm.com

*Financial Advisor to the Official Committee of Unsecured Creditors*

# **EXHIBIT A**

## **Certification**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REVLON, INC., *et al.*,[1] | ) | Case No. 22-10760 (DSJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## <u>CERTIFICATION OF MICHAEL ATKINSON</u>

Michael Atkinson, a principal with the firm Province, LLC, after being duly sworn according to law, deposes and says:

1.      I am a Principal of the applicant firm Province, LLC ("<u>Province</u>"), with offices located in the Baltimore-Washington D.C., Las Vegas, Los Angeles, Miami-Fort Lauderdale, and Stamford metro areas.  I am duly authorized to make this verification on behalf of Province. Province was retained as financial advisor to the Official Committee of Unsecured Creditors (the "<u>Committee</u>") on June 29, 2022, and Province's employment application was approved by the Court on August 23, 2022.

2.      I have personally performed many of the services rendered by Province as financial advisor to the Committee and am familiar with the other work performed on behalf of the Committee by the other professionals in the firm.

3.      The *First Interim Application for Compensation and Reimbursement of Expenses of Province, LLC, as Financial Advisor to the Official Committee of Unsecured Creditors, for the Period of June 29, 2022 through September 30, 2022* (the "<u>Application</u>") was prepared at my

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of debtor entities in these Chapter 11 Cases, for which the Court has granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: One New York Plaza, New York, NY 10004.

direction. The facts set forth in the foregoing Application are true to the best of my knowledge, information and belief.

4. Pursuant to the Guidelines, I certify that:

    a. I have read the Application;

    b. To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines, except as specifically set forth herein;

    c. The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Province and generally accepted by Province's clients; and

    d. In providing a reimbursable service, Province does not make a profit on that service, whether the service is performed by Province in-house or through a third party.

5. I certify that the Committee was provided a statement of fees and disbursements accrued each month during the Interim Period, containing the items listed in section B.2 of the Administrative Order.

6. In respect of section B.3 of the Local Guidelines, I certify that the Debtors, the U.S. Trustee, and the members of the Committee are each being provided with a copy of the Application.

Executed under penalty of perjury of the laws of the United States on this 14th day of November 2022.

/s/ Michael Atkinson
Michael Atkinson, Principal
Province, LLC