Paul M. Basta
Alice Belisle Eaton
Kyle J. Kimpler
Robert A. Britton
Brian Bolin
Sean A. Mitchell
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| REVLON, INC., *et al.*,[1] | ) | Case No. 22-10760 (DSJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DEBTORS' (I) OBJECTION TO MOTION FOR RECONSIDERATION**
**OF HAIR STRAIGHTENING ORDER AND (II) SUBMISSION**
**OF A PROPOSED ORDER DENYING THE MOTION FOR RECONSIDERATION**

---

[1] The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955.  Due to the large number of Debtors in these Chapter 11 Cases, for which the Court has granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/Revlon.  The location of the Debtors' service address for purposes of these Chapter 11 Cases is:  55 Water St., 43rd Floor, New York, NY 10041-0004.

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ...................................................................................................................... 3

    I.      The Chapter 11 Cases and the General Bar Date ................................................... 3

    II.     The Hair Straightening Bar Date Order .................................................................. 4

OBJECTION ............................................................................................................................ 7

    I.      The Motion Should Be Denied Because Use of the Hair Straightening Proof of
         Claim Form is Permissible Under Applicable Law ................................................ 7

        A.     The Movants Fail to Meet the Legal Standard Under Rule 59 of the
             Federal Rules of Civil Procedure ................................................................. 8

             1.      There has not been any change in controlling law or fact ............. 8

             2.      The Movants have not presented any new evidence..................... 11

             3.      The Movants have not demonstrated a clear error to correct
                  or a need to prevent a manifest injustice...................................... 11

        B.     The Movants Fail to Meet the Legal Standard Under Rule 60(b) of
             the Federal Rules of Civil Procedure ......................................................... 15

CONCUSION ........................................................................................................................ 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re A.H. Robins Co.*
   862 F.2d 1092 (4th Cir. 1988) ...........................................................................................9, 15

*Adams* v. *Carney*
   No. 17-181 (MPT), 2018 WL 3105113 (D. Del. June 25, 2018).............................................7

*Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*
   684 F.3d 36 (2d Cir. 2012)......................................................................................................8

*Associated Press* v. *U.S. Dep't of Def.*
   395 F.Supp.2d 17 (S.D.N.Y. 2005) .........................................................................................8

*Atlantic States Legal Found., Inc.* v. *Karg Bros., Inc.*
   841 F. Supp. 51 (N.D.N.Y. 1993)..........................................................................................11

*In re Celsius Network LLC*
   No. 22-10964 (MG), 2023 Bankr. LEXIS 191 (Bankr. S.D.N.Y. Jan. 26,
   2023) .......................................................................................................................................7

*In re Christian Bros. Inst.*
   No. 11-22820 (RDD) (Bankr. S.D.N.Y. Feb. 10, 2012) [Docket No. 244]............................14

*Davidson* v. *AMR Corp. (In re AMR Corp.)*
   566 B.R. 657 (S.D.N.Y. 2017)....................................................................................8, 11, 15

*Diocese of Buffalo, N.Y.* v. *Cont'l Ins. Co. (In re Diocese of Buffalo, N.Y.)*
   620 B.R. 445 (Bankr. W.D.N.Y. 2020) ..............................................................................9, 10

*In re Diocese of Buffalo*
   No. 20-10322 (Bankr. W.D.N.Y. Dec. 11, 2020) [Docket No. 729] ......................................10

*In re Energy Future Holdings Corp.*
   No. 14-10979 (CSS) (Bankr. D. Del. July 30, 2015) [Docket No. 5171]...............................15

*Fin. Life Servs., LLC* v. *N. Bergman Ins. Trust*
   2016 U.S. Dist. LEXIS 154387 .............................................................................................15

*First Fin. Ins. Co.* v. *Allstate Interior Demolition Corp.*
   193 F.3d 109 (2d Cir. 1999)..................................................................................................14

*In re Insys Therapeutics*
   No. 19-11292 (KG) (Bankr. D. Del. July 15, 2019) [Docket No. 294].............................12, 14

*Johnson* v. *Toffey*
    No. 9:01-CV-1907 (MAD), 2011 WL 3841540 (N.D.N.Y. Aug. 24, 2011) ....................14, 15

*Moog, Inc.* v. *U.S.*
    No. 90-215E, 1991 U.S. Dist. LEXIS 17348 (W.D.N.Y. Nov. 21, 1991) ..........................7, 16

*In re N. Bergman Ins. Trust*
    No. 1-12-40822 (NHL), 2014 Bankr. LEXIS 1184 (Bankr. E.D.N.Y. Mar. 26,
    2014) ..........................................................................................................................................7

*In re PG&E Corp.*
    No. 19- ...................................................................................................................................14

*In re PG&E Corporation*
    Case No. 19-30088 (DM) (Bankr. N.D. Cal. July 1, 2019) [Docket No. 2806] .......................9

*In re Purdue Pharma, L.P.*
    635 B.R. 26 (S.D.N.Y. 2021) ...............................................................................................14

*In re Purdue Pharma L.P.*
    No. 19 23649 (RDD) (Bankr. S.D.N.Y. Jan. 3, 2020) [Docket No. 717] .................................9

*In re Purdue Pharma L.P.*
    No. 19-23649 (RDD) (Bankr. S.D.N.Y. Jan. 24, 2020) [Docket No. 1776] .............................9

*In re Purdue Pharma*
    No. 19-23649 (RDD) (Bankr. S.D.N.Y. Feb. 3, 2019) [Docket No. 800] ........................12, 14

*In re Revlon, Inc.*
    No. 22-10760 (DSJ) (Bankr. S.D.N.Y. Mar. 13, 2023) [Docket No. 1594] .............................2

*Tyger* v. *Air Line Pilots Ass'n, Int'l*
    2008 U.S. Dist. LEXIS 63431 (E.D.N.Y. 2008) ....................................................................14

*Wanamaker* v. *Columbian Rope Co.*
    907 F. Supp. 522 (N.D.N.Y. 1995) ........................................................................................14

**Statutes**

11 U.S.C. § 1102 ............................................................................................................................3

11 U.S.C. § 1107 ............................................................................................................................3

11 U.S.C. § 1108 ............................................................................................................................3

iii

**Other Authorities**

Bankruptcy Rule 9009 ..................................................................................................8, 9, 10

Bankruptcy Rules 9023 and 9024 ..................................................................................7

Bankruptcy Rule 3001 ...........................................................................................10, 16

Federal Rule of Civil Procedure 60 ...................................................................7, 15, 17

Federal Rule of Civil Procedure 59 ....................................................................7, 8, 17

Local Bankruptcy Rule 1007-2 .....................................................................................4

Revlon, Inc. and its debtor affiliates (collectively, the "Debtors") hereby submit this objection (the "Objection") to the *Napoli Plaintiffs' Motion for Reconsideration of Order Entered on March 7, 2023* [Docket No. 1648] (the "Motion") filed on behalf of four alleged personal injury claimants[1] (the "Movants") and respectfully state as follows:

## PRELIMINARY STATEMENT[2]

1.      The Movants—consisting of four Hair Straightening Claimants who have already filed Hair Straightening Proofs of Claim on the Hair Straightening Proof of Claim Form[3]—seek to overturn this Court's well-supported decision to approve such form.  The Movants incorrectly assert that the modifications to the standard proof of claim form are impermissible.  Numerous courts have approved similarly modified proof of claim forms, especially in the mass tort context. The Hair Straightening Proof of Claim Form, as approved by the Court, substantially conformed to the Official Form but appropriately deviated in two ways: (i) removing extraneous information for the convenience of Hair Straightening Claimants and (ii) requesting certain minimal baseline information essential for determining the basis for the alleged claim and the nexus between the alleged claim and the Debtors' conduct.  These modifications were necessary in light of, among

---

[1]     The Debtors have not yet commenced claims reconciliation with respect to any of the Hair Straightening Proofs of Claim, including but not limited to those filed by Movants, and do not concede that any such claims are valid, enforceable, and/or were properly filed against the Debtors.  The Debtors reserve all rights to seek disallowance of such claims, and nothing herein shall be construed as prejudicing the Debtors' rights to challenge any claims.

[2]     Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the *Order (I) Establishing Deadlines for (A) Submitting Proofs of Claim and (B) Requests for Payment Under Bankruptcy Code Section 503(b)(9), (II) Approving the Form, Manner, and Notice Thereof, and (III) Granting Related Relief* [Docket No. 688] (the "Bar Date Order"), the *Order (I) Establishing Supplemental Deadline for Submitting Hair Straightening Proofs of Claim, (II) Approving the Notice Thereof, and (III) Granting Related Relief* [Docket No. 1574] (the "Hair Straightening Bar Date Order"), or the *Debtors' (I) Omnibus Reply to the Motions to Extend the Bar Date and (II) Submission of a Proposed Order (A) Establishing Supplemental Deadline for Submitting Hair Straightening Proofs of Claim, (B) Approving the Notice Thereof, and (C) Granting Related Relief* [Docket No. 1569] (the "Bar Date Reply"), as applicable.

[3]     *See* Claim No. 12881, filed on behalf of Jamey Capers ("Capers Proof of Claim"), attached hereto as **Exhibit B**; Claim No. 15573, filed on behalf of Bonita Newman ("Newman Proof of Claim"), attached hereto as **Exhibit C**; Claim No. 19227, filed on behalf of Derenna Moon ("Moon Proof of Claim"), attached hereto as **Exhibit D**; and Claim No. 17329, filed on behalf of Tamera Keys ("Keys Proof of Claim"), attached hereto as **Exhibit E**.

other things, the emerging status of hair straightening tort issues, and their appropriateness, as already determined by this Court, should not be revisited now.

2.      The Movants also wrongly claim that the modifications to the standard proof of claim form were approved without an opportunity for their arguments to be heard. Notwithstanding their admission that they have "carefully monitored proceedings before this Court," the Movants failed to appear at the hearing held on March 7, 2023 (the "March 7 Hearing"), where the Court approved the Hair Straightening Proof of Claim Form, although they admit in their papers that for at least over a month before the March 7 Hearing they were fully aware of the issues relating to the Hair Straightening Bar Date Motions and that their rights may be affected by a determination of those issues.  Motion at ¶¶ 6–7 ("In particular, [the Movants were] aware of the motion filed by a bankruptcy specialist retained by a number of law firms, on Jan. 26, 2023 … to extend the Bar Date, a motion that was taken up by this Court at a hearing on March 7, 2023.").

3.      Regardless of the Movants' failure to participate, the Bar Date Movants vigorously argued each of the issues that the Movants now belatedly raise in the Motion, as reflected in the transcript of the March 7 Hearing.[4]  The Court carefully considered and addressed these issues and ultimately approved the Hair Straightening Proof of Claim Form, while noting that the "outcome … [is] not quite as onerous" as characterized by the Bar Date Movants and is "consistent with the Code and the rules and necessary for the purposes of this case."  March 7 Hearing Transcript at 88:16–21.  Indeed, the Hair Straightening Proof of Claim Form is not overly burdensome, as evidenced by the fact that over 30,000 Hair Straightening Proofs of Claim were filed on the Hair

---

[4]    Hr'g Tr. at 14:9–18:18, 27:22–32:25, 37:21–38:4, 84:22–85:13, *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. Mar. 13, 2023) (the "March 7 Hearing Transcript") [Docket No. 1594].

Straightening Proof of Claim Form prior to the Hair Straightening Bar Date, four of which were filed by the Movants.[5]  This reality simply renders the relief requested in the Motion moot.

4.      In sum, the Movants have set forth no valid reason as to why, in light of the Court's careful consideration of the issues argued during the March 7 Hearing and the fact that each Movant submitted a Proof of Claim using the Hair Straightening Proof of Claim Form by the Hair Straightening Bar Date, the Court should now—more than a month after the March 7 Hearing a weeks after confirming the Debtors' plan of reorganization—reevaluate its decision approving the Hair Straightening Proof of Claim Form.  Accordingly, the Movants have failed to meet the high standard required of a motion for reconsideration and the Motion should be denied.

## **BACKGROUND**

### I.      **The Chapter 11 Cases and the General Bar Date**

5.      On June 15, 2022, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the instant cases (the "Chapter 11 Cases").  The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

6.      No trustee or examiner has been appointed in these Chapter 11 Cases.  On June 24, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 121].

7.      A description of the Debtors' businesses, the reasons for commencing these Chapter 11 Cases, the relief sought from the Court to allow for a smooth transition into chapter 11,

---

[5]      The Debtors do not concede that any of the Hair Straightening Proofs of Claim were properly filed and/or are valid.  The Debtors reserve all rights to seek disallowance of such claims, and nothing herein shall be construed as prejudicing the Debtors' rights to challenge such claims.

and the facts and circumstances supporting this Reply are set forth in the *Declaration of Robert M. Caruso, Chief Restructuring Officer, (I) in Support of First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2* [Docket No. 30].

8.      On September 12, 2022, the Court entered the Bar Date Order.  The Bar Date Order established October 24, 2022, at 5:00 p.m., prevailing Eastern Time, as the General Bar Date, the date and time by which any Claimant other than a Governmental Unit asserting a Claim against a Debtor that arose, or is deemed to have arisen, prior to the Petition Date must have filed a written Proof of Claim.

9.      Pursuant to the Bar Date Order, the Debtors caused a notice of the Bar Dates, substantially in the form attached as <u>Exhibit 3</u> to the Bar Date Order (the "<u>Publication Notice</u>") to be published in English in the national editions of (i) *The New York Times* on September 22, 2022 (U.S.), (ii) *USA Today* on September 22, 2022 (U.S.), and (iii) *The Globe and Mail*, on September 23, 2022 (Canada).  *See Certificate of Publication* [Docket No. 758].

10.     On April 3, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Third Amended Joint Plan of Reorganization of Revlon, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1746].

## II.      The Hair Straightening Bar Date Order

11.     On January 26, 2023, the DL Claimants and the WG Claimants filed motions seeking to extend the bar date to allow additional Hair Straightening Claimants to assert Hair Straightening Claims.  On February 8, 2023, the W&L Claimants filed their first motion seeking similar relief.  The Debtors engaged with the DL Claimants, the WG Claimants, and the W&L Claimants (together, the "<u>Bar Date Movants</u>") to attempt to resolve the motions filed by the Bar Date Movants (the "<u>Hair Straightening Bar Date Motions</u>") without the need for a hearing. However, the Debtors and the Bar Date Movants were ultimately unable to negotiate a mutually

acceptable agreement.  Instead, the Debtors filed the Bar Date Reply, which consented to an extension of the bar date but requested, among other things, the use of a customized proof of claim form given the particular facts at hand.

12.    In the Motion, the Movants admit, multiple times, that they were aware of the Hair Straightening Bar Date Motions and state unequivocally they were "keeping apprised of" and "carefully monitor[ing] proceedings" in the Chapter 11 Cases.  Motion at ¶¶ 6–7, 11.

13.    On March 7, 2023, the Court held a fulsome and complete hearing on the Hair Straightening Bar Date Motions.  Counsel for each of the Bar Date Movants appeared, advancing several arguments specifically concerning the Hair Straightening Proof of Claim Form, including that:

- the proposed Hair Straightening Proof of Claim Form was burdensome to complete and requested excessively detailed assertions;[6]

- the Bar Date Movants had inadequate time to gather the information required by the Hair Straightening Proof of Claim Form and complete it prior to the Hair Straightening Bar Date;[7]

- the requirement to attach medical records to the Hair Straightening Proof of Claim Form was improper;[8]

- the request for use of the Hair Straightening Proof of Claim Form was not on proper notice;[9] and

- the requirement that each individual file his or her own Hair Straightening Proof of Claim should be waived in favor of allowing counsel to file consolidated proofs of claim, in the interest of efficiency.[10]

14.    The March 7 Hearing lasted two and a half hours, as the Court took each of the foregoing arguments in turn and repeatedly heard from counsel to each of the Bar Date Movants

---

[6]    March 7 Hearing Transcript at 14:10–15:12, 40:24–41:6, 95:6–96:22.
[7]    *Id*. at 35:14–36:17, 43:11–18, 77:13–17, 88:25–89:3.
[8]    *Id*. at 15:2–3, 17:3–12, 39:1–14, 86:20–87:3.
[9]    *Id*. at 37:21–38:4.
[10]    *Id*. at 16:8–17, 81:16–82:13, 85:2–10, 86:7–14.

on every issue.  During argument, the Debtors agreed to several changes to the customized proof of claim form, including:  (i) permitting Hair Straightening Claimants to file incomplete proofs of claim for Plan voting purposes, provided that they must be modified for completeness by the Hair Straightening Bar Date,[11] (ii) adding qualifying language that the form was to be completed and questions answered "to the best of [the claimant's] ability",[12] and (iii) ensuring that any documentation containing confidential or otherwise sensitive information provided would not be published publicly online.[13]  The Court issued a detailed oral ruling, addressing the concerns raised by the Bar Date Movants and finding that the Hair Straightening Proof of Claim Form was appropriately tailored to the facts and needs of the cases at hand.  March 7 Hearing Transcript at 100:5–14, 101:14–106:2.

15.    Following the March 7 Hearing, the Court entered the modified Hair Straightening Bar Date Order, approving the Hair Straightening Proof of Claim Form in the form attached thereto as Exhibit 1.  The Court also established April 11, 2023, at 5:00 p.m., prevailing Eastern Time, as the Hair Straightening Bar Date, the date and time by which any Hair Straightening Claimant asserting a Hair Straightening Claim against a Debtor that arose, or is deemed to have arisen, prior to the Petition Date must have filed a written Proof of Claim.

16.    Pursuant to the Hair Straightening Bar Date Order, the Debtors caused a copy of the Hair Straightening Publication Notice to be published in English in the national editions of (i) *The New York Times* on March 10, 2023 (U.S.), (ii) *USA Today* on March 10, 2023 (U.S.), and (iii) *The Globe and Mail*, on March 14, 2023 (Canada).  *See Certificate of Publication* [Docket No. 1712].

---

[11]    *Id*. at 55:12–18, 55:23–58:25.
[12]    *Id*. at 97:6–12.
[13]    *Id*. at 39:8–10, 68:23–69:21.

## **OBJECTION**

**I.     The Motion Should Be Denied Because Use of the Hair Straightening Proof of Claim Form Is Permissible Under Applicable Law**

17.     Movants rely on Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, made applicable through Bankruptcy Rules 9023 and 9024, respectively, which govern the alteration or amendment of a final judgment and the grounds for relief from a final judgment, order, or proceeding.  In the interest of establishing finality and predictability, bankruptcy courts view motions to reconsider pursuant to Federal Rule 60(b) as "extraordinary remed[ies]."  *In re Celsius Network LLC*, No. 22-10964 (MG), 2023 Bankr. LEXIS 191, *9 (Bankr. S.D.N.Y. Jan. 26, 2023) (citing *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005)); *e.g.*, *In re N. Bergman Ins. Trust*, No. 1-12-40822 (NHL), 2014 Bankr. LEXIS 1184, *10 (Bankr. E.D.N.Y. Mar. 26, 2014). Specifically, "[i]t is an improper use of a motion to reconsider to ask a court to rethink what the court has already thought through."  *Moog, Inc.* v. *U.S.*, No. 90-215E, 1991 U.S. Dist. LEXIS 17348, *2 (W.D.N.Y. Nov. 21, 1991) (citing *Above the Belt, Inc.* v. *Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)); *e.g.*, *Adams* v. *Carney*, No. 17-181 (MPT), 2018 WL 3105113, *2 (D. Del. June 25, 2018).  Asking the Court to reconsider arguments it already extensively analyzed and addressed in approving the Hair Straightening Proof of Claim Form is precisely what the Movants are doing in their request for relief, as the arguments raised in the Motion largely track and are duplicative of the arguments the Bar Date Movants made at the March 7 Hearing.[14] As shown below, the lack of other exceptional circumstances renders the requested relief

---

[14]    Motion at ¶¶ 8–13, 16–17 and Declaration of Maria Fleming, attached as <u>Exhibit 1</u> to the Motion (the "<u>Fleming Declaration</u>"), ¶¶ 12–14 (arguing the lack of notice preceding the proposal of the Hair Straightening Proof of Claim Form violates due process principles, as raised during the March 7 Hearing.  *See* March 7 Hearing Transcript at 37:21–38:4); Motion at ¶¶ 18–22 and Fleming Declaration, ¶¶ 15–23 (arguing the modifications to the Hair Straightening Proof of Claim Form are impermissible and render it overly burdensome, as raised during the March 7 Hearing.  *See* March 7 Hearing Transcript at 14:9–18:18, 27:22–32:25, 84:22–85:13).

insufficient to meet legal standards required under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, and therefore, the requested relief is unwarranted and should be denied.

### A.    The Movants Fail to Meet the Legal Standard Under Rule 59 of the Federal Rules of Civil Procedure

18.    Movants must meet a "strict" standard to prevail on a motion under Rule 59 of the Federal Rules of Civil Procedure. *Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Courts should generally deny reconsideration unless a movant can demonstrate that the court "overlooked controlling decisions or factual matters that might have materially influenced its earlier decision." *Id.*; *Davidson* v. *AMR Corp. (In re AMR Corp.)*, 566 B.R. 657, 666 (S.D.N.Y. 2017). Courts proscribe the misuse of Rule 59 as "an occasion for repeating old arguments previously rejected" or "an opportunity for making new arguments that could have been previously advanced." *Associated Press* v. *U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Analytical Surveys, Inc.*, 684 F.3d at 52. A motion for reconsideration should be granted in limited circumstances, only when the movant identifies (i) an intervening change in controlling law, (ii) the availability of new evidence, or (iii) a need to correct a clear error or prevent manifest injustice. *In re AMR Corp.*, 556 B.R. at 657 (citing *Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). Movants have failed to establish any of these factors.

### 1.    There has not been any change in controlling law or fact

19.    A motion for reconsideration may be granted if the movant shows "that the court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision." *Id.* (citing *In re Parade Place, LLC*, 508 B.R. 863, 869 (Bankr. S.D.N.Y. 2014)). Here, Movants do not raise any new law in support of their Motion. Instead, Movants allege that the Debtors' reliance on *In re A.H. Robins* is misplaced, because it is no longer good law due to the

2017 amendment to Bankruptcy Rule 9009 barring most modifications to official forms, and that the other supporting decisions the Debtors cite predate the 2017 amendment or involve claim forms agreed to by negotiation. Motion at ¶ 19. This is false: The 2017 amendment did not overturn *In re A.H. Robins*,[15] and several cases cited by the Debtors approved modified forms after the 2017 amendment.[16] While the UCC and Multi-State Governmental Entities Group in *Purdue* supported the debtors' motion seeking approval of bar dates and modified proof of claim forms, the *Purdue* court, similar to this Court, addressed the merits of the proposed modified proof of claim forms in detail at the hearing before granting the requested relief.[17] In *In re PG&E Corp.*, the debtors' bar date motion received approximately seventeen objections, at least eight of which directly challenged the modified proof of claim forms, but the debtors had time to generally resolve the objections prior to the hearing.[18]

---

[15]  In *In re A.H. Robins*, the Fourth Circuit affirmed the District Court's decision to mandate completion of a questionnaire for a proof of claim to be allowed. 862 F.2d 1092, 1095–97 (4th Cir. 1988). The plain text of Rule 9009 requires the use of official forms, subject to certain exceptions. Fed. R. Bankr. P. 9009. It does not provide a basis for the proposition that any modifications or supplemental questionnaires are prohibited, and courts have since held that debtors may consider supplemental questionnaires to claims. *Diocese of Buffalo, N.Y.* v. *Cont'l Ins. Co. (In re Diocese of Buffalo, N.Y.)*, 620 B.R. 445, 455 (Bankr. W.D.N.Y. 2020).

[16]  *See* Bar Date Reply at ¶ 21 (citing Order Establishing (I) Deadlines for Filing Proofs of Claim and Procedures Relating Thereto, (II) Approving the Proof of Claim Forms, and (III) Approving the Form and Manner of Notice Thereof, *In re Purdue Pharma L.P.*, Case No. 19-23649 (RDD) (Bankr. S.D.N.Y. Feb. 3, 2020) [Docket No. 800]; Order Pursuant to 11 U.S.C. §§ 502(b)(9) and 105(a), Fed. Bankr. P. 2002, 3003(c)(3), 5005, and 9007, and L.B.R. 3003-1 (I) Establishing Deadline for Filing Proofs of Claim, (II) Establishing the Form and Manner of Notice Thereof, and (III) Approving Procedures for Providing Notice of Bar Date and Other Information to All Creditors and Potential Creditors, *In re PG&E Corporation*, Case No. 19-30088 (DM) (Bankr. N.D. Cal. July 1, 2019) [Docket No. 2806]).

[17]  *See* Debtors Motion for Entry of an Order (I) Establishing Deadlines for Filing Proofs of Claim and Procedures Relating Thereto, (II) Approving the Proof of Claim Forms, and (III) Approving the Form and Manner of Notice Thereof, n.3, *In re Purdue Pharma L.P.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y. Jan. 3, 2020) [Docket No. 717]; Hr'g Tr. at 32:21–56:12, 60:18–67:15, 67:21–73:24, 77:1–2, *In re Purdue Pharma L.P.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y. Jan. 24, 2020) [Docket No. 1776].

[18]  *See, e.g.*, Partial Objection of Ad Hoc Group of Subrogation Claim Holders to Motion of Debtors, *In re PG&E Corp.*, No. 19-30088 (DM) (Bankr. N.D. Cal. May 16, 2019) [Docket No. 2043]; Joinder and Objection to Motion of Debtors, *In re PG&E Corp.*, No. 19-30088 (DM) (Bankr. N.D. Cal. May 28, 2019) [Docket No. 2238]; Objection of Public Entities Impacted by the Wildfires to Motion of Debtors, *In re PG&E Corp.*, No. 19-30088 (DM) (Bankr. N.D. Cal. May 28, 2019) [Docket No. 2239]; Individual Butte Fire, North Bay Fires, and Camp Fire Victim Claimants' Objection, *In re PG&E Corp.*, No. 19-30088 (DM) (Bankr. N.D. Cal. May 28, 2019)

20.     The Movants nonetheless argue that the Court-approved Hair Straightening Proof of Claim Form violates Rule 9009 and is inconsistent with Rule 3001.  Motion at ¶ 19–21.  Movants cite *In re Dubois* for the proposition that the Bankruptcy Rules alone "specify the form, content, and filing requirements for a valid proof of claim."  Motion at ¶ 22 (citing *Dubois* v. *Atlas Acquisitions LLC (In re Dubois)*, 834 F.3d 522, 528 (4th Cir. 2016)).  The Debtors do not dispute that proposition, but the Hair Straightening Proof of Claim Form plainly complies with Rules 3001 and 9009.  Rule 3001 mandates that a proof of claim "shall conform substantially to the Official Form."  Fed. R. Bankr. P. 3001(a).  The Hair Straightening Proof of Claim is substantially the same as the Official Form, and its differences are permitted by the Bankruptcy Rules.[19]  Rule 9009 provides that official forms may be altered to "expand the prescribed areas for responses in order to permit complete responses."  Fed. R. Bankr. P. 9009(a).  This is precisely what the Hair Straightening Proof of Claim accomplishes, as it requests minimal additional information to permit the filing of complete responses that will enable the Debtors to determine the basis for the alleged claim and the nexus between the alleged claim and the Debtors' conduct.

---

[Docket No. 2242]; Hr'g Tr. at 8:14–23, *In re PG&E Corp.*, No. 19-30088 (DM) (Bankr. N.D. Cal. June 26, 2019) [Docket No. 2781].

[19]     Movants cite to *In re Diocese of Buffalo*, where the Bankruptcy Court for the Western District of New York rejected the debtor's request to use a modified Sexual Abuse Proof of Claim Form on the basis that it contained "alterations not minor" and "reject[ed] the use of the Official Form 410."  620 B.R. at 454 (Bankr. W.D.N.Y. 2020).  Instead, the court approved the questions contained in the proposed Sexual Abuse Proof of Claim Form as part of a Confidential Sexual Abuse Claim Supplement to accompany proofs of claim.  Order Establishing August 14, 2021 Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof, *In re Diocese of Buffalo*, No. 20-10322 (Bankr. W.D.N.Y. Dec. 11, 2020) [Docket No. 729].  This holding does not support reversing the Court's approval of the Hair Straightening Proof of Claim Form.  First, unlike the proposed form in *Diocese of Buffalo*, which completely deviated from the Official Form and contained fifteen customized broad questions regarding alleged sexual abuse claims, the Hair Straightening Proof of Claim Form uses the same formatting, layout, and questions as the Official Form, albeit with the removal of some extraneous questions and the addition of some necessary baseline questions.  Notably, the *In re Diocese of Buffalo* court left open the issue of substantial conformity.  620 B.R. at 454 ("The Court does not need to decide at this time whether the use of modified forms as proposed by the debtor might still conform substantially to the Official Form.").  Second, the Hair Straightening Proof of Claim Form likewise provides for the confidentiality of supporting documentation, such as medical records.  Hair Straightening Bar Date Order at ¶ 18.

21.    Movants also imply that the Court overlooked material factual matters in approving the Hair Straightening Proof of Claim Form.  Motion at ¶ 14 ("The transcript of the hearing reflects little discussion of the problems posed by the Hair Straightening [Proof of Claim] Form, which have now been summarized for the first time…").  As discussed below, however, the Court considered the issues raised by the Movants, which aligned with the issues considered at the March 7 Hearing.  The Movants refer to "additional evidence" they seek to submit at a hearing but provide no detail to determine whether this evidence includes factual matters that the Court has overlooked. Motion at ¶ 15.  Accordingly, the Movants have failed to justify reconsideration on this basis.

### 2. **The Movants have not presented any new evidence**

22.    Another ground for granting a motion for reconsideration is the existence of novel evidence, which would include evidence that is newly discovered or could not have been previously discovered by due diligence.  *See Atlantic States Legal Found., Inc.* v. *Karg Bros., Inc.*, 841 F. Supp. 51, 55–56 (N.D.N.Y. 1993).  Despite Movants' vague reference to so-called "additional" evidence they wish to submit, they do not allege that any such evidence has been newly discovered or was otherwise undiscoverable prior to the March 7 Hearing, of which the Movants admit they were aware.  *See* Motion at ¶¶ 6–7, 15.  Thus, the Movants also do not meet the basic threshold to warrant reconsideration on this basis.

### 3. **The Movants have not demonstrated a clear error to correct or a need to prevent a manifest injustice**

23.    The last ground for granting a motion for reconsideration is when movants show there is a need to correct a clear error or prevent manifest injustice.  *Matter of AMR Corp.*, 566 B.R. at 666.  The Movants rely on three main arguments, but none show any clear error in the Court's decisions on the issues presented during the March 7 Hearing.

24.    First, the Movants argue that the Hair Straightening Claimants should be permitted to submit Proofs of Claim using the Official Form 410 (notwithstanding that they have already submitted proofs of claim on the Hair Straightening Proof of Claim Form), because the Hair Straightening Proof of Claim is "complicated," "onerous," and "not [] possible to complete." Motion at ¶¶ 10, 12. These positions are meritless, and the Court already considered these alleged issues in detail at the March 7 Hearing. March 7 Hearing Transcript at 71:22–72:12, 73:1–13, 96:23–97:1. Among other observations, the Court noted that the Hair Straightening Claimants had "over a month" to assemble their information and submit a Hair Straightening Proof of Claim, and that the time limitation was a "necessity of bankruptcy." *Id*. at 81:2–3. In fact, there were several instances where the Court stated that the Hair Straightening Proof of Claim Form was not as "onerous" as the Bar Date Movants suggested. *Id*. at 72:8–12, 87:14–17, 88:16–21, 96:24–25. Indeed, as of the Hair Straightening Bar Date on April 11, 2023, approximately 30,337 Hair Straightening Proofs of Claims have been filed. Importantly, four of these claims were filed by the Movants, underscoring that the Hair Straightening Proof of Claim Form is accessible and reasonable.

25.    Second, the Movants allege that the direction to provide supporting documentation, including medical records, is impracticable and unprecedented.[20] Fleming Declaration, ¶¶ 17–18. The Court heard the very same argument at the March 7 Hearing and reasoned that even the standard proof of claim form anticipates the attachment of supporting documentation where the

---

[20]    As discussed by the Debtors at the March 7 Hearing, there is supporting authority for this request—other courts have approved the request to provide various medical records as part of a proof of claim. *Id*. at 53:1–18; *see* Ex. 3, *In re Purdue Pharma*, No. 19-23649 (RDD) (Bankr. S.D.N.Y. Feb. 3, 2019) [Docket No. 800]; Ex. B-1 and B-2, *In re Insys Therapeutics*, No. 19-11292 (KG) (Bankr. D. Del. July 15, 2019) [Docket No. 294] (requesting supporting documentation for medical conditions and/or diagnoses as part of a "Confidential Personal Injury Information Form" and a "General Opioid Claimant Information Form"). The Debtors required this information to provide a minimum amount of information that will allow the Debtors to preliminarily assess the validity of each claim.

basis of a claim is not evident on the face of the form. *See* March 7 Hearing Transcript at 16:19–23. Nonetheless, the Court approved the Hair Straightening Proof of Claim Form, with the qualifier that Hair Straightening Claimants had to complete it only "to the best of their ability." *Id*. at 100:8–14. The Court reconciled the concern about plaintiffs' ability to gather medical information in the time permitted with the language that supporting information must be attached only to "the best of [the Hair Straightening Claimant's] ability." *Id*. at 90:17–91:1.

26.     Third, the Movants take issue with several specific questions included on the Hair Straightening Proof of Claim Form. Fleming Declaration, ¶¶ 19–22 (arguing that Questions 9, 10, 11, 13, and 14 would require "several months" to answer). The Movants, however, contradict themselves in raising these issues. The Movants argue that Question 9, which asks Hair Straightening Claimants to select certain boxes as applicable to indicate what types of injuries the Hair Straightening Claimant alleges, is impossible to complete. *Id*. at ¶ 20. However, the Movants then contend they are capable of making a "good-faith estimate of compensatory damages." *Id*. at ¶ 22. As noted above, these Movants have already completed and filed Hair Straightening Proofs of Claim using the form, including by providing responses or checkmarks where applicable to questions that required affirmative responses (e.g., Questions 9, 10, 11, 13, and 14), with the qualifier that the responses might be supplemented over time. Further, the Court, while performing a line-by-line review of the Hair Straightening Proof of Claim, emphasized that each request was generally "fair" and that the requested information was important to establish a nexus between the claim and the Debtors' conduct. March 7 Hearing Transcript at 98:2–100:4.

27.     Finally, the Movants argue that the alleged lack of notice regarding the Hair Straightening Proof of Claim Form is manifestly unjust and reconsideration is necessary because Movants were not afforded adequate notice and an opportunity to argue the merits of the issues.

Motion at ¶¶ 16, 17.  As an initial matter, the cases cited by Movants do not stand for the proposition that inadequate notice is a proper basis for reconsideration and are wholly inapposite to the facts here.  *First Fin. Ins. Co.* v. *Allstate Interior Demolition Corp.*, 193 F.3d 109, 115 (2d Cir. 1999) (reversing and remanding the conversion of a motion to dismiss into a motion for summary judgment where parties were denied safeguards that accompany a motion for summary judgment); *Johnson* v. *Toffey*, No. 9:01-CV-1907 (MAD), 2011 WL 3841540, at *3 (N.D.N.Y. Aug. 24, 2011) (denying motion for reconsideration for failure to present new evidence or information or to otherwise show "extraordinary circumstances"); *Tyger* v. *Air Line Pilots Ass'n, Int'l*, 2008 U.S. Dist. LEXIS 63431, at *4−*6 (E.D.N.Y. 2008) (denying plaintiffs' motion for reconsideration due to lack of "extraordinary circumstances" where plaintiffs allegedly mislead defendants into not prosecuting their rights but granting defendants' motion for reconsideration due to newly discovered facts); *Wanamaker* v. *Columbian Rope Co.*, 907 F. Supp. 522, 527 (N.D.N.Y. 1995) (denying motion for reconsideration as untimely).

28.    Further, as discussed below, this issue also was raised at the March 7 Hearing by a Bar Date Movant, and the Court ultimately determined that approval of the Hair Straightening Proof of Claim Form was in the best interest of the "creditor body as a whole."  March 7 Hearing Transcript at 37:21−38:4; 81:6−10.  It is within the Court's equitable powers under section 105(a) to order the use of a modified proof of claim form, as it deems such form necessary to carry out the provisions of the Bankruptcy Code where the power to do so exists elsewhere in the Code, and as noted above, multiple courts have approved such modified forms.[21]  Accordingly, the Movants fail to present an argument supporting reconsideration on this basis.

---

[21]    *See In re Purdue Pharma, L.P.*, 635 B.R. 26, 100 (S.D.N.Y. 2021); *see, e.g.*, *In re Purdue Pharma*, No. 19-23649 (RDD) (Bankr. S.D.N.Y. Feb. 3, 2019) [Docket No. 800]; *In re Christian Bros. Inst.*, No. 11-22820 (RDD) (Bankr. S.D.N.Y. Feb. 10, 2012) [Docket No. 244]; *In re Insys Therapeutics*, No. 19-11292 (KG) (Bankr. D. Del. July 15, 2019) [Docket No. 294]; *In re PG&E Corp.*, No. 19-30088 (DM) (Bankr. N.D. Cal. July 1, 2019) [Docket

**B.    The Movants Fail to Meet the Legal Standard Under Rule 60(b) of the Federal Rules of Civil Procedure**

29.    To prevail on a motion under Rule 60(b) of the Federal Rules of Civil Procedure, a movant must show "exceptional circumstances" and more than "a claim based on legal error alone." *In re AMR Corp.*, 566 B.R. at 666; *Johnson* v. *Toffey*, 2011 WL 3841540 at *3 (citing *United Airlines, Inc.* v. *Brien*, 588 F.3d 158, 176 (2d Cir. 2009)). Rule 60 provides several grounds upon which movants can rely to seek relief from a final judgement or order. Fed. R. Civ. P. 60(b). The Movants assert that they are entitled to relief under Rules 60(b)(4) and (6), which provide, respectively, that a court may relieve a party from a final judgment or order where "the judgment is void" or where "any other reason [] justifies relief." Fed. R. Civ. P. 60(b)(4), (6).

30.    First, the Movants are incorrect that the judgment is void due to a lack of notice and opportunity to argue the matter—the Movants, evidenced by their own admissions, had full opportunity to appear and participate at the March 7 Hearing, and each of the matters raised by the Movants were argued by the Bar Date Movants at the hearing. The standard for a judgment to be deemed void is high: "The Supreme Court has described a void judgment as one that is so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final," such as where a judgment is "premised … on a violation of due process that deprives a party of notice and the opportunity to be heard." *Fin. Life Servs., LLC* v. *N. Bergman Ins. Trust*, 2016 U.S. Dist. LEXIS 154387, *16 (quoting *U.S. Aid Funds* v. *Espinosa*, 559 U.S. 260, 270 (2010)) (internal quotations omitted). As the Movants concede in their Motion, they were closely tracking developments related to the Hair Straightening Claims. Motion at ¶ 7. The Movants had notice of the March 7 Hearing and, therefore, the opportunity to participate in motion practice, argue

No. 2806]; *In re Energy Future Holdings Corp.*, No. 14-10979 (CSS) (Bankr. D. Del. July 30, 2015) [Docket No. 5171]; *In re A.H. Robins*, 862 F.2d 1092, 1093 (4th Cir. 1988).

about the reasons for granting relief to the Hair Straightening Claimants, and challenge the merits

of the Hair Straightening Proof of Claim Form at that time. Instead, they chose to sit on their rights

and do nothing. As detailed above, however, the Bar Date Movants raised substantially similar, if

not identical, arguments concerning the Hair Straightening Proof of Claim Form, which were heard

and addressed by the Court in detail. *See supra* ¶¶ 27–28. There are no circumstances requiring

the Court to "rethink" determinations it had already considered and conclusions it had reached.

*Moog, Inc.* v. *U.S.* at *2.

31.    Second, the attributes of the Hair Straightening Proof of Claim Form do not

constitute an exceptional circumstance or a reason that otherwise justifies relief so as to warrant

reconsideration. The Debtors have already demonstrated that the now-approved form is consistent

with proof of claim forms routinely approved for use in mass tort bankruptcies.[22] It is common

for courts to require tort claimants to either complete a modified proof of claim form that conforms

"substantially" to the Official Form or submit a separate questionnaire or addendum to the Official

Form. *See* Fed. R. Bankr. P. 3001(a); *supra* note 18. As the Court stated during the March 7

Hearing:

> [B]oth the dates and the process are fair and reasonable and give people both
> constitutionally sufficient and reasonably calculated notice to alert them of the need
> to file a claim and establishes a process that is fair and reasonable and appropriately
> balances their rights, their procedural rights, and doesn't unduly burden the
> submission of forms and, yet, also does what's needed to be done to allow the
> administration of the claims including the allowance of some of these claims,
> potentially, because claims will have been gotten in the door in a fashion that lets
> them be understood and evaluated and lets the case move on.

March 7 Hearing Transcript at 92:1–11.

---

[22]    As set forth in the Bar Date Reply, the Hair Straightening Proof of Claim Form simplifies the Official Form by
omitting questions irrelevant to the Hair Straightening Claimants but requests baseline details regarding each Hair
Straightening Claimant's use of the chemical hair straightening products, as is typical in mass tort bankruptcies.
*See* Bar Date Reply at ¶ 20–23.

32.     The Hair Straightening Claimants were unknown creditors who received sufficient notice by publication of the General Bar Date.  Bar Date Reply at ¶ 1.  Nonetheless, due to the unique temporal circumstances surrounding the hair straightening claims, the Debtors proposed the relief requested in their Bar Date Reply to resolve any future doubt that alleged Hair Straightening Claimants had a full, fair, and constitutionally adequate opportunity to file proofs of claim.  The Debtors engaged in good-faith negotiations with the Bar Date Movants to resolve their motions, and when the parties were unable to reach a mutually agreeable solution, the Debtors proposed the supplemental Hair Straightening Bar Date, a supplemental noticing program targeted at potential Hair Straightening Claimants, and the Hair Straightening Proof of Claim Form.  *See* Bar Date Reply at ¶ 15.  Approval of the Debtors' proposal, as modified by the Court, was a key determinant in the Debtors' decision not to object outright to the Hair Straightening Bar Date Motions.  The customized Hair Straightening Proof of Claim Form reflects a compromise by the Debtors to accommodate the Hair Straightening Claimants at a late stage of these chapter 11 cases. It is common for courts to grant relief based on objections and replies at a hearing, and as noted above, the Movants, who concede they were diligently monitoring the motions filed by the Bar Date Movants, had every opportunity to file papers and appear at the March 7 Hearing to contest such relief.

33.     In sum, the Movants have failed to show that they are entitled to reconsideration of the Hair Straightening Bar Date Order under Federal Rules of Civil Procedure 59 and 60.  The Movants' concerns were all raised by the Bar Date Movants and addressed by the Court during the March 7 Hearing, and as the Debtors have shown, the Court's initial ruling on the Hair Straightening Proof of Claim Form complies with applicable law and should not be disturbed.

## **CONCUSION**

34.    For the foregoing reasons, the Debtors respectfully request that the Court enter an order denying the Motion, substantially in the form of proposed order attached hereto as **Exhibit A**.

New York, New York                          /s/ Robert A. Britton
Dated: April 12, 2023                       _____
                                            Paul M. Basta
                                            Alice Belisle Eaton
                                            Kyle J. Kimpler
                                            Robert A. Britton
                                            Brian Bolin
                                            Sean A. Mitchell
                                            **PAUL, WEISS, RIFKIND, WHARTON &**
                                            **GARRISON LLP**
                                            1285 Avenue of the Americas
                                            New York, NY 10019
                                            Telephone: (212) 373-3000
                                            Facsimile: (212) 757-3990

                                            *Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| REVLON, INC., *et al.*,[1] | Case No. 22-10760 (DSJ) |
| Debtors. | (Jointly Administered) |

---

**ORDER DENYING THE MOTION FOR RECONSIDERATION**

Upon the *Debtors' (I) Objection to Motion for Reconsideration of Hair Straightening Order and (II) Submission of a Proposed Order Denying the Motion for Reconsideration* (the "Objection")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Motions; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having reviewed the Motions and the Reply and having heard the statements in support of the relief requested therein at a hearing held on March 7, 2023 before this Court (the "Hearing"); and this Court having determined that the

---

[1]   The last four digits of Debtor Revlon, Inc.'s tax identification number are 2955. Due to the large number of Debtors in these Chapter 11 Cases, for which the Court has granted joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/Revlon. The location of the Debtors' service address for purposes of these Chapter 11 Cases is:  55 Water St., 43rd Floor, New York, NY 10041-0004.

[2]   Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

legal and factual bases set forth in the Objection and at the Hearing establish just cause for the

relief granted herein; and this Court having found that notice of the relief granted by this order was

appropriate under the circumstances and no other notice need be provided; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Court hereby denies the relief requested in the Motion.

2.      All objections, responses, statements, or comments, if any, in opposition to the

relief set forth herein that have not otherwise been resolved or withdrawn prior to, or on the record

at, the Hearing are overruled in their entirety.

3.      The terms and conditions of this Order are immediately effective and enforceable

upon its entry.

4.      The Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Capers Proof of Claim**

# Hair Straightening Claimant Proof of Claim Form

File a Hair Straightening Claim Electronically

To file a **Hair Straightening Claimant** proof of claim electronically, please enter the creditor's name and an email address (where filing confirmation will be sent) in the fields below.

| Creditor Name | Email Address |
|---|---|
| Jamey Capers | Reply-HRS@napolilaw.com |

## EPOC Agreement

The information requested on the proof of claim form is being collected for the purposes of facilitating a voluntary petition for relief under the Bankruptcy Code and processing any claim you may have against the Debtors. **YOUR PROOF OF CLAIM FORM MUST NOT CONTAIN ANY OF THE FOLLOWING:** (i) medical records, (ii) complete social security numbers or tax identification numbers (only the last four digits), (iii) a complete birth date (only the year), (iv) the name of a minor (only the minor's initials) or (v) a financial account number (only the last four digits of such financial account). **SOME OR ALL OF THE INFORMATION YOU PROVIDE ON THE PROOF OF CLAIM FORM WILL BE PUBLICLY DISPLAYED AND/OR ACCESSIBLE ON THE DEBTOR'S CASE WEBSITE HOSTED BY KROLL RESTRUCTURING ADMINISTRATION (FORMERLY KNOWN AS PRIME CLERK) PURSUANT TO APPLICABLE LAW AND/OR COURT ORDER.** Additionally, such information may be shared with certain third parties affiliated with this matter in furtherance of the bankruptcy case and process. Although you may have certain rights relating to the information provided on the proof of claim form under certain laws, applicable law or court order may prohibit the amendment or erasure of such information once it is submitted, including information displayed and/or accessible at the case website.

**BY SELECTING "I AGREE" BELOW, YOU CONSENT TO ALL INFORMATION SUBMITTED BEING PUBLICLY DISPLAYED AND/OR ACCESSIBLE ON THE CASE WEBSITE AND THE BANKRUPTCY COURT'S CLAIMS REGISTER.**

IMPORTANT NOTE REGARDING YOUR OBLIGATION TO REDACT YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION.

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM.

PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.
Information Collected and Redaction Responsibility
The information requested on the proof of claim form is being collected for the purposes of facilitating a debtor's voluntary petition for relief under the U.S. Bankruptcy Code and processing any claim you may have against such debtor. When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**ALL DOCUMENTS SUBMITTED, INCLUDING ANY MEDICAL RECORDS, WILL BE MADE PUBLICLY AVAILABLE ON THE DEBTOR'S CASE WEBSITE AND/OR THE BANKRUPTCY COURT'S CLAIMS REGISTER.**

The information you provide on the proof of claim form will be retained by or on behalf of the Bankruptcy Court, the debtor and Kroll Restructuring Administration for as long as necessary for the purposes described above, as needed to resolve disputes or protect legal rights as they relate to such claim, or as otherwise required by law. Some or all of the information you provide on the proof of claim form will be displayed and/or accessible on the debtor's case website hosted by Kroll Restructuring Administration pursuant to applicable law and/or court order. Additionally, such information may be shared with certain third parties affiliated with this matter in furtherance of the bankruptcy case and process. Although you may have certain rights relating to the information provided on the proof of claim form under certain laws, applicable law or court order may prohibit the amendment or erasure of such information once it is submitted, including information displayed and/or accessible at the case website.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Kroll Restructuring Administration and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Kroll Restructuring Administration and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Kroll Restructuring Administration or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Kroll Restructuring Administration and the Clerk of the Court are authorized but not obligated, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

Submission of Claim Data

By using this Site and loading any information to the Site, you agree to release us from any claim or liability with respect to the public display of personal or private information, including but not limited to the types of information listed above.

Hair Straightening Claimant Proof of Claim Form

Claims and creditor information ("Claim Data") must be submitted by a human being and not a script, program, or other method that may be construed as a "bot." Claim Data must be submitted by the creditor or someone authorized to submit such Claim Data on behalf of the creditor. Claim Data must be correct to the best of the creditor's /submitter's knowledge. Filing Claim Data on this Site grants no guarantee of payment.

You represent and warrant that Claim Data submitted by you:

• shall be true, accurate, and complete;
• shall not contain any personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) or other sensitive or potentially embarrassing information, including health care information;
• shall not violate the rights of any third party, including, but not limited to, other proprietary and/or intellectual property rights, or rights of publicity or privacy; shall not violate any law; shall not contain any viruses, Trojan horses, worms, time bombs, bots, or other computer programming routines that are intended to damage, interfere with, or expropriate any system or information; and
• shall not create liability for us or interfere with the operation of the Site.
All information, including information relating to your Claim Data, that is filed electronically, including through this Site, is subject to the same conditions and restrictions as paper based proofs of claim filed with a Bankruptcy Court and are subject to court orders, rules, procedures and applicable law relating to the bankruptcy case in which Claims Data are filed.

Not Legal Advice

WE CANNOT PROVIDE ANY LEGAL ADVICE REGARDING CLAIM DATA OR ON ANY OTHER TOPIC. IF YOU REQUIRE ADVICE REGARDING YOUR RIGHTS OR ANY BANKRUPTCY CASE YOU MAY WISH TO SEEK LEGAL COUNSEL FROM A LICENSED ATTORNEY. USERS OF THIS SITE SHOULD NOT TAKE OR REFRAIN FROM TAKING ANY ACTION BASED UPON CONTENT INCLUDED IN THE SITE. KROLL RESTRUCTURING ADMINISTRATION IS NOT IN THE BUSINESS OF PROVIDING PROFESSIONAL OR LEGAL ADVICE AND INFORMATION CONTAINED ON THIS SITE SHOULD NOT BE RELIED ON AS A SUBSTITUTE FOR FINANCIAL, LEGAL OR OTHER PROFESSIONAL ADVICE.ANY RELIANCE ON THE INFORMATION CONTAINED ON THIS SITE IS SOLELY AT YOUR RISK.

Electronic Signatures

When you submit Claim Data or other information to us, you may be asked to electronically "sign" a form that will set forth certain terms and conditions related to such submission. You hereby agree that your electronic signature in respect of any such submission complies with the U.S. federal ESIGN Act of 2000, and accordingly shall have the same legal effect as your original signature.

For our Terms of Use please click Terms of Use.

Filing Fraudulent Claims

FILING A FRAUDULENT CLAIM IS PUNISHABLE BY A FINE UP TO $500,000 AND/OR IMPRISONMENT FOR UP TO 5 YEARS (18 U.S.C. 152 AND 3571).

By selecting I agree below, I confirm I have read, understand and agree to be bound by the foregoing as well as the Terms of Use.
◉ I Agree
○ Reject

## Exhibit C

**Newman Proof of Claim**

Hair Straightening Claimant Proof of Claim Form

# Hair Straightening Claimant Proof of Claim Form

## File a Hair Straightening Claim Electronically

To file a **Hair Straightening Claimant** proof of claim electronically, please enter the creditor's name and an email address (where filing confirmation will be sent) in the fields below.

| Creditor Name | Email Address |
|---|---|
| Bonita Newman | Reply-HRS@napolilaw.com |

## EPOC Agreement

The information requested on the proof of claim form is being collected for the purposes of facilitating a voluntary petition for relief under the Bankruptcy Code and processing any claim you may have against the Debtors. **YOUR PROOF OF CLAIM FORM MUST NOT CONTAIN** ANY OF THE FOLLOWING: (i) medical records, (ii) complete social security numbers or tax identification numbers (only the last four digits), (iii) a complete birth date (only the year), (iv) the name of a minor (only the minor's initials) or (v) a financial account number (only the last four digits of such financial account). **SOME OR ALL OF THE INFORMATION YOU PROVIDE ON THE PROOF OF CLAIM FORM WILL BE PUBLICLY DISPLAYED AND/OR ACCESSIBLE ON THE DEBTOR'S CASE WEBSITE HOSTED BY KROLL RESTRUCTURING ADMINISTRATION (FORMERLY KNOWN AS PRIME CLERK) PURSUANT TO APPLICABLE LAW AND/OR COURT ORDER.** Additionally, such information may be shared with certain third parties affiliated with this matter in furtherance of the bankruptcy case and process. Although you may have certain rights relating to the information provided on the proof of claim form under certain laws, applicable law or court order may prohibit the amendment or erasure of such information once it is submitted, including information displayed and/or accessible at the case website.

**BY SELECTING "I AGREE" BELOW, YOU CONSENT TO ALL INFORMATION SUBMITTED BEING PUBLICLY DISPLAYED AND/OR ACCESSIBLE ON THE CASE WEBSITE AND THE BANKRUPTCY COURT'S CLAIMS REGISTER.**

IMPORTANT NOTE REGARDING YOUR OBLIGATION TO REDACT YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION.

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM.

PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.
Information Collected and Redaction Responsibility
The information requested on the proof of claim form is being collected for the purposes of facilitating a debtor's voluntary petition for relief under the U.S. Bankruptcy Code and processing any claim you may have against such debtor. When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**ALL DOCUMENTS SUBMITTED, INCLUDING ANY MEDICAL RECORDS, WILL BE MADE PUBLICLY AVAILABLE ON THE DEBTOR'S CASE WEBSITE AND/OR THE BANKRUPTCY COURT'S CLAIMS REGISTER.**

The information you provide on the proof of claim form will be retained by or on behalf of the Bankruptcy Court, the debtor and Kroll Restructuring Administration for as long as necessary for the purposes described above, as needed to resolve disputes or protect legal rights as they relate to such claim, or as otherwise required by law. Some or all of the information you provide on the proof of claim form will be displayed and/or accessible on the debtor's case website hosted by Kroll Restructuring Administration pursuant to applicable law and/or court order. Additionally, such information may be shared with certain third parties affiliated with this matter in furtherance of the bankruptcy case and process. Although you may have certain rights relating to the information provided on the proof of claim form under certain laws, applicable law or court order may prohibit the amendment or erasure of such information once it is submitted, including information displayed and/or accessible at the case website.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Kroll Restructuring Administration and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Kroll Restructuring Administration and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Kroll Restructuring Administration or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Kroll Restructuring Administration and the Clerk of the Court are authorized but not obligated, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

Submission of Claim Data

By using this Site and loading any information to the Site, you agree to release us from any claim or liability with respect to the public display of personal or private information, including but not limited to the types of information listed above.

Claims and creditor information ("Claim Data") must be submitted by a human being and not a script, program, or other method that may be construed as a "bot." Claim Data must be submitted by the creditor or someone authorized to submit such Claim Data on behalf of the creditor. Claim Data must be correct to the best of the creditor's /submitter's knowledge. Filing Claim Data on this Site grants no guarantee of payment.

You represent and warrant that Claim Data submitted by you:

• shall be true, accurate, and complete;
• shall not contain any personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) or other sensitive or potentially embarrassing information, including health care information;
• shall not violate the rights of any third party, including, but not limited to, other proprietary and/or intellectual property rights, or rights of publicity or privacy; shall not violate any law; shall not contain any viruses, Trojan horses, worms, time bombs, bots, or other computer programming routines that are intended to damage, interfere with, or expropriate any system or information; and
• shall not create liability for us or interfere with the operation of the Site.
All information, including information relating to your Claim Data, that is filed electronically, including through this Site, is subject to the same conditions and restrictions as paper based proofs of claim filed with a Bankruptcy Court and are subject to court orders, rules, procedures and applicable law relating to the bankruptcy case in which Claims Data are filed.

Not Legal Advice

WE CANNOT PROVIDE ANY LEGAL ADVICE REGARDING CLAIM DATA OR ON ANY OTHER TOPIC. IF YOU REQUIRE ADVICE REGARDING YOUR RIGHTS OR ANY BANKRUPTCY CASE YOU MAY WISH TO SEEK LEGAL COUNSEL FROM A LICENSED ATTORNEY. USERS OF THIS SITE SHOULD NOT TAKE OR REFRAIN FROM TAKING ANY ACTION BASED UPON CONTENT INCLUDED IN THE SITE. KROLL RESTRUCTURING ADMINISTRATION IS NOT IN THE BUSINESS OF PROVIDING PROFESSIONAL OR LEGAL ADVICE AND INFORMATION CONTAINED ON THIS SITE SHOULD NOT BE RELIED ON AS A SUBSTITUTE FOR FINANCIAL, LEGAL OR OTHER PROFESSIONAL ADVICE.ANY RELIANCE ON THE INFORMATION CONTAINED ON THIS SITE IS SOLELY AT YOUR RISK.

Electronic Signatures

When you submit Claim Data or other information to us, you may be asked to electronically "sign" a form that will set forth certain terms and conditions related to such submission. You hereby agree that your electronic signature in respect of any such submission complies with the U.S. federal ESIGN Act of 2000, and accordingly shall have the same legal effect as your original signature.

For our Terms of Use please click Terms of Use.

Filing Fraudulent Claims

FILING A FRAUDULENT CLAIM IS PUNISHABLE BY A FINE UP TO $500,000 AND/OR IMPRISONMENT FOR UP TO 5 YEARS (18 U.S.C. 152 AND 3571).

**By selecting I agree below, I confirm I have read, understand and agree to be bound by the foregoing as well as the Terms of Use.**
◉ I Agree
○ Reject

**Exhibit D**

**Moon Proof of Claim**

Hair Straightening Claimant Proof of Claim Form

# Hair Straightening Claimant Proof of Claim Form

## File a Hair Straightening Claim Electronically

To file a **Hair Straightening Claimant** proof of claim electronically, please enter the creditor's name and an email address (where filing confirmation will be sent) in the fields below.

| Creditor Name | Email Address |
|---|---|
| Derrenna Moon | Reply-HRS@napolilaw.com |

## EPOC Agreement

The information requested on the proof of claim form is being collected for the purposes of facilitating a voluntary petition for relief under the Bankruptcy Code and processing any claim you may have against the Debtors. **YOUR PROOF OF CLAIM FORM MUST NOT CONTAIN** ANY OF THE FOLLOWING: (i) medical records, (ii) complete social security numbers or tax identification numbers (only the last four digits), (iii) a complete birth date (only the year), (iv) the name of a minor (only the minor's initials) or (v) a financial account number (only the last four digits of such financial account). **SOME OR ALL OF THE INFORMATION YOU PROVIDE ON THE PROOF OF CLAIM FORM WILL BE PUBLICLY DISPLAYED AND/OR ACCESSIBLE ON THE DEBTOR'S CASE WEBSITE HOSTED BY KROLL RESTRUCTURING ADMINISTRATION (FORMERLY KNOWN AS PRIME CLERK) PURSUANT TO APPLICABLE LAW AND/OR COURT ORDER.** Additionally, such information may be shared with certain third parties affiliated with this matter in furtherance of the bankruptcy case and process. Although you may have certain rights relating to the information provided on the proof of claim form under certain laws, applicable law or court order may prohibit the amendment or erasure of such information once it is submitted, including information displayed and/or accessible at the case website.

**BY SELECTING "I AGREE" BELOW, YOU CONSENT TO ALL INFORMATION SUBMITTED BEING PUBLICLY DISPLAYED AND/OR ACCESSIBLE ON THE CASE WEBSITE AND THE BANKRUPTCY COURT'S CLAIMS REGISTER.**

IMPORTANT NOTE REGARDING YOUR OBLIGATION TO REDACT YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION.

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM.

PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.
Information Collected and Redaction Responsibility
The information requested on the proof of claim form is being collected for the purposes of facilitating a debtor's voluntary petition for relief under the U.S. Bankruptcy Code and processing any claim you may have against such debtor. When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**ALL DOCUMENTS SUBMITTED, INCLUDING ANY MEDICAL RECORDS, WILL BE MADE PUBLICLY AVAILABLE ON THE DEBTOR'S CASE WEBSITE AND/OR THE BANKRUPTCY COURT'S CLAIMS REGISTER.**

The information you provide on the proof of claim form will be retained by or on behalf of the Bankruptcy Court, the debtor and Kroll Restructuring Administration for as long as necessary for the purposes described above, as needed to resolve disputes or protect legal rights as they relate to such claim, or as otherwise required by law. Some or all of the information you provide on the proof of claim form will be displayed and/or accessible on the debtor's case website hosted by Kroll Restructuring Administration pursuant to applicable law and/or court order. Additionally, such information may be shared with certain third parties affiliated with this matter in furtherance of the bankruptcy case and process. Although you may have certain rights relating to the information provided on the proof of claim form under certain laws, applicable law or court order may prohibit the amendment or erasure of such information once it is submitted, including information displayed and/or accessible at the case website.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Kroll Restructuring Administration and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Kroll Restructuring Administration and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Kroll Restructuring Administration or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Kroll Restructuring Administration and the Clerk of the Court are authorized but not obligated, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

Submission of Claim Data

By using this Site and loading any information to the Site, you agree to release us from any claim or liability with respect to the public display of personal or private information, including but not limited to the types of information listed above.

Hair Straightening Claimant Proof of Claim Form

Claims and creditor information ("Claim Data") must be submitted by a human being and not a script, program, or other method that may be construed as a "bot." Claim Data must be submitted by the creditor or someone authorized to submit such Claim Data on behalf of the creditor. Claim Data must be correct to the best of the creditor's /submitter's knowledge. Filing Claim Data on this Site grants no guarantee of payment.

You represent and warrant that Claim Data submitted by you:

• shall be true, accurate, and complete;
• shall not contain any personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) or other sensitive or potentially embarrassing information, including health care information;
• shall not violate the rights of any third party, including, but not limited to, other proprietary and/or intellectual property rights, or rights of publicity or privacy; shall not violate any law; shall not contain any viruses, Trojan horses, worms, time bombs, bots, or other computer programming routines that are intended to damage, interfere with, or expropriate any system or information; and
• shall not create liability for us or interfere with the operation of the Site.
All information, including information relating to your Claim Data, that is filed electronically, including through this Site, is subject to the same conditions and restrictions as paper based proofs of claim filed with a Bankruptcy Court and are subject to court orders, rules, procedures and applicable law relating to the bankruptcy case in which Claims Data are filed.

Not Legal Advice

WE CANNOT PROVIDE ANY LEGAL ADVICE REGARDING CLAIM DATA OR ON ANY OTHER TOPIC. IF YOU REQUIRE ADVICE REGARDING YOUR RIGHTS OR ANY BANKRUPTCY CASE YOU MAY WISH TO SEEK LEGAL COUNSEL FROM A LICENSED ATTORNEY. USERS OF THIS SITE SHOULD NOT TAKE OR REFRAIN FROM TAKING ANY ACTION BASED UPON CONTENT INCLUDED IN THE SITE. KROLL RESTRUCTURING ADMINISTRATION IS NOT IN THE BUSINESS OF PROVIDING PROFESSIONAL OR LEGAL ADVICE AND INFORMATION CONTAINED ON THIS SITE SHOULD NOT BE RELIED ON AS A SUBSTITUTE FOR FINANCIAL, LEGAL OR OTHER PROFESSIONAL ADVICE.ANY RELIANCE ON THE INFORMATION CONTAINED ON THIS SITE IS SOLELY AT YOUR RISK.

Electronic Signatures

When you submit Claim Data or other information to us, you may be asked to electronically "sign" a form that will set forth certain terms and conditions related to such submission. You hereby agree that your electronic signature in respect of any such submission complies with the U.S. federal ESIGN Act of 2000, and accordingly shall have the same legal effect as your original signature.

For our Terms of Use please click Terms of Use.

Filing Fraudulent Claims

FILING A FRAUDULENT CLAIM IS PUNISHABLE BY A FINE UP TO $500,000 AND/OR IMPRISONMENT FOR UP TO 5 YEARS (18 U.S.C. 152 AND 3571).

**By selecting I agree below, I confirm I have read, understand and agree to be bound by the foregoing as well as the Terms of Use.**
◉ I Agree
○ Reject

**<u>Exhibit E</u>**

**Keys Proof of Claim**

# Hair Straightening Claimant Proof of Claim Form

## File a Hair Straightening Claim Electronically

To file a **Hair Straightening Claimant** proof of claim electronically, please enter the creditor's name and an email address (where filing confirmation will be sent) in the fields below.

| Creditor Name | Email Address |
|---|---|
| Tamera Keys | Reply-HRS@napolilaw.com |

## EPOC Agreement

The information requested on the proof of claim form is being collected for the purposes of facilitating a voluntary petition for relief under the Bankruptcy Code and processing any claim you may have against the Debtors. **YOUR PROOF OF CLAIM FORM <u>MUST NOT CONTAIN</u> ANY OF THE FOLLOWING:** (i) medical records, (ii) complete social security numbers or tax identification numbers (only the last four digits), (iii) a complete birth date (only the year), (iv) the name of a minor (only the minor's initials) or (v) a financial account number (only the last four digits of such financial account). **SOME OR ALL OF THE INFORMATION YOU PROVIDE ON THE PROOF OF CLAIM FORM WILL BE PUBLICLY DISPLAYED AND/OR ACCESSIBLE ON THE DEBTOR'S CASE WEBSITE HOSTED BY KROLL RESTRUCTURING ADMINISTRATION (FORMERLY KNOWN AS PRIME CLERK) PURSUANT TO APPLICABLE LAW AND/OR COURT ORDER.** Additionally, such information may be shared with certain third parties affiliated with this matter in furtherance of the bankruptcy case and process. Although you may have certain rights relating to the information provided on the proof of claim form under certain laws, applicable law or court order may prohibit the amendment or erasure of such information once it is submitted, including information displayed and/or accessible at the case website.

**BY SELECTING "I AGREE" BELOW, YOU CONSENT TO ALL INFORMATION SUBMITTED BEING PUBLICLY DISPLAYED AND/OR ACCESSIBLE ON THE CASE WEBSITE AND THE BANKRUPTCY COURT'S CLAIMS REGISTER.**

<u>IMPORTANT NOTE REGARDING YOUR OBLIGATION TO REDACT YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION.</u>

<u>PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM.</u>

PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.
Information Collected and Redaction Responsibility
The information requested on the proof of claim form is being collected for the purposes of facilitating a debtor's voluntary petition for relief under the U.S. Bankruptcy Code and processing any claim you may have against such debtor. When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**ALL DOCUMENTS SUBMITTED, INCLUDING ANY MEDICAL RECORDS, WILL BE MADE PUBLICLY AVAILABLE ON THE DEBTOR'S CASE WEBSITE AND/OR THE BANKRUPTCY COURT'S CLAIMS REGISTER.**

The information you provide on the proof of claim form will be retained by or on behalf of the Bankruptcy Court, the debtor and Kroll Restructuring Administration for as long as necessary for the purposes described above, as needed to resolve disputes or protect legal rights as they relate to such claim, or as otherwise required by law. Some or all of the information you provide on the proof of claim form will be displayed and/or accessible on the debtor's case website hosted by Kroll Restructuring Administration pursuant to applicable law and/or court order. Additionally, such information may be shared with certain third parties affiliated with this matter in furtherance of the bankruptcy case and process. Although you may have certain rights relating to the information provided on the proof of claim form under certain laws, applicable law or court order may prohibit the amendment or erasure of such information once it is submitted, including information displayed and/or accessible at the case website.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Kroll Restructuring Administration and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Kroll Restructuring Administration and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Kroll Restructuring Administration or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Kroll Restructuring Administration and the Clerk of the Court are authorized but not obligated, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

<u>Submission of Claim Data</u>

By using this Site and loading any information to the Site, you agree to release us from any claim or liability with respect to the public display of personal or private information, including but not limited to the types of information listed above.

Claims and creditor information ("Claim Data") must be submitted by a human being and not a script, program, or other method that may be construed as a "bot." Claim Data must be submitted by the creditor or someone authorized to submit such Claim Data on behalf of the creditor. Claim Data must be correct to the best of the creditor's /submitter's knowledge. Filing Claim Data on this Site grants no guarantee of payment.

You represent and warrant that Claim Data submitted by you:

• shall be true, accurate, and complete;
• shall not contain any personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) or other sensitive or potentially embarrassing information, including health care information;
• shall not violate the rights of any third party, including, but not limited to, other proprietary and/or intellectual property rights, or rights of publicity or privacy; shall not violate any law; shall not contain any viruses, Trojan horses, worms, time bombs, bots, or other computer programming routines that are intended to damage, interfere with, or expropriate any system or information; and
• shall not create liability for us or interfere with the operation of the Site.
All information, including information relating to your Claim Data, that is filed electronically, including through this Site, is subject to the same conditions and restrictions as paper based proofs of claim filed with a Bankruptcy Court and are subject to court orders, rules, procedures and applicable law relating to the bankruptcy case in which Claims Data are filed.

Not Legal Advice

WE CANNOT PROVIDE ANY LEGAL ADVICE REGARDING CLAIM DATA OR ON ANY OTHER TOPIC. IF YOU REQUIRE ADVICE REGARDING YOUR RIGHTS OR ANY BANKRUPTCY CASE YOU MAY WISH TO SEEK LEGAL COUNSEL FROM A LICENSED ATTORNEY. USERS OF THIS SITE SHOULD NOT TAKE OR REFRAIN FROM TAKING ANY ACTION BASED UPON CONTENT INCLUDED IN THE SITE. KROLL RESTRUCTURING ADMINISTRATION IS NOT IN THE BUSINESS OF PROVIDING PROFESSIONAL OR LEGAL ADVICE AND INFORMATION CONTAINED ON THIS SITE SHOULD NOT BE RELIED ON AS A SUBSTITUTE FOR FINANCIAL, LEGAL OR OTHER PROFESSIONAL ADVICE.ANY RELIANCE ON THE INFORMATION CONTAINED ON THIS SITE IS SOLELY AT YOUR RISK.

Electronic Signatures

When you submit Claim Data or other information to us, you may be asked to electronically "sign" a form that will set forth certain terms and conditions related to such submission. You hereby agree that your electronic signature in respect of any such submission complies with the U.S. federal ESIGN Act of 2000, and accordingly shall have the same legal effect as your original signature.

For our Terms of Use please click Terms of Use.

Filing Fraudulent Claims

FILING A FRAUDULENT CLAIM IS PUNISHABLE BY A FINE UP TO $500,000 AND/OR IMPRISONMENT FOR UP TO 5 YEARS (18 U.S.C. 152 AND 3571).

**By selecting I agree below, I confirm I have read, understand and agree to be bound by the foregoing as well as the Terms of Use.**
◉ I Agree
○ Reject