USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/15/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
In Re: Revlon, Inc.                                               :
                                                                  :
                                          DEBTOR.                 :
------------------------------------------------------------------:
                                                                  :
BONITA NEWMAN, DERENNA MOON, JAMEY                                :    23-CV-4091 (VEC)
CAPERS, and TAMERA KEYS,                                          :
                                                                  :    OPINION & ORDER
                                          APPELLANTS,             :
                                                                  :
REVLON, INC.                                                      :
                                                                  :
                                          APPELLEE.               :
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

This appeal arises out of the Chapter 11 bankruptcy proceeding of Revlon, Inc. and its affiliates (collectively, "Revlon"). Appellants are claimants who allegedly used Revlon hair-straightening products that are correlated with a higher risk of cancer. *See* Not. of Appeal, Dkt. 1. Appellants challenge on procedural due process grounds the Bankruptcy Court's March 7, 2023, Order (the "Order") extending their time to file a claim, conditioned on them filing a customized proof of claim form. *Id.*[1] For the following reasons, the appeal is DISMISSED for lack of appellate jurisdiction.

## BACKGROUND

Revlon develops and sells beauty products such as hair treatments, fragrances, and skin care creams. *See* Caruso Aff. ¶ 6, *In re Revlon, Inc.*, No. 22-BK-10760 (DSJ) (Bankr. S.D.N.Y.

---

[1]    Appellants' notice of appeal states that they are also appealing the Bankruptcy Court's denial of their motion for reconsideration of the Order. *See* Not. of Appeal, Dkt. 1. Appellants have abandoned that aspect of their appeal. *See* Appellants Reply, Dkt. 14 at 1.

Any references to the appeal record are designated "A" and are at Exhibit 1 to Docket Entry 7.

June 16, 2022), Dkt. 30.  On June 15, 2022, Revlon petitioned for relief under Chapter 11 of the U.S. Bankruptcy Code.  *See* Pet., *In re Revlon, Inc.*, No. 22-BK-10760 (DSJ) (Bankr. S.D.N.Y. June 15, 2022), Dkt. 1.

As relevant to this appeal, on September 12, 2022, the Bankruptcy Court required claimants asserting non-governmental claims against Revlon to file written proofs of claim ("Standard Claim Forms") by October 24, 2022 (the "General Bar Date").  *See* Order, A13–A52.

Shortly before the General Bar Date, the National Institutes of Health published a study concluding that the use of hair straightening chemicals is associated with a higher risk of uterine cancer.  *See* NIH, *Hair Straightening Chemicals Associated with Higher Uterine Cancer Risk* (Oct. 17, 2022), https://www.nih.gov/news-events/news-releases/hair-straightening-chemicals-associated-higher-uterine-cancer-risk; *see also* Mar. 7, 2023, Hearing Tr., A192:14–20.

Beginning on January 26, 2023 — months after the General Bar Date had passed — certain claimants (other than Appellants) moved to extend the General Bar Date for any claims based on use of Revlon's hair straightening products ("Hair Straightening Claims").  *See* Mots. to Extend Bar Date, A54–A63, A83–A98, A123–A142.  Revlon responded to the motion on March 6, 2023, asserting that any claims filed after the General Bar Date were untimely.  Revlon Resp., A144–A157.  To avoid any argument that the movants had not been given a full and fair opportunity to bring claims, however, Revlon requested that the Bankruptcy Court extend the bar date solely for Hair Straightening Claims until April 11, 2023 (the "Tailored Bar Date").  *See id*. at A147.  In addition, Revlon requested that such claimants be required to file a tailored proof of claim form (the "Tailored Claim Form") that was designed to facilitate the claims resolution process.  *See id*. at A154–A156.[2]

---

[2]   The Tailored Claim Form removed requests for certain information and required claimants to provide certain additional information, such as whether the claim arose out of the claimant's or someone else's use of hair

On March 7, 2023, the Bankruptcy Court held a hearing on the motions to extend the General Bar Date. *See* Mar. 7, 2023, Hearing Tr., A181–A294.[3] After reviewing the proposed Tailored Claim Form in detail and requiring certain changes to the proposed form, *see id.*, A197–A281, the Bankruptcy Court extended the Bar Date for Hair Straightening Claims and required such claims to be filed by the Tailored Bar Date using the Tailored Claim Form, *see id.* A281–A287; Order, A295–A317. The Tailored Claim Form stated that the claimant should complete it "to the best of his ability" and that the claimant may "amend or supplement" his or her claim in compliance with the Bankruptcy Code after the claim was filed. Tailored Claim Form, A306–A312. Revlon publicized the Tailored Bar Date. *See* Certificate of Publication, *In re Revlon, Inc.*, No. 22-BK-10760 (DSJ) (Bankr. S.D.N.Y. Mar. 30, 2023), Dkt. 1712.

Appellants timely filed Tailored Claim Forms.[4] *See* Apr. 19, 2023, Hearing Tr., A405:3–20, A456:12–19, A457:8–12. Appellants have not identified any errors, omissions, or objections in connection with their claim forms. *See id.* at A407:10–14; Appellants Mem., Dkt. 7 at 2 (arguing only that Appellants are "at risk" of Revlon disallowing their claims for failing to provide unspecified information required by the custom form).

On March 21, 2013, Appellants moved for reconsideration of the Order, arguing that (i) Revlon failed to provide adequate notice of its request for claimants to be required to use the Tailored Claim Form and (ii) the Bankruptcy Court lacked authority to authorize its use in Revlon's bankruptcy proceeding. *See* Appellants Mem. in Supp. of Mot. for Reconsideration,

---

straightening products, a description of the chemical hair straightening products the claimant had used, and the years during which the claimant had used the products. *See* Tailored Claim Form, A169–A175.

[3] Counsel for the movants and Revlon appeared. *See* Mar. 7, 2023, Hearing Tr., A184–A189. Nobody appeared on behalf of Appellants even though Appellants' counsel was aware of the motions and the hearing. *See* App. Mem. in Supp. Of Mot. for Reconsideration ¶ 7, A319–A329.

[4] Certain Appellants also timely filed Standard Claim Forms. *See* Apr. 19, 2023, Hearing Tr., A405:3–10.

3

A319–A329. On April 19, 2023, after a hearing, the Bankruptcy Court denied the motion. *See* Apr. 19, 2023, Hearing Tr., A394–A471. Appellants argued that they had standing to move for reconsideration because their attorneys signed and filed Tailored Claim Forms under the penalty of perjury on short notice and because Appellants "face a risk" that Revlon will object to their claims at some point in the future. *Id.* at A408:11; *see also id*. at A408:21–A410:5. The Bankruptcy Court concluded that Appellants lacked standing because they did not suffer any injury in fact inasmuch as they timely filed Tailored Claim Forms and still have the opportunity to amend their forms if necessary. *Id.* at A456:8–A458:8.[5]

Appellants now move the Court for an order holding that even Standard Claim Forms filed by the Tailored Bar Date cannot be disallowed because the Order approving the Tailored Claim Form violated their due process rights and the Bankruptcy Code. *See generally* Appellants Mem. Appellants did not address standing in their opening brief and, in their reply, asserted that standing is irrelevant because they are merely appealing the Order — not the Bankruptcy Court's denial of their motion for reconsideration that was based in part on their lack of standing. *See* Appellants Reply, Dkt. 14 at 2–5.

## DISCUSSION

### I.    Legal Standard

District courts generally have jurisdiction to hear appeals from final judgments, orders, and decrees of the Bankruptcy Court. *See* 28 U.S.C. § 158(a)(1). Bankruptcy appeals are

---

[5]    Because the Bankruptcy Court raised standing *sua sponte*, and the parties had the opportunity only to address that issue orally, the Bankruptcy Court also considered and rejected Appellants' motion on the merits. *See* Mar. 7, 2023, Hearing Tr., A458:9–A461:22. The Bankruptcy Court found that the Original Bar Date "unquestionably satisfie[d] due process requirements." *Id*. at A448:13. Appellants' counsel could have, but chose not to, attend the hearing regarding the Tailored Claim Form; they were not deprived of the opportunity to be heard. *Id*. at A462:11–A464:10. The Bankruptcy Court also rejected Appellants' argument that the Tailored Claim Form violated the Bankruptcy Code. *Id*. at A464:11–A466:21.

4

nonetheless subject to the constitutional requirement that federal courts may decide only live cases or controversies.

Under Article III's "case" or "controversy" requirement, "a party invoking federal court jurisdiction must demonstrate that he has 'suffered or [is] imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision.'" *Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Hist. Dist. Comm'n*, 768 F.3d 183, 201 (2d Cir. 2014) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 527 U.S. 118, 125 (2014)).

Constitutional standing is a prerequisite to federal subject matter jurisdiction, and, at a minimum, it requires the party seeking relief to have a "personal stake in the outcome of the controversy." *Wight v. BankAmerica Corp.*, 219 F.3d 79, 86 (2d Cir. 2000) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). The issue of standing "is not subject to waiver," *United States v. Hays*, 515 U.S. 737, 742 (1995), and it "may be raised at any time" by a party or by the Court *sua sponte*, *see Wight*, 219 F.3d at 90; *see also Thompson v. Cnty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994) (noting that courts may raise the issue of standing *sua sponte*).

The Second Circuit has adopted a "more exacting" standard for standing in bankruptcy appeals. *See Kane v. Johns-Manville Corp.*, 843 F.2d 636, 642 n.2 (2d Cir. 1988). In order to have standing to appeal a bankruptcy court's ruling, the "appellant must be 'a person aggrieved' — a person 'directly and adversely affected pecuniarily' by the challenged order of the bankruptcy court." *In re DBSD N. Am., Inc.*, 634 F.3d 79, 89 (2d Cir. 2011) (quoting *Int'l Trade Admin. v. Rensselaer Polytechnic Inst.*, 936 F.2d 744, 747 (2d Cir. 1991)). An appellant must, therefore, allege an injury that is "direct and 'financial." *In re DBSD N. Am., Inc.*, 634 F.3d at 89 (cleaned up). Alternatively, "a *public* interest may also give a sufficient stake in the outcome of

5

a bankruptcy case to confer appellate standing." *In re Zarnel*, 619 F.3d 156, 162 (2d Cir. 2010) (internal quotation marks and citation omitted).

## II. Appellants Lack Standing to Appeal the Order

Appellants lack appellate standing because they are not directly and adversely affected pecuniarily by the Order and because there is no apparent public interest in their appeal. As a threshold matter, Appellants urge the Court to ignore their lack of standing because they are not appealing the Bankruptcy Court's decision denying their motion for reconsideration that was based, in part, on lack of standing. *See* Appellants Reply at 2–5. As the Bankruptcy Court previously explained to Appellants, however, *see* Mar. 7, 2023, Hearing Tr., A403:11-13, federal courts are "required to raise" threshold jurisdictional issues *sua sponte*, *see Sharkey v. Quarantillo*, 541 F.3d 75, 88 (2d Cir. 2008). Appellants have wasted an opportunity to address the fundamental flaw in their appeal despite notice from both the Bankruptcy Court and Revlon.

Taking into account Appellants' arguments before the Bankruptcy Court, and the broader record on appeal, Appellants lack standing.[6] It is undisputed that Appellants timely filed Tailored Claim Forms by the Tailored Bar Date, have the option to amend their claim forms in compliance with the Bankruptcy Code, and are not aware of any errors, omissions, or objections in connection with their claim forms. The only purported injury Appellants have identified is

---

[6] Revlon argues that Appellants waived any argument that they have standing by failing to raise it in their opening brief. *See* Revlon Mem., Dkt. 12, at 11–12. While it is true that arguments not raised in an opening appellate brief are typically waived, the Court would have discretion to excuse Appellants' error if manifest injustice would otherwise result. *See JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005). Revlon also asserts that Appellants lack standing because they failed to attend the Bankruptcy Court's March 7, 2023, hearing regarding the Tailored Bar Date and the Tailored Claim Form. *See* Revlon Mem. at 17–18.

Given mixed caselaw in this Circuit regarding the jurisdictional effect of an appellant's failure to appear at a bankruptcy court hearing, *see In re Fletcher Int'l, Ltd.*, No. 12-12796 (REC), 2016 WL 354292, at *2 (S.D.N.Y. Jan. 4, 2016) (collecting cases), and other clearer reasons to conclude Appellants lack standing, the Court does not resolve the appeal on either of those bases.

that their claims may, for unspecified reasons, be disallowed by Revlon. It is well settled, however, that mere "'potential harm' from a bankruptcy court order is insufficient to justify appellate standing." *In re Barnet*, 737 F.3d 238, 243 (2d Cir. 2013) (collecting cases and concluding that the bankruptcy court's order was not appealable because it exposed the appellant "only to potential future harm"). The "possibility of future litigation" is also "insufficient" to confer appellate standing.[7] *In re Old HB, Inc.*, 525 B.R. 218, 224 (Bankr. S.D.N.Y. 2015) (quoting *In re Indu Craft, Inc.*, No. 11-CV-5996 (JMF), 2012 WL 3070387, *8 (S.D.N.Y. July 27, 2012)) (collecting cases and concluding that an appellant did not have standing to appeal a bankruptcy court's order merely because the order might cause appellant to face "civil actions in the future").

Appellants did not raise any potential public interest in favor of their motion for reconsideration or in favor of their appeal, presumably because other litigants with potential Hair Straightening Claims appeared at the March 7, 2023, hearing and because Appellants are not entrusted with protecting the public. *See, e.g.*, Appellants Mem. at 11–12. Appellants' efforts to seek contingent relief for themselves do not give rise to a public interest. *See In re Kaspar Town of Putnam Valley v. Kaspar*, No. 20-CV-393 (KMK), 2021 WL 1226586, at *9–10 (S.D.N.Y. Mar. 31, 2021) (noting that courts "most commonly" invoke the public interest standard to recognize the appellate standing of a U.S. Trustee (collecting cases)); *In re Old HB, Inc.*, 525 B.R. at 225 (concluding that the appellant did not have standing to appeal in the public interest because it was a private actor that lacked "authority or responsibility to the public interest"); *cf. In re DBSD N. Am., Inc.*, 634 F.3d at 89 n.3 (addressing standing under the pecuniary interest test alone because the parties failed to argue the public interest test applied).

---

[7] Should Revlon object to Appellants' claims, the Bankruptcy Court will determine their viability. *See* 11 U.S.C. § 502.

## CONCLUSION

For the foregoing reasons, the appeal is DISMISSED for lack of appellate jurisdiction.

The Clerk of Court is respectfully directed to terminate all open motions and to close the case.

**SO ORDERED.**

**Date: February 15, 2024**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**